LAW OFFICES OF
## JOSHUA L. DRATEL, P.C.
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL                                                                       STEVEN WRIGHT
—                                                                               *Office Manager*
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

September 17, 2014

**BY ELECTRONIC MAIL**

Serrin Turner
Timothy T. Howard
Assistant United States Attorneys
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

                Re:    *United States v. Ross Ulbricht*
                          14 Cr. 68 (KBF)

Dear Mr. Turner and Mr. Howard:

      This letter is submitted on behalf of Ross Ulbricht, whom I represent in the above-entitled case, requesting that the government[1] produce the following discovery in Mr. Ulbricht's case in accordance with its obligations pursuant to Rule 16, Fed.R.Crim.P., *Brady v. Maryland*, 373 U.S. 83 (1963) and/or *Giglio v. United States*, 405 U.S. 150 (1972). The government should respond to Mr. Ulbricht's discovery requests by stating (1) as to each item, whether the government "will produce," "will not produce" or "cannot produce" the item; (2) for each item it does not intend to produce, the reason(s) why it cannot or will not produce the item; and (3) for

---

     [1] For the purposes of this request, the term "government" is intended to include not only the United States Attorneys Office for the Southern District of New York, but also the Offices in all other Districts, any and all government entities and law enforcement agencies, including but not limited to the Federal Bureau of Investigation, Central Intelligence Agency, Drug Enforcement Administration, Immigration and Customs Enforcement Homeland Security Investigations, National Security Agency, and any foreign government and/or intelligence agencies, particularly those with which the U.S. has a cooperative intelligence gathering relationship, *i.e.*, Government Communications Headquarters ("GCHQ"), the British counterpart to the NSA.

| | |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | Serrin Turner & Timothy T. Howard<br>Assistant United States Attorneys<br>Southern District of New York<br>September 17, 2014<br>Page 2 of 4 |

each and any item it cannot produce on the grounds that the item is not in the government's possession, identify where the item is located and who has possession of it.

      In addition, the government should provide defense counsel with a timetable for the production of these items and all outstanding discovery, including those items referenced herein that were previously requested by my associate Lindsay A. Lewis, Esq., during the week of September 8th, 2014, and which you have already agreed to provide (to the extent that such discovery has not been provided to defense counsel by the time you respond to this request).[2]

      Accordingly, defense counsel requests the production of the following items:

1. the MD5 hash value of the device mapper for the partition sda4_crypt as well as the MD5 hash of the RAW (.dd) image of the partition, both of which should have been generated, when the following command was issued (according to the bash history attributable to the FBI):  2175  date ; md5sum /dev/mapper/sda4_crypt > /media/sv_13_0210/evidence/l1c1_sda4_crypt/sd4_md5.txt ; date ; md5sum /media/sv_13_0210/evidence/l1c1_sda4_crypt/sda4_crypt.dd > /media/sv_13_0210/evidence/l1c1_sda4_crypt/sda4_crypt.dd.md5.txt;

2. any and all logs of communications between the front-end and back-end Silk Road Servers;

3. any and all traffic and communication logs for the Icelandic server assigned IP address 193.107.84.4;

4. exact dates and times of access and/or attempted access to the Silk Road servers by former SA Tarbell and/or CY-2;

5. the name of the software that was used to capture packet data sent to the FBI from the Silk Road servers;

6. a list of the "miscellaneous entries" entered into the username, password, and CAPTCHA fields on the Silk Road login page, referenced in the SA Tarbell's Declaration, at ¶ 7;

7. any logs of the activities performed by SA Tarbell and/or CY-2, referenced in ¶ 7 of SA Tarbell's Declaration;

---

    [2] This refers to items #3 and #13 o f this letter.

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Serrin Turner & Timothy T. Howard
Assistant United States Attorneys
Southern District of New York
September 17, 2014
Page 3 of 4

8. logs of any server error messages produced by the "miscellaneous entries" referenced in SA Tarbell's Declaration;

9. any and all valid login credentials used to enter the Silk Road site;

10. any and all invalid username, password, and/or CAPTCHA entries entered on the Silk Road log in page;

11. any packet logs recorded during the course of the Silk Road investigation, including but not limited to packet logs showing packet headers which contain the IP address of the leaked Silk Road Server IP address [193.107.86.49];

12. any server configuration files from the time period referenced in the Tarbell Declaration, at ¶ 7, including in particular, NGINX vhost configuration files obtained from the Silk Road Server in early June 2013;

13. any and all data obtained from pen registers judicially authorized in this case;

14. information and documentation regarding how the IP address (193.107.84.4) of the initial Silk Road Server was obtained;

15. any and all correspondence between the Reykjavik Metropolitan Police and the United States government (as described in fn. 1);

16. a copy of the August 27, 2013, First Supplemental Request issued by U.S. Authorities to Icelandic Authorities;

17. the September image of the 193.107.86.49 server, referenced in item #9 of the government's March 21, 2014, discovery letter; and

18. in regard to the several .tar compressed archives (all.tar; home.tar; and orange21.tar) produced as part of item #1 of the government's March 21, 2014, discovery letter, please

    (a) identify when these .tar archives were created;

    (b) list the commands that were issued to create them;

    (c) state whether any cryptographic hash values were generated for the .tar archives at the time they were created ;

| | |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | Serrin Turner & Timothy T. Howard<br>Assistant United States Attorneys<br>Southern District of New York<br>September 17, 2014<br>Page 4 of 4 |

    (d) provide any such cryptographic hash values generated at the time of the creation of the .tar archives;

    (e) specify whether each of these directories was from the 193.107.86.49 server; and

    (f) if any of the directories were not on the 193.107.86.49 server, identify where they were located.

      Please contact me or Ms. Lewis as soon as practicable after you have reviewed this letter with your response, and in order that any questions, clarifications, or disputes can be raised and resolved, if possible, prior to further motion practice.

                                        Very truly yours,

                                        Joshua L. Dratel

JLD/lal