```
     e952ulbc kjc

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,                New York, N.Y.

 4              v.                             14 Cr. 68(KBF)

 5   ROSS WILLIAM ULBRICHT,

 6                    Defendant.

 7   ------------------------------x

 8                                             September 5, 2014
                                                12:10 p.m.
 9

10   Before:

11                   HON. KATHERINE B. FORREST,

12                                             District Judge

13

14                        APPEARANCES

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     BY:  SERRIN A. TURNER
17        Assistant United States Attorney

18
     JOSHUA L. DRATEL
19   LINDSAY LEWIS
     JOSHUA HOROWITZ
20        Attorney for Defendant

21

22   ALSO PRESENT:

23   VINCENT D'AGOSTINO, FBI
     GARY ALFORD, IRS
24   KEVIN SWARTZ, Intern

25
```

1                (Case called)

2                MR. TURNER:  Good afternoon, your Honor.  Serrin
3    Turner for the government.  With me at counsel's table, with
4    permission, Special Agent Vincent D'Agostino from the FBI,
5    Special Agent Gary Alford from the IRS, and an intern from my
6    office, Kevin Swartz.

7                THE COURT:  Good afternoon to all of you.

8                MR. DRATEL:  Good afternoon, your Honor.  Joshua
9    Dratel for Mr. Ulbricht, with Lindsay Lewis from my office.  I
10   would also like to introduce to the court Joshua Horowitz, who
11   is of his own firm, who is also joining the defense.

12               THE COURT:  Good afternoon to you, and good afternoon
13   Mr. Ulbricht.

14               THE DEFENDANT:  Good afternoon.

15               THE COURT:  We are here for a couple of purposes.

16               We had set up the conference for today as a status
17   conference.  In the meantime there was a superseding indictment
18   which came down to the court.  Probably the first item on the
19   agenda is to arraign Mr. Ulbricht on the superseding
20   indictment.

21               In addition, I want to make sure that we deal with the
22   timing of the upcoming various issues.  I know that the
23   government is about to file their responsive brief to the
24   motions filed by the defendant.  There is also the response by
25   the government to the jury questionnaire filed by the

1   defendant, and then there are some other dates coming up.  So
2   we will talk about all of those items.
3              Are there other matters which you folks want to put on
4   to the agenda that don't fall into those general thoughts.
5              MR. DRATEL:  Not outside of dates, your Honor.
6              MR. TURNER:  I think that covers it, your Honor.
7              THE COURT:  Then let's go ahead and let me arraign
8   Mr. Ulbricht on the superseding indictment.  Why don't you
9   stand, sir.
10             Mr. Ulbricht, have you had an opportunity to review
11  the superseding indictment?
12             THE DEFENDANT:  Yes, your Honor.
13             THE COURT:  Have you read it?
14             THE DEFENDANT:  Yes.
15             THE COURT:  Have you had a chance to talk about it
16  with Mr. Dratel?
17             THE DEFENDANT:  Yes.
18             THE COURT:  Do you understand that you are charged in
19  that indictment with seven different counts and seven different
20  crimes?
21             THE DEFENDANT:  I don't remember them specifically,
22  but, yeah, that sounds about right.
23             THE COURT:  Let me go through them one by one.
24             You understand that you are charged in Count One with
25  narcotics trafficking?

e952ulbc kjc

1          THE DEFENDANT:  Yes, your Honor.
2          THE COURT:  Do you understand in Count Two you are
3  charged with distribution of narcotics by means of the
4  Internet?
5          THE DEFENDANT:  Yes.
6          THE COURT:  And do you know that in Count Three you
7  are charged with a conspiracy to commit narcotics trafficking?
8          THE DEFENDANT:  Yes.
9          THE COURT:  Do you understand that in Count Four you
10  are charged with a continuing criminal enterprise?
11          THE DEFENDANT:  Yes.
12          THE COURT:  Do you understand that in Count Five you
13  are charged with conspiracy to commit or aid and abet computer
14  hacking?
15          THE DEFENDANT:  Yes.
16          THE COURT:  Do you understand that you are charged in
17  Count Six with a conspiracy to traffic in fraudulent
18  identification documents?
19          THE DEFENDANT:  Yes.
20          THE COURT:  Do you understand that in Count Seven you
21  are charged with conspiracy to commit money laundering?
22          THE DEFENDANT:  Yes, your Honor.
23          THE COURT:  Would you like me to read to you now, here
24  in open court, the indictment?
25          THE DEFENDANT:  No, thank you.

e952ulbc kjc

1         THE COURT:  We will go through each of those counts
2    one by one.  I am going to ask you how you plead to each count
3    individually.
4         How do you plead to Count One, the narcotics
5    trafficking?
6         THE DEFENDANT:  Not guilty.
7         THE COURT:  How do you plead to Count Two, the
8    distribution of narcotics by means of the Internet?
9         THE DEFENDANT:  Not guilty.
10        THE COURT:  How do you plead to Count Three, which is
11   the conspiracy to commit narcotics trafficking?
12        THE DEFENDANT:  Not guilty.
13        THE COURT:  How do you plead to Count Four, the
14   continuing criminal enterprise?
15        THE DEFENDANT:  Not guilty.
16        THE COURT:  How do you plead to Count Five, which is
17   the conspiracy to commit or aid and abet computer hacking?
18        THE DEFENDANT:  Not guilty.
19        THE COURT:  How do you plead to Count Six, which is
20   the conspiracy to traffic in fraudulent identification
21   documents?
22        THE DEFENDANT:  Not guilty.
23        THE COURT:  How do you plead to Count Seven, which is
24   a conspiracy to commit money laundering?
25        THE DEFENDANT:  Not guilty.

1               THE COURT:  Thank you, sir.  You may be seated.

2               Mr. Turner, I just want to make sure we have got the

3      dates correctly in mind in terms of the government's opposition

4      to the motions, the pending motion by the defendant, and also

5      the jury questionnaire.

6               Tell me what you understand are the dates you are

7      working with with the extensions, and we will make sure that

8      our dates correspond.

9               MR. TURNER:  Yes, your Honor.

10              We plan on filing our opposition to the omnibus

11     motions today.

12              As to the jury questionnaire, we could have a response

13     to your Honor by Tuesday.

14              THE COURT:  All right.  That's fine.

15              Mr. Dratel, in terms of the reply for the motions,

16     assuming that you get a government opposition that is of

17     approximately the same length that you provided, I have no

18     idea -- Mr. Turner, is it going to be really short?

19              MR. TURNER:  It will be about half as long as the

20     motion itself, your Honor.

21              THE COURT:  That gives us a sense of the number of

22     pieces of paper, so tell me how long you need.  A week?

23              MR. DRATEL:  No.  What we had, the government's

24     letter, I think, said the 23rd of September, and the reason

25     that time is still good is because we would incorporate any

1   motions against the additional counts in the superseder that
2   marry the issues raised by the superseder we would include in
3   that reply so that we would not have to have a second round,
4   because there are three additional counts there that were not
5   in the initial indictment as well as some other verbiage and
6   language that we may want to address.
7            THE COURT:  So I think, though, that for purposes of
8   not having us get hopelessly confused with the briefing, it may
9   make sense for you to do this in two separate pieces of paper,
10  do a reply on the 23rd, and then on the 24rd or even you can do
11  it on the next Monday -- it doesn't matter to me which one you
12  do, but it needs to be that close -- a separate piece of paper
13  which you can incorporate arguments by reference and simply
14  recite back and incorporate your legal standard, etc., etc.,
15  but have a separate piece of paper as to the superseding
16  counts, just so that when there --
17           MR. DRATEL:  That is a separate motion as opposed to
18  something --
19           THE COURT:  It is.  The government then will have an
20  opportunity to respond if there is anything new or they can
21  just, if it is really just very much like what we have seen and
22  it is just to retain everybody's positions on both sides, just
23  file if you could as quickly as possible a short piece of paper
24  saying that your responses are similar, Mr. Turner, to the
25  responses in the government's opposition.  That way that motion

1   can be fully briefed very quickly, and then it will all be
2   decided at once.
3           MR. TURNER:  Understood, your Honor.
4           THE COURT:  I won't give you a time frame apart from
5   the initial filing, Mr. Dratel, which we will say is the close
6   of business the Monday after the 23rd, so let's make that --
7   actually the 23rd of September is a Tuesday.  Why don't we say,
8   can we say the 26th, end the day the 26th?
9           MR. DRATEL:  Yes, your Honor.
10          THE COURT:  End the day the 26th.  And, Mr. Turner,
11  let me know as soon as you can whether or not your positions
12  are the same or if there is anything new that you want to say.
13  If there isn't anything new, we are just going to call the
14  briefing done at that point, because there won't be a need for
15  reply if there is no new argument.
16          MR. TURNER:  Okay, your Honor.
17          THE COURT:  Thanks.
18          So those are the motions by the defendant.  And the
19  jury questionnaire response, Mr. Turner, are you folks
20  proposing both an alternative questionnaire and a response to
21  the fact of a questionnaire or one or the other?  Can you give
22  me a hint?
23          MR. TURNER:  Honestly, your Honor, we have been
24  preoccupied with the motion, but I don't expect it will be a
25  particularly lengthy response.  We will take the position no

1   questionnaire is necessary or we will have some suggested
2   changes to the --
3              THE COURT:  I would suggest probably both.  If you are
4   going to take the view that a questionnaire is fine and here
5   are your proposed changes, that's obviously one position.  If
6   you are going to take the position, no, there shouldn't be a
7   questionnaire, you may want to also, just in case I decide
8   there should be proposed additional questions, because if I
9   decide there will be, then I will try to look at what has been
10  provided.
11             MR. TURNER:  Okay.  We will do that, your Honor.
12             THE COURT:  So those are the matters that are actually
13  sort of clearly before me.
14             There are also the upcoming dates.  I did receive a
15  description that was not -- Mr. Dratel, the description of the
16  various discovery and access to discovery was filed publicly,
17  am I correct?
18             MR. DRATEL:  Yes.
19             THE COURT:  And that letter indicates a certain volume
20  of discovery, which I don't think is particularly surprising,
21  and the efforts that you folks are making in that regard.  I
22  didn't perceive any action as being necessary as a result of
23  that letter.  I took it as informational and as a placeholder
24  for you.  Don't hold out much hope for an extension of the
25  trial date.

e952ulbc kjc

1            MR. DRATEL:  Your Honor --

2            THE COURT:  We always have this dance.

3            MR. DRATEL:  Your Honor, I know, but I can either do
4    that now or --

5            THE COURT:  No, you ought to do that now.  Let's just
6    dance.

7            MR. DRATEL:  No.  I mean now, as in a further date,
8    but I don't know if the court was finished with your remarks
9    about where we are.

10           But with respect to the trial date, what I am really
11   asking for is a week, the week that the court held in its back
12   pocket.  If you need me to give me the reasons.

13           THE COURT:  No.  If you are looking at a week, I don't
14   think a week is going to move the dial terribly much, if you
15   are not looking for months.

16           Mr. Turner, is a week going to cause problems for the
17   government?

18           MR. TURNER:  No, your Honor.

19           THE COURT:  Let's adjourn the trial to 11/10.  So
20   November 10 is the trial date.

21           MR. TURNER:  I want to make sure that's not Veterans
22   Day.

23           THE COURT:  The 11th is.

24           MR. TURNER:  That means starting on a Wednesday.

25           THE COURT:  No.  We would pick the jury on the 10th

1  and they would come back --
2           MR. DRATEL:  Or if we open on the 10th.
3           THE COURT:  Right.  We will figure out how to go from
4  there.  But we will have that one-day break.
5           So we will start November 10.
6           Do you expect that this is likely to be, barring any
7  unforeseen circumstances at this time, the last request for an
8  extension?
9           MR. DRATEL:  I think so, your Honor.
10          THE COURT:  Mr. Turner, are you expecting there to be
11 any additional requests for extension from your perspective?
12          MR. TURNER:  Not at this time, your Honor.
13          THE COURT:  So I take it, Mr. Turner, that there is
14 not currently an expectation by the government that the
15 indictment will be superseded again.
16          MR. TURNER:  No, your Honor, not at this time.
17          THE COURT:  What else is there to deal with then?
18          MR. TURNER:  I think we briefly discussed last time
19 setting a date for the exchange of exhibits.  The government
20 would propose three weeks before trial.
21          THE COURT:  We had talked about allowing you folks to
22 determine the date, and you folks have agreed to three weeks
23 before trial?
24          MR. TURNER:  Yes, your Honor.
25          MR. DRATEL:  Although, for us, I think we should get a

Case 1:14-cr-00068-KBF   Document 78   Filed 10/07/14   Page 12 of 18      12
e952ulbc kjc

|  |  |
|---|---|
| 1 | little bit of time in between because three weeks before trial |
| 2 | is that Monday.  If we could do it by that Friday, simply |
| 3 | because it is impossible to enumerate defense exhibits until |
| 4 | you see the government exhibits.  It is just not something that |
| 5 | occurs in my head, you know, as a practical matter until you |
| 6 | see the government's exhibits as to what you need to rebut and |
| 7 | whether they have left something out that we want to put in, |
| 8 | all of this.  So if we could just get a few days after that, I |
| 9 | think that would make sense. |
| 10 |           MR. TURNER:  That's fine with me, your Honor. |
| 11 |           THE COURT:  So October 21 for the government would be |
| 12 | their date for providing trial exhibits, to provide those |
| 13 | exhibits to the defendant, and then October 24, if you folks |
| 14 | agree to do it the following Monday, it is neither here nor |
| 15 | there to me, but we will put the 24th down, which is a few |
| 16 | extra days and then folks can discuss, depending upon the |
| 17 | volume and nature, etc., etc., if there is additional time |
| 18 | needed to be responsive. |
| 19 |           The final pretrial we can do the week before the 10th. |
| 20 | We will need a couple of hours. |
| 21 |           THE DEPUTY CLERK:  Thursday, November 6, at 10 a.m. |
| 22 |           MR. DRATEL:  Can we do it the day before? |
| 23 |           THE COURT:  The day before you would prefer? |
| 24 |           MR. DRATEL:  Yes. |
| 25 |           THE DEPUTY CLERK:  Wednesday, November 5 at 2 p.m. |

                   SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300

1            THE COURT:  The 5th, 5th at 2, so hold open your
2     afternoon.  I don't know how long it will take.  It will depend
3     what folks you have raised *in limine* motions, etc.  So 2 p.m.
4     to 5 p.m. we will block out as the final pretrial.  That would
5     then make the final pretrial materials, we can move those also
6     a little bit, we can move those by a week.  We have given folks
7     a date for the final pretrial materials to be in?  It would be
8     normally it is for me it is the Friday before.
9            MR. TURNER:  3500 material, your Honor?
10           THE COURT:  No, the pretrial material.  What I need is
11    the -- we will go through that right now, as a matter of fact,
12    if it is not jumping to mind, because it is an important date.
13    But based upon a final pretrial on the 5th, the final pretrial
14    materials would come in on the 31st to the court.  Those
15    materials are the following:
16           Joint proposed jury instructions, and if you have got
17    different charges you will reflect those on different pages.
18    If you agree on the charge, I will only get one page.  It will
19    allow me to focus on what you don't agree on.  If you want my
20    standard charges, you can probably get them from other very
21    recent trials.  I change them each time, so you will want to
22    get the most recent, which I think is the Serrano trial is the
23    most recent.  If you want to get them from my deputy, you can
24    do that, too, so that you don't have to redo the initial
25    instructions.

1          Proposed *voir dire*, if we don't go with a
2     questionnaire or, in the alternative, if we do go with a
3     questionnaire, additional *voir dire*.  I will issue an order on
4     the questionnaire relatively shortly after I receive what the
5     government is going to put forward, and then we will figure out
6     whether or not the *voir dire* is going to be sort of a "soup to
7     nuts" *voir dire* or just a limited "pick up the pieces" *voir*
8     *dire*.  I will also set in that same order the timing of when
9     the questionnaires would come in, when they would be filled out
10    by the jury pool, etc., etc., and the timing for filling out --
11         MR. DRATEL:  May I make a suggestion, your Honor?
12         THE COURT:  Yes.
13         MR. DRATEL:  One of the questions about adjusting the
14    trial date, November 3 is another trial just like we had back
15    in the spring, where there was going to be a significant jury
16    pool probably required for that trial again.  It is in front of
17    Judge Kaplan.  It is the ongoing embassy bombings trial.  But
18    just so we have a pool that is sufficiently fresh and also
19    dedicated to this trial, as opposed to losing people, so I
20    don't know whether it would be before the third, you know what
21    I mean?
22         THE COURT:  I understand, and I appreciate that.  I
23    hadn't followed the timing of that trial.  It was originally I
24    think going to be earlier in the fall.  That was probably very
25    long ago.  I will keep that in mind.

1                But the proposed jury instructions, proposed *voir
2     dire*, I need the government's list of exhibits and if there are
3     known defense exhibits with any objections referred to.
4     Depending upon the number and nature of objections, that
5     usually determines whether I go through them and rule on them
6     in advance or tell you how I am going to deal with them.  In
7     other words, if you have got 1500 exhibits and you have got
8     1500 different types of objections, then I won't give you
9     pretrial rulings on all of them; but if you have got whatever
10    the number of exhibits are and the objections fall into types
11    or categories, which is often the case, then we will talk about
12    the kinds of thoughts the court has.

13                In all events, you need to preserve objections on the
14    final pretrial order on the objection list that you are going
15    to give me pretrial.  So if anybody is going to object to a
16    document, you need to indicate that pretrial; because if you
17    don't, then at trial I will assume that you don't object to a
18    particular exhibit, and we will use it as one of the bases for
19    at least considering whether the ruling should be different.

20                Also, contrary to that is the point that you should
21    nonetheless, whatever my ruling is pretrial, you should make
22    your record at trial as to that exhibit.  Do not rely on the
23    pretrial ruling.  The reason for that is I will otherwise
24    believe that I have been so persuasive to you as to the content
25    of my rationale that you now agree with me.  And if you don't

then reiterate your objection, notwithstanding the court's sort of responsive points, then it will be lost. So the preliminary rulings pretrial for the evidence, the exhibits are tentative. They are necessarily tentative.

In addition, of course, I may make a pretrial ruling and as the evidence comes in it becomes clear that my ruling should be changed because of the way other evidence has come in. So you might stand up and object, thinking I am going to sustain or overrule, and I will do the opposite because of the way the evidence has come in. So that is why it is important to be sure that we have taken account of all of the most recent learning in the case as the trial proceeds.

The other piece of paper that we need of course is the witness list and an approximate length of time and a short statement about who these people are. I don't need content of their testimony, but Special Agent X or this is going to be a fact witness, something where I can put them into a bucket. If there is an expert, I presume you folks will have disclosed experts to each other, as procedure requires, and I would just like to know who the people are. An expected duration, though, understanding that you won't really know until you get much closer to trial and then, indeed, at trial itself. I would expect that on the exhibit list would be a placeholder for stipulations if you are hopeful to get stipulations. I don't need to receive copies of stipulations in advance, but if you

1  have got them, then you can list them; and if you don't have
2  them, then you will have the custodians listed as witnesses on
3  the witness lists.
4        What am I forgetting?  Motions *in limine*, we have
5  already got a date for those.  So that will be one week.  One
6  week is the way I typically do those without reply, and then
7  you will either get a pretrial ruling on them or we will deal
8  with them at the final pretrial conference.  Again, it depends
9  upon whether or not I need a proffer from somebody as to the
10 nature of testimony or whether or not it is pretty
11 straightforward.  So we will see.
12       If I come up with anything else that I haven't told
13 you folks about -- I will list all of this on our order for the
14 day -- I will let you know.
15       What do you folks have in addition that you would like
16 to raise?
17       Mr. Turner, from the government?
18       MR. TURNER:  I don't have anything else at this time,
19 your Honor.
20       THE COURT:  Mr. Dratel?
21       MR. DRATEL:  Nothing at this time, your Honor.
22       THE COURT:  So I think we have got a plan then.  I
23 will issue an order that will reflect the moved trial date and
24 the other now refined dates.
25       Do we have another conference scheduled? I will put

e952ulbc kjc

1   another conference on because we may well need to use it for
2   various things.  Put it in mid to late October.
3           THE DEPUTY CLERK:  Friday, October 17, at 11 a.m.
4           THE COURT:  That can be used for all kinds of reasons.
5   If we are doing the questionnaire, there will be other dates
6   for that, and I can adjourn this date, but we will have it here
7   as a placeholder for your calendar.  Does that work right now?
8           MR. DRATEL:  Yes.
9           MR. TURNER:  Yes, your Honor.
10          THE COURT:  11 a.m.
11          There being nothing further, we are adjourned.  Thank
12  you.
13                            - - -