UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                      :

UNITED STATES OF AMERICA              :

            - v. -                                          :         S1 14 Cr. 68 (KBF)

ROSS ULBRICHT,                          :
  a/k/a "Dread Pirate Roberts,"           :
  a/k/a "DPR,"                                 :
  a/k/a "Silk Road,"                        :

          Defendant.                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
SECOND MOTION TO DISMISS**

       On August 21, 2014, the Government filed a superseding indictment in this matter (the "Superseding Indictment"), adding several charges that were not included in the original indictment, including one count of distributing or aiding and abetting the distribution of narcotics, in violation of Title 21, United States Code, Section 841(a) (Count One), and one count of distributing or aiding and abetting the distribution of narcotics by means of the Internet, in violation of Title 21, United States Code, Section 841(h) (Count Two). The Superseding Indictment also added additional language to the narcotics conspiracy count included in the original indictment (now Count Three), so as to make clear that aiding and abetting the distribution of narcotics is included within the objects of the conspiracy. The Superseding Indictment made no changes to the other narcotics count included in the original indictment (now Count Four), which charges Ulbricht with engaging in a continuing criminal enterprise ("CCE") in violation of Title 21, United States Code, Section 848, sometimes referred to as the "kingpin" statute.

Ulbricht now moves to dismiss all of the narcotics charges in the Superseding Indictment, that is, Counts One through Four. According to the motion, by charging Ulbricht "on the basis that he was *either* a drug 'kingpin,' as alleged in Count Four . . . or merely aiding and abetting others in violating the narcotics laws, which the government presents as a theory of liability for the offenses charged in Counts One, Two and Three," "the government has crossed [the] lines of judicial fairness by presenting irreconcilably inconsistent theories regarding Mr. Ulbricht's alleged commission of the offenses charged in Counts One through Four, and thus violating his Fifth Amendment right to due process." (Br. 3-4). This argument is meritless.

To begin with, the CCE charge in Count Four is not inconsistent with the aiding and abetting allegations in Counts One through Three. To convict a defendant of engaging in a CCE, the Government must prove that he committed a federal narcotics felony as part of a "continuing series" of federal narcotics offenses, undertaken with others whom he organized, supervised, or managed, and from which he received substantial profit. The law is clear that "aiding and abetting the violation of federal narcotics laws may serve as a predicate offense in support of a CCE conviction." *United States v. Joyner*, 313 F.3d 40, 47 (2d Cir. 2002) (collecting cases). Indeed, the Second Circuit has specifically held that "the kingpin" can be an "aider and abettor," and that there is no basis to "shield kingpins from CCE liability solely because they are convicted as aiders and abettors rather than as principals with regard to the predicate crimes." *United States v. Aiello*, 864 F.2d 257, 264 (2d Cir. 1988). Hence, it is entirely consistent for the Superseding Indictment to charge Ulbricht both with aiding and abetting the distribution of narcotics and with violating the CCE statute.

In any event, Ulbricht's starting premise – that an indictment cannot allege alternative theories of liability – has no support in the law. "An indictment is not defective simply because

it charges a defendant with alternative offenses." *Whitfield v. Ricks*, No. 01 Civ. 11398 (LAK), 2006 WL 3030883, at *12 (S.D.N.Y. Oct. 24, 2006); *cf. United States v. Masotto*, 73 F.3d 1233, 1241 (2d Cir. 1996) ("When the jury is properly instructed on two alternative theories of liability . . . we must affirm when the evidence is sufficient under either of the theories."). Indeed, "[t]he government often proceeds on multiple theories in indictments such as those which charge that a defendant distributed or possessed with intent to distribute narcotics." *United States v. Garcia*, No. 88 Cr. 852 (LBS), 1990 WL 200652, at *4 (S.D.N.Y. Dec. 8, 1990). Moreover, "[t]wo crimes for the same conduct requiring different *mens rea* may be charged in the same indictment." *Haynes v. Ercole*, No. 08 Civ. 3643 (JFB), 2011 WL 2341277, at *25 (E.D.N.Y. Jun. 8, 2011). Hence, the Government is well within its rights to include charges in the Superseding Indictment based on various theories of liability – including substantive and conspiratorial liability, and principal and aider-and-abettor liability. *United States v. Hinton*, 543 F.2d 1002, 1014 (2d Cir.1976) (noting that "[a] conspiracy count may be charged along with substantive offenses in the same indictment"); *Narvaez v. United States*, No. 95 CR 941 PKL, 2003 WL 21749638, at *5 (S.D.N.Y. Jul. 29, 2003) ("[T]he indictment clearly charged both principal and aiding and abetting violations and the jury instructions were correct regarding every element of each alleged crime. Based on the evidence presented at trial, the jury could have reached a guilty verdict under either theory.").

Ulbricht claims that "the doctrine that a prosecutor's advancement of inconsistent irreconcilable theories denies due process has been endorsed by multiple circuits and jurisdictions," (Br. 6), but all of the cases he cites for this proposition are glaringly off point. The cases concern situations in which the prosecution adopted two factually irreconcilable positions *at two different trials* to convict *two different defendants* of the same crime. (*See, e.g.,*

Br. 6 (citing *Bradshaw v. Stumpf*, 545 U.S. 175 (2005) as a case that was "remand[ed] to Sixth Circuit to determine if imposition of the death penalty violated due process when prosecutor argued Defendant 'A' was shooter in trial of that defendant, but that Defendant 'B' was the shooter in a subsequent trial of Defendant 'B'"). Here, there is only one defendant, Ulbricht, who is simply being charged with several different narcotics offenses, all of which have been properly pled. The charges are consistent with one another, as explained above; but in any event nothing in the law prevents the Government presenting all of these charges at trial, for the jury to decide whether the elements of each have been met.[1]

## CONCLUSION

For the reasons set forth above, Ulbricht's motion should be denied.

Dated:  October 7, 2014           Respectfully submitted,
            New York, New York

                                  PREET BHARARA
                                  United States Attorney for the
                                  Southern District of New York

                              By: /s/ Serrin Turner
                                  SERRIN TURNER
                                  TIMOTHY HOWARD
                                  Assistant United States Attorneys

---

[1] Aside from moving to dismiss Counts One through Four, Ulbricht's motion also seeks a bill of particulars with respect to the Superseding Indictment, reiterating the arguments made in support of his request for a bill of particulars with respect to the original indictment. For the reasons set forth in the Government's opposition to that prior request, Ulbricht's instant request for a bill of particulars should be denied. The Superseding Indictment, coupled with the complaint and discovery provided in this case, are more than sufficient to put Ulbricht on notice of the charges against him and to enable him to prepare a defense.