LAW OFFICES OF
# JOSHUA L. DRATEL, P.C.
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL
—
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

STEVEN WRIGHT
*Office Manager*

October 7, 2014

**BY ECF**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: OCT 0 8 2014

Re:   *United States v. Ross Ulbricht*,
      14 Cr. 68 (KBF)

Dear Judge Forrest:

    This letter is submitted on behalf of defendant Ross Ulbricht, in response to the government's October 6, 2014, filing pursuant to the Court's October 3, 2014, Order inviting the government to respond to the factual statements contained in the Declaration of Joshua J. Horowitz, Esq.

    In response to the Court's Order, however, the government chose not to address Mr. Horowitz's Declaration, but instead to file a surreply arguing issues completely unrelated to Mr. Horowitz's Declaration, *i.e.*, standing, the *Auernheimer* case.[1] Thus, the technical analysis and

---

[1] In response to the one issue from Mr. Horowitz's Declaration the government does address, millions of web servers worldwide run "phpmyadmin" to administrate MySQL databases. The fact that "phpmyadmin" was installed on the Silk Road Server, and thus that the Server was using a MySQL database, does not in any way suggest, let alone corroborate, illicit activity taking place on that Server.

    Moreover, the government is incorrect even in its basic premise as to how "phpmyadmin" operates: "php" is a server-scripting language, not a database, contrary to what the government suggests in its response. It apparently confuses "php" with MySQL, which *is* a

<table>
<tr><td>LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.**</td><td>Hon. Katherine B. Forrest<br>United States District Judge<br>Southern District of New York<br>October 7, 2014<br>Page 2 of 3</td></tr>
</table>

conclusions in the Horowitz Declaration remain uncontroverted.

The government's position appears to be that it can engage in criminal conduct with impunity in its pursuit of investigative objectives, and not be held accountable therefor. Yet the exclusionary rule was designed to address that very dangerous, and legally and constitutionally insupportable, attitude. For example, as the Supreme Court acknowledged in *Herring v. United States,* 555 U.S. 135, 144 (2008), "the exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct, or in some circumstances recurring or systemic negligence." *See also id.* ("to trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system"); *United States v. Calandra*, 414 U.S. 338, 348 (1974) (the exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect").

In addition, the government's attempt to distinguish its position in *United States v. Auernheimer*, No. 13-1816 (3d Cir.), is unavailing. The government did not limit its broad construction of 18 U.SC. §1030 to someone who impersonates a unique authorized user. In fact, the quotes from the government's Brief on Appeal in *Auernheimer* demonstrate the expansiveness of the government's interpretation of §1030, which was not confined to the facts of that case. Indeed, it was the government's insistence on the breadth of §1030 that generated amicus briefs on Auernheimer's behalf in the Third Circuit.

Thus, the government posits two standards of behavior: one for private citizens, who must adhere to a strict standard of conduct construed by the government, and the other for the government, which, with its elastic ability to effect electronic intrusion, can deliberately, cavalierly, and unrepentantly transgress those same standards. Yet neither law nor the Constitution permits rank government lawlessness without consequences.

---

database.

|  |  |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | Hon. Katherine B. Forrest<br>United States District Judge<br>Southern District of New York<br>October 7, 2014<br>Page 3 of 3 |

      Also, regarding the Court's October 7, 2014, Order, Mr. Ulbricht rests on his papers already submitted.[2]

Respectfully submitted,

*/s/ Joshua L. Dratel*

Joshua L. Dratel

JLD/lal

cc:    Serrin Turner
       Timothy T. Howard
       Assistant United States Attorneys

---

**Order**

Does the Government agree that no declaration is required in this case with regard to establishing Ulbricht's privacy interest in his Facebook, gmail accounts and laptop? (Could you let me know today -- "yes" or "no" will do.)

10/8/14       K. B. Forrest
                      USDJ

---

[2] For purposes of clarity, since the government has not challenged Mr. Ulbricht's expectation of privacy in his <u>laptop</u>, Google or Facebook accounts – for which his expectation of privacy is manifest – there does not appear to be an issue with respect to these categories. If the Court requires a declaration from Mr. Ulbricht with respect to these three items it would be forthcoming, but neither the Court's October 7, 2014, Order nor the government's papers would seem to make it necessary.