LAW OFFICES OF
## JOSHUA L. DRATEL, P.C.
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL

LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

STEVEN WRIGHT
*Office Manager*

October 13, 2014

**BY ELECTRONIC MAIL**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: OCT 15 2014
```

      Re:    *United States v. Ross Ulbricht*
                  14 Cr. 68 (KBF)

Dear Judge Forrest:

      This letter is submitted on behalf of defendant Ross Ulbricht in conjunction with a corresponding letter submitted today by the government in response to the questions posed in the Court's October 8, 2014, Order. This letter is being transmitted via electronic mail to the Court, but can filed via ECF if the Court wishes.

      Regarding the Court's second question, "Will the trial likely run into the Christmas holidays?" defense counsel's position is that given the occurrence of two or three holiday days during the trial period, as well as the vagaries of trials (which more often than not do not match expectations), the time allotted does not guarantee that the trial will not encroach on the Christmas holidays, which for many persons (potential jurors) begin not on December 25th, but at least a few days prior in the form of vacations and other commitments.

      In addition to imperiling the orderly and fair completion of the trial – contrasted with a deliberating jury approaching an artificial deadline to reach a verdict – defense counsel also does not want to lose potential jurors whose vacation plans render them ineligible to sit at all.[1] In fact,

---

[1] Another option, equally untenable (but not hypothetical in counsel's experience), is, if the holidays loom due to the ultimate length of the trial, the defense being forced to choose

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
October 13, 2014
Page 2 of 3

in a trial in which defense counsel participated this past summer, the jury, which was informed at the outset its commitment would last no longer than three weeks, returned a verdict on the last afternoon of that three-week period, and after approximately one day of deliberations in a three-defendant homicide case.

In addition, defense counsel notes two elements that militate strongly in favor of, and due to which the defense respectfully requests, beginning the trial January 5, 2015:

(1)   while, as the Court is aware, both defense and prosecution have endeavored to provide Mr. Ulbricht access to discovery in a timely, complete, and efficient manner, due to technical and other delays beyond his control (and which defense counsel has engaged with the government each time to resolve as promptly as possible), as of Friday Mr. Ulbricht still did not have access to three important items of discovery – including partial images of one of Silk Road's Servers, and a complete image of another (items identified in defense counsel's September 3, 2014, letter to the Court, and for which the defense provided an additional, separate hard drive to the government in early September) – that comprise more than three terabytes of data, and for which Mr. Ulbricht's review is essential. A November 10, 2014, trial date would impair Mr. Ulbricht's ability, and defense counsel's in turn, to prepare adequately;

(2)   since April 14, 2014, defense counsel has been on trial in three separate federal cases for a total of eleven weeks. That includes only court time, and not the intensive preparations in the weeks leading up to trial – including motions *in limine*, *voir dire* proposals, jury instructions, and other pretrial litigation and preparation, such as co-defendant meetings and reading 3500 material (invariably voluminous in today's federal practice) and government exhibit lists (and interposing objections to the latter).

In addition, much gets deferred during trial: responding to e-mails and telephone calls, visits to clients at MCC or MDC (which occupy an inordinate and unpredictable amount of time), pre-sentence interviews and related sentencing tasks, and other case-related matters. At some point, those delays become intolerable, particularly for incarcerated clients. Moreover, each of the past two trials, while conducted as efficiently as possible, has lasted longer than anticipated, thereby reducing the time for attention to other cases (including this

---

between curtailing its case and affording the jury sufficient time for adequate deliberations.

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
October 13, 2014
Page 3 of 3

case). Indeed, the most recent trial, which concluded late last Friday afternoon, involved jury deliberations of an entire week (following a four-day trial).

While meeting all of these commitments, including a fourth trial with but a brief interregnum, is feasible in the abstract, in reality it is daunting and exhausting, requiring physical, emotional, and intellectual resources that are not always immediately renewable. As a result, a trial beginning January 5, 2014, would be eminently more fair for Mr. Ulbricht, and which he respectfully requests.

Respectfully submitted,

Joshua L. Dratel

JLD/

cc:   Serrin Turner
      Timothy T. Howard
      Assistant United States Attorneys

*Ordered*

Trial adjourned to Jan. 5, 2015. We will discuss other duties and logistics of jury selection at the conference on Friday (10/17/14).

10/15/14

K. B. Forrest
USDJ