```
                                            USDC SDNY
                                            DOCUMENT
                                            ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                DOC #: _____
SOUTHERN DISTRICT OF NEW YORK               DATE FILED: OCT 24 2014
------------------------------------------X
                                          :
UNITED STATES OF AMERICA                  :
                                          :
              -v-                         :     14-cr-68 (KBF)
                                          :
ROSS WILLIAM ULBRICHT,                    :     OPINION & ORDER
     a/k/a "Dread Pirate Roberts,"        :
     a/k/a "DPR,"                         :
     a/k/a "Silk Road,"                   :
                                          :
              Defendant.                  :
------------------------------------------X
```

KATHERINE B. FORREST, District Judge:

On February 4, 2014, a federal grand jury returned Indictment 14 Cr. 68 (the "Original Indictment"), charging Ross Ulbricht ("defendant" or "Ulbricht") on four counts—all stemming from the creation, administration, and operations of an online marketplace known as "Silk Road." (ECF No. 12 ("Orig. Ind.").) On March 28, 2014, Ulbricht moved to dismiss the Original Indictment in its entirety. (ECF No. 19.) That motion became fully briefed on May 27, 2014 (ECF No. 32), and on July 9, 2014, the Court denied the motion (ECF No. 42). On August 21, 2014, the Government filed Superseding Indictment S1 14 Cr. 68 (KBF) (the "Superseding Indictment") containing three additional charges. (ECF No. 52 ("Sup. Ind.").) Ulbricht's trial is scheduled to begin on January 5, 2015.

Pending before the Court is defendant's motion to dismiss Counts One through Four of the Superseding Indictment, for a bill of particulars, and "for any such other and further relief . . . which to the Court seems just and proper." (ECF No. 71.) For the reasons set forth below, the motion is DENIED.

I. THE INDICTMENTS[1]

The Original Indictment charged Ulbricht with four crimes: Narcotics Trafficking Conspiracy (Count One), Continuing Criminal Enterprise ("CCE") (Count Two), Computer Hacking Conspiracy (Count Three), and Money Laundering Conspiracy (Count Four). (Orig. Ind. ¶¶ 1-21.)

The Superseding Indictment, filed on August 21, 2014, charges Ulbricht with seven crimes: Narcotics Trafficking (Count One), Distribution of Narcotics by Means of the Internet (Count Two), Narcotics Trafficking Conspiracy (Count Three), Continuing Criminal Enterprise (Count Four), Conspiracy to Commit and Aid and Abet Computer Hacking (Count Five), Conspiracy to Traffic in Fraudulent Identification Documents (Count Six), and Money Laundering Conspiracy (Count Seven). (Sup. Ind. ¶¶ 1-31.) The Superseding Indictment differs from the Original Indictment in the following three respects:

1. The Superseding Indictment contains three new charges (Counts One, Two, and Six).

2. Counts One, Two, Three, Five, and Six of the Superseding Indictment include an allegation that Ulbricht aided and abetted the commission of the charged crime. (Sup. Ind. ¶¶ 5, 8, 13, 15, 21, 22, 25, 26.)

3. Count Three of the Superseding Indictment alleges that Ulbricht paid a Silk Road user ("User-1") approximately $150,000 to murder another Silk Road user ("User-2") who was threatening to release the identities

---

[1] The Court assumes familiarity with the facts of this case, and recites only those relevant to this motion.

of users of the site, and approximately $500,000 to murder four additional persons believed to be associated with User-2. (Id. ¶ 16(b), (c).)

On October 2, 2014, Ulbricht filed a motion to dismiss Counts One through Four of the Superseding Indictment, for a bill of particulars, and "for any such other and further relief . . . which to the Court seems just and proper." (ECF No. 71.) That motion is the subject of this Opinion & Order.

II. LEGAL STANDARDS

   A.   Sufficiency of an Indictment

Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974) (citations omitted); see also United States v. De La Pava, 268 F.3d 157, 162 (2d Cir. 2001) ("An indictment must sufficiently inform the defendant of the charges against him and provide enough detail so that he may plead double jeopardy in a future prosecution based on the same set of events." (citation omitted)). "[A] facially valid indictment returned by a duly constituted grand jury" will, absent unusual circumstances, suffice "to call for a trial on the merits of the charges set forth therein." United States v. Bodmer,

342 F. Supp. 2d 176, 179 (S.D.N.Y. 2004) (citing <u>Costello v. United States</u>, 350 U.S. 359, 363 (1956)).

    B.    <u>Aiding and Abetting</u>

The law has long provided that aiders and abettors are punishable as principals. <u>See</u> 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."). 18 U.S.C. § 2(a), the statute criminalizing aiding and abetting, "abolishe[d] the distinction between principals and accessories and [made] them all principals." <u>Standefer v. United States</u>, 447 U.S. 10, 19 (1980) (alterations in original) (quoting <u>Hammer v. United States</u>, 271 U.S. 620, 628 (1926)) (internal quotation marks omitted); <u>see also id.</u> (recounting the legislative history of § 2). As the Second Circuit has explained,

> 18 U.S.C. § 2 abolished the differentials in punishment between an accessory before the fact and a principal. Under common law an aider and abettor had to be present at the site of the crime. An accessory before the fact is one who, though absent, procures, counsels or commands another to commit an unlawful act. 18 U.S.C. § 2(a) combines these two classifications, making each such defendant equally as guilty as the principal.

<u>United States v. Molina</u>, 581 F.2d 56, 61 n.8 (2d Cir. 1978). Aiding and abetting an offense "does not constitute a discrete criminal offense but only serves as a more particularized way of identifying 'persons involved.'" <u>United States v. Smith</u>, 198 F.3d 377, 383 (2d Cir. 1999) (quoting <u>United States v. Oates</u>, 560 F.2d 45, 54 (2d Cir. 1977)) (internal quotation marks omitted). "In fact, 'when a person is charged with aiding and abetting the commission of a substantive offense, the "crime charged" is . . . the substantive offense itself.'" <u>Id.</u> (quoting <u>Oates</u>, 560 F.2d at 55).

Because "aiding and abetting is not a separate offense," it "may be charged in the same count as a substantive crime." Novak v. United States, No. CV-07-4361(DGT), 2009 WL 982429, at *4 (E.D.N.Y. Apr. 13, 2009); cf. United States v. Droms, 566 F.2d 361, 363 (2d Cir. 1977) (explaining that a single count may allege that "an offense has been committed in a multiplicity of ways").[2]

III. DISCUSSION

    C.    <u>Motion to Dismiss Counts One through Four of the Superseding Indictment</u>

In moving to dismiss Counts One through Four of the Superseding Indictment (the "narcotics counts"), Ulbricht does not dispute that the Superseding Indictment informs him of the charges against him and provides sufficient detail to enable him to plead double jeopardy in a future prosecution. See De La Pava, 268 F.3d at 162. Rather, Ulbricht seeks to dismiss the narcotics counts on the ground that these counts rest on inconsistent theories of liability. Specifically, Ulbricht argues that by charging him "on the basis that he was <u>either</u> a drug 'kingpin,' as alleged in Count Four . . . or merely aiding and abetting others in violating narcotics laws, which the government presents as a theory of liability for the offenses charged in Counts One, Two and Three," "the government has crossed [the] lines of judicial fairness by presenting irreconcilably inconsistent theories regarding Mr. Ulbricht's alleged commission of the offenses charged in Counts One through Four, and thus

---

[2] For this reason, an indictment charging aiding and abetting in the same count as a substantive offense is not duplicitous. See United States v. Aracri, 968 F.2d 1512, 1518 (2d Cir. 1992) ("An indictment is duplicitous if it joins two or more <u>distinct</u> crimes in a single count." (emphasis added) (citation omitted)).

violating his Fifth Amendment right to due process." (Memorandum of Law in Support of Defendant Ross Ulbricht's Pre-Trial Motions Aimed at the Superseding Indictment at 3-4, ECF No. 72 ("Def.'s Mem.").) In addition, Ulbricht argues that in presenting these inconsistent theories, "the prosecution shirks it[s] 'Special Responsibilities' mandated by the ABA Model Rules and New York State Rules of Professional Conduct." (Id. at 1.) These arguments are without merit.

The Superseding Indictment does not advance any legally inconsistent theories of liability. In particular, the CCE charge in Count Four is consistent with the aiding-and-abetting allegations relating to the crimes set forth in Counts One through Three. Ulbricht's assertion that a "mere aider and abettor" cannot be a "drug 'kingpin'"[3] (Def.'s Mem. at 9) is incorrect. The law does not distinguish between principals and aiders and abettors. See Standefer, 447 U.S. at 19. One who aids and abets a federal narcotics crime is "equally as guilty as the principal" who commits it, Molina, 581 F.2d at 61, and equally susceptible to CCE liability. The law is clear that "that aiding and abetting the violation of federal narcotics laws may serve as a predicate offense in support of a CCE conviction." United States v. Joyner, 313 F.3d 40, 47 (2d Cir. 2002) (collecting cases); see also United States v. Aiello, 864 F.2d 257, 264 (2d Cir. 1988) ("We do not read our earlier opinions to shield kingpins from CCE liability solely because they are convicted as aiders and abettors rather than as principals with regard to the predicate crimes. We therefore hold that a drug felony violation based upon aiding and abetting may

---

[3] The CCE statute is sometimes referred to as the "kingpin" statute.

qualify as a 'series' predicate where, as here, the aider and abettor is a kingpin.").[4] Therefore, as long as the remaining elements of CCE liability are alleged—that is, as long as it is alleged that a defendant aids and abets as part of a "continuing series" of federal narcotics offenses, undertaken in concert with at least five other people whom the defendant organizes, supervises, or otherwise manages, and from which he derives substantive income or resources, see Aiello, 864 F.2d at 263-64; 21 U.S.C. § 848—the Government has satisfied its pleading obligations. The Government has not "shirked" any special responsibilities (see Def.'s Mem. at 1) by alleging the Ulbricht is such a defendant, and Ulbricht does not cite any authority to the contrary.

Ulbricht's premise appears to be that an indictment cannot allege alternative theories of liability. This is incorrect. "An indictment is not defective simply because it charges a defendant with alternative offenses." Whitfield v. Ricks, No. 01 Civ. 11398 LAK, 2006 WL 3030883, at *12 (S.D.N.Y. Oct. 24, 2006).[5] In fact, the Government not only may charge a defendant based on alternative theories of liability, it may present those alternative theories to a jury. See United States v. Masotto, 73 F.3d 1233, 1241 (2d Cir. 1996) ("When the jury is properly instructed on two alternative theories of liability, as here, we must affirm when the evidence is sufficient under either of the theories." (citing, inter alia, Griffin v. United States, 502 U.S. 46 (1991))). It is not uncommon to charge aiding and abetting and

---

[4] Whether aiding and abetting a violation of federal narcotics laws may serve as a predicate offense in support of a CCE conviction—the question presented here—is an issue distinct from whether one may be convicted under the CCE statute for aiding and abetting a kingpin. The Second Circuit has answered the latter question "no." See Aiello, 864 F.2d at 264.
[5] Whitfield was a habeas corpus case, but this proposition is true more generally.

7

principal liability as alternative theories. See, e.g., Rosemond v. United States, 134 S. Ct. 1240, 1243-44, (2014); United States v. Fitzgerald, 542 F. App'x 30, 34 (2d Cir. 2013); United States v. Huezo, 546 F.3d 174, 179 (2d Cir. 2008); United States v. Frampton, 382 F.3d 213, 224 (2d Cir. 2004). The Second Circuit has even suggested that, when that happens, a verdict is valid if some jurors convicted on a theory of principal liability while others convicted based on an aiding-and-abetting theory. See United States v. Ferguson, 676 F.3d 260, 279 (2d Cir. 2011); United States v. Peterson, 768 F.2d 64, 67 (2d Cir. 1985).[6] Therefore, it is entirely proper for the Superseding Indictment to include counts alleging principal and aider-and-abettor-liability as alternative theories of liability.

Ulbricht claims that "the doctrine that a prosecutor's advancement of inconsistent irreconcilable theories denies due process has been endorsed by multiple circuits and jurisdictions." (Def.'s Mem. at 6.) His citations are inapposite. In the cases he cites, the Government pursued two factually irreconcilable positions to convict two different defendants of the same crime. See, e.g., Stumpf v. Mitchell, 367 F.3d 594, 611 (6th Cir. 2004) ("[S]everal of our sister circuits have found, or implied, that the use of inconsistent, irreconcilable theories to secure convictions against more than one defendant in prosecutions for the same crime violates the due process clause."), rev'd in part, vacated in part sub nom., Bradshaw v. Stumpf, 545 U.S. 175 (2005); In re Sakarias, 106 P.3d 931, 941-42 (Cal. 2005)

---

[6] In fact, Ferguson extended this principle even further. See Ferguson, 676 F.3d at 279 ("Nothing limits the Peterson analysis to principal versus aiding-and-abetting liability. The four theories[,principal, aiding and abetting, willfully causing, and Pinkerton,] are compatible—they are zones on a continuum of awareness, all of which support criminal liability.").

("[F]undamental fairness does not permit the People, without a good faith justification, to attribute to two defendants, in separate trials, a criminal act only one defendant could have committed."); see also Thompson v. Calderon, 120 F.3d 1045, 1058 (9th Cir. 1997), rev'd, 523 U.S. 538 (1998); Smith v. Groose, 205 F.3d 1045, 1054 (8th Cir. 2000); Drake v. Kemp, 762 F.2d 1449, 1478 (11th Cir. 1985) (Clark, J., concurring).  The circumstances here are quite different: here, one defendant is charged with several different narcotics offenses.  Contrary to Ulbricht's contention, there is nothing improper about a prosecutor seeking "multiple convictions against a single defendant in a single trial." (Def.'s Mem. at 10.)

Accordingly, Ulbricht's motion to dismiss Counts One through Four is DENIED.

D. <u>Request for a Bill of Particulars and Other Relief</u>

Ulbricht seeks a bill of particulars with respect to the Superseding Indictment based on the same arguments made in support of his request for a bill of particulars with respect to the Original Indictment.  For the reasons set forth in the Court's Opinion & Order dated October 10, 2014 (ECF No. 89), Ulbricht's request for a bill of particulars is DENIED.  The Superseding Indictment, coupled with the Complaint and discovery produced in this case, are sufficient to put Ulbricht on notice of the charges against him and to enable him to prepare a defense.

IV.   CONCLUSION

For the reasons set forth above, defendant's motion is DENIED. The Clerk of the Court is directed to terminate the motion at ECF No. 71.

SO ORDERED.

Dated:   New York, New York
         October 24, 2014

                                        _____
                                              KATHERINE B. FORREST
                                            United States District Judge