UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

     - v. -               S1 14 Cr. 68 (KBF)

ROSS ULBRICHT,
  a/k/a "Dread Pirate Roberts,"
  a/k/a "DPR,"
  a/k/a "Silk Road,"

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**<u>PROPOSED JURY INSTRUCTIONS</u>**

TABLE OF CONTENTS

INTRODUCTORY INSTRUCTIONS.................................................................................3
    Role of the Court ..................................................................................................3
    Role of the Jury ....................................................................................................4
    Statements of Counsel and Court Not Evidence;  Jury's Recollection Controls .................5
    Improper Considerations .......................................................................................6
    The Parties............................................................................................................7
    Presumption of Innocence and Burden of Proof .........................................................8
    Reasonable Doubt.................................................................................................9
    The Indictment ...........................................................................................9~~11~~
GENERAL INSTRUCTIONS...........................................................................11~~12~~
    Direct and Circumstantial Evidence .......................................................11~~12~~
    Inferences ..............................................................................................13~~14~~
    Credibility of Witnesses .........................................................................15~~16~~
    Defendant's Testimony...........................................................................17~~18~~
    Law Enforcement Witnesses ..................................................................18~~19~~
    Accomplice/Cooperating Witness Testimony...........................................19~~20~~
    Persons Not on Trial ..............................................................................21~~22~~
    Preparation of Witnesses .......................................................................22~~23~~
    Investigative Techniques .......................................................................23~~24~~
    Use of Electronic Communications .........................................................24~~25~~
    Expert Testimony ..................................................................................25~~26~~
    Stipulations...........................................................................................26~~27~~
    Use Of Charts and Tables ......................................................................27~~28~~
    Uncalled Witnesses Equally Available .....................................................28~~29~~
CHARGE..........................................................................................................29~~30~~
    Summary of the Indictment ....................................................................29~~30~~
    Multiple Counts .....................................................................................30~~31~~
    Count One: Narcotics Trafficking ............................................................31~~32~~
    Count One, First Element: Distribution of Narcotics ...................................32~~33~~
    Count One, Second Element: "Knowingly"................................................33~~34~~
    Count One: Aiding and Abetting ..............................................................34~~35~~
    Count One: Drug Quantity ......................................................................36~~37~~
    Count Two: Distributing or Aiding and Abetting the Distribution  of Narcotics by Means of
        the Internet .....................................................................................38~~39~~
    Count Two, First Element: Delivering, Distributing, or  Dispensing Controlled Substances
    ......................................................................................................39~~40~~
    Count Two, Second Element: Use of the Internet......................................40~~41~~
    Count Two, Third Element: Knowingly or Intentionally ..............................41~~42~~
    Count Two: Drug Quantity .....................................................................42~~43~~
    Count Three:  Conspiracy to Violate the Narcotics Laws .............................43~~44~~
    Count Three, First Element: Existence of the Conspiracy ...........................44~~45~~
    Count Three, First Element: Object of the Conspiracy ...............................46~~47~~
    Count Three, Second Element: Participation in the Conspiracy ....................48~~49~~

Count Three: Liability for Acts and Declarations of Co-Conspirators ................................. 50~~51~~

Count Three: No Overt Act Required ................................................................................. 51~~52~~

Count Three: Drug Quantity ............................................................................................... 52~~53~~

Count Four: Continuing Criminal Enterprise ..................................................................... 53~~54~~

Count Four, First Element: Commission of Federal Narcotics Felony Offense ................ 54~~55~~

Count Four, Second Element: Continuing Series of Violations ......................................... 55~~56~~

Count Four, Third Element: Five or More Persons ............................................................ 56~~57~~

Count Four, Fourth Element: Organizer, Supervisor or Manager ..................................... 57~~58~~

Count Four, Fifth Element: Substantial Income or Resources .......................................... 59~~60~~

Count Five: Conspiracy to Commit or Aid and Abet Computer Hacking .......................... 60~~61~~

Count Five: Existence of the Conspiracy ........................................................................... 61~~62~~

Count Five: Membership in the Conspiracy ....................................................................... 63~~64~~

Count Six: Conspiracy to Traffic in Fraudulent Identification Documents ....................... 64~~65~~

Count Six: Existence of the Conspiracy ............................................................................. 65~~66~~

Count Six: Membership in the Conspiracy ......................................................................... 66~~67~~

Count Seven: Conspiracy to Commit Money Laundering .................................................. 67~~68~~

Count Seven: Objects of the Conspiracy ............................................................................ 68~~69~~

Count Seven, First Element of Money Laundering:  Agreement To Conduct A Financial
    Transaction ................................................................................................................... 69~~70~~

Count Seven, Second Element of Money Laundering: Interstate Commerce ..................... 70~~71~~

Count Seven, Third Element of Money Laundering: Source of Funds ............................... 71~~72~~

Count Seven, Fourth Element of Money Laundering:  Knowledge Of The Source Of Funds
    ...................................................................................................................................... 72~~73~~

Count Seven, Fifth Element of Money Laundering: Purpose of the Transactions .............. 73~~74~~

Count Seven: Membership in the Conspiracy ..................................................................... 74~~75~~

OTHER INSTRUCTIONS ................................................................................................... 75~~76~~

Variance in Dates ............................................................................................................... 75~~76~~

Venue .................................................................................................................................. 76~~77~~

Improper Considerations: Race, Religion, National Origin, Sex, Age, or Political Views .. 78~~79~~

Sympathy ............................................................................................................................ 79~~80~~

Punishment ......................................................................................................................... 80~~81~~

Juror Note-Taking .............................................................................................................. 81~~82~~

CONCLUDING REMARKS ................................................................................................ 82~~83~~

**INTRODUCTORY INSTRUCTIONS**

<u>Role of the Court</u>

You have now heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you. If an attorney or anyone else at trial has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You may take a copy of these instructions with you into the jury room.

### Role of the Jury

Your role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence, or lack of evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

The evidence before you consists of the answers given by witnesses and the exhibits and stipulations that were received into evidence. In determining the facts, you must rely upon your own recollection of the evidence. I will instruct you at the end of these charges about your ability to request to have testimony read back and your access to other evidence admitted during the trial.

<u>Statements of Counsel and Court Not Evidence;</u>
<u>Jury's Recollection Controls</u>

What the lawyers have said in their opening statements, in their objections, and in their questions, and what they may say in their closing arguments, is not evidence. You should bear in mind particularly that a question put to a witness is never evidence. Only the answer is evidence. If a witness affirms a particular fact in a question by answering "yes," you may consider that fact as agreed on by the witness; the weight that you give that fact is up to you.

Nor are you to substitute anything that I may have said during the trial or during these instructions with respect to facts for your own independent recollection. What I say is not evidence. If I have sustained an objection to a question or stricken testimony, any stricken answers given by a witness are no longer part of the evidence in this case, and you may not consider them.

You should draw no inference or conclusion for or against any party because of lawyers' objections. Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate.

Also, do not draw any inferences from any of my rulings. The rulings I have made during trial are not any indication of my views of what your decision should be as to whether or not the Government has proven the defendant guilty of any of the crimes charged beyond a reasonable doubt. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, because of any comment, question, or instruction of mine.

Field Code Changed

## Improper Considerations

Your verdict must be based solely upon the evidence or the lack of evidence. It would be improper for you to consider any personal feelings you may have about the defendant's race, ethnicity, or national origin. It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

I also want to remind you that before each of you was accepted and sworn to act as a juror, you were asked questions concerning competency, qualifications, fairness, and freedom from prejudice and bias. On the faith of those answers, you were accepted as jurors by the parties. Therefore, those answers are as binding on each of you now as they were then, and should remain so, until the jury is discharged from consideration of this case.

<u>The Parties</u>

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that given to any other party to a litigation.  By the same token, the Government is entitled to no less consideration.

<u>Presumption of Innocence and Burden of Proof</u>

Field Code Changed

The defendant has pleaded not guilty to the charges in the Indictment.  As a result, the burden is on the Government to prove the defendant's guilt beyond a reasonable doubt.  This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

The law presumes a defendant to be innocent of the charges.  This presumption was with the defendant when the trial began and remains with the defendant unless and until you are convinced that the Government has proved the defendant's guilt beyond a reasonable doubt.

8

Reasonable Doubt

Field Code Changed

The question that naturally arises is, "What is a reasonable doubt?"  What does that phrase mean?  The words almost define themselves.  A reasonable doubt is a doubt based in reason and arising out of the evidence in the case, or the lack of evidence.  It is a doubt that a reasonable person has after carefully weighing all of the evidence in the case.

Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, and your common sense.  Proof beyond a reasonable doubt must, therefore, be proof of such a

Field Code Changed

convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs; in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in ~~the most~~ important matters ~~of importance~~ in his or her own affairs, then you have a reasonable doubt, and in that circumstance, it is your duty to find the defendant not guilty.

Reasonable doubt is not whim or speculation.  It is not an excuse to avoid the performance of an unpleasant duty.  Nor is it sympathy for the defendant you are considering.  "Beyond a reasonable doubt" does not mean a positive certainty, or beyond all possible doubt.  After all, it is virtually impossible for a person to be absolutely and completely convinced of any contested fact that by its nature is not subject to mathematical proof and certainty.  As a result, the law in a criminal case is that it is sufficient if the guilt of the defendant is established beyond a reasonable doubt, not beyond all possible doubt.

<u>The Indictment</u>

The defendant, Ross Ulbricht, has been formally charged in what is called an "Indictment."

As I instructed you at the outset of this trial, the Indictment is simply an accusation. It is no more than the means by which a criminal case is started.

It is not evidence. It is not proof of the defendant's guilt. It creates no presumption, and it permits no inference that the defendant is guilty of the crimes charged.

You are to give no weight to the fact that an Indictment has been returned against the defendant.

I will not read the entire Indictment to you at this time. You will have a copy of the Indictment with you in the jury room and will have an opportunity to read it in its entirety. Rather, in a moment, I will summarize the charges in the Indictment and then explain in detail the elements of each crime that is charged.

**GENERAL INSTRUCTIONS**

Direct and Circumstantial Evidence

Field Code Changed

There are two types of evidence that you may use in reaching your verdict.  One type of evidence is direct evidence.  One kind of direct evidence is a witness's testimony about something that he or she knows by virtue of his or her own senses—something that the witness has seen, smelled, touched, or heard.  Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove one fact by proof of other facts.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may explain the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

That is all there is to circumstantial evidence.  You infer based on reason, experience, and common sense from an established fact the existence or the nonexistence of some other fact.

Many facts, such as a person's state of mind, can rarely be proven by direct evidence.  Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting the defendant, you, the jury, must be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case.

~~You are not required to draw any inference unless you believe that such an inference flows reasonably from the evidence. So in drawing inferences you should draw whatever inference seems most reasonable to you from the evidence that you have heard or no inference at~~

11

~~all if you just aren't sure and you don't think that there is an inference reasonably to be drawn one~~

~~way or the other from the evidence that you have heard.~~

~~From Judge Leval's charge in *United States v. Patiquiva*, 91 Cr. 1043 (S.D.N.Y.) (PNL)~~
~~Case 1:13-cr-00345-LGS Document 157 Filed 09/16/14 Page 13 of 67~~

<u>Inferences</u>

During the trial, and as I give you these instructions, you have heard and will hear the term "inference." For instance, in their closing arguments, the attorneys have asked you to infer, based on your reason, experience, and common sense, from one or more established facts, the existence of some other fact. I have instructed you on circumstantial evidence and that it involves inferring a fact based on other facts, your reason, and common sense.

What is an "inference"? What does it mean to "infer" something? An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists based on another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The Government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted but not required to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

Therefore, while you are considering the evidence presented to you, you may draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Some inferences, however, are impermissible. You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time the crime was being committed and had knowledge that it was being committed. Nor may you

13

use evidence that I have instructed you was admitted for a limited purpose for any inference beyond that limited purpose.

In addition, you may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing or merely because he has or had knowledge of the wrongdoing of others.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict the defendant of any of the crimes charged.

14

<u>Credibility of Witnesses</u>

Field Code Changed

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves, did the witness impress you as honest, open, and candid?  Or did the witness appear evasive, or as though the witness were trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness is intentionally telling a falsehood that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.  It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

On some occasions during this trial, witnesses were asked to explain an apparent inconsistency between testimony offered at this trial and previous statements made by the witness.  It is for you to determine whether a prior statement was inconsistent, and if so, how much (if any) weight to give to an inconsistent statement in assessing the witness's credibility at trial.  You may consider evidence of a witness's prior inconsistent statement only insofar as it relates to that witness's credibility.

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an

15

interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care. This is not to suggest that any witness who has an interest in the outcome of a case would testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged. You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves that the testimony is not worthy of belief. On the other hand, you may find, because of a witness's bearing and demeanor and based upon your consideration of all the other evidence in the case, that the witness is truthful.

Thus, there is no magic formula by which you can evaluate testimony. You bring to this courtroom all your experience. You determine for yourselves in many circumstances the reliability of statements that are made by others to you and upon which you are asked to rely and act. You may use the same tests here that you use in your everyday lives. You may consider the interest of any witness in the outcome of this case and any bias or prejudice of any such witness, and this is true regardless of who called or questioned the witness.

### Defendant's Testimony

A defendant in a criminal case does not have a duty to testify or come forward with any evidence. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the defendant. The defendant is never required to prove that he is innocent.

In this case, the defendant, Ross Ulbricht, chose not to testify. You must not attach any significance to the fact that the defendant did not testify. I instruct you that no adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

**Comment [A1]:** Defendant reserves the right to ask that this instruction be omitted.

17

<u>Law Enforcement Witnesses</u>

You have heard the testimony of various members of law enforcement. The fact that a witness may be employed by as a law enforcement official or employee by the United States Government or by a foreign government does not mean that his testimony deserves more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is ~~quite~~ legitimate for defense counsel to try to attack the credibility of a law enforcement witness because his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give that testimony the weight that you find it deserves.

From *United States v. Mostafa*, 04 Cr. 356 (KBF)

Field Code Changed

18

Accomplice/Cooperating Witness Testimony

You have heard from witnesses who testified that they committed crimes.  Let me say a few things that you want to consider during your deliberations on the subject of what we call cooperating witnesses.

Cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of the witness's recollection, the witness's background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

~~You also heard testimony about cooperation agreements between the Government and the cooperating witness.  The existence of the agreement itself and its effect on the witness may be considered by you in determining credibility.  Your sole concern is whether a witness has given truthful and accurate testimony here in this courtroom before you.~~  Because of the possible interest that a cooperator may have in testifying for the Government, you should scrutinize his testimony with special care and caution.  You may consider the fact that a witness is a cooperator as bearing upon his credibility.  ~~You may consider whether a witness—like any other witness called in this case—has an interest in the outcome of the case, and if so, whether it affected his testimony.~~  It does not follow, however, that, simply because a person has admitted to participating in one or more crimes, he is incapable of giving a truthful version of what happened.

In evaluating the testimony of a cooperating witness, you should ask yourselves whether the witness would benefit more by lying or by telling the truth. Was his testimony embellished or fabricated in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that he would best serve his interests by testifying truthfully? ~~If you believe that hopes of personal gain motivated the witness, was the~~

19

motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should consider it as you would any other testimony or evidence. As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

You have also heard testimony that the cooperating witness pled guilty to charges arising out of the same facts that are at issue in this case.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a Government witness pled guilty to similar charges.  The decision of that witness to plead guilty was a personal decision that witness made about his own guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendant on trial here.

<u>Persons Not on Trial</u>

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial, from the fact that certain persons were not named as a defendant in the Indictment. The fact that these persons are not on trial here must play no part in your deliberations.

Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury. Therefore, you may not consider it in any way in reaching your verdict as to the defendant on trial.

<u>Preparation of Witnesses</u>

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the Government lawyers or the defense lawyers or their own lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or inherently improper about a witness meeting with the Government lawyers or the defense lawyers or his or her own lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultations.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

<u>Investigative Techniques</u>

You have heard reference through the questioning to the fact that certain investigative techniques were used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  <u>You are not to speculate as to why law enforcement used the techniques they did.</u>~~While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why law enforcement authorities used the techniques they did.~~

Your concern is whether or not, on the evidence or lack of evidence, the <u>G</u>~~g~~overnment has proved the defendant's guilt  beyond a reasonable doubt.

23

<u>Use of Electronic Communications</u>

Some of the evidence in this case has consisted of electronic communications seized from computers or electronic accounts.  There is nothing illegal about the Government's use of such electronic communications in this case and you may consider them along with all the other evidence in the case.  Whether you approve or disapprove of the seizure of these communications may not enter your deliberations.

You must, therefore, regardless of any personal opinions, consider give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.  However, as with the other evidence, it for you to determine what weight, if any, to give such evidence.

Field Code Changed

24

<u>Expert Testimony</u>

[if applicable]

You have heard testimony from what we call expert witnesses. Such a witness is permitted to express his or her opinions on matters about which he or she has specialized knowledge and training. The parties present expert testimony to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, his or her opinions, and his or her reasons for testifying, as well as all the other considerations that ordinarily apply, including all the other evidence in the case. You may give expert testimony whatever weight, if any, that you find that it deserves in light of all the evidence in this case. However, you should not accept witness testimony simply because the witness is an expert. Nor should you substitute such testimony for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

<u>Stipulations</u>

Field Code Changed

You have heard some evidence in the form of what are called "stipulations."  A stipulation of fact is an agreement among the parties that a certain fact is true.  You should regard such agreed facts as true.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect or weight to give that testimony.

<u>Use Of Charts and Tables</u>

Now, some of the exhibits were charts, tables, or other forms of summary exhibits.

These exhibits are not direct evidence.  They are graphic representations or other ways of

summarizing more voluminous information set forth either in the testimony of a witness or in

documents admitted into evidence.  It is often easier and more convenient to utilize charts, tables,

and summaries as opposed to placing all of the underlying documents in front of you.  But it is

up to you to decide whether the summary exhibits fairly and correctly reflect the underlying

testimony and documents they purport to summarize.  To the extent that the summary exhibits

conform with your understanding of the underlying evidence, you may accept them.  To the

extent they do not, you should set them aside and rely on the underlying evidence instead.  But

one way or the other, realize that the summary exhibits are not in and of themselves direct

evidence.  They are merely intended to serve as aids in a party's presentation of the evidence.

They are nothing more.

Uncalled Witnesses Equally Available

**Comment [A2]:** Defendant reserves the right to seek modification or elimination of this instruction depending on subsequent developments.

**Field Code Changed**

You have heard the names of several people during the course of the trial who did not appear here to testify and one or more of the attorneys may have referred to their absence. I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. However, the Government bears the burden of proof, the defendant does not bear the burden of proof. Therefore, you should not draw any inferences or reach any conclusions as to what these persons would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

28

**CHARGE**

<u>Summary of the Indictment</u>

The defendant, Ross Ulbricht, has been formally charged in a document called an Indictment.  As I instructed you at the outset of this case, an Indictment is a charge or accusation. It is not evidence.  Here, the Indictment contains seven counts.  You will have a copy of the Indictment with you in the jury room and can read each Count in its entirety.  I am going to provide only a brief summary now:

Count One charges the defendant with distributing narcotics or aiding and abetting the distribution of narcotics.

Count Two charges the defendant with distributing narcotics or aiding and abetting the distribution of narcotics by means of the Internet, specifically.

Count Three charges the defendant with conspiring with others to distribute narcotics.

Count Four charges the defendant with engaging in a "continuing criminal enterprise," a term that I shall define for you in a moment.

Count Five charges the defendant with conspiring with others to commit or aid and abet computer hacking.

Count Six charges the defendant with conspiring with others to traffic in fraudulent identification documents.

Count Seven charges the defendant with money laundering.

<u>Multiple Counts</u>

As I just indicated, the Indictment contains a total of seven counts.  Each count constitutes a separate offense or crime.  You must consider each count of the Indictment separately, and you must return a separate verdict on each count charged.

<u>Count One: Narcotics Trafficking</u>

As I said, Count One charges the defendant with distributing or aiding and abetting the distribution of narcotics.

In order to find the defendant guilty of this count, you must find that the Government has proven beyond a reasonable doubt the following two elements:

<u>First</u>, that the defendant distributed narcotics or aided and abetted the distribution of narcotics by others; and

<u>Second</u>, that he did so knowingly.

31

<u>Count One, First Element: Distribution of Narcotics</u>

~~The word "distribution" means to deliver a narcotic. "Deliver" is defined as the actual, constructive or attempted transfer of a narcotic. Simply stated, the words to distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed or handed over to another, or to try to pass on or hand over to another, narcotics. Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs may constitute distribution. In short, distribution requires a concrete involvement in the transfer of the drugs.~~

~~Sand, *et al.*, Instruction 56-10, paragraph 56.01 [4] (verbatim).~~

Formatted: Indent: First line: 0"

The term "distribute" refers to selling, delivering, or otherwise transferring narcotics from one person to another. One can also be said to "distribute" narcotics by committing an act in furtherance of a sale, delivery, or transfer, such as brokering a sales transaction, receiving purchase money, or arranging for the delivery of narcotics. It is not necessary for you to find that the defendant himself personally possessed any narcotics in order for you to find that he participated in distributing narcotics. <u>However, distribution requires a concrete involvement in the transfer of the drugs.</u>[1]

---

[1] *See generally United States v. Brunty*, 701 F.2d 1375, 1381 (11th Cir. 1983) (explaining that courts have construed the term "distribution" broadly to "include other acts perpetrated in furtherance of a transfer or sale, such as arranging or supervising the delivery, or negotiating for or receiving the purchase price") (collecting cases); *accord United States v. Gore,* 154 F.3d 34, 45 (2d Cir.1998) (noting agreement among the circuits that "proof of distribution does not necessarily include the element of possession" and a "distribution charge can conceivably be proved without proof of possession" (quotation marks and citations omitted)); *United States v. Sepulveda,* 102 F.3d 1313, 1317 (1st Cir.1996) ("Someone who participates in a drug transfer—

Count One, Second Element: "Knowingly"

The second element the Government must prove as to Count One is that the defendant acted knowingly in distributing or aiding and abetting the distribution of narcotics. To satisfy this element, you must find that the defendant had knowledge that what he was distributing consisted of narcotics, that is, illegal drugs.

---

*e.g.,* as a broker or armed guard—can be liable for distribution without ever possessing the drugs."); *United States v. Pungitore*, 910 F.2d 1084, 1133–34 (3d Cir.1990) (defendant who authorizes another to arrange a drug deal is guilty of distribution); *United States v. Crockett*, 813 F.2d 1310, 1316 (4th Cir. 1987) ("[D]istribution[ ] requires either physical transfer of the drug or other acts in furtherance of the transfer."); *United States v. Oquendo*, 505 F.2d 1307, 1310 & n. 1 (5th Cir. 1975) (upholding conviction of defendant for distribution of heroin where he never touched the drugs, but arranged the sale, assisted in the negotiations, and accepted payment on behalf of his "partner," noting that "the definition of 'distribute' contained in the statute is broad enough to include acts that traditionally perhaps would have been defined as mere aiding and abetting"); *United States v. Stevens*, 521 F.2d 334, 337 n. 2 (6th Cir.1975) ("[T]he distribution charge can conceivably be proved without proof of possession.").

<u>Count One: Aiding and Abetting</u>

In addition to charging the defendant under a federal law that makes it illegal to distribute narcotics, Count One also charges the defendant under a federal law that makes it a crime for anyone to aid and abet a federal offense, including narcotics trafficking.

Under this aiding and abetting statute, it is not necessary for the Government to show that the defendant himself physically committed the crime with which he is charged in order for you to find him guilty of committing that crime. Thus, even if you do not find beyond a reasonable doubt that the defendant himself committed the substantive crime charged, you may, under certain circumstances that I will describe, still find the defendant guilty of the crime as an aider or abettor.  Abetting means knowingly and intentionally helping or assisting in the commission of a crime.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.  Therefore, you may find the defendant guilty of a substantive crime if you find that the Government has proven beyond a reasonable doubt that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the crime.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal act of another if no one committed a crime. If you do find that the Government has proven beyond a reasonable doubt that a crime was committed, however, then you must consider whether the defendant aided or abetted the commission of the crime.  In order to aid or abet another to commit a crime, it is necessary that the Government prove beyond a reasonable doubt that the defendant knowingly and intentionally associated himself in some way with the crime, and that he knowingly

34

and intentionally sought, by some act, to help make the crime succeed.  I have previously instructed you on what the words "intentional" and "knowing" mean, and you should apply those definitions here.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged in Count Four or Count Eight, ask yourself whether the Government has proven the following beyond a reasonable doubt:

,,h Did he participate in the crime charged as something he wished to bring about?

,,h Did he associate himself with the criminal venture knowingly and intentionally?

,,h Did he seek by his actions to make the criminal venture succeed?

If the answer to all of these questions is yes, then the defendant is an aider and abettor, and therefore guilty of the offense. If the answer to any of these questions is no, then the defendant is not an aider and abettor, and is not guilty of

the offense as such.

From *United States v. Mostafa*, 04 Cr. 356 (KBF)

Count One: Drug Quantity

~~Count One not only alleges that the defendant distributed or aided and abetted the distribution of narcotics generally, but also that he distributed or aided and abetted the distribution of particular narcotics above certain quantities.  Although these quantities of drugs are not elements of the offense charged in Count One, i~~If, and only if, you find that the government has proven beyond Count One beyond a reasonable doubt, you are then required to determine whether or not the ~~the government has proved beyond a reasonable doubt the~~ offense involved the quantities of the particular narcotics alleged in Count One.

Specifically, you must determine whether the government has proved beyond a reasonable doubt that the defendant distributed or aided and abetted the distribution of any of the following narcotics in the quantities specified:

- ~~one kilogram or more of~~ heroin in amounts totaling one kilogram or more
- ~~five kilograms or more of~~ cocaine in amounts totaling five kilograms or more
- ~~500 grams or more of~~ methamphetamine in amounts totaling 500 grams or more
- ~~10 grams or more of~~ LSD in amounts totaling 10 grams or more

The Government need not prove that the defendant was specifically aware of, or could foresee, the types and quantities of drugs he was distributing or helping others distribute.  As long as the defendant knowingly and intentionally distributed or aided and abetted the distribution of some amount of controlled substances, he is then responsible for all the types and quantities of controlled substances distributed, regardless of whether he knew or could foresee the types or quantities involved.

You will be provided with a verdict form or chart that will include spaces for you to indicate your determinations concerning these questions.  As will be reflected on the form, you

**Comment [A3]:** Drug type and quantity are elements of 841(b)(1)(A).  *United States v. Santos*, 541 F.3d 43, 70-71 (2d Cir. 2008);  *United States v. Adams*, 448 F.3d 492, 499 (2d Cir. 2006);  *United States*, 274 F.3d 655, 663-64 (2d Cir. 2001).

**Comment [A4R3]:** GOVT: The Gov't disagrees.  The defendant can be found guilty of this count without a finding on weight.

36

do not need to determine the precise quantities of drugs involved in the offense in Count One.

Rather, you need only decide whether the drugs included any of the types of drugs I just

described, in quantities above the thresholds that I have just described.  You need not find the

alleged quantities are met in order to convict on Count One, but your determination regarding

drug type and quantity, like your determination regarding the defendant's guilt, must be

unanimous and must be reached beyond a reasonable doubt.

37

<u>Count Two: Distributing or Aiding and Abetting the Distribution</u>
<u>of Narcotics by Means of the Internet</u>

Let me now go on to Count Two of the Indictment, which charges the defendant under a federal law that specifically makes it a crime to distribute controlled substances by means of the Internet, or to aid and abet such activity.

In order to find the defendant guilty of this count, you must find that the Government has proven beyond a reasonable doubt the following elements:

<u>First</u>, that the defendant delivered, distributed, or dispensed a controlled substance, or aided and abetted others in doing so;

<u>Second</u>, that the delivery, distribution, or dispensation of controlled substances in question was accomplished by means of the Internet;

<u>Third</u>, that the defendant acted knowingly or intentionally.

38

<u>Count Two, First Element: Delivering, Distributing, or
Dispensing Controlled Substances</u>

The first element of Count Two requires that you find that the defendant delivered,

distributed, or dispensed a controlled substance, *or* that he aided and abetted others in doing so.

Any of these alternatives is sufficient to satisfy this element.

"Delivering" <u>or "dispensing"</u> controlled substances refers to ~~the~~ transfer<u>ring or dealing

out</u> ~~of~~ controlled substances ~~from one person to another~~<u>to others</u>.  I have already defined what it

means to "distribute" controlled substances in explaining Count One, and you should apply that

same definition here.

I have also already defined the concept of aiding and abetting in explaining Count One.

Again, you should apply that same definition here.

<u>Count Two, Second Element: Use of the Internet</u>

The second element of Count Two requires that you find that the controlled substances at issue were delivered, distributed, or dispensed by means of the Internet.  This element is satisfied if you find the <u>G</u>overnment has proved beyond a reasonable doubt that the defendant served as an intermediary or middleman who caused the Internet to be used to bring together buyers and sellers engaged in distributing controlled substances, in a manner not authorized by law.[2]

However, it is not sufficient to merely place on the Internet material advocating the use of a controlled substance or even which includes pricing information, if unaccompanied by an attempt to propose or facilitate an actual transaction involving a controlled substance.

---

[2] *See* 21 U.S.C. § 841(h)(2)(C) (providing as an example of activity that violates the statute: "serving as an agent, intermediary, or other entity that causes the Internet to be used to bring together a buyer and seller to engage in the dispensing of a controlled substance in a manner not authorized by sections 823(f) or 829(e) of this title").

<u>Count Two, Third Element: Knowingly or Intentionally</u>

Lastly, in order to find the defendant guilty on Count Two, you must find that he acted knowingly or intentionally.  I have already defined the term "knowingly" in explaining Count One.  You should apply the same definition here.  A person acts "intentionally" if he acts purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason.  That is, the acts must be the product of the defendant's conscious objective.

41

<u>Count Two: Drug Quantity</u>

As with Count One, if you find the defendant guilty on Count Two, you must go on to determine whether certain types and quantities of drugs – the same types and quantities we discussed with respect to Count One – were involved in Count Two.  Again, you will be provided with a verdict form that will include spaces for you to indicate your determinations concerning these questions.  The same instructions I gave you with respect to determining drug quantity as to Count One apply here as well.

<u>Count Three:  Conspiracy to Violate the Narcotics Laws</u>

Let me now move on to Count Three, which charges the defendant with conspiring with others to violate the narcotics laws.

In order to find the defendant guilty of this count, you must find that the Government has proven the following elements beyond a reasonable doubt:

<u>First</u>, the Government must prove ~~beyond a reasonable doubt~~ that a conspiracy to violate the narcotics laws existed—that is, that two or more persons had an agreement or understanding to achieve certain unlawful goals, called the "objects" of the conspiracy, which I shall describe for you in a moment.

<u>Second</u>, the Government must prove ~~beyond a reasonable doubt~~ that the defendant intentionally and knowingly was a member of this conspiracy—that is, that he knowingly participated in the conspiracy to violate the narcotics laws, with knowledge of its objectives and the intent to further those objectives.

Let me now discuss the elements of conspiracy in greater detail.  I should note that, besides Count Three, Counts Five, Six, and Seven also involve conspiracy charges, so these instructions apply for those counts as well.

<u>Count Three, First Element: Existence of the Conspiracy</u>

How do you determine whether a conspiracy "existed"?  Simply defined, a conspiracy is an agreement by two or more persons to violate the law.  A conspiracy has sometimes been called a partnership for criminal purposes in which each partner becomes the agent of every other partner.

To establish the existence of a conspiracy, however, the Government is not required to show that two or more people sat around a table and entered into a formal contract.  From its very nature a conspiracy is almost always characterized by secrecy and concealment.  It is sufficient if two or more persons, in any manner, whether they say so directly or not, come to a common understanding to violate the law.  Express language or specific words are not required to indicate agreement to or membership in a conspiracy.

It is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed.  If a conspiracy exists, even if it should fail in its purpose, it is still a crime.  It is the <u>agreement</u> itself—the agreement with others to commit a crime—that the law forbids and defines as a crime.

In determining whether there has been an unlawful agreement, you may judge the acts and conduct of the alleged members of the conspiracy that are done to carry out an apparent criminal purpose.  The adage "actions speak louder than words" is applicable here.

If, upon consideration of all the evidence, direct and circumstantial, you find beyond a reasonable doubt that the minds of two or more of the conspirators met (we call this sometimes "a meeting of the minds")—that is, that they agreed, as I have explained a conspiratorial agreement to you, to work together in furtherance of the unlawful scheme alleged in the Indictment—then proof of the existence of the conspiracy is established.

44

Here, the Government is alleging a conspiracy that involved many people. In determining whether a single conspiracy involving many people exists, the question is whether there is a "mutual dependence" among the participants.  The Government must show that each alleged member of the conspiracy agreed to participate in what he knew to be a collective venture directed towards a common goal.  The members of a conspiracy may change over time and may play different roles within the conspiracy.  But these changes and differences do not preclude you from finding the existence of a single conspiracy, especially where the activity of a single person was central to the involvement of all.

<u>Count Three, First Element: Object of the Conspiracy</u>

Let's talk about the "objects" of the conspiracy. As I said, in order to find the defendant guilty of the conspiracy charged in the Indictment, you must find that the Government has proven beyond a reasonable doubt that the conspiracy had certain "objects," or unlawful purposes the conspirators were seeking to achieve.

There are three objects alleged as part of the conspiracy charged in Count Three – three violations of the narcotics laws that the conspirators agreed to commit. You need not find that the defendant agreed to accomplish each and every one of these objects. An agreement to accomplish any one of these three objects is sufficient. However, you must all agree on at least one specific object that the defendant agreed with others to try to accomplish. In other words, you must be unanimous as to a particular object of the conspiracy before you can find this element.

As to the first object, Count Three alleges that the defendant agreed with others to distribute controlled substances. I have already explained the elements of this crime in discussing Count One. What is being charged here in Count Three is that the defendant agreed with others to commit this crime.

As to the second object, Count Three alleges that the defendant agreed with others to deliver, distribute, and dispense controlled substances by means of the Internet, in a manner not authorized by law, or to aid and abet such activity. I have already explained the elements of this crime in discussing Count Two. Again, what is being charged here in Count Three is that the defendant agreed with others to commit this crime.

As to the third object, Count Three alleges that the defendant agreed with others to use a communication facility in committing, causing, or facilitating the commission of acts in violation

46

of the narcotics laws.  That crime is not separately charged elsewhere in the Indictment, so let me go over its elements now.

To show that the conspiracy alleged in Count Three had this crime as an object, the Government must prove the following beyond a reasonable doubt:

First, the Government must prove ~~beyond a reasonable doubt~~ that the defendant agreed with others to use a communication facility.  A communication facility is simply any device or system that can be used to transmit communications, and includes the Internet.

Second, the Government must prove ~~beyond a reasonable doubt~~ that the defendant agreed with others to use the communication facility in the process of committing, causing, or facilitating the commission of drug trafficking, including the distribution of controlled substances or the importation of controlled substances into the United States;

Third, the Government must prove ~~beyond a reasonable doubt~~ that the defendant acted knowingly and intentionally—terms that I have already defined for you.

47

<u>Count Three, Second Element: Participation in the Conspiracy</u>

If you find the government has proved beyond a reasonable doubt that a conspiracy to commit one or more of the objects alleged in Count Three of the Indictment existed, you must then determine whether the defendant intentionally and knowingly was a member of that conspiracy. That is, did he participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering any of the illegal objectives of the conspiracy?

> **Comment [A5]:** Intentionally should be defined again. It is a critical element in many of the charges and is defined only once in the instructions.

If you find the government has proved beyond a reasonable doubt that the defendant participated intentionally and knowingly in ~~it~~the conspiracy, the extent of the defendant's participation has no bearing on whether or not he is guilty. It does not matter whether a defendant's role in the conspiracy may have been more limited than or different in nature from the roles of other co-conspirators. All that matters is that he intentionally and knowingly participated in the conspiracy, aware of its illegal objectives and desiring to further those objectives.

I want to caution you, however, that the defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of a conspiracy, even coupled with knowledge that such other person is acting unlawfully, does not automatically make the defendant a member. A person may know, be related to, or be friendly with, or communicate with, a conspirator, without being a conspirator himself. Mere similarity of conduct or the fact that the defendant may have assembled together with others, communicated with others, and discussed ~~in any form~~ common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. Moreover, the fact that the acts of the defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make

48

the defendant a member.  More is required under the law.  What is necessary is that the ~~government must prove beyond a reasonable doubt that the~~ defendant ~~must have~~ participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, you must decide whether ~~the Government has proved beyond a reasonable doubt that~~ the defendant knew the unlawful character of the conspiracy and intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering the illegal undertaking.  If you make this determination, the defendant thereby became a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

<u>Count Three: Liability for Acts and Declarations of Co-Conspirators</u>

I now want to talk with you about liability for acts and statements of co-conspirators.

When people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then, any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the charged conspiracy or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the defendant.

~~Also, the defendant's membership in the charged conspiracy can be established only by evidence of his own actions or words, and not by others who might be members of the charged conspiracy.~~

50

<u>Count Three: No Overt Act Required</u>

Count Three contains a section captioned "Overt Acts." This section provides several examples of conduct allegedly undertaken by the defendant to further or promote the illegal objectives of the conspiracy charged in Count Three. However, these alleged acts are not elements of the offense, and it is *not* necessary for the Government to prove that any of the acts alleged in this section of the Indictment took place.

The same is true for the other conspiracy charges in the Indictment. None of the conspiracy charges require you to find that any specific overt acts were committed in furtherance of the conspiracy. You need only find that a conspiracy of the nature described existed, and that the defendant intentionally and knowingly became a member of the conspiracy.

51

<u>Count Three: Drug Quantity</u>

As with Counts One and Two, if you find the defendant guilty on Count Three, you must go on to determine whether certain types and quantities of drugs – the same types and quantities we discussed with respect to Counts One and Two – were involved in the conspiracy charged in Count Three. Again, you will be provided with a verdict form that will include spaces for you to indicate your determinations concerning these questions. The same instructions I gave you with respect to determining drug quantity as to Count One apply here as well – with one exception.

In the case of a conspiracy, as we have discussed, a defendant is only liable for the acts of his co-conspirators that are reasonably foreseeable to him. So, as to Count Three, the defendant is accountable for the types and quantities of controlled substances distributed by coconspirators only if those types and quantities were known or reasonably foreseeable to the defendant, and were within the scope of the criminal activity that the defendant jointly undertook. Again, you will be provided with a verdict form before you deliberate that will help you make these determinations.

## Count Four: Continuing Criminal Enterprise

Let me now move on to Count Four of the Indictment. Count Four charges the defendant with engaging in a continuing criminal enterprise. To convict the defendant on this count, the Government must prove beyond a reasonable doubt that the defendant committed one of the federal narcotics felonies ~~charged in Count Four~~ I will describe for you in a moment, as part of a continuing series of federal narcotics offenses, undertaken with five or more people whom he organized, supervised, or managed, and from which he received substantial profit. In essence, Count Four charges that the defendant engaged in the business of drug trafficking on a continuing, serious basis, and that he oversaw others and made substantial money in the process.

To meet its burden of proof on this offense, the Government must prove beyond a reasonable doubt each of the following elements:

First, the Government must prove that the defendant committed a federal narcotics felony, specifically, one of the narcotics offenses alleged within Counts One through Three, including distributing or aiding and abetting the distribution of controlled substances, distributing or aiding and abetting the distribution of controlled substances by means of the Internet, conspiring to distribute controlled substances, or using a communications facility in connection with the distribution of controlled substances;

Second, the Government must prove that this offense was part of a series of three or more violations of the federal narcotics laws committed by the defendant;

**Comment [A6]:** Defendant reasserts his position that the government must enumerate the three or more drug felonies that are alleged to serve as the predicate for liability under the statute.

Third, the Government must prove that the defendant committed the offenses in this series of violations in concert with five or more persons;

Fourth, the Government must prove that the defendant acted as an organizer, supervisor, or manager of these five or more persons; and

Fifth, the Government must prove that the defendant actually obtained substantial income or resources from the series of violations of the narcotics laws.

Count Four, First Element: Commission of Federal Narcotics Felony Offense

The first element that the government must prove as to Count Four is that the defendant committed a felony violation of the federal narcotics laws. Specifically, you must find the defendant guilty of one of the charges contained within Counts One through Three of the indictment, including any of the crimes alleged as the objects of the conspiracy charged in Count Three.

These offenses include:

- distributing or aiding and abetting the distribution of controlled substances, which I defined for you in discussing Count One;

- distributing or aiding and abetting the distribution of controlled substances by means of the Internet, which I defined for you in discussing Count Two;

- conspiring to distribute controlled substances, which I defined for you in discussing Count Three; or

- using a communications facility in committing, causing, or facilitating the commission of acts in violation of the narcotics laws, which I defined for you in discussing the objects of Count Three.

Unless you find the Government has proved beyond a reasonable doubt that the defendant committed at least one of these offenses, you cannot find the defendant guilty under the continuing criminal enterprise law charged in Count Four.

**Comment [A7]:** Defendant restates his position that these violations need to be enumerated specifically.

54

<u>Count Four, Second Element: Continuing Series of Violations</u>

The second element the government must prove as to Count Four is that the defendant committed a federal narcotics felony as part of a continuing series of violations of the federal narcotics laws. A continuing series of violations is three or more violations of the federal narcotics laws committed over a definite period of time and related to each other in some way, as distinguished from isolated or disconnected acts.

These violations do not have to be alleged as separate counts in the indictment. They may be acts not mentioned in the indictment at all. Rather, any particular occasion when the defendant distributed certain illegal drugs or aided or abetted the distribution of such drugs could qualify as part of a continuing series of narcotics violations committed in by the defendant. Likewise, any particular occasion when the defendant used the Internet in committing, causing, or facilitating the commission of acts in violation of the narcotics laws could qualify as part of a continuing series of narcotics violations.[3]

However, you must unanimously agree on at least three specific acts committed by the defendant that constituted part of a continuing series of narcotics violations in order to find the defendant guilty on Count Four.

**Comment [A8]:** Defendant restates his objection to the Indictment's failure to enumerate or otherwise identify the predicate offenses for Count Four.

**Comment [A9]:** Same objection re: specificity of the particular violations alleged to serve as predicates for Count Four.

---

[3] *See* 21 U.S.C. § 843(b) ("Each separate use of a communication facility shall be a separate offense under this subsection."); *United States v. Serrano*, 57 Fed. App'x 12, 15-16 (2d Cir. 2002) (separate phone calls constitute separate violations of § 843).

Count Four, Third Element: Five or More Persons

The third element the government must prove as to Count Four is that the defendant committed a continuing series of violations in concert with five or more persons. These persons do not have to be named in the indictment. They could be anyone who you find, beyond a reasonable doubt, were persons with whom the defendant committed the violations.  However, you must unanimously agree on at least five or more people the defendant committed the violations with.  It is not necessary that you identify each of these five persons by their first and last names, but they must be, in fact, five separate persons.

You do not have to find that the five or more persons acted together at the same time, or that the defendant personally dealt with them together.  As long as there were at least five persons who the defendant somehow committed the continuing series of violations along with, that is sufficient.

Count Four, Fourth Element: Organizer, Supervisor or Manager

The fourth element the government must prove beyond a reasonable doubt is that the defendant occupied the position of organizer, supervisor, or manager with respect to the five or more persons he acted in concert with.

In considering whether the defendant occupied such a position, you should give the words "organizer, supervisor or manager" their ordinary, everyday meaning.  In particular, a defendant acts as an "organizer" if he puts together a number of people engaged in separate activities and arranges them in their activities in one essentially orderly operation or enterprise.  A defendant acts as a "supervisor" where he gives orders or directions to other persons who carry them out.  A defendant acts as a "manager" if he exerts some type of influence over other individuals as shown by those individuals' compliance with his directions, instructions, or terms.

The government need not prove that the same type of subordinate relationship existed between the defendant and each of the people he allegedly organized, supervised or managed.  Nor is any particular type of organizational, supervisory, or managerial role required.  For example, the defendant is not required to have had direct, personal contact with each of the persons he organized, supervised, or managed.For example, the defendant is not required to have had direct, personal contact with each of the persons he organized, supervised, or managed.  Nor are those persons required to have been salaried employees of the defendant, or otherwise akin to paid workers.  All that matters is WhatIt is required is tthat the government prove beyond a reasonable doubt they operated under the defendant's supervision and control sufficiently , so as to allow you to conclude that he organized, supervised, or managed their participation in the continuing enterprise alleged.  However, it would not be sufficient to find this element if the defendant merely set up a system of supply serving a number of independent retailers.

57

Comment [A10]: "Ordinary, everyday" meaning is well understood by the jury.  The rest is argument.

Comment [A11]: GOVT: *Joyner* notes in dicta that a buyer-seller relationship is insufficient for a CCE charge, so a wholesaler supplying retailers does not qualify.  But unless the defense plans to argue that the defendant was a wholesaler, an instruction along these lines is unnecessary and confusing.

Comment [A12]: *See United States v. Joyner*, 201 F.3d 61, 71 (2d Cir. 2000)

~~In considering whether the defendant occupied an organizational, supervisory or managerial relationship with others, you should consider evidence that might distinguish the defendant's position from that of an underling in the enterprise. Did he have greater control over the enterprise than others? Did he set rules that others had to follow? Did others treat him as their leader or boss? Did others depend on him for the income they made from the enterprise? These inquiries are not conclusive. They are simply the kinds of questions you should ask yourselves in thinking about the defendant's role in these activities and his relationship with other persons involved in them.~~

Comment [A13]: Argument.

Count Four, Fifth Element: Substantial Income or Resources

The final element the government must prove as to Count Four is that the defendant derived substantial income or resources from the continuing series of federal narcotics violations. The statute does not prescribe the minimum amount of money required to constitute substantial income, but the statute clearly intends to exclude trivial amounts derived from occasional narcotics sales. If you determine that the ~~government has not proved beyond a reasonable doubt that the~~ defendant did not receive more than  small sums of money or other insignificant gain from drug related activity, you must find him not guilty of Count Four.  In considering whether the defendant derived substantial income or resources from the continuing series of narcotics violations, you may consider the defendant's gross income from these violations as well as the net profits he actually realized from them.  Keep in mind, however, that the government must prove that the defendant actually obtained substantial income from his narcotics activities and that, as with all other elements of the offense, the government must prove this element of the offense beyond a reasonable doubt.

59

Count Five: Conspiracy to Commit or Aid and Abet Computer Hacking

Let me next move on to Count Five, which charges the defendant with conspiring with others to commit or aid and abet computer hacking.

In order to find the defendant guilty of this count, you must find that the Government has proven the following elements beyond a reasonable doubt:

First, that there was an agreement or understanding between two or more persons to commit or aid and abet computer hacking.

Second, that the defendant intentionally and knowingly participated as a member of the conspiracy.

**Comment [A14]:** GOVT: Conspiracy to aid and abet is an explicit component of Count Five.

60

<u>Count Five: Existence of the Conspiracy</u>

The alleged object of the conspiracy charged in Count Five is to commit or aid and abet computer hacking. In order to establish that a conspiracy with this object existed, the Government must prove the following:

<u>First</u>, you must find that two or more people had an agreement to intentionally access computers without authorization and thereby obtain information from the computers, or to aid and abet others in doing so. "Accessing computers without authorization and thereby obtaining information from the computers" refers to what is commonly called "computer hacking." It means accessing a computer, and viewing or copying data on the computer, without the authorization of the person to whom the computer or data belongs.[4] I have already instructed you on the concept of aiding and abetting, and you should apply those same instructions here.

<u>Second</u>, you must find that the computers the conspirators agreed to access without authorization, or to help others access without authorization, were "protected computers." The term "protected computer" refers to any computer used in or affecting interstate or foreign commerce or communication, which would include any computer connected to the Internet.

<u>Third</u>, you must find that, in agreeing to access computers without authorization, or to help others do so, the conspirators were acting for the purpose of commercial advantage or private financial gain, or in furtherance of criminal or tortious acts in violation of the laws of the United States. "Commercial advantage" is a profit or gain in money or property obtained through business activity, and "private financial gain" is profit or gain in money or property specifically for a particular person or group. "Criminal or tortious acts in violation of the laws of

---

[4] *See* S. Rep. No. 99-432, at 6 (noting that the term "obtaining information" is an expansive one that includes viewing information without downloading or copying a file); *America Online, Inc. v. National Health Care Discount, Inc.*, 121 F. Supp. 2d 1255, 1275 (N.D. Iowa 2000) ("obtaining information" includes "mere observation of the data").

61

the United States" are any acts that constitute crimes or wrongful acts for which private damages can be obtained in a civil lawsuit, under federal law or the law of any state.  In short, you must find that the objective of the computer hacking at issue must have been either to obtain some kind of profit or to commit a crime or actionable wrong against another person.

<u>Count Five: Membership in the Conspiracy</u>

If you find beyond a reasonable doubt that a conspiracy to commit <u>or aid and abet</u> computer hacking existed as alleged in Count Five, you must then determine whether the defendant intentionally and knowingly participated as a member of that conspiracy.

I have already instructed you as a general matter on what the Government is required to show to prove membership in a conspiracy, and you should apply those same instructions here.

63

<u>Count Six: Conspiracy to Traffic in Fraudulent Identification Documents</u>

Let me now move on to Count Six of the Indictment, which charges the defendant with conspiring with to traffic in fraudulent identification documents.

In order to find the defendant guilty of this count, you must find that the Government has proven the following elements beyond a reasonable doubt:

<u>First</u>, that there was an agreement between two or more persons to traffic in fraudulent identification documents; and

<u>Second</u>, that the defendant intentionally and knowingly participated as a member of the conspiracy.

<u>Count Six: Existence of the Conspiracy</u>

The alleged object, or goal, of the conspiracy charged in Count Six is to traffic in fraudulent identification documents.  In order to establish that a conspiracy with this object existed, the Government must prove the following beyond a reasonable doubt:

<u>First</u>, the Government must prove that two or more people had an agreement to knowingly transfer false identification documents.  A "false identification document" means a document of a type intended or commonly accepted for purposes of identification, such as a driver's license or passport, that appears to be issued by a governmental entity but was not *actually* issued by a governmental entity.  A "false identification document" can also include an identification document that was actually issued by a governmental entity but was subsequently altered for the purposes of deceit.  To transfer a false identification document means simply to deliver it someone else, whether as a result of selling it or otherwise.

<u>Second</u>, the Government must prove that the conspirators knew that the identification documents were stolen or produced without lawful authority.  The term "lawful authority" means the authority to manufacture, prepare or issue identification documents by statute or regulation, or by contract with a government entity which has such authority.

<u>Third</u>, you must find that the transfer of the false identification documents was in or affecting interstate commerce.  Interstate commerce means the movement of goods, services, money and individuals between any two states or between the United States and a foreign country.  To satisfy this element, tThe government need may satisfy this element by proving beyond a reasonable doubt beyond a reasonable doubt that the transfers affected interstate commerce in any way, no matter how minimal.  Transfer of the documents through interstate or international shipments in the mail is sufficient.

65

<u>Count Six: Membership in the Conspiracy</u>

If you find beyond a reasonable doubt that a conspiracy to traffic in fraudulent

identification documents existed as alleged in Count Six, you must then determine whether the

<u>government has proved beyond a reasonable doubt that the</u> defendant intentionally and

knowingly participated as a member of that conspiracy.

Again, I have already instructed you as a general matter on what the Government is

required <u>to show</u> to prove membership in a conspiracy ~~beyond a reasonable doubt~~, and you

should apply those same instructions here.

<u>Count Seven: Conspiracy to Commit Money Laundering</u>

Finally, let me move on to Count Seven, which charges the defendant with conspiring to commit money laundering.

In order to find the defendant guilty of this count, you must find that the Government has proven the following elements beyond a reasonable doubt:

<u>First</u>, that an agreement between two or more persons existed with the money laundering objects alleged in Count Seven, which I shall discuss shortly.

<u>Second</u>, the Government must prove beyond a reasonable doubt that the defendant intentionally and knowingly participated as a member of the conspiracy.

<u>Count Seven: Objects of the Conspiracy</u>

There are two objects of the money laundering conspiracy charged in Count Seven. Count Seven alleges that one object of the conspiracy was to promote certain unlawful activity, specifically, narcotics trafficking, computer hacking, and identification document fraud. Count Seven alleges that a second object of the conspiracy was to conceal the proceeds of that unlawful activity.

Again, you need not find that the defendant agreed to accomplish both of these objects. An agreement to accomplish either one is sufficient. However, you must all agree on the specific object <u>or objects</u>~~or objects~~ the defendant agreed with others to try to accomplish.

In order to establish that a money laundering conspiracy with either of these objects existed, the Government must prove the following <u>beyond a reasonable doubt</u>:

<u>First</u>, the Government must prove ~~beyond a reasonable doubt~~ that two or more persons knowingly entered into an agreement to conduct "financial transactions," a term that I will define for you in a moment.

<u>Second</u>, the Government must prove ~~beyond a reasonable doubt~~ that these financial transactions in some way or degree affected interstate or foreign commerce.

<u>Third</u>, the Government must prove ~~beyond a reasonable doubt~~ that the financial transactions at issue involved property or funds representing proceeds of some form of specified unlawful activity;

<u>Fourth</u>, the Government must prove ~~beyond a reasonable doubt~~ that the conspirators knew that the financial transactions involved the proceeds of some form of unlawful activity; and

<u>Fifth</u>, the Government must prove ~~beyond a reasonable doubt~~ that the conspirators agreed to conduct the financial transactions with one or both of the following purposes: either they intended to promote the carrying on of narcotics trafficking, computer hacking, or identification

68

document fraud; or they intended to conceal or disguise the nature, location, source, ownership, or control of the proceeds of these crimes.

<u>Count Seven, First Element of Money Laundering:</u>
<u>Agreement To Conduct A Financial Transaction</u>

The first element of money laundering the Government must prove to establish the existence of a money laundering conspiracy is that two or more persons knowingly agreed to conduct financial transactions. The term "financial transaction" includes any transaction that involves the movement of funds by wire or other means. <u>The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services.</u>

Count Seven, Second Element of Money Laundering: Interstate Commerce

The second element of money laundering the Government must prove beyond a reasonable doubt to establish the existence of a money laundering conspiracy is that the financial transactions at issue affected interstate commerce. I have already defined the concept of interstate commerce for you. Again, in determining whether the transactions at issue affected interstate or foreign commerce, the effect on interstate or foreign commerce can be minimal. Any movement of funds across state lines or national borders will satisfy this element.

Count Seven, Third Element of Money Laundering: Source of Funds

The third element of money laundering that the Government must prove to establish the existence of a money laundering conspiracy is that the property involved in the agreed-upon financial transactions represented the proceeds of some form of specified unlawful activity.

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute. In this case, the Government has alleged that the funds in question were the proceeds of drug trafficking, computer hacking, and money laundering. I instruct you that, as a matter of law, these crimes all fall within the definition of "specified unlawful activity." However, it is for you to determine whether ~~the government has proved beyond a reasonable doubt that~~ the funds at issue were the proceeds of <u>any of</u> these crimes~~.~~ <u>. You must unanimously find at least one of these crimes to have been the source of the funds to satisfy this element.</u>~~.~~

71

Count Seven, Fourth Element of Money Laundering:
Knowledge Of The Source Of Funds

The fourth element of money laundering that the Government must prove beyond a

reasonable doubt to establish the existence of a money laundering conspiracy is that the members

of the conspiracy knew that the financial transactions at issue involved the proceeds of some

form of unlawful activity charged in Count Seven as "specified unlawful activity," and that the

defendant knew that the financial transactions at issue were the proceeds of such activity that

was a felony. In order to find that the government has proved this element beyond a reasonable

doubt, you also must be unanimous as to which "specified unlawful activity" the defendant

knew the proceeds were from. The Government does not have to prove that the conspirators

specifically knew that the property involved in the transaction represented the proceeds of drug

trafficking, for example, as opposed to any other specific offense. The Government only has to

prove that the individuals agreeing to conduct the financial transactions knew that the

transactions involved the proceeds of some illegal activity that was a felony.

Keep in mind that it is not necessary for all conspirators to believe that the proceeds came

from the same unlawful activity; it is sufficient that each potential conspirator believed that the

proceeds came from some unlawful activity.

Count Seven, Fifth Element of Money Laundering: Purpose of the Transactions

Finally, the fifth element of money laundering that the Government must prove beyond a reasonable doubt to establish the existence of a money laundering conspiracy concerns the purpose of the transactions conducted as part of the conspiracy. It is here that the two objects of the conspiracy charged in Count Seven differ.

As to the first object, the Government must prove beyond a reasonable doubt that the conspirators agreed to conduct financial transactions with the intent to promote the carrying on of drug trafficking, computer hacking, or identification document fraud.

As to the second object, the Government must prove beyond a reasonable doubt that the conspirators agreed to conduct financial transactions with the intent to conceal or disguise the nature, location, source, ownership, or control of the proceeds of drug trafficking, computer hacking, or identification document fraud. In other words, the Government must prove beyond a reasonable doubt the conspirators intended to hide who the funds came from or belonged to, or intended to hide the fact that the funds derived from criminal activity.

As I have previously instructed, to act intentionally means to act willfully, which means purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason. That is, the acts must be the product of the defendant's conscious objective.

So, if you find that the government has proved beyond a reasonable doubt defendant agreed to act with the intention of promoting the carrying on of drug trafficking, computer hacking, or identification fraud, or with the intention of concealing or disguising the nature, location, source, ownership, or control of proceeds of these crimes, this element is satisfied.

73

Count Seven: Membership in the Conspiracy

If you find ~~the government has proved~~ ~~beyond a reasonable doubt~~ that a conspiracy to commit money laundering as I've just described to you existed, then you must then determine whether <u>the government has proved beyond a reasonable doubt that</u> the defendant intentionally and knowingly became a member of that conspiracy.

I have already instructed you as a general matter on what the Government is required to <u>show</u> to prove membership in a conspiracy ~~beyond a reasonable doubt~~, and you should apply those same instructions here.

74

**OTHER INSTRUCTIONS**

<u>Variance in Dates</u>

The Indictment alleges that certain events or transactions occurred on or about various dates. It is not necessary, however, for the Government to prove that these events or transactions occurred on exactly those dates. As long as there is a substantial similarity between the dates alleged and the dates established by the evidence, that is sufficient.

<u>Venue</u>

In addition to all the elements I have described for you with respect to Counts  One

through Seven of the Indictment, you must also decide as to each offense whether any part of the

offense reached within the Southern District of New York.  The Southern District of New York

includes only the following counties:  Manhattan, the Bronx, Westchester, Dutchess, Putnam,

Rockland, Orange, and Sullivan.  This is called "venue."  Venue means place or location.

Venue must be examined separately for each individual count.  Venue on one count does

not establish venue on another count.

In regard to venue, the Government need not prove that any crime was completed in this

District or that the defendant or any of his co-conspirators was physically present here.  Rather,

~~for the conspiracy charges, Counts Three, Five, Six, and Seven,~~ venue is proper in any district in

which the defendant, or, ~~(for the conspiracy charges,  Counts Three, Five, Six, and Seven)~~ his co-

conspirators, caused something to happen in furtherance of the crime.  Thus, it is sufficient to

establish venue for an offense in the Southern District of New York if the defendant or his co-

conspirators caused any event to occur in this District in furtherance of the offense.  The

defendant need not have specifically intended to cause something to happen in this District, or

known that he was causing something to happen here, as long as it was reasonably foreseeable to

the defendant that his conduct would cause something to happen here in the Southern District in

furtherance of the crime, that is sufficient.

~~For substantive offenses, Counts One, Two, and Four, the government must have proved~~

~~beyond a reasonable doubt that an essential conduct element of the offense was committed~~

~~within the Southern District for there to be venue.~~

Among other things, venue can be established if the defendant or his co-conspirators

caused any communications to be transmitted to or from this District that were in furtherance of

the offense.  Such communications can include the transmission of the contents of a website to the Southern District of New York, where the operation of the website was in furtherance of the offense and where it was reasonably foreseeable to the defendant that the website could be accessed by someone in the Southern District of New York.[5]

On this issue of venue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  A "preponderance of the evidence" means more likely than not.  Thus, the Government has satisfied its burden of proof as to venue if you conclude that it is more likely than not that some event or communication in furtherance of each charged offense occurred in this District.  If, on the other hand, you find that the Government has failed to prove the venue requirement as to a particular offense, then you must acquit the defendant of that offense, even if all other elements of an offense are proven.

> **Comment [A15]:** Based on *United States v. Booker*, 543 U.S. 220 (2005) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), among other cases, it is respectfully submitted that venue needs to be proved by the government beyond a reasonable doubt just like every other essential fact necessary for a conviction.

---

[5] See *United States v. Royer*, 549 F.3d 886 (2d Cir. 2008) (finding receipt of electronic transmissions in this district sufficient to establish venue); *United States v. Rowe*, 414 F.3d 271 (2d Cir. 2005) (upholding venue in this district based on viewing of defendant's Internet advertisement from here by undercover detective, and finding it irrelevant that the defendant "did not intentionally transact business with a New Yorker ... [because the defendant] must have known or contemplated that the advertisement would be transmitted . . . to anyone the whole world over"); *United States v. Rogers*, 165 Fed. Appx. 873 (2d Cir. 2005) (same); *United States v. Allamon*, 2005 WL 2542905 (S.D.N.Y. 2005) (finding venue in this district in fraud case based on "false representations on [defendants'] website that were thereby conveyed to the Southern District of New York").

77

<u>Improper Considerations: Race, Religion, National Origin, Sex, Age, or Political Views</u>

      Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, age, or political views.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, sex, age, or political views of any other witness or anyone else involved in this case.  Both the defendant and the Government are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence, or lack of evidence.

78

Sympathy

Field Code Changed

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the Government proven the guilt of the defendant beyond a reasonable doubt with respect to each of the elements of each of the offenses charged?

It is for you alone to decide whether the Government has proven ~~beyond a reasonable doubt~~ that the defendant is guilty of the crime for which he is charged solely on the basis of the evidence or lack of evidence and subject to the law as I charge you.  It must be clear to you that once you let fear, prejudice, bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If the government has failed to establish the defendant's guilt beyond a reasonable doubt, you must acquit him. But on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

79

<u>Punishment</u>

The question of possible punishment of the defendant is of no concern to you, ladies and gentlemen of the jury, and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court.

Your function is to weigh the evidence in the case and to determine whether or not the Government has proved that the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.

<u>Juror Note-Taking</u>

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations. Any notes you have taken are to assist you and you alone. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case. If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

### CONCLUDING REMARKS

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant, Ross Ulbricht, with respect to each one of the counts in the Indictment in which he is charged.  You are to consider his guilt or non-guilt as to each count separately.

You are about to begin your deliberations.  Many—but not all—of the exhibits will be sent with you into the jury room.  For instance, we will not send any seized narcotics or other contraband you saw into the jury room.  If you want to see any of the physical evidence not sent into the jury room with you, or would like any of the testimony given during the trial read back to you, that can be arranged.  Please appreciate that it is not always easy to locate any testimony that you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony you may want.  Any communication with the Court at all—whether requesting evidence or testimony or otherwise—should be made to me in writing, signed by your foreperson, and given to the Marshal.  I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with all of you in person, with the lawyers and the defendant present.  In no event should you tell me or anyone else—in a note or orally—how the jury stands on the issues of the defendant's guilt until after a unanimous verdict is reached.

Your first task as a jury will be to choose your foreperson, if you have not already done so.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise.

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.  It is for you, and you alone, to decide whether the Government has proved beyond a reasonable doubt the essential elements of

Field Code Changed

82

the crimes with which the defendant has been charged.  If the Government has failed, it must be

not guilty; if it has succeeded, your verdict should must be guilty;.  Again, you must consider

each count individually.  I know you will try the issues that have been presented to you

according to the oath that you have taken as jurors.  In that oath you promised that you would

well and truly try the issues joined in this case and a true verdict render.  Your function is to

weigh the evidence in the case and determine whether or not a defendant is guilty solely upon the

basis of such evidence or lack of evidence.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an

opportunity to express your own views.  Every juror should be heard.  No one juror should hold

center stage in the jury room and no one juror should control or monopolize the deliberations.  If,

after listening to your fellow jurors and if, after stating your own view, you become convinced

that your view is wrong, do not hesitate because of stubbornness or pride to change your view.

On the other hand, do not surrender your honest convictions and beliefs solely because of the

opinions of your fellow jurors or because you are outnumbered.  Your final vote must reflect

your conscientious belief as to how the issues should be decided.

Your verdict must be unanimous.  If at any time you are not in agreement, you are

instructed that you are not to reveal the position of the jurors, that is, the split of the vote, to

anyone, including the Court, at any time during your deliberations.  Finally, I say this not

because I think it is necessary, but because it is the custom in this courthouse to say this:  You

should treat each other with courtesy and respect during your deliberations.

All litigants stand equal in this room.  All litigants stand equal before the bar of justice.

All litigants stand equal before you.  Your duty is to decide the issues before you fairly and

impartially, and to see that justice is done.

Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

Members of the jury, I ask your patience for a few moments longer. It is necessary for me to spend a few moments with counsel and the reporter at the side bar. I will ask you to remain patiently in the jury box, without speaking to each other, and we will return in just a moment to submit the case to you.