```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 1 2 2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
UNITED STATES OF AMERICA                                          :
:
          -v-                                     :    14-cr-68 (KBF)
:
ROSS WILLIAM ULBRICHT,                                            :    CORRECTED
    a/k/a "Dred Pirate Roberts,"                                  :    MEMORANDUM
    a/k/a "DPR,"                                                  :    DECISION & ORDER[1]
    a/k/a "Silk Road,"                                            :
:
                            Defendant.                    :
------------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

Ross Ulbricht ("defendant" or "Ulbricht") is charged with a variety of crimes relating to his alleged design, administration, and operation of an online marketplace known as "Silk Road." (ECF No. 52.) Trial is scheduled to commence on January 5, 2015.

Before the Court is the Government's request for leave to redact the names of cooperating witnesses from the list of witnesses provided as part of the Government's final pretrial materials. (ECF No. 107.) The Government has agreed to provide the identities of such witnesses on January 2, 2015. According to the Government, disclosure on that date will provide at least ten days' notice regarding the witnesses' identities prior to their testimony at trial. Defendant has opposed this application. (ECF No. 119.)

---

[1] The Court has corrected "Federal Rules of Civil Procedure" to "Federal Rules of Criminal Procedure" on page 2.

The Government argues that as defendant is alleged, <u>inter alia</u>, to have solicited murders-for-hire of individuals who threatened his interests, the requested relief protects the cooperating witnesses from harm or intimidation. Defendant counters that there is no evidence that anyone was, in fact, harmed as a result of the alleged solicitations, and that defendant is incarcerated and has no access to e-mail and only limited access to the outside world. In addition, defendant argues that in the absence of immediate disclosure, his counsel will not have adequate opportunity to prepare for trial, thereby violating his Sixth Amendment right to prepare his defense and his Due Process rights.

The Court understands defendant's desire to have as much prior notice of the identity of the Government's witnesses as possible. But the Court disagrees that the issue of notice on the facts before the Court rises to the level of a constitutional violation. As defense counsel surely is aware, the Federal Rules of Criminal Procedure do not require disclosure of trial witnesses by a particular date in advance; the timing and manner is left up to the discretion of the Court. There is enormous variation in the individual practices of judges within this district; some do not require disclosure until the night before a witness is called. Trial courts have broad discretion in this area.

In <u>United States v. Cannone</u>, 528 F.2d 296 (2d Cir. 1975), on interlocutory appeal, the Second Circuit reversed an order by the district court requiring advance disclosure of government witnesses. <u>See id.</u> at 297. While the facts of that case are distinguishable, the legal proposition remains applicable: when the Government

advances specific grounds to avoid early disclosure, the Court must take them into consideration in exercising its discretion as to whether to compel disclosure. See id. at 302. In Cannone, the Second Circuit found that the defense's assertion that disclosure was needed to prepare for trial was insufficient. See id. The Second Circuit twice has affirmed district courts' refusals to require advance disclosure of witness identities. See United States v. Fuentes, 501 F. App'x 70, 73 n.4 (2d Cir. 2012) (disclosure of a witness's identity two weeks before he testified was sufficient (citing Cannone, 528 F.2d at 301)); United States v. Baccollo, 725 F.2d 170, 172 (2d Cir. 1983) (similar).

The Government has represented that it will provide the identities of the cooperating witnesses on January 2, 2015, and it has disclosed the identities of its first two witnesses, both of whom are multi-day witnesses. The Court weighs defendant's need to prepare for trial against the Government's proffered reason for withholding the identities of its cooperating witnesses until January 2, 2015. And while the Court currently has no view as to the merit of the Government's contention regarding defendant's alleged solicitations of murders-for-hire, it is in no position to find that they are baseless or that witnesses who are known to be preparing to testify against defendant would not be at risk of some retaliatory act. While defendant has limited access to the outside world, that has been true of many defendants in many cases who have creatively managed around such limitations.

Disclosure on January 2, 2015 is sufficient.

Dated:   New York, New York
         December 12, 2014

                                              _____
                                                   KATHERINE B. FORREST
                                                 United States District Judge