UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA          :               14 Cr. 68 (KBF)

                - against -               :

ROSS ULBRICHT,                            :

                        Defendant.    :
-------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO
## GOVERNMENT'S MOTIONS *IN LIMINE*

Joshua L. Dratel
JOSHUA L. DRATEL, P.C.
29 Broadway, Suite 1412
New York, New York 10006
(212) 732 - 0707
jdratel@joshuadratel.com

*Attorneys for Defendant Ross Ulbricht*

*– Of Counsel –*

Joshua L. Dratel
Lindsay A. Lewis
Joshua J. Horowitz

TABLE OF CONTENTS

Table of Contents.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

POINT I

EVIDENCE OF THE ALLEGED PURCHASE OF FALSE
IDENTIFICATION DOCUMENTS IS NOT ADMISSIBLE
AS DIRECT EVIDENCE OF THE CRIMES CHARGED,
OR AS OTHER ACTS EVIDENCE, PURSUANT TO
RULE 404(B), FED.R.EVID., AND ALSO SHOULD BE
EXCLUDED PURSUANT TO RULE 403 BECAUSE ITS
MINIMAL PROBATIVE VALUE IS OUTWEIGHED
BY THE RISK OF UNFAIR PREJUDICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.   *The False Identification Evidence Is Neither Relevant*
     *Nor Related to the Crimes Charged, and Is Not*
     *Admissible as Direct Evidence of the Charges In the Indictment.* . . . . . . . . . . . . . . . . . . 2

     1.   *The False Identification Evidence Is Not Necessary to*
          *Understand or Complete the Story of the Criminal Conduct*
          *Alleged in the Indictment, and Therefore Is Inadmissible as*
          *Direct Evidence of the Charged Offenses.* . . . . . . . . . . . . . . . . . . . . . . . . . . 2

B.   *Alternatively, the False Identification Evidence Is Not Admissible*
     *as Other Acts Evidence Under Rule 404(b), Fed.R.Evid., Because*
     *the Evidence Is Not Offered for a Proper Purpose, But Rather to*
     *Demonstrate Criminal Propensity, and Is Unfairly Prejudicial.* . . . . . . . . . . . . . . . . . . 4

     1.   *The Purchase of False Identification Evidence Is Neither*
          *Similar to, Nor  Related to the Crimes Charged in the*
          *Indictment, and Therefore Is Neither Relevant Nor*
          *Offered for a Proper Purpose Under Rule 404(b).* . . . . . . . . . . . . . . . . . . . . 5

     2.   *The Evidence Is Also Inadmissible under Rule 403,*
          *Fed.R.Evid., Because It Lacks Any Probative Value, and*
          *Must Be Excluded to Avoid Unfair Prejudice.* . . . . . . . . . . . . . . . . . . . . . . . 7

POINT II

THE COURT SHOULD PRECLUDE ANY EVIDENCE
REGARDING THE MURDER FOR HIRE ALLEGATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

A.    *Applicable Law.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

B.    *The Murder for Hire Evidence Is Not Admissible As Direct Evidence.* . . . . . . . . . . . . . 10

C.    *The Murder for Hire Evidence Is Not
Alternatively Admissible as 404(b) Evidence* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

D.    *The Murder for Hire Allegations Are Inadmissible Because
Their Probative Value Is Substantially Outweighed by the
Danger of Unfair Prejudice to Mr. Ulbricht.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

POINT III

THE COURT SHOULD PRECLUDE AT TRIAL ANY AND
ALL EVIDENCE OF UNCHARGED CONTRABAND AND
OTHER GOODS AND SERVICES SOLD THROUGH SILK ROAD. . . . . . . . . . . . . . . . . . . 14

A.    *The Evidence Is Not Direct Evidence of the Charged Offenses* . . . . . . . . . . . . . . . . . . . . 14

B.    *The Contraband Evidence Must Also Be
Excluded Pursuant to Rule 403, Fed.R.Evid.*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

POINT IV

MR. ULBRICHT DOES NOT INTEND TO RAISE
ANY INAPPROPRIATE ARGUMENTS AT TRIAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

TABLE OF AUTHORITIES

CASES

*Huddleston v. United States*, 485 U.S. 681 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Old Chief v. United States*, 519 U.S. 172 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Araujo*, 79 F.3d 7 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Camera*, 485 Fed.Appx 457 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Colon*, 880 F.2d 650 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

*United States v. Figueroa*, 618 F.2d 934 (2d Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Gonzalez,* 110 F.3d 936 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3

*United States v. Gordon*, 987 F.2d 902 (2d. Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. LaFlam*, 369 F.3d 153 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Mahaffey*, 477 F.Supp.2d 560 (E.D.N.Y. 2007)
     *aff'd in part, vacated in part, remanded*, 285 F. App'x 797 (2d Cir. 2008) . . . . . . . . . . . 3

*United States v. Martoma*, No. 12 CR 973 PGG,
     2014 WL 31191 (S.D.N.Y. Jan. 6, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Mercado*, 573 F.3d 138 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Nachamie*, 101 F.Supp.2d 134 (S.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Nektalov*, 325 F. Supp. 2d 367 (S.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Newton*, No. S101CR.635(CSH),
     2002 WL 230964 (S.D.N.Y. Feb. 14, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

*United States v. Ortiz*, 857 F.2d 900 (2d Cir.1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Quinones*, 511 F.3d 289 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

*United States v. Smith*, 727 F.2d 214 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Towne*, 870 F.2d 880 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Walia*, No. 14-CR-213 MKB,
2014 WL 3734522 (E.D.N.Y. July 25, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Weeks*, 716 F.2d 830 (11th Cir.1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Williams*, 585 F.3d 703 (2d Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16

## STATUTES

Rule 401, Fed.R.Evid.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5, 7, 11

Rule 402, Fed.R.Evid.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5, 7

Rule 403, Fed.R.Evid.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 4-5, 7-8, 10, 12, 14, 16

Rule 404(b), Fed.R.Evid. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2, 4-5, 5, 7, 9-14, 16

## OTHER

Aaron McKnight, "Jury Nullification as a Tool to Balance the Demands of Law and Justice,"
2013 BRIGHAM YOUNG UNIVERSITY L. REV. Issue 4, Article 9, 1103. . . . . . . . . . . . . . . 17

**Introduction**

This Memorandum of Law is submitted on behalf of defendant Ross Ulbricht in

opposition to the government's motions *in limine*.  Many of the government's arguments with

respect to evidence of Mr. Ulbricht's alleged purchase of false identification documents, and

alleged murder-for-hire plots, have been addressed already in the Memo of Law in support of Mr.

Ulbricht's motions *in limine* (Dkt. #114), and therefore do not require rejoinder.  Instead, this

Memo of Law will respond to the government's other arguments presented in its motions.

**POINT I**

**EVIDENCE OF THE ALLEGED PURCHASE OF
FALSE IDENTIFICATION DOCUMENTS IS NOT
ADMISSIBLE AS DIRECT EVIDENCE OF THE
CRIMES CHARGED, OR AS OTHER ACTS
EVIDENCE, PURSUANT TO RULE 404(B), FED.R.EVID.,
AND ALSO SHOULD BE EXCLUDED PURSUANT TO
RULE 403 BECAUSE ITS MINIMAL PROBATIVE VALUE
IS OUTWEIGHED BY THE RISK OF UNFAIR PREJUDICE**

The government's motion to admit evidence related to Mr. Ulbricht's alleged purchase of

false identification documents from the Silk Road web site should be denied because, contrary to

the government's assertion, it is neither direct evidence of the crimes charged nor relevant to

them.  In addition, even if relevant and/or direct evidence, such evidence should be excluded

pursuant to Rule 403, Fed.R.Evid., because its unfair prejudicial impact on Mr. Ulbricht

substantially outweighs any probative value it might possess.  Indeed, the government's claims of

its probative value are entirely conclusory.

1

**A.**     *The False Identification Evidence Is Neither Relevant Nor Related to the Crimes Charged, and Is Not Admissible as Direct Evidence of the Charges In the Indictment*

Initially, the admissibility of uncharged conduct as direct evidence of the offenses charged depends on whether it "arose out of the same transaction or series of transactions as the charged offense, if it [is] inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime [on] trial." *United States v. Towne*, 870 F.2d 880 (2d Cir. 1989) (quoting *United States v. Weeks*, 716 F.2d 830, 832 (11th Cir.1983)).

This standard is not illusory, however, and it must be "manifestly clear that the evidence in question is intrinsic proof the charged crime," or the evidence should properly be analyzed under the standards articulated for admitting other act evidence under Rule 404(b), Fed.R.Evid. *United States v. Nektalov*, 325 F. Supp. 2d 367, 372 (S.D.N.Y. 2004). In addition, the District Court in *United States v. Martoma*, cautioned that "this District [has narrowly] interpreted" the cases in this area of law, including *United States v. Gonzalez,* 110 F.3d 936, 942 (2d Cir. 1997). *United States v. Martoma*, 2014 WL 31191, at *2 (S.D.N.Y. Jan. 6, 2014).

**1.**     *The False Identification Evidence Is Not Necessary to Understand or Complete the Story of the Criminal Conduct Alleged in the Indictment, and Therefore Is Inadmissible as Direct Evidence of the Charged Offenses*

The contention that Mr. Ulbricht's alleged purchase of false identification documents is direct evidence of the charges against him is wholly conclusory and, ultimately, baseless. The government argues that the purchase of false identification documents is "inextricably linked with the charged conduct" and "probative of . . . criminal intent." *See* Gov't Memorandum, at 16. However, the government does not, and cannot, connect the purchase of false identification

documents to the conspiracies charged in the Indictment.

In support of its argument, the government points out that Silk Road was operational at the time of the purchase, that Silk Road "sought to remain anonymous and outside the reach of law enforcement," and that Silk Road related servers were leased using aliases.  *See id*.  The government does not allege, or present any evidence to support an allegation, that the fraudulent documents were connected to the aliases used to lease Silk Road related servers, or that false identification documents played a role in keeping Silk Road anonymous.  *See United States v. Newton*, No. S101CR.635(CSH), 2002 WL 230964, at *3 (S.D.N.Y. Feb. 14, 2002) (admissibility requires that the "activity underlying the evidence . . . [have] a direct involvement with or crucial connection" to the offenses charged).

Absent any connection between this purchase of false identification documents and the offenses charged in the Indictment – and/or any of the essential elements therein – the contention that the purchase is "inexorably intertwined" with "the story" of the ownership and operation of Silk Road is completely unsupported.  The government attempts to make this connection by noting that the purchase happened while Silk Road was operational, and relying on the general notion that perpetrators of criminal activity have an interest in remaining anonymous.

Thus, it is apparent that the purchase of false identification documents is not "inextricably linked" or "inexorably intertwined" with the "story" of the offense, nor did the purchase arise from the "same transaction or series of transactions."  *Gonzalez,* 110 F.3d at 942.  The purchase of false identification documents does not add to the story, clarify anything related to the story, or have any connection to the story whatsoever.  *See United States v. Mahaffey*, 477 F.Supp.2d 560, 566 (E.D.N.Y. 2007) *aff'd in part, vacated in part, remanded*, 285 F. App'x 797 (2d Cir. 2008)

(evidence is inadmissible when prior act is a "separate, discrete offense that may be conceptually segregated from the charged offenses without impairing the jury's ability to understand the facts"); *see also Newton*, 2002 WL 230964, at *3.

Accordingly, the false identification evidence is utterly unrelated to the offenses charged and unnecessary to understanding the facts underlying them, and therefore inadmissible as direct evidence of the offenses alleged in the Indictment.

**B.**    ***Alternatively, the False Identification Evidence Is Not Admissible as Other Acts Evidence Under Rule 404(b), Fed.R.Evid., Because the Evidence Is Not Offered for a Proper Purpose, But Rather to Demonstrate Criminal Propensity, and Is Unfairly Prejudicial***

As the Second Circuit explained in *United States v. Colon*, 880 F.2d 650 (2d Cir. 1989), "[t]he standards by which a district court is to assess the admissibility of other acts evidence under Rule 404(b) are now well established." *Id.*, at 656. *See also Huddleston v. United States*, 485 U.S. 681 (1988).

Determining the admissibility of evidence under Rule 404(b), Fed.R.Evid., requires a trial court to determine first whether the evidence is offered for a proper purpose, namely, "to prove matters other than the defendant's criminal propensity." *United States v. Ortiz*, 857 F.2d 900, 903 (2d Cir.1988). If the evidence is offered for a proper purpose, the district court must then determine whether "[t]he offered evidence [is] relevant . . . to an issue in the case," pursuant to Rules 401 and 402, Fed.R.Evid., and whether "the probative value of the similar acts evidence is substantially outweighed by its potential for unfair prejudice," under the "balancing test of Fed.R.Evid. 403." 857 F.2d at 903; *Huddleston*, 485 U.S. at 691. Ultimately, if the evidence is admitted, and "if requested to do so, the court must give an appropriate limiting instruction to the

jury." *Colon*, 880 F.2d at 656.

Rule 401, Fed.R.Evid., defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 402 requires the exclusion of irrelevant evidence. Rule 402, Fed.R.Evid.

Pursuant to Rule 403, Fed.R.Evid., even *relevant* evidence is excluded when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," or by "considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, Fed.R.Evid.

1.  ***The Purchase of False Identification Evidence Is Neither Similar to,
    Nor Related to the Crimes Charged in the Indictment, and Therefore
    Is Neither Relevant Nor Offered for a Proper Purpose Under Rule 404(b)***

In the event that the evidence is not admissible as direct evidence of the crimes charged, the government alternatively argues that the evidence of the fraudulent identification documents, as well as statements allegedly made in connection with the purchase, are admissible as other acts evidence under Rule 404(b), Fed.R.Evid., to demonstrate "intent, plan, knowledge, and absence of mistake or accident." Gov't Memorandum, at 17.

Regarding intent and knowledge, "evidence of another act should not be admitted . . . unless the other act is 'sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the . . . inference advocated by the proponent of the evidence," a standard clearly not met here. *United States v. Gordon*, 987 F.2d 902, 908 (2d. Cir.1993); *see also United States v. LaFlam*, 369 F.3d 153, 157, n.1 (2d Cir. 2004) (*citing United States v. Araujo*, 79 F.3d 7, 8 (2d Cir. 1996)).

Drawing a connection that lacks any basis in the evidence, the government contends that the false identification documents constitutes evidence of an attempt to "conceal [a] connection to leased computer servers," which, in turn, evidences an "intent to use those servers to promote an illegal enterprise." *Id*. The government further states that the evidence demonstrates "the requisite consciousness of guilt," without any explanation as to how these false identification documents might indicate a guilty conscience, other than to assume a desire to hide one's identity indicates a predisposition toward criminal activity.[1]

The purchase of false identification documents, as pointed out **ante** at 2-3, has not been tied in any way to aliases used to lease Silk Road related servers. Nor is such conduct at all similar to the offenses charged. As a result, there is not any basis for inferring from such a purchase an intent to use servers illegally. *See United States v. Mercado*, 573 F.3d 138, 143 (2d Cir. 2009) (admissibility of other act evidence requires "a clear connection between the prior act evidence and a disputed issue at trial").

The absence of any evidence demonstrating that the false identification documents are even tangentially related to the operation of Silk Road, the government's argument is reduced to a claim that purchasing false identification documents increases the likelihood that an individual is involved in any crime in which aliases are used, which, it should be pointed out, is a common feature of an extremely broad range of criminal activity. *See e.g. United States v. Walia*, 2014 WL 3734522, at *12-15 (E.D.N.Y. July 25, 2014).

---

[1] To the extent the government argues that the false identification documents are evidence of consciousness of guilt in the context of flight evidence, that argument was addressed in the defense's December 9, 2014, Memorandum of Law in Support of Mr. Ulbricht's Motions *In Limine* in Point IV.

Conversely, propensity is the only explanation for inferring involvement in a crime on the basis that a prior act demonstrated a desire to remain anonymous.  Consequently, the evidence of false identification documents is not offered for any reason other than to demonstrate propensity for criminal activity, an impermissible purpose under Rule 404(b), Fed.R.Evid.  Moreover, as set forth **ante** at 2-3, the evidence is so entirely unrelated to the offenses charged as to be completely irrelevant under Rules 401 and 402, Fed.R.Evid.

Accordingly, it is respectfully submitted that the government's motion *in limine* with respect to the false identification documents should be denied because that evidence is offered only to demonstrate propensity for criminal activity, any evidence of Mr. Ulbricht's alleged purchase of false identification documents is inadmissible under Rule 404(b), Fed.R.Evid.

### 2. *The Evidence Is Also Inadmissible under Rule 403, Fed.R.Evid., Because It Lacks Any Probative Value, and Must Be Excluded to Avoid Unfair Prejudice*

Even relevant evidence may be inadmissible pursuant to Rule 403, Fed.R.Evid., if, as the Advisory Committee's notes to Rule 403 state, the probative value of the evidence is substantially outweighed by the risk of "unfair prejudice," defined as "an undue tendency to suggest decision on an improper basis, commonly though not necessarily, an emotional one." Rule 403, Fed.R.Evid.  Thus, the Supreme Court has stated that unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Consequently, in light of both the minimal probative value, if any, and irrelevant nature of the evidence, and given the strong possibility that a jury will improperly base its findings on what amounts to propensity evidence, any evidence of Mr. Ulbricht's alleged purchase of false identification documents must be excluded to avoid unfair prejudice.  *See e.g. United States v. Nachamie*, 101 F.Supp.2d 134 (S.D.N.Y. 2000).

In addition, as set forth in more detail in the Mr. Ulbricht's December 9, 2014, Memo of Law In Support of his motions *in limine*, at 24, there is a substantial risk of unfair prejudice because evidence of purchasing false identification documents may be interpreted by the jury as flight evidence, a powerful yet minimally probative category of evidence.

Furthermore, considering the substantial risk that such evidence would taint the jury's assessment of the evidence, as well as the generally recognized prejudicial effect of flight evidence, reliance on a limiting instruction would be  insufficient to protect Mr. Ulbricht's right to a fair trial.  *See United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980).

Accordingly, it is respectfully submitted that the government's motion *in limine* should be denied in its entirety because, even assuming *arguendo* its relevance, evidence that Mr. Ulbricht allegedly purchased false identification documents is inadmissible under Rule 403, Fed.R.Evid., as the risk of unfair prejudice substantially outweighs the minimal probative value of the evidence.

**POINT II**

**THE COURT SHOULD PRECLUDE ANY EVIDENCE
REGARDING THE MURDER FOR HIRE ALLEGATIONS**

As set forth in its papers, at 6, 20, the government seeks to "offer evidence that Ulbricht solicited at least six murders for hire as part of his efforts to protect his interests as owner and operator of Silk Road," contending that such evidence is "admissible as direct evidence as 'part of the very act charged' and 'necessary to complete the story of the crime on trial' and directly relevant to the existence and operation of the conspiracies charged in the Indictment." *Id.*, at 20, *quoting United States v. Quinones*, 511 F.3d 289, 309 (2d Cir. 2007).  It also claims that, "in the alternative" and "[f]or substantially the same reasons" the murder for hire allegations are "admissible under Rule 404(b)."  Government's Memo of Law, at 22.

For the reasons set forth in Mr. Ulbricht's Memo of Law in support of his motions *in limine* to preclude the murder for hire allegations, at 9-16, and herein as detailed below, these allegations cannot serve as direct evidence because they are completely conclusory in nature: they do not prove anything – in particular in light of the government's acknowledgment that despite an intensive investigation, there is not a shred of evidence that anyone was ever harmed, let alone murdered in connection with these alleged plots (and the available evidence suggests otherwise) – and they are not evidence of any crime, nor an element of any of the crimes charged.

Thus, the murder for hire evidence is not probative of Mr. Ulbricht's "knowledge and intent, and his identity as 'Dread Pirate Roberts'" pursuant to 404(b), either.  *See* Government's Memo of Law, at 22.

9

Moreover, even should the Court conclude that the "murder for hire" evidence constitutes direct evidence or 404(b) evidence, the Court must nonetheless engage in analysis pursuant to Rule 403, Fed.R. Evid., before determining admissibility.  As discussed in Mr. Ulbricht's motions *in limine*, which address the extremely prejudicial effect of the "murder for hire" evidence, any probative value this evidence might possess is substantially outweighed by its unfair prejudicial impact upon Mr. Ulbricht.  *See* Defendant's Memo of Law, at 9.   It must also be precluded under Rule 403, Fed.R.Evid., because it is also far more inflammatory than any of the charged crimes, and also cumulative of other far less sensational evidence the government contends it has at its disposal and, as indicated by its list of proposed Exhibit, intends to admit at trial.

## A.      *Applicable Law*

The law applicable with respect to the standards for whether certain evidence qualifies as "direct evidence," and regarding Rule 404(b), are set forth **ante**, in POINT I, at 4-5.

## B.      *The Murder for Hire Evidence Is Not Admissible As Direct Evidence*

The government's chief claim, in its Memo of Law, at 20-21, is that the murder for hire allegations constitute direct evidence "in furtherance of the charged conspiracy offenses" because they reflect Mr. Ulbricht's "intent 'to protect his criminal enterprise and the illegal proceeds it generated,'" and thus are "'part of the very act charged' and 'necessary to complete the story of the crime on trial' and directly relevant to the existence and operation of the conspiracies charged in the Indictment" *See, id.,* at 20, *quoting Quinones*, 511 F.3d at 309.

However, the very premise of the government's argument, is fatally flawed, as protecting an enterprise is not part of any of the charges, not an element of any of the charges, and, in fact,

10

is not necessary to establish the commission of any offense charged in the Indictment.

Indeed, given that the standard for "relevant evidence," pursuant to Rule 401, Fed.R.Evid., is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," it is clear that the murder for hire allegations are irrelevant to the charges, and the government's conclusory claims to the contrary are unavailing.

Consequently, even if the government were to prove at trial that Mr. Ulbricht solicited murders for hire – requiring a mini-trial on an issue that is separate factually and legally from the statutory allegations and elements – that would not contribute to the requisite factual threshold to establish the elements of the charged offenses, *i.e.,* it would not be direct evidence as "part of the very act charged." *Id.*

Thus, in light of their attenuated nature, the alleged attempts to solicit murders for hire in order to protect the Silk Road enterprise are also not "necessary to complete the story of the crime on trial." *See id.* Rather, as set forth in Mr. Ulbrict's motion *in limine,* such evidence would only confuse the jury with respect to the charges at issue.

Accordingly, it is respectfully submitted that the murder for hire allegations cannot be admitted as direct evidence of any of the charged offenses herein, and the government's motion *in limine* should be denied.

**C.**    ***The Murder for Hire Evidence Is Not Alternatively Admissible as 404(b) Evidence***

The government also claims that "[i]n the alternative, evidence of Ulbricht's attempts to solicit murders for hire is admissible under Rule 404(b)." Relying on "substantially the same reasons advanced [in its direct evidence argument]," the government seeks admission of the

11

evidence as proof of Mr. Ulbricht's intent, knowledge, and identity.

However, the murder for hire allegations are not admissible pursuant to Rule 404(b) because they are irrelevant to the charges and/or their probative value, if any, is substantially outweighed by unfair prejudice to Mr. Ulbricht.

**D.**     ***The Murder for Hire Allegations Are Inadmissible Because Their Probative Value Is Substantially Outweighed by the Danger of Unfair Prejudice to Mr. Ulbricht***

As set forth **ante**, even if the Court were to determine that the murder for hire allegations are relevant as direct evidence, or pursuant to 404(b), the Court must nonetheless exclude the evidence pursuant to Rule 403, Fed.R. Evid., because it is substantially more prejudicial than probative and also cumulative of other less inflammatory evidence the government intends to offer.

Indeed, as set forth in Mr. Ulbricht's Memo of Law in support of his motions *in limine* regarding, the probative value of murder for hire allegations, if any, is negligible since they are not charged conduct and do they constitute elements of Counts One, Three, or any of the other counts in the Indictment.  *See* Mr. Ulbricht's Memo of Law, at 10.

In contrast, the mere mention of the "murder for hire" allegations would improperly introduce the poisonous issues of violence and murder in this case, generating prejudice to Mr. Ulbricht that no limiting jury instruction could alleviate. *See id*.  As a result, the government's contention, in its Memo of Law, at 23, that "any prejudice in this case is ameliorated by the limited nature of the evidence that the government intends to offer at trial with respect to this issue," misses the point entirely: it is not the *volume* of evidence that matters in this context, but rather the *type* of evidence at issue – of murder.  Introduction of *any* such evidence will

12

dramatically overshadow the rest of the case, and prejudice Mr. Ulbricht irremediably.

Also, the government argues that the "limited nature of the evidence that the government intends to offer" consists in significant part of "private messages [from Dread Pirate Robets] soliciting the murders for hire," which the government claims "matches evidence recovered from Ulbricht's personal laptop, including chat logs and journal entries on the laptop discussing the same murders for hire." *Id.*, at 22.

However, this evidence, which the government asserts it will use to "connect[] Ulbricht in the real world with 'Dread Pirate Roberts' in cyberspace,'" *see id.,* is simply cumulative of scores of other, less inflammatory Exhibits in the government's proposed presentation that it claims replicate that proof and serve the very same purpose – including private messages from Mr. Ulbricht's laptop.

Those Exhibits, though, would not, by their very nature, "likely . . . arouse irrational passions" amongst the jurors. *See United States v. Smith*, 727 F.2d 214, 220 (2d Cir. 1984). Yet the allegations of murder for hire would certainly accomplish that very, improper objective. As the government acknowledges, "[i]t is well-established in the Rule 404(b) context that 'probative value is not outweighed by prejudicial effect when the prior similar bad acts do not involve conduct more inflammatory than the charged crime or . . . conduct any more sensational or disturbing than the crimes charged." *See* Government's Memo of Law, at 19, *quoting United States v. Camera*, 485 Fed.Appx 457, 460 (2d Cir. 2012).

Here, though, any rational juror would clearly find the allegations of murder and violence far "more sensational [and] disturbing that the crimes charged[.]" Accordingly, for that reason, and because there is other evidence the government claims achieves the same goals, which it

already intends to introduce, but without unduly prejudicing Mr. Ulbricht, and because the

allegations of murder for hire plots are cumulative of other evidence, it is respectfully submitted

that the Court should, pursuant to Rule 403, deny the government's motion *in limine* and exclude

any evidence at trial of the murder for hire allegations..

**POINT III**

**THE COURT SHOULD PRECLUDE AT TRIAL ANY AND
ALL EVIDENCE OF UNCHARGED CONTRABAND AND
OTHER GOODS AND SERVICES SOLD THROUGH SILK ROAD**

As set forth in its Memo of Law, at 25-27, the government also seeks to introduce at trial

as direct evidence and/or through Rule 404(b), Fed.R.Evid., "[e]vidence regarding goods and

services sold through Silk Road that are not specifically charged in the Indictment" but which the

government claims "is inexorably intertwined with the charged conduct and necessary to

complete the story of the crimes charged" and demonstrates Mr. Ulbricht's "knowledge and

intent in operating a website geared to facilitate criminal activity."

However, that evidence is not admissible as direct evidence or pursuant to Rule 404(b),

because it is not relevant – let alone "inexorably intertwined with" and "necessary to complete

the story of the crimes charged" – and also because the unduly prejudicial effect of heaping on

this other irrelevant evidence substantially outweighs its probative value pursuant to Rule 403.[2]

**A.**     ***The Evidence Is Not Direct Evidence of the Charged Offenses***

This case involves a finite number of conspiracies which cover only three limited areas:

drug trafficking, computer hacking and fraudulent identity documents.  Yet, in addition to

introducing at trial the listings on the Silk Road website which cover these areas, the government

---

[2]  Again, the applicable law is set forth in POINT I and will not be repeated herein.

also seeks to introduce other evidence, of other listings on the site, such as "weapons, counterfeit commercial merchandise, pirated copies of copyrighted works, and manuals regarding the manufacture of explosives, weapons, and computer hacking," which by the government's own admission, extend well-beyond the confines of the case, and the charged conduct.  *See* Government Memo of Law, at 25-26.

Moreover, while the government claims these items are "inexorably intertwined with the charged conduct," that is inaccurate because the government need not prove the existence of even one of these items on the Silk Road web site in order to prove the conspiracies charged.  Nor would the presence or absence of any of these items on the Silk Road site establish any of the essential elements of the offenses charged.

Nor would there be any gaps in the government's "story."  Indeed, such evidence might well improperly fill in gaps in the government's story with respect to the actual charges themselves – which already allege three categories of illegal merchandise on the site (drugs, hacking software, and false identity documents).

Also, again, the government's generalized, conclusory claims of relevance do not suffice. In *United States v. Williams*, 585 F.3d 703, 707 (2d Cir. 2009) as is the case here, the government sought to introduce certain contraband evidence by  "assert[ing] merely that the evidence completed the narrative and was 'inextricably intertwined with proof of the charged offense' without any explanation as to why this is so."  *Id.*

Yet the Court, finding that evidence inadmissible as background evidence (much less as direct evidence) declared,

> [w]e disagree that the contraband evidence was relevant as background to the crime.  The physical evidence from the apartment was not particularly helpful to explain the crime.  The Government's version of the facts was simple and complete. . . . Failing to detail the contents of the apartment would not have left any gaps in the Government's case, nor have left the jury wondering about missing pieces of the story . . .  We think the evidence more likely confused the jury than assisted its understanding.

*Id.*, at 707-708 (internal citations omitted).

Here, introduction of the other contraband evidence would have the same improper, confusing, and ultimately unfairly prejudicial effect as it did in *Williams*.  It would likely only confuse the jury regarding the evidence it should evaluate in order to determine whether the government had proven its case at trial, and prejudice Mr. Ulbricht unduly with allegations of other, uncharged criminal behavior.

Accordingly, the government's motion *in limine* with respect to the contraband evidence should be denied in its entirety because it is not admissible as direct evidence or pursuant to Rule 404(b), and should be excluded as a result.

**B.     *The Contraband Evidence Must Also Be Excluded Pursuant to Rule 403, Fed.R.Evid.***

In addition, the evidence of other, uncharged contraband available on the Silk Road web site must also be excluded from trial pursuant to Rule 403, Fed.R.Evid., because it is cumulative of other evidence which, according to the government, likewise demonstrates the sale of contraband on the Silk Road website.

16

Also, the irrelevant, yet inflammatory evidence of other contraband – some of which, such as listings for weapons and explosive manuals *is* "more inflammatory than [evidence in support of] the crimes charged," *see Smith*, 727 F.2d at 220 – would result in unfair prejudice to Mr. Ulbricht that would substantially outweigh any probative value of the evidence of other contraband.

Accordingly, it is respectfully submitted that the government's motion *in limine* should be denied in its entirety.

**POINT IV**

**MR. ULBRICHT DOES NOT INTEND TO RAISE
ANY INAPPROPRIATE ARGUMENTS AT TRIAL**

In its motion, at 27-29, the government seeks preclusion of certain evidence and arguments at trial, namely (a)  regarding potential punishment Mr. Ulbricht faces;  (b)  jury nullification; and (c)  "defendant's purported political views."

Counsel is well aware of the limits on appropriate argument, and does not intend to argue the issue of Mr. Ulbricht's potential punishment before the jury.  Nor will there be any argument with respect to jury nullification.[3]  However, with respect to Mr. Ulbricht's political views, that issue will be addressed by the defense only to the extent the government's evidence places that matter before the jury (which to a certain extent it appears intent on doing), and to the extent it

---

[3]  Jury nullification has become a controversial subjectas, ironically, over the past few decades, the government has succeeded in transforming it from a right that juries indisputably possessed – and which has origins fundamental to the evolution of the criminal justice system in the U.S., including important cases in the colonial era, such as the prosecutions of William Penn and John Peter Zenger (the latter represented by Alexander Hamilton) – into a prohibition of which juries are warned against applying. *See, e.g.*, Aaron McKnight, "Jury Nullification as a Tool to Balance the Demands of Law and Justice," 2013 Brigham Young University L. Rev. Issue 4, Article 9, 1103.

merits rebuttal or other contextual evidence, or is relevant for some other reason.

## Conclusion

Accordingly, for all the reasons set forth above, and in Mr. Ulbricht's previously filed motions *in limine*, it is respectfully submitted that the government's motions *in limine* be denied in their entirety.

Dated: 12 December 2014
New York, New York

Respectfully submitted,

   /S/ Joshua L. Dratel
JOSHUA L. DRATEL
JOSHUA L. DRATEL, P.C.
29 Broadway, Suite 1412
New York, New York 10006
(212) 732-0707

Joshua J. Horowitz
225 Broadway, Suite 1804
New York, New York 10007
(845) 667-4451

*Attorneys for Defendant Ross Ulbricht*

– Of Counsel –

Joshua L. Dratel
Lindsay A. Lewis
Whitney G. Schlimbach
Joshua J. Horowitz