14cr68 (KBF)



US v Ulbricht, letter brief
Turner, Serrin (USANYS)
to:
ForrestNYSDChambers@nysd.uscourts.gov, Olga_Zverovich@nysd.uscourts.gov, Joseph_Pecorino@nysd.uscourts.gov
01/22/2015 08:40 AM
Cc:
"Howard, Timothy (USANYS) 1", Joshua Dratel, "Lindsay Lewis (llewis@joshuadratel.com)", Joshua Horowitz
Hide Details
From: "Turner, Serrin (USANYS)" <Serrin.Turner@usdoj.gov>

To: "ForrestNYSDChambers@nysd.uscourts.gov" <ForrestNYSDChambers@nysd.uscourts.gov>, "Olga_Zverovich@nysd.uscourts.gov" <Olga_Zverovich@nysd.uscourts.gov>, "Joseph_Pecorino@nysd.uscourts.gov" <Joseph_Pecorino@nysd.uscourts.gov>

Cc: "Howard, Timothy (USANYS) 1" <Timothy.Howard@usdoj.gov>, Joshua Dratel <JDratel@joshuadratel.com>, "Lindsay Lewis (llewis@joshuadratel.com)" <llewis@joshuadratel.com>, Joshua Horowitz <joshua.horowitz@techlawny.com>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 2 6 2015

Ordered
Post to docket.
KBF
USDJ
1/23/15

2 Attachments

1.22.15 ltr to J Forrest re complaint.pdf   US v Purdy 144_F_3D_241_1-22-15_0624.pdf

Please see the attached letter concerning the admissibility of the statement from the Complaint that was raised yesterday morning. The Government will plan to file the letter later today on ECF. Also attached is a relevant case. Thank you.

Serrin Turner
Assistant United States Attorney
U.S. Attorney's Office, Southern District of New York
1 St. Andrew's Plaza
New York, New York 10007

Desk: 212-637-1946
Cell: 646-660-4815
Fax: 212-637-2429
Email: serrin.turner@usdoj.gov



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

January 22, 2015

By Email
Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

              Re:    *United States v. Ross William Ulbricht*, **14 Cr. 68 (KBF)**

Dear Judge Forrest:

      The Government writes respectfully to address the issue raised at trial yesterday concerning the admissibility of a statement from the Complaint concerning the amount of funds that flowed through Silk Road. Specifically, the defense seeks to offer a statement in the Complaint concerning the sales revenue and commissions collected by Silk Road as a statement of an opposing party pursuant to Rule 801(d)(2). For the reasons below, the statement at issue is not admissible on this basis.

      The defense apparently relies on *United States v. GAF Corp.*, in which the Second Circuit held that Rule 801(d)(2) entitled a defendant to use a bill of particulars filed by the Government in a prior trial of the same case, which was inconsistent with a subsequent bill of particulars filed the Government. *See* 928 F.2d 1253, 1255 (2d Cir.1991). However – putting aside whether *GAF* applies at all to an agent affidavit[1] – the case is inapplicable here, because the Second Circuit has made clear that the holding only applies where there is a genuine, substantial inconsistency between a prior statement by the Government and the Government's current position. *See United States v. Purdy*, 144 F.3d 241, 246 (2d Cir. 1998) ("Nothing in th[e] modest narrowing of the Government's [theory of the case] – which did not contradict a single prior representation made by the Government to the district court – opened the door to defense proof of the Government's having previously entertained a broader theory."). Here, there is no such inconsistency.

---

[1] *See United States v. Ramirez*, 894 F.2d 565, 570 (2d Cir.1990) (declining to decide the issue, and noting: "The information contained in the affidavits was gathered at a preliminary stage in the investigation, and hence subject to change as the investigation progressed.")

The Complaint states that, from February 6, 2011 to July 23, 2013, Silk Road generated revenue totaling 9,519,664 Bitcoins and commissions totaling 614,305 Bitcoins. At trial, the Government plans to prove that, from February 2011 to October 2013, Silk Road generated revenue totaling 9,912,070 Bitcoins and commissions totaling 642,455 Bitcoins. These figures are entirely consistent, the latter set of figures reflecting a longer time period than the first.

The defense's position appears to be that the *dollar* figures given in the Complaint for Silk Road revenue and commissions is different from the dollar figures reflected in the Government's exhibits at trial. But that is only because the Complaint reflects what the dollar value of the Bitcoins received by Silk Road as revenue and commissions would have been *were all those Bitcoins converted to dollars as of the date of the Complaint.* The Complaint was careful to note this caveat. (*See* Compl. ¶ 22.c ("These *figures* are equivalent to roughly $1.2 billion in revenue and $79.8 million in commissions, at current Bitcoin exchange rates, *although the value of Bitcoins has fluctuated greatly during the time period at issue.*") The Government's exhibits at trial are the result of a more in-depth analysis of Silk Road sales data, and reflect the dollar value of Silk Road revenue and commissions at the time the funds were received by Silk Road. In other words, the exhibits reflect the dollar value of the drugs or other items being purchased on Silk Road (and the commissions made from those purchases) at the time the purchases were made. Based on that valuation, Silk Road received approximately $200 million in sales and approximately $13 million in commissions. However, these figures are entirely compatible with the statement in the Complaint concerning the dollar value of the Bitcoins received as revenue and commissions from February 2011 to July 2013 based on prevailing exchange rates when the Complaint was signed.

Accordingly, the statement in the Complaint is in no way inconsistent with the Government's current position, and therefore the statement is not admissible pursuant to the Second Circuit's holding in *GAF*.

Respectfully,

PREET BHARARA
United States Attorney

By: _____
SERRIN TURNER
TIMOTHY HOWARD
Assistant United States Attorneys
Southern District of New York

cc: Joshua Dratel, Esq.

2