USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **FEB 0 5 2015**

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL
—
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

STEVEN WRIGHT
*Office Manager*

February 2, 2015

**BY ECF**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

> 2/5/2015    ORDERED
>
> Post on Docket
>
> K B. Forrest
> Katherine B. Forrest, USDJ

Re:   *United States v. Ross Ulbricht*,
         14 Cr. 68 (KBF)

Dear Judge Forrest:

This letter is submitted in regard to the statement by Andrew Jones, a/k/a "inigo" that have been the subject of negotiations with respect to potential stipulation between the parties. Those negotiations have reached an impasse because the government seeks to include in the stipulation conclusions by Mr. Jones that deny Mr. Ulbricht his Sixth Amendment right to confrontation, are inadmissible as Mr. Jones's conclusions, and which the government could have attempted to obtain by calling Mr. Jones, who has pleaded guilty pursuant to a cooperation agreement with the government, as a witness – a decision the government has foregone.

As a result, Mr. Ulbricht moves for admission of the statement under Rule 804(3)(b), Fed.R.Evid., as a statement against penal interest, and/or under Rule 807, Fed.R.Evid. Mr. Ulbricht also moves for the statement's admission pursuant to the Fifth Amendment's Due Process guarantee. *See Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). Mr. Ulbricht also moves for defense witness immunity pursuant to the Fifth and Sixth Amendments.

A "track changes" version of the stipulation is attached, with the changes proposed by Mr. Ulbricht (to the government's version that constituted a revision of the defendant's initial proposal). Mr. Ulbricht's changes are explained (and were communicated to the government) as follows:

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
February 2, 2015
Page 2 of 2

(1) in the first change in paragraph 1(c), the defense substituted the language from the government's December 29, 2014, letter, which was contemporaneous with the interview of Mr. Jones (and there being no 3500 material that depicts the conversation in any other manner), and therefore more reliable. A copy of the government's December 29, 2014, letter is attached hereto as well; and

(2) also in that paragraph, the defense deleted the two expressions of "belief" by Jones, both of which present confrontation issues as well as opinion testimony that should be established by stipulation.

In the interests of achieving agreement, the defense also would agree to inclusion of the information about Mr. Jones's guilty plea [in paragraph 1(a)], even though, again, that presents Sixth Amendment confrontation issues.

The government made an intentional and conscious decision, mid-trial, not to call Mr. Jones. The government should not benefit from that decision by gaining admission of information that would compromise Mr. Ulbricht's Sixth Amendment confrontation rights. In order to gain admission of such information, the government should have called Mr. Jones as a witness.

Accordingly, it is respectfully submitted that Mr. Jones's statement should be admitted pursuant to Rule 803(4) and/or Rule 807, or Mr. Jones should be granted defense witness immunity.

Respectfully submitted,

Joshua L. Dratel

JLD/lal

cc:  Serrin Turner
     Timothy T. Howard
     Assistant United States Attorneys



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

December 29, 2014

By E-mail
Joshua L. Dratel, Esq.
2 Wall Street, 3rd Floor
New York, NY 10005

      Re:    *United States v. Ross William Ulbricht*, **14 Cr. 68 (KBF)**

Dear Mr. Dratel:

    The Government writes concerning two discovery matters.

    First, the Government writes to reiterate its requests for reciprocal discovery from the defense in this matter. In particular:

- Pursuant to Rule 16(b)(1)(A), the Government requests disclosure of any exhibits the defense intends to use in its case-in-chief at trial.

- Pursuant to Rule 16(b)(1)(B), the Government requests disclosure of any results or reports of any scientific test or experiment that the defense intends to use in its case-in-chief at trial or that relates to the testimony of any witness the defense intends to call who prepared any such report.

- Pursuant to Rule 16(b)(1)(C), the Government requests disclosure of a written summary of any expert testimony the defendant intends to use at trial.

- Pursuant to Rule 12.1(a)(2), the Government requests that the defense notify the Government of any intended alibi defense, including any alibi concerning the defendant's whereabouts at the date and time of any communication of "Dread Pirate Roberts" reflected in any the Government's exhibits produced to the defense or any such exhibit the defense intends to use at trial.

Second, although the Government does not believe that the information below is required to be disclosed under either *Brady* or *Giglio*, or their progeny, the Government advises you, in an abundance of caution, of the following information provided by Andrew Michael Jones, a/k/a "Inigo," in a recent witness interview:

> At some point in or about August or September 2013, Jones tried to authenticate that the Silk Road user "Dread Pirate Roberts" whom he was talking to at the time (via Pidgin chat) was the same person with whom he had been communicating in the past with this username. Previously, in or about October 2012, Jones and "Dread Pirate Roberts" had agreed upon a "handshake" to use for authentication, in which Jones would provide a certain prompt and "Dread Pirate Roberts" would provide a certain response. When, during the 2013 chat in question, Jones provided what he believed to be the designated prompt, "Dread Pirate Roberts" was unable to provide the response Jones thought they had agreed on. However, later in the chat, Jones asked "Dread Pirate Roberts" to validate himself by specifying the first job that "Dread Pirate Roberts" assigned to him (running the "DPR Book Club"), which "Dread Pirate Roberts" was able to do.

The Government is unaware of any extant record of the 2013 chat described by Jones. There is a record of an October 2012 chat between the defendant and Jones discussing a "handshake" in the file labeled "mbsobzvkhwx4hmjt" on the defendant's computer, which has already been provided to the defense in discovery.

Sincerely,

PREET BHARARA
United States Attorney

By: _____
Serrin Turner
Assistant United States Attorney

Enclosures

7UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| -v.- : | **STIPULATION** |
| ROSS ULBRICHT, : | S1 14 Cr. 68 (KBF) |
| a/k/a "Dread Pirate Roberts," | |
| a/k/a "DPR," : | |
| a/k/a "Silk Road," | |
| : | |
| Defendant. | |
| : | |

---------------------------------------x

IT IS HEREBY STIPULATED AND AGREED by and between the United States of America, by Preet Bharara, United States Attorney for the Southern District of New York, Serrin Turner and Timothy Howard, Assistant United States Attorneys, of counsel, and Ross Ulbricht, by and through his counsel, Joshua Dratel, Esq., as follows:

1. If called as a witness in this matter, ANDREW JONES would testify as follows:

   a. JONES worked as a member of the Silk Road support, under the username "Inigo," from in or about October 2012 to in or about October 2013. As a staff member, JONES helped resolve disputes between Silk Road customers and drug dealers and other vendors operating on the site, among other things. On October 2, 2014, JONES pled guilty to conspiring to commit narcotics trafficking in violation of Title 18, United States Code, Section 846, conspiring to commit and to aid and abet computer hacking in violation of Title 18, United States Code, Section 1030(b), conspiring to traffic in fraudulent identification documents in violation of Title 18, United States Code, Section 1028(f), and conspiring to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).

b.   Defense Exhibit C-1 is a true and accurate log of a chat that JONES had with "Dread Pirate Roberts" on October 16, 2012, when JONES was initially hired. The log is an excerpt of a file recovered from Mr. Ulbricht's laptop following his arrest (labeled "mbsobzvkhwx4hmjt").

b.   During the October 16, 2012 chat, "Dread Pirate Roberts" and JONES (who was using the username "PatHenry" at the time) came up with a potential "handshake" for JONES to use if he was ever unsure he was talking to "Dread Pirate Roberts." "Dread Pirate Roberts" told JONES: "how about 'can you recommend a good book?' and I'll say 'anything by Rothbard.'" JONES responded, "perfect!"

c.   Approximately eleven months later after this chat, in or about August or September 2013, JONES tried to authenticate that the Silk Road user "Dread Pirate Roberts" whom he was talking to at the time (via Pidgin chat) was the same person with whom he had been communicating in the past with this username. JONES tried the handshake for the first time, asking "Dread Pirate Roberts" if he could recommend a good book. "Dread Pirate Roberts" did not respond by saying "anything by Rothbard." However, later in the chat, JONES then tried a different way of confirming he was talking to "Dread Pirate Roberts" by asking "Dread Pirate Roberts" if he remembered the first job that "Dread Pirate Roberts" assigned to him when he was first hired. "Dread Pirate Roberts" accurately answered that question (running the "DPR Book Club").

The above-referenced Exhibit (DX C-1) and this Stipulation (Defense Exhibit S-1) are admissible as Defense exhibits at trial.

Dated:     New York, New York
           February___, 2015

          PREET BHARARA
          United States Attorney
          Southern District of New York


      By: _____
          SERRIN TURNER
          TIMOTHY T. HOWARD
          Assistant United States Attorneys



         _____
         JOSHUA L. DRATEL
         Counsel for the Defendant