USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 6, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA                          :
                                                  :
              -v-                                 :
                                                  :         14-cr-68 (KBF)
                                                  :
ROSS WILLIAM ULBRICHT,                            :
       a/k/a "Dread Pirate Roberts,"             :         ORDER
       a/k/a "DPR,"                               :
       a/k/a "Silk Road,"                         :
                                                  :
                              Defendant.          :
-------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

This Order recites and, where necessary, attaches the various drafts and requests in connection with the jury instructions.

1.     The parties' initial joint requests to charge, filed on December 12, 2014, are at ECF No. 123.

2.     The draft jury charge provided to the parties on January 23, 2015, is at ECF No. 162.

3.     The blackline draft jury charge provided to the Court by the parties on January 27, 2015 is attached as Exhibit A.  This blackline reflects the parties' proposed edits to the January 23, 2015 draft jury charge.  Appended to the blackline is a list specifying who made each change.

4.     The draft jury charge provided to the parties on February 1, 2015 is attached as Exhibit B.

5.    Defendant's Supplemental Requests to Charge and proposed jury instruction

with respect to character evidence, both submitted to the Court on February

2, 2015, are attached as Exhibit C.

6.    The jury charge as delivered is at ECF No. 177.[1]

7.    The verdict form provided to the jury is attached as Exhibit D.

SO ORDERED.

Dated:    New York, New York
          February 6, 2015

_____
KATHERINE B. FORREST
United States District Judge

---

[1] This document contains a typographical error on page 38.  Instead of "To determine whether the
defendant aided or abetted the commission of the crime with which he is charged in Count Four or
Count Eight," the charge should say "To determine whether the defendant aided or abetted the
commission of a crime."  The Court corrected this error when delivering the charge to the jury.

# EXHIBIT A

V. 1.23.15 To Parties

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :
                        -v-                                 :        14-cr-68 (KBF)
                                                            :
ROSS WILLIAM ULBRICHT,                                      :
        a/k/a "Dred Pirate Roberts,"                        :
        a/k/a "DPR,"                                        :
        a/k/a "Silk Road,"                                  :
                                                            :
                        Defendant.                          :
------------------------------------------------------------X


**JURY INSTRUCTIONS**

V. 1.23.15 To Parties

TABLE OF CONTENTS

INTRODUCTORY INSTRUCTIONS..................................................................... 3
   Role of the Court ....................................................................................... 3
   Role of the Jury........................................................................................... 4
   Statements of Counsel and Court Not Evidence;  Jury's Recollection Controls..... 5
   Improper Considerations............................................................................ 6
   The Parties.................................................................................................. 7
   Presumption of Innocence and Burden of Proof......................................... 8
   Reasonable Doubt....................................................................................... 9
   The Indictment ........................................................................................ 10
GENERAL INSTRUCTIONS............................................................................ 11
   Direct and Circumstantial Evidence ........................................................ 11
   Credibility of Witnesses ........................................................................... 15
   Defendant's Testimony.............................................................................. 18
   Law Enforcement Witnesses .................................................................... 19
   Accomplice/Cooperating Witness Testimony............................................ 20
   Persons Not on Trial................................................................................. 23
   Preparation of Witnesses ......................................................................... 24
   Investigative Techniques .......................................................................... 25
   Use of Electronic Communications .......................................................... 26
   Expert Testimony ..................................................................................... 27
   Stipulations............................................................................................... 28
   Use of Charts and Tables ......................................................................... 29
   Uncalled Witnesses Equally Available ..................................................... 30
CHARGE........................................................................................................ 32̶3̶1̶
   Summary of the Indictment...................................................................... 32̶3̶1̶
   Multiple Counts........................................................................................ 33̶3̶2̶
   Count One: Narcotics Trafficking ............................................................ 34̶3̶3̶
   Count One, First Element: Distribution of Narcotics ............................... 35̶3̶4̶
   Count One, Second Element: "Knowingly or Intentionally"...................... 36̶3̶5̶
   Count One: Aiding and Abetting .............................................................. 37̶3̶6̶
   Count One: Drug Quantity ....................................................................... 40̶3̶8̶
   Count Two: Distributing or Aiding and Abetting the Distribution  of Narcotics by
      Means of the Internet ........................................................................ 42̶4̶0̶
   Count Two, First Element: Delivering, Distributing, or  Dispensing Controlled
      Substances......................................................................................... 43̶4̶1̶
   Count Two, Second Element: Use of the Internet..................................... 44̶4̶2̶
   Count Two, Third Element: "Knowingly or Intentionally"........................ 45̶4̶3̶
   Count Two: Drug Quantity ....................................................................... 46̶4̶4̶
   Count Three: Conspiracy to Violate the Narcotics Laws ......................... 47̶4̶5̶
   Count Three, First Element: Existence of the Conspiracy ....................... 49̶4̶7̶

1

V. 1.23.15 To Parties

Count Three, First Element: Single Conspiracy versus Multiple Conspiracies 51~~49~~

Count Three, First Element: Objects of the Conspiracy ..................................... 53~~51~~

Count Three, Second Element: Participation in the Conspiracy...................... 55~~53~~

Count Three, Second Element: Extent of Participation..................................... 57~~54~~

Count Three: Liability for Acts and Declarations of Co-Conspirators .............. 59~~56~~

Count Three: No Overt Act Required ................................................................ 61~~58~~

Count Three: Drug Quantity............................................................................. 62~~59~~

Count Four: Continuing Criminal Enterprise.................................................... 63~~60~~

Count Four, First Element: Commission of Federal Narcotics Felony Offense 65~~62~~

Count Four, Second Element: Continuing Series of Violations.......................... 66~~63~~

Count Four, Third Element: Five or More Persons ............................................ 67~~64~~

Count Four, Fourth Element: Organizer, Supervisor or Manager...................... 68~~65~~

Count Four, Fifth Element: Substantial Income or Resources .......................... 70~~66~~

Count Five: Conspiracy to Commit or Aid and Abet Computer Hacking .......... 71~~67~~

Count Five: Existence of the Conspiracy........................................................... 72~~68~~

Count Five: Membership in the Conspiracy....................................................... 74~~70~~

Count Six: Conspiracy to Traffic in Fraudulent Identification Documents....... 75~~71~~

Count Six: Existence of the Conspiracy............................................................. 76~~72~~

Count Six: Membership in the Conspiracy......................................................... 78~~74~~

Count Seven: Conspiracy to Commit Money Laundering.................................. 79~~75~~

Count Seven: Objects of the Conspiracy........................................................... 80~~76~~

Count Seven, First Element of Money Laundering:  Agreement To Conduct A
   Financial Transaction.............................................................................. 82~~78~~

Count Seven, Second Element of Money Laundering: Source of Funds ........... 83~~79~~

Count Seven, Third Element of Money Laundering:  Knowledge of the Source of
   Funds....................................................................................................... 84~~80~~

Count Seven, Fourth Element of Money Laundering: Purpose of the Transactions
   .................................................................................................................. 85~~81~~

Count Seven: Membership in the Conspiracy .................................................... 87~~82~~

OTHER INSTRUCTIONS.................................................................................. 88~~83~~

Variance in Dates ........................................................................................... 88~~83~~

Venue .............................................................................................................. 89~~84~~

Improper Considerations: Race, Religion, National Origin, Sex, Age, or Political
   Views ....................................................................................................... 91~~86~~

Sympathy ........................................................................................................ 92~~87~~

Punishment...................................................................................................... 93~~88~~

Juror Note-Taking ........................................................................................... 94~~89~~

CONCLUDING REMARKS ............................................................................... 95~~90~~

2

V. 1.23.15 To Parties

**INTRODUCTORY INSTRUCTIONS**

<u>Role of the Court</u>

You have now heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.  If an attorney or anyone else at trial has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You may take a copy of these instructions with you into the jury room.

3

V. 1.23.15 To Parties

<u>Role of the Jury</u>

Your role is to pass upon and decide the fact issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence or lack of evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

The evidence before you consists of the answers given by witnesses and the exhibits and stipulations that were received into evidence.  In determining the facts, you must rely upon your own recollection of the evidence.  I will instruct you at the end of these charges about your ability to request to have testimony read back and your access to other evidence admitted during the trial.

4

V. 1.23.15 To Parties

Statements of Counsel and Court Not Evidence;
Jury's Recollection Controls

What the lawyers have said in their opening statements, in their objections, and in their questions, and what they may say in their closing arguments, is not evidence. You should bear in mind particularly that a question put to a witness is never evidence. Only the answer is evidence. If a witness affirms a particular fact in a question by answering "yes," you may consider that fact as agreed on by the witness; the weight that you give that fact is up to you.

Nor are you to substitute anything that I may have said during the trial or during these instructions with respect to facts for your own independent recollection. What I say is not evidence. If I have sustained an objection to a question or stricken testimony, any stricken answers given by a witness are no longer part of the evidence in this case, and you may not consider them.

You should draw no inference or conclusion for or against any party because of lawyers' objections. Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate.

Also, do not draw any inferences from any of my rulings. The rulings I have made during trial are not any indication of my views of what your decision should be as to whether or not the Government has proven the defendant guilty of any of the crimes charged beyond a reasonable doubt. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, because of any comment, question, or instruction of mine.

5

V. 1.23.15 To Parties

Improper Considerations

Your verdict must be based solely upon the evidence or the lack of evidence. It would be improper for you to consider any personal feelings you may have about the defendant's race, ethnicity, or national origin.  It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

I also want to remind you that before each of you was accepted and sworn to act as a juror, you were asked questions concerning competency, qualifications, fairness, and freedom from prejudice and bias.  On the faith of those answers, you were accepted as jurors by the parties.  Therefore, those answers are as binding on each of you now as they were then, and should remain so, until the jury is discharged from consideration of this case.

6

V. 1.23.15 To Parties

<u>The Parties</u>

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that given to any other party to a litigation.  By the same token, the Government is entitled to no less consideration.

7

V. 1.23.15 To Parties

<u>Presumption of Innocence and Burden of Proof</u>

The defendant has pleaded not guilty to the charges in the Indictment.  As a result, the burden is on the Government to prove the defendant's guilt beyond a reasonable doubt.  This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

The law presumes a defendant to be innocent of the charges.  This presumption was with the defendant when the trial began and remains with the defendant unless and until you are convinced that the Government has proved the defendant's guilt beyond a reasonable doubt.

Even though the defendant has called witnesses in this case, the presumption of innocence remains with him, and the government still has the burden of proof beyond a reasonable doubt.

8

V. 1.23.15 To Parties

<u>Reasonable Doubt</u>

The question that naturally arises is, "What is a reasonable doubt?"  What does that phrase mean?  The words almost define themselves.  A reasonable doubt is a doubt based in reason and arising out of the evidence in the case, or the lack of evidence.  It is a doubt that a reasonable person has after carefully weighing all of the evidence in the case.

Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, and your common sense.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs; in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in important matters in his or her own affairs, then you have a reasonable doubt, and in that circumstance, it is your duty to find the defendant not guilty.

Reasonable doubt is not whim or speculation.  It is not an excuse to avoid the performance of an unpleasant duty.  Nor is it sympathy for the defendant you are considering.  "Beyond a reasonable doubt" does not mean a positive certainty, or beyond all possible doubt.  After all, it is virtually impossible for a person to be absolutely and completely convinced of any contested fact that by its nature is not subject to mathematical proof and certainty.  As a result, the law in a criminal case is that it is sufficient if the guilt of the defendant is established beyond a reasonable doubt, not beyond all possible doubt.

9

V. 1.23.15 To Parties

## The Indictment

The defendant, Ross Ulbricht, has been formally charged in what is called an "Indictment."

As I instructed you at the outset of this trial, the Indictment is simply an accusation. It is no more than the means by which a criminal case is started.

It is not evidence. It is not proof of the defendant's guilt. It creates no presumption, and it permits no inference that the defendant is guilty of the crimes charged.

You are to give no weight to the fact that an Indictment has been returned against the defendant.

I will not read the entire Indictment to you at this time. You will have a copy of the Indictment with you in the jury room and will have an opportunity to read it in its entirety. Rather, in a moment, I will summarize the charges in the Indictment and then explain in detail the elements of each crime that is charged.

10

V. 1.23.15 To Parties

## GENERAL INSTRUCTIONS

### Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict. One type of evidence is direct evidence. One kind of direct evidence is a witness's testimony about something that he or she knows by virtue of his or her own senses—something that the witness has seen, smelled, touched, or heard. Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

That is all there is to circumstantial evidence. You infer based on reason, experience, and common sense from an established fact the existence or the nonexistence of some other fact.

Let me give you another example. Imagine that you are on a deserted island. You've been all alone there for five years. One day, you see footprints in the sand—human footprints—of a foot several sizes larger than your own. You have not seen a person, but, based on the footprint, you are able to "put two and two together" and

11

V. 1.23.15 To Parties

you determine that you are no longer alone.  Someone else is now on the island with you.  That deduction on your part, based on circumstantial evidence, constitutes your determination of a fact.

Many facts, such as a person's state of mind, can rarely be proven by direct evidence.  Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting the defendant, you, the jury, must be satisfied of the defendant's guilt beyond a reasonable doubt from all the evidence in the case.

12

V. 1.23.15 To Parties

<u>Inferences</u>

During the trial, and as I give you these instructions, you have heard and will hear the term "inference."  For instance, in their closing arguments, the attorneys have asked you to infer, based on your reason, experience, and common sense, from one or more established facts, the existence of some other fact.  I have instructed you on circumstantial evidence and that it involves inferring a fact based on other facts, your reason, and common sense.

What is an "inference"?  What does it mean to "infer" something?  An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists based on another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted but not required to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

Therefore, while you are considering the evidence presented to you, you may draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

13

V. 1.23.15 To Parties

Some inferences, however, are impermissible.  You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time the crime was being committed and had knowledge that it was being committed.  Nor may you use evidence that I have instructed you was admitted for a limited purpose for any inference beyond that limited purpose.

In addition, you may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing or merely because he has or had knowledge of the wrongdoing of others.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict the defendant of any of the crimes charged.

14

V. 1.23.15 To Parties

<u>Credibility of Witnesses</u>

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves, did the witness impress you as honest, open, and candid?  Or did the witness appear evasive, or as though the witness were trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness is intentionally telling a falsehood that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.  It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

On some occasions during this trial, witnesses were asked to explain an apparent inconsistency between testimony offered at this trial and previous statements made by the witness.  It is for you to determine whether a prior statement was inconsistent, and if so, how much (if any) weight to give to an

15

V. 1.23.15 To Parties

inconsistent statement in assessing the witness's credibility at trial.  You may consider evidence of a witness's prior inconsistent statement only insofar as it relates to that witness's credibility.

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.  This is not to suggest that any witness who has an interest in the outcome of a case would testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged.  You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves that the testimony is not worthy of belief.  On the other hand, you may find, because of a witness's bearing and demeanor and based upon your consideration of all the other evidence in the case, that the witness is truthful.

Thus, there is no magic formula by which you can evaluate testimony.  You bring to this courtroom all your experience.  You determine for yourselves in many

16

V. 1.23.15 To Parties

circumstances the reliability of statements that are made by others to you and upon

which you are asked to rely and act.  You may use the same tests here that you use

in your everyday lives.  You may consider the interest of any witness in the outcome

of this case and any bias or prejudice of any such witness, and this is true

regardless of who called or questioned the witness.

17

V. 1.23.15 To Parties

Defendant's Testimony[1]

A defendant in a criminal case does not have a duty to testify or come forward with any evidence.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.

In this case, the defendant, Ross Ulbricht, chose not to testify.  You must not attach any significance to the fact that the defendant did not testify.  I instruct you that no adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

---

[1] The defense reserved the right to ask that this instruction be omitted.

18

V. 1.23.15 To Parties

<u>Law Enforcement Witnesses</u>

You have heard the testimony of various members of law enforcement.  The fact that a witness may be employed as a law enforcement official or employee by the United States Government or by a foreign government does not mean that his testimony deserves more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is legitimate for defense counsel to try to attack the credibility of a law enforcement witness because his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give that testimony the weight that you find it deserves.

<u>I note that some of the testimony you heard from law enforcement agents included testimony concerning what they personally suspected or believed about particular individuals at various points during their investigation.  As I have instructed you previously, such beliefs or suspicions of a law enforcement agent, or any other witness, are not evidence and should be disregarded.</u>

19

V. 1.23.15 To Parties

Accomplice/Cooperating Witness Testimony

You have heard from witnesses who testified that they committed crimes.

Let me say a few things that you want to consider during your deliberations on the

subject of what we call cooperating witnesses.

Cooperating witness testimony should be given such weight as it deserves in

light of the facts and circumstances before you, taking into account the witness's

demeanor, candor, the strength and accuracy of the witness's recollection, the

witness's background, and the extent to which the testimony is or is not

corroborated by other evidence in the case.

Because of the possible interest that a cooperator may have in testifying for

the Government, you should scrutinize his testimony with special care and caution.

You may consider the fact that a witness is a cooperator as bearing upon his

credibility.  You may consider whether a witness, like any other witness in this

case, has an interest in the outcome of the case and, if so, whether it has affected

his testimony.  It does not follow, however, that, simply because a person has

admitted to participating in one or more crimes, he is incapable of giving a truthful

version of what happened.

You also heard testimony about cooperation or non-prosecution agreements

between the Government and cooperating witnesses.  The existence of the such an

agreement itself and its effect on the witness may be considered by you in

determining credibility.  Your sole concern is whether a witness has given truthful

and accurate testimony here in this courtroom before you.

20

V. 1.23.15 To Parties

In evaluating the testimony of a cooperating witness, you should ask yourselves whether the witness would benefit more by lying, or by telling the truth. Was his testimony fabricated in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.  As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

You have also heard testimony that one of the cooperating witnesses pled guilty to charges arising ~~out of the same facts that are at issue in this case~~from drug dealing on Silk Road.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a Government witness pled guilty to ~~similar~~ related charges.  The decision of that witness to plead guilty was a personal decision that witness made about his own

21

V. 1.23.15 To Parties

guilt.  It may not be used by you in any way as evidence against or unfavorable to

the defendant on trial here.

V. 1.23.15 To Parties

<u>Persons Not on Trial</u>

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial, from the fact that certain persons were not named as a defendant in the Indictment.  The fact that these persons are not on trial here must play no part in your deliberations.

Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendant on trial.

V. 1.23.15 To Parties

<u>Preparation of Witnesses</u>

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the Government lawyers, the defense lawyers, or their own lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or inherently improper about a witness meeting with the Government lawyers, the defense lawyers, or his or her own lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

24

V. 1.23.15 To Parties

<u>Investigative Techniques</u>

You have heard reference through the questioning to the fact that certain investigative techniques were used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  ~~You are not to speculate as to why law enforcement used the techniques they did.~~

Your concern is whether or not, on the evidence or lack of evidence, the Government has proved the defendant's guilt beyond a reasonable doubt.

25

V. 1.23.15 To Parties

Use of Electronic Communications

Some of the evidence in this case has consisted of electronic communications seized from computers or electronic accounts.  There is nothing illegal about the Government's use of such electronic communications in this case and you may consider them along with all the other evidence in the case.  Whether you approve or disapprove of the seizure of these communications may not enter your deliberations.

You must, therefore, regardless of any personal opinions, consider this evidence along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant. However, as with the other evidence, it for you to determine what weight, if any, to give such evidence.

26

V. 1.23.15 To Parties

<u>Expert Testimony</u>

[If applicable]

You have heard testimony from what we call expert witnesses.  Such a witness is permitted to express his or her opinions on matters about which he or she has specialized knowledge and training.  The parties present expert testimony to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, his or her opinions, and his or her reasons for testifying, as well as all the other considerations that ordinarily apply, including all the other evidence in the case.  You may give expert testimony whatever weight, if any, that you find that it deserves in light of all the evidence in this case.  However, you should not accept witness testimony simply because the witness is an expert.  Nor should you substitute such testimony for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

27

V. 1.23.15 To Parties

<u>Stipulations</u>

You have heard some evidence in the form of what are called "stipulations." A stipulation of fact is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony. You must accept as true the fact that the witness would have given the testimony. However, it is for you to determine the effect or weight to give that testimony.

28

V. 1.23.15 To Parties

<u>Use of Charts and Tables</u>

Now, some of the exhibits were charts, tables, or other forms of summary

exhibits.  These exhibits are not direct evidence.  They are graphic representations

or other ways of summarizing more voluminous information <u>that was either</u>

<u>described</u> ~~set forth either~~ in the testimony of a witness or <u>reflected</u> in documents

admitted into evidence.  It is often easier and more convenient to utilize charts,

tables, and summaries as opposed to placing all of the underlying documents in

front of you.  But it is up to you to decide whether the summary exhibits fairly and

correctly reflect the underlying testimony and documents they purport to

summarize.  To the extent that the summary exhibits conform with your

understanding of the underlying evidence, you may accept them.  To the extent they

do not, you should set them aside and rely on the underlying evidence instead.  But

one way or the other, realize that the summary exhibits are not in and of

themselves direct evidence.  They are merely intended to serve as aids in a party's

presentation of the evidence.  They are nothing more.

29

V. 1.23.15 To Parties

## Excerpts and Redactions

Some of the exhibits admitted into evidence consist of excerpts of longer documents that were not admitted into evidence in their entirety.  These excerpts are simply the portions of the underlying documents considered to be most relevant to the case by the party introducing them.  There is nothing unusual or improper about the use of such excerpts, and you are not to infer from the use of such excerpts that any relevant portion of a document has been omitted.

Similarly, some of the exhibits admitted into evidence include redactions of certain information.  Again, there is nothing unusual or improper about such redactions, and you are not to infer from the use of such redactions that any relevant portion of a document has been removed.

30

V. 1.23.15 To Parties

<u>Uncalled Witnesses Equally Available</u>[2]

You have heard the names of several people during the course of the trial who did not appear here to testify and one or more of the attorneys may have referred to their absence.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  However, the Government bears the burden of proof, the defendant does not bear the burden of proof.  Therefore, you should not draw any inferences or reach any conclusions as to what these persons would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

---

[2] The defense reserved the right to seek modification or elimination of this instruction depending on subsequent developments.

31

V. 1.23.15 To Parties

**CHARGE**

<u>Summary of the Indictment</u>

The defendant, Ross Ulbricht, has been formally charged in a document called an Indictment.  As I instructed you at the outset of this case, an Indictment is a charge or accusation.  It is not evidence.  Here, the Indictment contains seven counts.  You will have a copy of the Indictment with you in the jury room and can read each Count in its entirety.  I am going to provide only a brief summary now:

Count One charges the defendant with distributing narcotics or aiding and abetting the distribution of narcotics.

Count Two charges the defendant with distributing narcotics or aiding and abetting the distribution of narcotics by means of the Internet, specifically.

Count Three charges the defendant with conspiring with others to violate the narcotics laws of the United States.

Count Four charges the defendant with engaging in a "continuing criminal enterprise," a term that I shall define for you in a moment.

Count Five charges the defendant with conspiring with others to commit or aid and abet computer hacking.

Count Six charges the defendant with conspiring with others to traffic in fraudulent identification documents or to aid and abet such activity.

Count Seven charges the defendant with conspiring with others to commit money laundering.

V. 1.23.15 To Parties

<u>Multiple Counts</u>

As I just indicated, the Indictment contains a total of seven counts.  Each count constitutes a separate offense or crime.  You must consider each count of the Indictment separately, and you must return a separate verdict on each count charged.

33

V. 1.23.15 To Parties

### Count One: Narcotics Trafficking

As I said, Count One charges the defendant with distributing or aiding and abetting the distribution of narcotics.

In order to find the defendant guilty of this count, you must find that the Government has proven beyond a reasonable doubt the following two elements:

<u>First</u>, that the defendant distributed or aided and abetted the distribution of controlled substances. ~~Heroin, cocaine, LSD, and methamphetamine are controlled substances.~~ I will use the terms "controlled substances," "narcotics," and "drugs" interchangeably.

<u>Second</u>, that he did so knowingly <u>and</u> ~~or~~ intentionally.

34

V. 1.23.15 To Parties

Count One, First Element: Distribution of Narcotics

The term "distribute" refers to selling, delivering, or otherwise transferring narcotics from one person to another.

One can also be said to "distribute" narcotics by committing an act in furtherance of a sale, delivery, or transfer, such as brokering a sales transaction, receiving purchase money, or arranging for the delivery of narcotics. It is not necessary for you to find that the defendant himself personally possessed any narcotics in order for you to find that he participated in distributing narcotics. However, distribution requires a concrete involvement in the transfer of the drugs.

The word "distribution" means to deliver a narcotic. "Deliver" is defined as the actual, constructive or attempted transfer of a narcotic. Simply stated, the words to distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed or handed over to another, or to try to pass on or hand over to another, narcotics. Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs may constitute distribution. In short, distribution requires a concrete involvement in the transfer of the drugs.

Sand, *et al.*, Instruction 56-10, paragraph 56.01 [4] (verbatim).

**Commented [ST1]:** The Government objects to this change. The existing language is clearer and better tailored to the facts of this case.

**Formatted:** Normal, Indent: First line: 0.5"

35

V. 1.23.15 To Parties

Count One, Second Element: "Knowingly and~~or~~ Intentionally"

The second element the Government must prove as to Count One is that the defendant acted knowingly and~~or~~ intentionally in distributing or aiding and abetting the distribution of narcotics.  To satisfy this element, you must find that the defendant had knowledge that what he was distributing consisted of narcotics, that is, illegal drugs and distributed the narcotics intentionally.

Knowledge is a matter of inference from facts proved.  A person acts "intentionally" and "knowingly" if he acts purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason.  That is, the acts must be the product of the defendant's conscious objective.

36

V. 1.23.15 To Parties

<u>Count One: Aiding and Abetting</u>

In addition to charging the defendant under a federal law that makes it illegal to distribute narcotics, Count One also charges the defendant under a federal law that makes it a crime for anyone to aid and abet a federal offense, including narcotics trafficking.

Under this aiding and abetting statute, it is not necessary for the Government to show that the defendant himself physically committed the crime with which he is charged in order for you to find him guilty of committing that crime.  Thus, even if you do not find beyond a reasonable doubt that the defendant himself committed the substantive crime charged, you may, under certain circumstances that I will describe, still find the defendant guilty of the crime as an aider or abettor.  A<u>iding and a</u>betting means knowingly and intentionally helping or assisting in the commission of a crime.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.  Therefore, you may find the defendant guilty of a substantive crime if you find that the Government has proven beyond a reasonable doubt that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the crime.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal act of another if no one committed a crime.  If you do find that the Government has proven beyond a reasonable doubt that a crime was committed,

37

V. 1.23.15 To Parties

however, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the Government prove beyond a reasonable doubt that the defendant knowingly and intentionally associated himself in some way with the crime, and that he knowingly and intentionally sought, by some act, to help make the crime succeed.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged in Count Four or Count Eight, ask yourself whether the Government has proven the following beyond a reasonable doubt:

‚h Did he participate in the crime charged as something he wished to bring about?

‚h Did he associate himself with the criminal venture knowingly and intentionally?

‚h Did he seek by his actions to make the criminal venture succeed?

If the answer to all of these questions is yes, then the defendant is an aider

38

V. 1.23.15 To Parties

and abettor, and therefore guilty of the offense. If the answer to any of these

questions is no, then the defendant is not an aider and abettor, and is not guilty of

the offense as such.

From *United States v. Mostafa*, 04 Cr. 356 (KBF)

**Commented [ST2]:** The Government believes this language is cumulative and unnecessary but otherwise does not object to its inclusion.

V. 1.23.15 To Parties

Count One: Drug Quantity

If, and only if, you find that the Government has proven beyond a reasonable doubt that the defendant is guilty of the offense charged in Count One, then you are required to determine whether or not the Government has proven beyond a reasonable doubt that the offense involved the quantities of the particular narcotics alleged in Count One.

Specifically, you must determine whether the Government has proven beyond a reasonable doubt that the defendant distributed or aided and abetted the distribution of any of the following narcotics in the quantities specified:

- heroin in amounts totaling one kilogram or more

- cocaine in amounts totaling five kilograms or more

- LSD in amounts totaling 10 grams or more

- methamphetamine in amounts totaling 500 grams or more

The Government need not prove that the defendant was specifically aware of, or could foresee, the types and quantities of drugs he was distributing or helping others distribute.  As long as the defendant knowingly and intentionally distributed or aided and abetted the distribution of some amount of controlled substances, he is responsible for all the types and quantities of controlled substances distributed, regardless of whether he knew or could foresee the types or quantities involved.

The Government also need not prove the purity of any of the drugs that were distributed.  Any mixture or substance containing a detectable amount of the drug is sufficient.

**Commented [ST3]:** The Government objects to this deletion.  The language accurately states the law.

40

V. 1.23.15 To Parties

You will be provided with a verdict form or chart that will include spaces for you to indicate your determinations concerning these questions.  As will be reflected on the form, you do not need to determine the precise quantities of drugs involved in the offense in Count One.  Rather, you need only decide whether the drugs included any of the types of drugs I just described, in amounts that, in total, exceed the thresholds that I have just described.  You need not find the alleged quantities are met in order to convict on Count One, but your determination regarding drug type and quantity, like your determination regarding the defendant's guilt, must be unanimous as to the specific drug and must be reached beyond a reasonable doubt.

41

V. 1.23.15 To Parties

<u>Count Two: Distributing or Aiding and Abetting the Distribution</u>
<u>of Narcotics by Means of the Internet</u>

Let me now go on to Count Two of the Indictment, which charges the

defendant under a federal law that specifically makes it a crime to distribute

controlled substances by means of the Internet, or to aid and abet such activity.

In order to find the defendant guilty of this count, you must find that the

Government has proven beyond a reasonable doubt the following elements:

<u>First</u>, that the defendant delivered, distributed, or dispensed a controlled

substance, or aided and abetted others in doing so;

<u>Second</u>, that the delivery, distribution, or dispensation of controlled

substances in question was accomplished by means of the Internet;

<u>Third</u>, that the defendant acted knowingly or intentionally.

42

V. 1.23.15 To Parties

Count Two, First Element: Delivering, Distributing, or
Dispensing Controlled Substances

The first element of Count Two requires that you find that the defendant

delivered, distributed, or dispensed a controlled substance, or that he aided and

abetted others in doing so.  Any of these alternatives is sufficient to satisfy this

element.

I have already defined what it means to "distribute" or "deliver" controlled

substances in explaining Count One.  Essentially, these terms refer to transferring

or dealing out controlled substances to others.  The term "dispense" ~~means "to~~

~~deliver a controlled substance to an ultimate user or research subject by, or~~

~~pursuant to the lawful order of, a practitioner."~~is not relevant here.

I have also already defined the concept of aiding and abetting in explaining

Count One.  Again, you should apply that same definition here.

43

V. 1.23.15 To Parties

Count Two, Second Element: Use of the Internet

The second element of Count Two requires that you find that the controlled substances at issue were delivered, distributed, or dispensed by means of the Internet.  This element is satisfied if you find the Government has proved beyond a reasonable doubt that the defendant served as an intermediary or middleman who caused the Internet to be used to bring together buyers and sellers engaged in distributing controlled substances, in a manner not authorized by law.

However, it is not sufficient to merely place on the Internet material advocating the use of a controlled substance or even which includes pricing information, if unaccompanied by an attempt to propose or facilitate an actual transaction involving a controlled substance.

44

V. 1.23.15 To Parties

Count Two, Third Element: "Knowingly and~~or~~ Intentionally"

Lastly, in order to find the defendant guilty on Count Two, you must find that he acted knowingly and~~or~~ intentionally.  I have already defined the terms "knowingly" and "intentionally" in explaining Count One.  You should apply those same definitions here.

45

V. 1.23.15 To Parties

<u>Count Two: Drug Quantity</u>

As with Count One, if you find the defendant guilty on Count Two, you must go on to determine whether certain types and quantities of drugs—the same types and quantities we discussed with respect to Count One—were involved in Count Two.  Again, you will be provided with a verdict form that will include spaces for you to indicate your determinations concerning these questions.  The same instructions I gave you with respect to determining drug quantity as to Count One apply here as well.

46

V. 1.23.15 To Parties

Count Three: Conspiracy to Violate the Narcotics Laws

Let me now move on to Count Three, which charges the defendant with conspiring with others to violate the narcotics laws.

In order to find the defendant guilty of this count, you must find that the Government has proven the following elements beyond a reasonable doubt:

First, the Government must prove beyond a reasonable doubt that a conspiracy to violate the narcotics laws existed—that is, that two or more persons had an agreement or understanding to achieve certain unlawful goals, called the "objects" of the conspiracy, which I shall describe for you in a moment.  Every conspiracy must have one or more objects or goals.

Therefore, the first question for you is: Did the conspiracy alleged in Count Three exist?  Was there such an agreement?

Second, the Government must prove beyond a reasonable doubt that the defendant intentionally and knowingly was a member of this conspiracy—that is, that he knowingly participated in the conspiracy to violate the narcotics laws, with knowledge of its objects and an intent to further those objects.

Before I explain the elements of conspiracy in greater detail, let me make one point: in considering a conspiracy charge you do not have to find that any actual substantive crime that is an object of the conspiracy has been committed.  It is the agreement itself—the agreement with others to commit the crime—along with the other elements of conspiracy, that the law forbids and defines as a crime.

47

V. 1.23.15 To Parties

Let me now discuss the elements of conspiracy in greater detail.  I should note that, besides Count Three, Counts Five, Six, and Seven also involve conspiracy charges, so these general instructions regarding conspiracy apply for those counts as well.

48

V. 1.23.15 To Parties

<u>Count Three, First Element: Existence of the Conspiracy</u>

How do you determine whether a conspiracy "existed"?  Simply defined, a conspiracy is an agreement by two or more persons to violate the law.  A conspiracy has sometimes been called a partnership for criminal purposes in which each partner becomes the agent of every other partner.

To establish the existence of a conspiracy, however, the Government is not required to show that two or more people sat around a table and entered into a formal contract.  From its very nature a conspiracy is almost always characterized by secrecy and concealment.  It is sufficient if two or more persons, in any manner, whether they say so directly or not, come to a common understanding to violate the law.  Express language or specific words are not required to indicate agreement to or membership in a conspiracy.

It is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed.  If a conspiracy exists, even if it should fail in its purpose, it is still a crime.  It is the <u>agreement</u> itself—the agreement with others to commit a crime—that the law forbids and defines as a crime.

In determining whether there has been an unlawful agreement, you may judge the acts and conduct of the alleged members of the conspiracy that are done to carry out an apparent criminal purpose.  The adage "actions speak louder than words" is applicable here.

If, upon consideration of all the evidence, direct and circumstantial, you find beyond a reasonable doubt that the minds of two or more of the conspirators met

49

V. 1.23.15 To Parties

(we call this sometimes "a meeting of the minds")—that is, that they agreed, as I have explained a conspiratorial agreement to you, to work together in furtherance of the unlawful scheme alleged in the Indictment—then proof of the existence of the conspiracy is established.

V. 1.23.15 To Parties

## Count Three, First Element: Single Conspiracy versus Multiple Conspiracies

**Commented [ST4]:** As the Government will explain by letter, the Government objects to this instruction in its entirety and respectfully requests that it be omitted or, in the alternative, replaced with language the Government will propose in its letter.

In this case, the defendant contends that the Government's proof fails to show the existence of only one overall conspiracy. Rather, he claims that there were actually several separate and independent conspiracies with various groups of members.

Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes. Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in the Indictment, unless one of the conspiracies proved happens to be the single conspiracy described in the Indictment.

In order to prove a single conspiracy, the Government must show that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal. ~~You may consider whether there was "mutual dependence" among the participants.~~

You may find that there was a single conspiracy despite the fact that there were changes in either personnel by the termination, withdrawal, additions of new members, or activities, or both, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purposes charged in

51

V. 1.23.15 To Parties

the Indictment.  The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist~~, especially where the activity of a single person was central to the involvement of all.~~

If you find that the conspiracy charged in the Indictment did not exist, you cannot find the defendant guilty of the single conspiracy charged in the Indictment. This is so even if you find that some conspiracy other than the one charged in this Indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that the defendant was a member of another conspiracy, and not the one charged in the Indictment, then you must acquit the defendant of the conspiracy charge.

Therefore, what you must do is determine whether the conspiracy charged in the Indictment existed.  If it did, you then must determine the nature of the conspiracy and who were its members.

V. 1.23.15 To Parties

<u>Count Three, First Element: Objects of the Conspiracy</u>

Let's talk about the "objects" of the conspiracy.  As I said, in order to find the defendant guilty of the conspiracy charged in Count Three, you must find that the Government has proven beyond a reasonable doubt that the conspiracy had certain "objects," or goals the conspirators were seeking to achieve.  Put another way, what did the conspirators want to achieve?  What was their unlawful end or ends?

There are three objects alleged as part of the conspiracy charged in Count Three—three violations of the narcotics laws that the conspirators allegedly agreed to commit.  You need not find that the defendant agreed to accomplish each and every one of these objects.  An agreement to accomplish any one of these three objects is sufficient.  However, you must all agree beyond a reasonable doubt on at least one specific object that the defendant agreed with others to try to accomplish.  In other words, you must be unanimous as to a particular object of the conspiracy before you can find that this element is satisfied.

As to the first object, Count Three alleges that the defendant agreed with others to distribute controlled substances.  I have already explained the elements of this crime in discussing Count One.  What is being charged here in Count Three is that the defendant agreed with others to commit this crime.

As to the second object, Count Three alleges that the defendant agreed with others to deliver, distribute, and dispense controlled substances by means of the Internet, in a manner not authorized by law, or to aid and abet such activity.  I have already explained the elements of this crime in discussing Count Two.  Again,

53

**Commented [ST5]:** The Government objects to this deletion.  The Indictment alleges a conspiracy in part to aid and abet drug trafficking, which is a valid charge.

V. 1.23.15 To Parties

what is being charged here in Count Three is that the defendant agreed with others to commit this crime.

As to the third object, Count Three alleges that the defendant agreed with others to use a communication facility in committing, causing, or facilitating the commission of acts in violation of the narcotics laws.  That crime is not separately charged elsewhere in the Indictment, so let me go over its elements now.

To show that the conspiracy alleged in Count Three had this crime as an object, the Government must prove the following beyond a reasonable doubt:

First, the Government must prove beyond a reasonable doubt that the defendant agreed with others to use a communication facility.  A communication facility is simply any device or system that can be used to transmit communications, and includes the Internet.

Second, the Government must prove beyond a reasonable doubt that the defendant agreed with others to use the communication facility in the process of committing, causing, or facilitating the commission of a narcotics felony, including the distribution of controlled substances or the importation of controlled substances into the United States;

Third, the Government must prove beyond a reasonable doubt that the defendant acted knowingly or intentionally—terms that I have already defined for you.

54

V. 1.23.15 To Parties

Count Three, Second Element: Participation in the Conspiracy

If you find the Government has proven beyond a reasonable doubt that a conspiracy to commit one or more of the objects alleged in Count Three of the Indictment existed, you must then determine whether the defendant intentionally and knowingly was a member of that conspiracy.  That is, did he participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering the objective of that conspiracy?

As I explained earlier, an act is done intentionally and knowingly if it is done purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason.  That is, the acts must be the product of the defendant's conscious objective.

If you find that the Government has proved beyond a reasonable doubt that a conspiracy existed (that is, the element we discussed a few moments ago), and that the defendant participated intentionally and knowingly in it, the extent of the defendant's participation has no bearing on whether or not he is guilty.  It does not matter whether a defendant's role in the conspiracy may have been more limited than or different in nature from the roles of other co-conspirators.  All that matters is that he intentionally and knowingly participated in the conspiracy, aware of its illegal objectives and desiring to further those objectives.

Also, the defendant's membership in the charged conspiracy can be established only by evidence of his own actions or words, and not by others who might be members of the charged conspiracy.

55

V. 1.23.15 To Parties

Once a person joins a conspiracy, that person remains a member unless and until he withdraws from it completely.  In order to withdraw from the conspiracy, a conspirator must show that he took some affirmative act to disavow or defeat the purpose of the conspiracy.  He can do so either by informing law enforcement of the criminal activities of the conspiracy or by communicating his abandonment of the conspiracy in a manner reasonably calculated to reach co-conspirators.  Merely ceasing to play a part in the conspiracy is not sufficient by itself to establish withdrawal from the conspiracy.  Moreover, if, after initially attempting to withdraw, a conspirator takes any subsequent acts to promote the conspiracy or receives any additional benefits from the conspiracy, he cannot be considered to have withdrawn from the conspiracy.  The defendant has the burden of proving that he withdrew from the conspiracy by a preponderance of the evidence.  To prove something by a preponderance of the evidence means to prove that it is more likely true than not true.

If you find that the defendant at some point withdrew from the conspiracy, he is not responsible for the acts of his co-conspirators following his withdrawal.  However, the defendant still would have been part of the conspiracy until the point of withdrawal.  In other words, even if you conclude that the defendant withdrew from the conspiracy at a particular time, he would remain responsible for the actions of the conspiracy up until that time.

56

V. 1.23.15 To Parties

<u>Count Three, Second Element: Extent of Participation</u>

As I have just said, the extent of the defendant's participation in the conspiracy charged in the Indictment has no bearing on the issue of the defendant's guilt. He need not have joined the conspiracy at the outset. <u>He need not have been a part of the conspiracy when it ended.</u> But, he must, at some point during its progress, have ~~joined~~ <u>participated in</u> the conspiracy with knowledge as to its general scope and purpose.

If he did ~~join~~ <u>participate</u> with such knowledge at any time while it was in progress, he may still be held responsible for all that ~~was done before he joined and all that~~ was done <u>before or after he joined in addition to all that was done</u> during the conspiracy's existence while he was a member<u>, to the extent the conspiratorial activity of others was reasonably foreseeable to him</u>. Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of a conspiracy, even coupled with knowledge that such other person is acting unlawfully, does not automatically make the defendant a member. A person may know, be related to, or be friendly with, or communicate with, a conspirator, without being a conspirator himself.

57

V. 1.23.15 To Parties

Mere similarity of conduct or the fact that the defendant may have assembled together with others, communicated with others, and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  Moreover, ~~the fact that the acts of the defendant~~ merely taking acts that ~~, without knowledge, merely~~ happen to further the purposes or objectives of the conspiracy, without knowledge or intent, ~~does not~~ is not sufficient to ~~make~~ make the defendant a member someone a member of a conspiracy.  More is required under the law.  What is necessary is that the defendant participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, you must decide whether the Government has proved beyond a reasonable doubt that the defendant knew the unlawful character of the conspiracy and intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering the illegal undertaking.  If so, the defendant became a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

58

V. 1.23.15 To Parties

Count Three: Liability for Acts and Declarations of Co-Conspirators

I now want to talk with you about liability for acts and statements of co-conspirators.

When people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.  Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant.  This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the charged conspiracy or if they were not done or

59

V. 1.23.15 To Parties

said in furtherance of the conspiracy, they may not be considered by you as evidence

against the defendant.

V. 1.23.15 To Parties

### Count Three: No Overt Act Required

Count Three contains a section captioned "Overt Acts." This section provides several examples of conduct allegedly undertaken by the defendant to further or promote the illegal objectives of the conspiracy charged in Count Three. However, these alleged acts are not elements of the offense, and it is <u>not</u> necessary for the Government to prove that any of the acts alleged in this section of the Indictment took place.

The same is true for the other conspiracy charges in the Indictment. None of the conspiracy charges requires you to find that any specific overt acts were committed in furtherance of the conspiracy. You need only find that a conspiracy of the nature described existed, and that the defendant intentionally and knowingly became a member of the conspiracy.

V. 1.23.15 To Parties

<u>Count Three: Drug Quantity</u>

As with Counts One and Two, if you find the defendant guilty on Count Three, you must go on to determine whether certain types and quantities of drugs—the same types and quantities we discussed with respect to Counts One and Two—were involved in the conspiracy charged in Count Three.  Again, you will be provided with a verdict form that will include spaces for you to indicate your determinations concerning these questions.  The same instructions I gave you with respect to determining drug quantity as to Count One apply here as well—with one exception.

In the case of a conspiracy, as we have discussed, a defendant is only liable for the acts of his co-conspirators that are reasonably foreseeable to him.  So, as to Count Three, the defendant is accountable for the types and quantities of controlled substances distributed by co-conspirators only if those types and quantities were known or reasonably foreseeable to the defendant, and were within the scope of the criminal activity that the defendant jointly undertook.  Again, you will be provided with a verdict form before you deliberate that will help you make these determinations.

62

V. 1.23.15 To Parties

### Count Four: Continuing Criminal Enterprise

Let me now move on to Count Four of the Indictment.  Count Four charges the defendant with engaging in a continuing criminal enterprise.  To convict the defendant on this count, the Government must prove beyond a reasonable doubt that the defendant committed one of the federal narcotics felonies I will describe for you in a moment, as part of a continuing series of federal narcotics offenses, undertaken with five or more people whom he organized, supervised, or managed, and from which he received substantial profit.  In essence, Count Four charges that the defendant engaged in the business of drug trafficking on a continuing, serious basis, and that he oversaw others and made substantial money in the process.

To meet its burden of proof on this offense, the Government must prove beyond a reasonable doubt each of the following elements:

First, the Government must prove that the defendant committed a federal narcotics felony, specifically, one of the narcotics offenses alleged within Counts One through Three, including distributing or aiding and abetting the distribution of controlled substances, distributing or aiding and abetting the distribution of controlled substances by means of the Internet, conspiring to distribute controlled substances, or to using a communication facility in connection with the distribution of controlled substances;

Second, the Government must prove that this offense was part of a series of three or more specific violations of the federal narcotics laws committed by the defendant;

63

V. 1.23.15 To Parties

Third, the Government must prove that the defendant committed the offenses in this series of violations in concert with five or more persons;

Fourth, the Government must prove that the defendant acted as an organizer, supervisor, or manager of these five or more persons; and

Fifth, the Government must prove that the defendant obtained substantial income or resources from the series of violations of the narcotics laws.

V. 1.23.15 To Parties

Count Four, First Element: Commission of Federal Narcotics Felony Offense

The first element that the Government must prove as to Count Four is that the defendant committed a felony violation of the federal narcotics laws. Specifically, you must find the defendant guilty of one of the charges contained within Counts One through Three of the Indictment, including any of the crimes alleged as the objects of the conspiracy charged in Count Three.

These offenses include:

Commented [J6]:

Commented [J7R6]: Defendant restates his position that the government must enumerate the specific offenses that serve as the predicate for Count Four.

- distributing or aiding and abetting the distribution of controlled substances, which I defined for you in discussing Count One;

- distributing or aiding and abetting the distribution of controlled substances by means of the Internet, which I defined for you in discussing Count Two;

- conspiring to distribute controlled substances, which I defined for you in discussing Count Three; or

- using a communication facility in committing or in causing or facilitating the commission of acts in violation of the narcotics laws, which I defined for you in discussing the objects of Count Three.

Unless you find the Government has proved beyond a reasonable doubt that the defendant committed at least one of these offenses, you cannot find the defendant guilty under the continuing criminal enterprise law charged in Count Four.

V. 1.23.15 To Parties

<u>Count Four, Second Element: Continuing Series of Violations</u>

The second element the government must prove as to Count Four is that the defendant committed a federal narcotics felony as part of a continuing series of violations of the federal narcotics laws.  A continuing series of violations is three or more violations of the federal narcotics laws committed over a definite period of time and related to each other in some way, as distinguished from isolated or disconnected acts.

These violations do not have to be alleged as separate counts in the Indictment.  ~~The Indictment need not specify each violation that constitutes the series.  Rather, any particular occasion when the defendant distributed certain illegal drugs or aided or abetted the distribution of such drugs could qualify as part of a continuing series of narcotics violations committed in by the defendant.  Likewise, any particular occasion when the defendant used a communication facility in committing, causing, or facilitating the commission of acts in violation of the narcotics laws could qualify as part of a continuing series of narcotics violations.~~

However, you must unanimously agree on at least three specific acts committed by the defendant that constituted part of a continuing series of narcotics violations in order to find the defendant guilty on Count Four.

**Commented [J8]:** Defendant reasserts his objection to the Indictment's failure to enumerate or otherwise identify the specific predicate offenses for Count Four.  In addition, the government should be required to enumerate the predicate offenses for purposes of the jury charge and the jury's determination.

**Commented [ST9]:** The Government objects to the deletion of this text, which accurately states the law.

66

V. 1.23.15 To Parties

Count Four, Third Element: Five or More Persons

The third element the government must prove as to Count Four is that the defendant committed a continuing series of violations in concert with five or more persons.  These persons do not have to be named in the Indictment.  They could be others who you find, beyond a reasonable doubt, were persons with whom the defendant committed the violations.

It is not necessary that you identify each of these five persons by their first and last names, but they must be, in fact, five separate persons.

You do not have to find that the five or more persons acted together at the same time, or that the defendant personally dealt with them together.  As long as there were at least five persons who the defendant somehow committed the continuing series of violations along with, that is sufficient.

67

V. 1.23.15 To Parties

<u>Count Four, Fourth Element: Organizer, Supervisor or Manager</u>

The fourth element the Government must prove beyond a reasonable doubt is that the defendant occupied the position of organizer, supervisor, or manager with respect to the five or more persons with whom he acted in concert.

In considering whether the defendant occupied such a position, you should give the words "organizer, supervisor or manager" their ordinary, everyday meaning.

The Government need not prove that the same type of superior-subordinate relationship existed between the defendant and each of the people he allegedly organized, supervised or managed.  Nor is any particular type of organizational, supervisory, or managerial role required.  For example, the defendant is not required to have had direct, personal contact with each of the persons he organized, supervised, or managed but any such person had to have been organized, supervised, or managed by the defendant.  Nor are those persons required to have been salaried employees of the defendant, or otherwise akin to paid workers.  It is sufficient, for instance, if the defendant arranged the activities of others into one essentially orderly operation or enterprise, even if the persons were otherwise independent of the defendant.  The Government meets its burden on this element if it proves beyond a reasonable doubt that the defendant exercised organizational or supervisory or managerial responsibilities over five or more persons with whom he acted in concert.

68

> **Commented [ST10]:** The Government objects to this language, which is redundant and confusing.

V. 1.23.15 To Parties

Merely selling a controlled substance, without more, however, does not make a defendant an organizer, supervisor, or manager of the person or persons who purchased the substance from him.

69

V. 1.23.15 To Parties

<u>Count Four, Fifth Element: Substantial Income or Resources</u>

The final element the Government must prove as to Count Four is that the defendant derived substantial income or resources from the continuing series of federal narcotics violations.

The statute does not prescribe the minimum amount of money required to constitute substantial income, but the statute clearly intends to exclude trivial amounts derived from occasional narcotics sales.

70

V. 1.23.15 To Parties

Count Five: Conspiracy to Commit ~~or Aid and Abet~~ Computer Hacking

Let me next move on to Count Five, which charges the defendant with conspiring with others to commit ~~or aid and abet~~ computer hacking.

In order to find the defendant guilty of this count, you must find that the Government has proven the following elements beyond a reasonable doubt:

First, that there was an agreement or understanding between two or more persons to commit ~~or aid and abet~~ computer hacking.

Second, that the defendant intentionally and knowingly participated as a member of the conspiracy.

> **Commented [ST11]:** The Government objects to these deletions. The Indictment validly charges conspiracy to aid and abet in this count.

71

V. 1.23.15 To Parties

<u>Count Five: Existence of the Conspiracy</u>

The alleged object of the conspiracy charged in Count Five is to commit ~~or aid and abet~~ computer hacking.  In order to establish that a conspiracy with this object existed, the Government must prove the following:

<u>First</u>, the Government must prove that two or more people had an agreement to intentionally access computers without authorization and thereby obtain information from the computers~~, or to aid and abet others in doing so~~.  "Accessing computers without authorization and thereby obtaining information from the computers" refers to what is commonly called "computer hacking."  It means accessing a computer, and viewing or copying data on the computer, without the authorization of the person to whom the computer or data belongs.  I have already instructed you on the meaning of "intentionally."  ~~I also have already instructed you on the concept of aiding and abetting.~~  You should apply those same instructions here.

<u>Second</u>, the Government must prove that the computers the conspirators agreed to access without authorization, or to help others access without authorization, were "protected computers."  The term "protected computer" refers to any computer used in or affecting interstate or foreign commerce or communication~~, which would include any computer connected to the Internet.~~

<u>Third</u>, the Government must prove that in agreeing to access computers without authorization, or to help others do so, the conspirators were acting for the purpose of commercial advantage or private financial gain, or in furtherance of

72

Commented [ST12]: Same objections.

V. 1.23.15 To Parties

criminal or tortious acts in violation of the laws of the United States or of any State.

"Commercial advantage" is a profit or gain in money or property obtained through

business activity, and "private financial gain" is profit or gain in money or property

specifically for a particular person or group.  "Criminal or tortious acts in violation

of the laws of the United States or of any State" are any acts that constitute either

crimes or wrongful acts for which private damages can be obtained in a civil

lawsuit, under federal law or the law of any state.  In short, you must find that the

objective of the computer hacking at issue must have been either to obtain some

kind of profit or to commit a crime or actionable wrong against another person.

V. 1.23.15 To Parties

<u>Count Five: Membership in the Conspiracy</u>

If you find beyond a reasonable doubt that a conspiracy to commit ~~or aid and abet~~ computer hacking existed as alleged in Count Five, you must then determine whether the defendant intentionally and knowingly participated as a member of that conspiracy.

I have already instructed you as a general matter on what the Government is required to show to prove membership in a conspiracy, and you should apply those same instructions here.

74

V. 1.23.15 To Parties

Count Six: Conspiracy to Traffic in Fraudulent Identification Documents

Let me now move on to Count Six of the Indictment, which charges the defendant with conspiring with others to traffic in fraudulent identification documents.

In order to find the defendant guilty of this count, you must find that the Government has proven the following elements beyond a reasonable doubt:

First, that there was an agreement between two or more persons to traffic in fraudulent identification documents; and

Second, that the defendant intentionally and knowingly participated as a member of the conspiracy.

V. 1.23.15 To Parties

<u>Count Six: Existence of the Conspiracy</u>

The alleged object, or goal, of the conspiracy charged in Count Six is to traffic in fraudulent identification documents.  In order to establish that a conspiracy with this object existed, the Government must prove the following beyond a reasonable doubt:

<u>First</u>, the Government must prove that two or more people had an agreement to knowingly transfer false identification documents.  A "false identification document" means a document of a type intended or commonly accepted for purposes of identification, such as a driver's license or passport, that appears to be issued by the authority of a governmental entity but was not actually issued by a governmental entity.  A "false identification document" can also include an identification document that was actually issued by a governmental entity but was subsequently altered for the purposes of deceit.  To "transfer" a false identification document means simply to turn over possession or control of it to someone else, whether as a result of selling it or otherwise.  I have already instructed you on the meaning of "knowingly," and you should apply that instruction here.

<u>Second</u>, the Government must prove that the conspirators knew that the identification documents were stolen or produced without lawful authority.  The term "lawful authority" means the authority to manufacture, prepare or issue identification documents by statute or regulation, or by contract with a government entity which has such authority.

76

V. 1.23.15 To Parties

Third, the Government must prove that the transfer of the false identification documents was in or affecting interstate commerce.  Interstate commerce means the movement of goods, services, money and individuals between any two states or between the United States and a foreign country.  The Government may satisfy this element by proving beyond a reasonable doubt that the transfers affected interstate commerce in any way, no matter how minimal.  Transfer of the documents through interstate or international shipments in the mail is sufficient.

V. 1.23.15 To Parties

Count Six: Membership in the Conspiracy

If you find beyond a reasonable doubt that a conspiracy to traffic in fraudulent identification documents existed as alleged in Count Six, you must then determine whether the Government has proved beyond a reasonable doubt that the defendant intentionally and knowingly participated as a member of that conspiracy.

Again, I have already instructed you as a general matter on what the Government is required to show to prove membership in a conspiracy, and you should apply those same instructions here.

78

V. 1.23.15 To Parties

<u>Count Seven: Conspiracy to Commit Money Laundering</u>

Finally, let me move on to Count Seven, which charges the defendant with conspiring to commit money laundering.

In order to find the defendant guilty of this count, you must find that the Government has proven the following elements beyond a reasonable doubt:

<u>First</u>, that an agreement between two or more persons existed with the money laundering objects alleged in Count Seven, which I shall discuss shortly.

<u>Second</u>, that the defendant intentionally and knowingly participated as a member of the conspiracy.

79

V. 1.23.15 To Parties

<u>Count Seven: Objects of the Conspiracy</u>

There are two objects of the money laundering conspiracy charged in Count Seven.  Count Seven alleges that one object of the conspiracy was to conduct financial transactions with intent to promote specified unlawful activity, specifically, narcotics trafficking, computer hacking, and identification document fraud.  Count Seven alleges that a second object of the conspiracy was to conduct the financial transactions knowing that the transactions were designed in whole or in part to conceal or disguise the proceeds of that unlawful activity.

Again, you need not find that the defendant agreed to accomplish both of these objects.  An agreement to accomplish either one is sufficient.  However, you must all agree on the specific object or objects the defendant agreed with others to try to accomplish.

In order to establish that a money laundering conspiracy with either of these objects existed, the Government must prove the following beyond a reasonable doubt:

<u>First</u>, the Government must prove that two or more persons entered into an agreement to conduct "financial transactions," a term that I will define for you in a moment.

<u>Second</u>, the Government must prove that the financial transactions at issue involved the proceeds of specified unlawful activity, namely narcotics trafficking, computer hacking, or identification document fraud;

80

V. 1.23.15 To Parties

Third, the Government must prove that the conspirators knew that the financial transactions involved the proceeds of some form of unlawful activity; and

Fourth, the Government must prove that the conspirators agreed to conduct the financial transactions with one or both of the following purposes: either they intended to promote the carrying on of specified unlawful activity, namely narcotics trafficking, computer hacking, or identification document fraud; or they knew that the transactions were designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of these crimes.

V. 1.23.15 To Parties

<u>Count Seven, First Element of Money Laundering:</u>
<u>Agreement To Conduct A Financial Transaction</u>

The first element the Government must prove to establish the existence of a money laundering conspiracy is that two or more persons agreed to conduct financial transactions.  The term "financial transaction" includes any transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means.  ~~The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services.~~

I have already defined the concept of interstate commerce for you.  Again, in determining whether the transactions at issue affected interstate or foreign commerce, the effect on interstate or foreign commerce can be minimal.  Any movement of funds across state lines or national borders will satisfy this element.

82

V. 1.23.15 To Parties

<u>Count Seven, Second Element of Money Laundering: Source of Funds</u>

The second element that the Government must prove to establish the existence of a money laundering conspiracy is that the agreed-upon financial transactions involved the proceeds of specified unlawful activity, namely narcotics trafficking, computer hacking, or identification document fraud.

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute.  In this case, the Government has alleged that the funds in question were the proceeds of drug trafficking, computer hacking, and identification document fraud.  I instruct you that, as a matter of law, these crimes all fall within the definition of "specified unlawful activity."  However, it is for you to determine whether the funds at issue were the proceeds of any of these crimes.  You must unanimously find at least one of these crimes to have been the source of the funds to satisfy this element.

83

V. 1.23.15 To Parties

Count Seven, Third Element of Money Laundering:
Knowledge of the Source of Funds

The third element that the Government must prove beyond a reasonable doubt to establish the existence of a money laundering conspiracy is that the members of the conspiracy knew that the financial transactions at issue involved the proceeds of some form of unlawful activity.  ~~The Government does not have to prove that the conspirators specifically knew that the property involved in the transaction represented the proceeds of drug trafficking, for example, as opposed to any other specific offense.~~  The Government ~~only~~ has to prove that the individuals agreeing to conduct the financial transactions knew that the defendant knew the transactions involved the proceeds of the ~~some~~ illegal activity alleged in the Indictment that was a felony.

Keep in mind that it is not necessary for all conspirators to believe that the proceeds came from the same unlawful activity; it is sufficient that each ~~potential~~ conspirator believed that the proceeds came from some unlawful activity.

84

V. 1.23.15 To Parties

<u>Count Seven, Fourth Element of Money Laundering: Purpose of the Transactions</u>

Finally, the fourth element that the Government must prove beyond a reasonable doubt to establish the existence of a money laundering conspiracy concerns the purpose of the transactions conducted as part of the conspiracy.  It is here that the two objects of the conspiracy charged in Count Seven differ.

As to the first object, the Government must prove beyond a reasonable doubt that the conspirators agreed to conduct financial transactions with the intent to promote the carrying on of drug trafficking, computer hacking, or identification document fraud.

As to the second object, the Government must prove beyond a reasonable doubt that the conspirators agreed to conduct financial transactions with knowledge that the transactions were designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of drug trafficking, computer hacking, or identification document fraud.

As I have previously instructed, to act intentionally or knowingly means to act purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason.  That is, the acts must be the product of the defendant's conscious objective.

Again, the Government is not required to prove both alleged objects of the conspiracy; either is sufficient standing alone.  So, if you find that the Government has proven beyond a reasonable doubt defendant agreed to act with the intention of promoting the carrying on of drug trafficking, computer hacking, or identification fraud, or with the knowledge that the financial transactions were designed to

85

V. 1.23.15 To Parties

conceal or disguise the nature, location, source, ownership, or control of proceeds of these crimes, this element is satisfied.

V. 1.23.15 To Parties

<u>Count Seven: Membership in the Conspiracy</u>

If you find that a conspiracy to commit money laundering as I've just described to you existed, then you must then determine whether the Government has proved beyond a reasonable doubt that the defendant intentionally and knowingly became a member of that conspiracy.

I have already instructed you as a general matter on what the Government is required to show to prove membership in a conspiracy, and you should apply those same instructions here.

87

V. 1.23.15 To Parties

**OTHER INSTRUCTIONS**

<u>Variance in Dates</u>

The Indictment alleges that ~~certain conduct~~ <u>certain events or transactions</u> occurred on or about various dates <u>or during various time periods</u>.  It is not necessary, however, for the Government to prove that <u>any conduct alleged</u> ~~these events or transactions~~ occurred ~~on~~ exactly ~~those dates~~<u>when the Indictment alleges</u>. As long as <u>the conduct occurred around any dates or within any time periods the Indictment alleges it occurred,</u> ~~there is a substantial similarity between the dates alleged and the dates established by the evidence,~~ that is sufficient.

88

V. 1.23.15 To Parties

Venue

In addition to all the elements I have described for you with respect to Counts One through Seven of the Indictment, you must also decide whether any part of the offense reached within the Southern District of New York.  The Southern District of New York includes only the following counties:  Manhattan, the Bronx, Westchester, Dutchess, Putnam, Rockland, Orange, and Sullivan.  This is called "venue."  Venue means place or location.

Venue must be examined separately for each individual count.  Venue on one count does not establish venue on another count.

In regard to venue as to the conspiracy counts, tThe Government need not prove that any crime was completed in this District or that the defendant or any of his co-conspirators was physically present here.  Rather, venue is proper in this District if the defendant, or anyone whose conduct the defendant aided or abetted, or, for the conspiracy counts, any of the defendant's or his co-conspirators, caused any event to occur in this District in furtherance of the offense.

The defendant need not have specifically intended to cause something to happen in this District, or known that he was causing something to happen here. As long as it was reasonably foreseeable to the defendant that his conduct (or the conduct of anyone whom he aided or abetted or conspired with) would cause something to happen here in the Southern District in furtherance of the crime, that is sufficient.

Among other things, venue can be established if the defendant or his co-conspirators caused any communications to be transmitted to or from this District

89

V. 1.23.15 To Parties

that were in furtherance of the offense. ~~Such communications can include the transmission of the contents of a website to the Southern District of New York, where the operation of the website was in furtherance of the offense and where it was reasonably foreseeable to the defendant that the website could be accessed by someone in the Southern District of New York.~~

> **Commented [ST13]:** The Government objects to the deletion of this text, which accurately states the law.

~~In regard to venue as to the substantive offenses (Counts One, Two, and Four), the Government must prove that an essential conduct element of the offense was committed within the Southern District of New York.~~

On this issue of venue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means more likely than not. Thus, the

> **Commented [J14]:** Defendant restates his position that the government should be required to prove venue beyond a reasonable doubt.

Government has satisfied its burden of proof as to venue if you conclude that it is more likely than not that some act or communication in furtherance of each charged offense occurred in this District. If, on the other hand, you find that the Government has failed to prove the venue requirement as to a particular offense, then you must acquit the defendant of that offense, even if all other elements of an offense are proven.

V. 1.23.15 To Parties

<u>Improper Considerations: Race, Religion, National Origin, Sex, Age, or Political Views</u>

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, age, or political views.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, sex, age, or political views of any other witness or anyone else involved in this case.  Both the defendant and the Government are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence or lack of evidence.

**Commented [ST15]:** The Government objects to this language as unnecessary and confusing.

91

V. 1.23.15 To Parties

### Sympathy

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the defendant beyond a reasonable doubt with respect to each of the elements of each of the offenses charged?

It is for you alone to decide whether the Government has proven beyond a reasonable doubt that the defendant is guilty of the crime for which he is charged solely on the basis of the evidence or lack of evidence and subject to the law as I charge you.  It must be clear to you that once you let fear, prejudice, bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If the Government has failed to establish the defendant's guilt beyond a reasonable doubt, you must acquit him.  But on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

92

V. 1.23.15 To Parties

<u>Punishment</u>

The question of possible punishment of the defendant is of no concern to you, ladies and gentlemen of the jury, and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the Court.

Your function is to weigh the evidence in the case and to determine whether or not the Government has proved that the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.

93

V. 1.23.15 To Parties

<u>Juror Note-Taking</u>

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations.  Any notes you have taken are to assist you and you alone.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case.  If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

94

V. 1.23.15 To Parties

## CONCLUDING REMARKS

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant, Ross Ulbricht, with respect to each one of the counts in the Indictment in which he is charged. You are to consider his guilt or non-guilt as to each count separately.

You are about to begin your deliberations. Many—but not all—of the exhibits will be sent with you into the jury room. For instance, we will not send any seized narcotics or other contraband you saw into the jury room. If you want to see any of the physical evidence not sent into the jury room with you, or would like any of the testimony given during the trial read back to you, that can be arranged. Please appreciate that it is not always easy to locate any testimony that you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony you may want. Any communication with the Court at all—whether requesting evidence or testimony or otherwise—should be made to me in writing, signed by your foreperson, and given to the Marshal. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with all of you in person, with the lawyers and the defendant present. In no event should you tell me or anyone else—in a note or orally—how the jury stands numerically in its voting on the issues of the defendant's guilt until after a unanimous verdict is reached.

95

V. 1.23.15 To Parties

Your first task as a jury will be to choose your foreperson, if you have not already done so.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise.

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.  It is for you, and you alone, to decide whether the Government has proved beyond a reasonable doubt the essential elements of the crimes with which the defendant has been charged.  If the Government has failed, your verdict must be not guilty; if it has succeeded, your verdict must be guilty.  Again, you must consider each count individually.  I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that oath you promised that you would well and truly try the issues joined in this case and a true verdict render.  Your function is to weigh the evidence in the case and determine whether or not a defendant is guilty solely upon the basis of such evidence.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions

96

V. 1.23.15 To Parties

of your fellow jurors or because you are outnumbered.  Your final vote must reflect

your conscientious belief as to how the issues should be decided.

Your verdict must be unanimous.  If at any time you are not in agreement,

you are instructed that you are not to reveal the position of the jurors, that is, the

split of the vote, to anyone, including the Court, at any time during your

deliberations.  Finally, I say this not because I think it is necessary, but because it

is the custom in this courthouse to say this:  You should treat each other with

courtesy and respect during your deliberations.

All litigants stand equal in this room.  All litigants stand equal before the bar

of justice.  All litigants stand equal before you.  Your duty is to decide the issues

before you fairly and impartially, and to see that justice is done.

~~Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.~~

Members of the jury, I ask your patience for a few moments longer.  It is

necessary for me to spend a few moments with counsel and the reporter at the side

bar.  I will ask you to remain patiently in the jury box, without speaking to each

other, and we will return in just a moment to submit the case to you.

97

> **Commented [ST16]:** The Government sees no reason to delete this text.

14-cr-68 Jury Charges V. 1.27.15 (Govt & Def Edits)

| Main document changes and comments |  |  |
| --- | --- | --- |
| **Page 4: Inserted** | **JDratel** | **1/27/2015 12:16:00 PM** |

or lack of evidence

| **Page 8: Inserted** | **JDratel** | **1/27/2015 12:46:00 PM** |
| --- | --- | --- |

Even though the defendant has called witnesses in this case, the presumption of innocence remains with him, and the government still has the burden of proof beyond a reasonable doubt.

| **Page 11: Deleted** | **JDratel** | **1/27/2015 12:47:00 PM** |
| --- | --- | --- |

Let me give you another example. Imagine that you are on a deserted island. You've been all alone there for five years. One day, you see footprints in the sand— human footprints—of a foot several sizes larger than your own. You have not seen a person, but, based on the footprint, you are able to "put two and two together" and you determine that you are no longer alone. Someone else is now on the island with you. That deduction on your part, based on circumstantial evidence, constitutes your determination of a fact.

| **Page 19: Inserted** | **Serrin Turner** | **1/27/2015 5:22:00 PM** |
| --- | --- | --- |

I note that some of the testimony you heard from law enforcement agents included testimony concerning what they personally suspected or believed about particular individuals at various points during their investigation. As I have instructed you previously, such beliefs or suspicions of a law enforcement agent, or any other witness, are not evidence and should be disregarded.

| Page 20: Inserted | Serrin Turner | 1/27/2015 5:25:00 PM |
|---|---|---|

or non-prosecution

| Page 20: Deleted | Serrin Turner | 1/27/2015 5:25:00 PM |
|---|---|---|

the

| Page 20: Inserted | Serrin Turner | 1/27/2015 5:25:00 PM |
|---|---|---|

such an

| Page 21: Inserted | Serrin Turner | 1/27/2015 5:26:00 PM |
|---|---|---|

one of

| Page 21: Inserted | Serrin Turner | 1/27/2015 5:26:00 PM |
|---|---|---|

es

| Page 21: Deleted | Serrin Turner | 1/27/2015 5:26:00 PM |
|---|---|---|

out of the same facts that are at issue in this case

| Page 21: Inserted | Serrin Turner | 1/27/2015 5:26:00 PM |
|---|---|---|

from drug dealing on Silk Road

| Page 21: Deleted | Serrin Turner | 1/27/2015 5:26:00 PM |
|---|---|---|

similar

| Page 21: Inserted | Serrin Turner | 1/27/2015 5:26:00 PM |
|---|---|---|

related

| Page 25: Deleted | JDratel | 1/27/2015 12:49:00 PM |
|---|---|---|

You are not to speculate as to why law enforcement used the techniques they did.

| Page 29: Inserted | Serrin Turner | 1/27/2015 5:27:00 PM |
|---|---|---|

that was either described

| Page 29: Deleted | Serrin Turner | 1/27/2015 5:27:00 PM |
|---|---|---|

set forth either

| Page 29: Inserted | Serrin Turner | 1/27/2015 5:27:00 PM |
|---|---|---|

reflected

| Page 29: Inserted | Serrin Turner | 1/27/2015 5:27:00 PM |
|---|---|---|

<u>Excerpts and Redactions</u>

Some of the exhibits admitted into evidence consist of excerpts of longer documents that were not admitted into evidence in their entirety.  These excerpts are simply the portions of the underlying documents considered to be most relevant to the case by the party introducing them.  There is nothing unusual or improper about the use of such excerpts, and you are not to infer from the use of such excerpts that any relevant portion of a document has been omitted.

Similarly, some of the exhibits admitted into evidence include redactions of certain information.  Again, there is nothing unusual or improper about such redactions, and you are not to infer from the use of such redactions that any relevant portion of a document has been removed.

| Page 34: Deleted | Serrin Turner | 1/27/2015 5:28:00 PM |

Heroin, cocaine, LSD, and methamphetamine are controlled substances.

| Page 34: Inserted | JDratel | 1/27/2015 1:04:00 PM |

and

| Page 34: Deleted | JDratel | 1/27/2015 1:01:00 PM |

or

| Page 35: Inserted | JDratel | 1/27/2015 1:09:00 PM |

| Page 35: Deleted | JDratel | 1/27/2015 1:09:00 PM |

One can also be said to "distribute" narcotics by committing an act in furtherance of a sale, delivery, or transfer, such as brokering a sales transaction, receiving purchase money, or arranging for the delivery of narcotics.  It is not necessary for you to find that the defendant himself personally possessed any narcotics in order for you to find that he participated in distributing narcotics. However, distribution requires a concrete involvement in the transfer of the drugs.

| Page 35: Inserted | JDratel | 1/27/2015 1:09:00 PM |

The word "distribution" means to deliver a narcotic.  "Deliver" is defined as the actual, constructive or attempted transfer of a narcotic. Simply stated, the words to distribute and deliver mean to pass on, or to hand over to another, or to cause to be passed or handed over to another, or to try to pass on or hand over to another, narcotics.  Distribution does not require a sale. Activities in furtherance of the ultimate sale, such as vouching for the quality of the drugs, negotiating for or receiving the price, and supplying or delivering the drugs may constitute

distribution.  In short, distribution requires a concrete involvement in the transfer of the drugs.

Sand, *et al.*, Instruction 56-10, paragraph 56.01 [4] (verbatim).

| Page 35: Commented | Serrin Turner | 1/27/2015 5:30:00 PM |
|---|---|---|

The Government objects to this change.  The existing language is clearer and better tailored to the facts of this case.

| Page 35: Formatted | JDratel | 1/27/2015 1:09:00 PM |
|---|---|---|

Normal, Indent: First line:  0.5"

| Page 35: Deleted | JDratel | 1/27/2015 1:09:00 PM |
|---|---|---|

| Page 35: Inserted | JDratel | 1/27/2015 1:03:00 PM |
|---|---|---|

<u>and</u>

| Page 35: Deleted | JDratel | 1/27/2015 1:03:00 PM |
|---|---|---|

<u>or</u>

| Page 35: Inserted | JDratel | 1/27/2015 1:10:00 PM |
|---|---|---|

and

| Page 35: Deleted | JDratel | 1/27/2015 1:10:00 PM |
|---|---|---|

or

| Page 35: Inserted | JDratel | 1/27/2015 1:09:00 PM |
|---|---|---|

, and distributed the narcotics intentionally

| Page 37: Inserted | JDratel | 1/27/2015 1:10:00 PM |
|---|---|---|

iding and a

| Page 38: Inserted | JDratel | 1/27/2015 1:10:00 PM |
|---|---|---|

To determine whether the defendant aided or abetted the commission of the

crime with which he is charged in Count Four or Count Eight, ask yourself whether

the Government has proven the following beyond a reasonable doubt:

„h Did he participate in the crime charged as something he wished to bring

about?

„h Did he associate himself with the criminal venture knowingly and

intentionally?

„h Did he seek by his actions to make the criminal venture succeed?

If the answer to all of these questions is yes, then the defendant is an aider

and abettor, and therefore guilty of the offense. If the answer to any of these

questions is no, then the defendant is not an aider and abettor, and is not guilty of

the offense as such.

From *United States v. Mostafa*, 04 Cr. 356 (KBF)

| Page 39: Commented | Serrin Turner | 1/27/2015 5:32:00 PM |
|---|---|---|

The Government believes this language is cumulative and unnecessary but otherwise does not object

to its inclusion.

| Page 40: Deleted | JDratel | 1/27/2015 1:12:00 PM |
|---|---|---|

The Government need not prove that the defendant was specifically aware of,

or could foresee, the types and quantities of drugs he was distributing or helping

others distribute.  As long as the defendant knowingly and intentionally distributed

or aided and abetted the distribution of some amount of controlled substances, he is

responsible for all the types and quantities of controlled substances distributed,

regardless of whether he knew or could foresee the types or quantities involved.

| Page 40: Commented | Serrin Turner | 1/27/2015 5:34:00 PM |
|---|---|---|

The Government objects to this deletion.  The language accurately states the law.

| Page 41: Inserted | JDratel | 1/27/2015 1:12:00 PM |
|---|---|---|

as to the specific drug

| Page 43: Deleted | Serrin Turner | 1/27/2015 5:34:00 PM |
|---|---|---|

means "to deliver a controlled substance to an ultimate user or research subject by,

or pursuant to the lawful order of, a practitioner."

| Page 43: Inserted | Serrin Turner | 1/27/2015 5:34:00 PM |
|---|---|---|

is not relevant here.

| Page 45: Inserted | JDratel | 1/27/2015 1:13:00 PM |
|---|---|---|

<u>and</u>

| Page 45: Deleted | JDratel | 1/27/2015 1:13:00 PM |
|---|---|---|

<u>or</u>

| Page 45: Inserted | JDratel | 1/27/2015 1:13:00 PM |
|---|---|---|

and

| Page 45: Deleted | JDratel | 1/27/2015 1:13:00 PM |
|---|---|---|

or

| Page 47: Deleted | Serrin Turner | 1/27/2015 5:34:00 PM |
|---|---|---|

Before I explain the elements of conspiracy in greater detail, let me make one point: in considering a conspiracy charge you do not have to find that any actual substantive crime that is an object of the conspiracy has been committed.  It is the agreement itself—the agreement with others to commit the crime—along with the other elements of conspiracy, that the law forbids and defines as a crime.

| Page 47: Inserted | JDratel | 1/27/2015 1:15:00 PM |
|---|---|---|

general

| Page 47: Inserted | JDratel | 1/27/2015 1:16:00 PM |
|---|---|---|

regarding conspiracy

| Page 50: Commented | Serrin Turner | 1/27/2015 5:36:00 PM |
|---|---|---|

As the Government will explain by letter, the Government objects to this instruction in its entirety and respectfully requests that it be omitted or, in the alternative, replaced with language the Government will propose in its letter.

| Page 50: Deleted | JDratel | 1/27/2015 1:18:00 PM |
|---|---|---|

You may consider whether there was "mutual dependence" among the participants.

| Page 51: Inserted | JDratel | 1/27/2015 1:18:00 PM |
|---|---|---|

.

| Page 51: Deleted | JDratel | 1/27/2015 1:18:00 PM |
|---|---|---|

, especially where the activity of a single person was central to the involvement of

all.

| Page 52: Inserted | JDratel | 1/27/2015 1:18:00 PM |
|---|---|---|

beyond a reasonable doubt

| Page 52: Inserted | JDratel | 1/27/2015 1:18:00 PM |
|---|---|---|

.

| Page 52: Deleted | JDratel | 1/27/2015 1:18:00 PM |
|---|---|---|

, or to aid and abet such activity.

| Page 52: Commented | Serrin Turner | 1/27/2015 5:37:00 PM |
|---|---|---|

The Government objects to this deletion.  The Indictment alleges a conspiracy in part to aid and abet

drug trafficking, which is a valid charge.

| Page 54: Inserted | Serrin Turner | 1/27/2015 5:37:00 PM |
|---|---|---|

Once a person joins a conspiracy, that person remains a member unless and

until he withdraws from it completely.  In order to withdraw from the conspiracy, a

conspirator must show that he took some affirmative act to disavow or defeat the

purpose of the conspiracy.  He can do so either by informing law enforcement of the

criminal activities of the conspiracy or by communicating his abandonment of the

conspiracy in a manner reasonably calculated to reach co-conspirators.  Merely

ceasing to play a part in the conspiracy is not sufficient by itself to establish

withdrawal from the conspiracy.  Moreover, if, after initially attempting to

withdraw, a conspirator takes any subsequent acts to promote the conspiracy or

receives any additional benefits from the conspiracy, he cannot be considered to

have withdrawn from the conspiracy.  The defendant has the burden of proving that

he withdrew from the conspiracy by a preponderance of the evidence.  To prove

something by a preponderance of the evidence means to prove that it is more likely

true than not true.

If you find that the defendant at some point withdrew from the conspiracy, he

is not responsible for the acts of his co-conspirators following his withdrawal.

However, the defendant still would have been part of the conspiracy until the point

of withdrawal.  In other words, even if you conclude that the defendant withdrew

from the conspiracy at a particular time, he would remain responsible for the

actions of the conspiracy up until that time.

| Page 55: Inserted | Serrin Turner | 1/27/2015 5:38:00 PM |

| Page 56: Inserted | Serrin Turner | 1/27/2015 5:39:00 PM |

He need not have been a part of the conspiracy when it ended.

| Page 56: Deleted | Serrin Turner | 1/27/2015 5:39:00 PM |

joined

| Page 56: Inserted | Serrin Turner | 1/27/2015 5:39:00 PM |

participated in

| Page 56: Deleted | Serrin Turner | 1/27/2015 5:39:00 PM |

join

| Page 56: Inserted | Serrin Turner | 1/27/2015 5:39:00 PM |

participate

| Page 56: Deleted | JDratel | 1/27/2015 1:19:00 PM |

was done before he joined and all that

| Page 56: Inserted | Serrin Turner | 1/27/2015 5:39:00 PM |

before or after he joined in addition to all that was done

| Page 56: Inserted | Serrin Turner | 1/27/2015 5:40:00 PM |

, to the extent the conspiratorial activity of others was reasonably foreseeable to

him

| Page 57: Deleted | Serrin Turner | 1/27/2015 5:41:00 PM |

the fact that the acts of the defendant

| Page 57: Inserted | Serrin Turner | 1/27/2015 5:41:00 PM |

merely taking acts that

| Page 57: Deleted | Serrin Turner | 1/27/2015 5:41:00 PM |

, without knowledge, merely

| Page 57: Inserted | Serrin Turner | 1/27/2015 5:41:00 PM |

without knowledge or intent,

| Page 57: Deleted | Serrin Turner | 1/27/2015 5:41:00 PM |
|---|---|---|

does not

| Page 57: Inserted | Serrin Turner | 1/27/2015 5:41:00 PM |
|---|---|---|

is not sufficient to make

| Page 57: Deleted | Serrin Turner | 1/27/2015 5:42:00 PM |
|---|---|---|

make the defendant a member

| Page 57: Inserted | Serrin Turner | 1/27/2015 5:42:00 PM |
|---|---|---|

someone a member of a conspiracy

| Page 62: Deleted | Serrin Turner | 1/27/2015 5:42:00 PM |
|---|---|---|

to

| Page 62: Inserted | JDratel | 1/27/2015 1:20:00 PM |
|---|---|---|

specific

| Page 64: Commented | JDratel | 1/27/2015 1:21:00 PM |
|---|---|---|

| Page 64: Commented | JDratel | 1/27/2015 1:21:00 PM |
|---|---|---|

Defendant restates his position that the government must enumerate the specific offenses that serve as the predicate for Count Four.

| Page 65: Deleted | JDratel | 1/27/2015 1:24:00 PM |
|---|---|---|

The

| Page 65: Commented | JDratel | 1/27/2015 1:24:00 PM |
|---|---|---|

Defendant reasserts his objection to the Indictment's failure to enumerate or otherwise identify the specific predicate offenses for Count Four.  In addition, the government should be required to enumerate the predicate offenses for purposes of the jury charge and the jury's determination.

| Page 65: Deleted | JDratel | 1/27/2015 1:24:00 PM |
|---|---|---|

Indictment need not specify each violation that constitutes the series.  Rather, any particular occasion when the defendant distributed certain illegal drugs or aided or abetted the distribution of such drugs could qualify as part of a continuing series of narcotics violations committed in by the defendant.  Likewise, any particular occasion when the defendant used a communication facility in committing, causing, or facilitating the commission of acts in violation of the narcotics laws could qualify as part of a continuing series of narcotics violations.

| Page 65: Commented | Serrin Turner | 1/27/2015 5:45:00 PM |
|---|---|---|

The Government objects to the deletion of this text, which accurately states the law.

| Page 67: Inserted | JDratel | 1/27/2015 1:27:00 PM |
|---|---|---|

, but any such person had to have been organized, supervised, or managed by the defendant

| Page 67: Commented | Serrin Turner | 1/27/2015 5:45:00 PM |
|---|---|---|

The Government objects to this language, which is redundant and confusing.

| Page 67: Inserted | Serrin Turner | 1/27/2015 5:46:00 PM |
|---|---|---|

It is sufficient, for instance, if the defendant arranged the activities of others into one essentially orderly operation or enterprise, even if the persons were otherwise independent of the defendant.

| Page 67: Deleted | Serrin Turner | 1/27/2015 5:46:00 PM |
|---|---|---|

r

| Page 70: Deleted | JDratel | 1/27/2015 1:28:00 PM |
|---|---|---|

or Aid and Abet

| Page 70: Deleted | JDratel | 1/27/2015 1:28:00 PM |
|---|---|---|

or aid and abet

| Page 70: Deleted | JDratel | 1/27/2015 1:28:00 PM |

or aid and abet

| Page 70: Commented | Serrin Turner | 1/27/2015 5:47:00 PM |

The Government objects to these deletions.  The Indictment validly charges conspiracy to aid and

abet in this count.

| Page 71: Deleted | JDratel | 1/27/2015 1:29:00 PM |

or aid and abet

| Page 71: Deleted | JDratel | 1/27/2015 1:29:00 PM |

, or to aid and abet others in doing so

| Page 71: Commented | Serrin Turner | 1/27/2015 5:48:00 PM |

Same objections.

| Page 71: Deleted | JDratel | 1/27/2015 1:29:00 PM |

I also have already instructed you on the concept of aiding and abetting.

| Page 71: Inserted | JDratel | 1/27/2015 1:30:00 PM |

.

| Page 71: Deleted | JDratel | 1/27/2015 1:30:00 PM |

, which would include any computer connected to the Internet.

| Page 73: Deleted | JDratel | 1/27/2015 1:30:00 PM |

or aid and abet

| Page 81: Deleted | JDratel | 1/27/2015 1:31:00 PM |

The term "funds" includes any currency, money, or other medium of exchange that

can be used to pay for goods and services.

| Page 83: Deleted | JDratel | 1/27/2015 1:32:00 PM |

The Government does not have to prove that the conspirators specifically knew that the property involved in the transaction represented the proceeds of drug trafficking, for example, as opposed to any other specific offense.

| Page 83: Deleted | JDratel | 1/27/2015 1:32:00 PM |
|---|---|---|

only

| Page 83: Inserted | JDratel | 1/27/2015 1:32:00 PM |
|---|---|---|

defendant knew the

| Page 83: Inserted | JDratel | 1/27/2015 1:32:00 PM |
|---|---|---|

the

| Page 83: Deleted | JDratel | 1/27/2015 1:33:00 PM |
|---|---|---|

some

| Page 83: Inserted | JDratel | 1/27/2015 1:33:00 PM |
|---|---|---|

alleged in the Indictment

| Page 83: Deleted | JDratel | 1/27/2015 1:33:00 PM |
|---|---|---|

 potential

| Page 84: Inserted | Serrin Turner | 1/27/2015 5:50:00 PM |
|---|---|---|

the

| Page 84: Inserted | Serrin Turner | 1/27/2015 5:50:00 PM |
|---|---|---|

Again, the Government is not required to prove both alleged objects of the conspiracy; either is sufficient standing alone.

| Page 87: Inserted | Serrin Turner | 1/27/2015 5:50:00 PM |
|---|---|---|

certain conduct

| Page 87: Deleted | Serrin Turner | 1/27/2015 5:50:00 PM |
|---|---|---|

certain events or transactions

| Page 87: Inserted | Serrin Turner | 1/27/2015 5:50:00 PM |
|---|---|---|

or during various time periods

| Page 87: Inserted | Serrin Turner | 1/27/2015 5:52:00 PM |
|---|---|---|

any conduct alleged

| Page 87: Deleted | Serrin Turner | 1/27/2015 5:51:00 PM |
|---|---|---|

these events or transactions

| Page 87: Deleted | Serrin Turner | 1/27/2015 5:52:00 PM |
|---|---|---|

on

| Page 87: Deleted | Serrin Turner | 1/27/2015 5:52:00 PM |
|---|---|---|

those dates

| Page 87: Inserted | Serrin Turner | 1/27/2015 5:52:00 PM |
|---|---|---|

when the Indictment alleges

| Page 87: Inserted | Serrin Turner | 1/27/2015 5:54:00 PM |
|---|---|---|

the conduct occurred around any dates or within any time periods the Indictment

alleges it occurred,

| Page 87: Deleted | Serrin Turner | 1/27/2015 5:51:00 PM |
|---|---|---|

there is a substantial similarity between the dates alleged and the dates established

by the evidence,

| Page 88: Deleted | Serrin Turner | 1/27/2015 5:48:00 PM |
|---|---|---|

In regard to venue as to the conspiracy counts, t

| Page 88: Inserted | Serrin Turner | 1/27/2015 5:48:00 PM |
|---|---|---|

T

| Page 88: Inserted | Serrin Turner | 1/27/2015 5:48:00 PM |
|---|---|---|

, or anyone whose conduct the defendant aided or abetted, or, for the conspiracy

counts, any of the defendant's

| Page 88: Inserted | Serrin Turner | 1/27/2015 5:48:00 PM |

.

| Page 88: Deleted | Serrin Turner | 1/27/2015 5:48:00 PM |

,

| Page 88: Inserted | Serrin Turner | 1/27/2015 5:48:00 PM |

A

| Page 88: Deleted | Serrin Turner | 1/27/2015 5:48:00 PM |

a

| Page 88: Inserted | Serrin Turner | 1/27/2015 5:49:00 PM |

(or the conduct of anyone whom he aided or abetted or conspired with)

| Page 89: Deleted | JDratel | 1/27/2015 1:34:00 PM |

Such communications can include the transmission of the contents of a website to

the Southern District of New York, where the operation of the website was in

furtherance of the offense and where it was reasonably foreseeable to the defendant

that the website could be accessed by someone in the Southern District of New

York.

| Page 89: Commented | Serrin Turner | 1/27/2015 5:49:00 PM |

The Government objects to the deletion of this text, which accurately states the law.

| Page 89: Deleted | Serrin Turner | 1/27/2015 5:49:00 PM |

In regard to venue as to the substantive offenses (Counts One, Two, and

Four), the Government must prove that an essential conduct element of the offense

was committed within the Southern District of New York.

| Page 89: Commented | JDratel | 1/27/2015 1:34:00 PM |

Defendant restates his position that the government should be required to prove venue beyond a reasonable doubt.

| Page 90: Inserted | JDratel | 1/27/2015 1:36:00 PM |

or lack of evidence

| Page 90: Commented | Serrin Turner | 1/27/2015 5:55:00 PM |

The Government objects to this language as unnecessary and confusing.

| Page 94: Inserted | JDratel | 1/27/2015 1:36:00 PM |

numerically in its voting

| Page 96: Deleted | JDratel | 1/27/2015 1:37:00 PM |

Under your oath as jurors, you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict.

| Page 96: Commented | Serrin Turner | 1/27/2015 5:56:00 PM |

The Government sees no reason to delete this text.

| Header and footer changes |

| Text Box changes |

| Header and footer text box changes |

| Footnote changes |

| Endnote changes |

# EXHIBIT B

Final To Parties (2.1.15)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                          :
UNITED STATES OF AMERICA          :
                                          :
              -v-                  :        14-cr-68 (KBF)
                                          :
ROSS WILLIAM ULBRICHT,        :
        a/k/a "Dread Pirate Roberts,"   :
        a/k/a "DPR,"                   :
        a/k/a "Silk Road,"           :
                                          :
                    Defendant.   :
------------------------------------------------------------X

**JURY INSTRUCTIONS**

Final To Parties (2.1.15)

TABLE OF CONTENTS

INTRODUCTORY INSTRUCTIONS..................................................................3
  Role of the Court..................................................................................3
  Role of the Jury...................................................................................4
  Statements of Counsel and Court Not Evidence; Jury's Recollection Controls......5
  Improper Considerations.........................................................................6
  The Parties........................................................................................7
  Presumption of Innocence and Burden of Proof..................................................8
  Reasonable Doubt..................................................................................9
  The Indictment...................................................................................10
GENERAL INSTRUCTIONS............................................................................11
  Direct and Circumstantial Evidence .............................................................11
  Credibility of Witnesses .......................................................................15
  Defendant's Testimony...........................................................................18
  Law Enforcement Witnesses........................................................................19
  Accomplice/Cooperating Witness Testimony........................................................20
  Persons Not on Trial.............................................................................23
  Preparation of Witnesses ........................................................................24
  Investigative Techniques ........................................................................25
  Use of Electronic Communications ................................................................26
  Stipulations.....................................................................................27
  Use of Charts and Tables ........................................................................28
  Excerpts and Redactions .........................................................................29
  Uncalled Witnesses Equally Available ............................................................30
CHARGE...........................................................................................31
  Summary of the Indictment .......................................................................31
  Multiple Counts .................................................................................32
  Count One: Narcotics Trafficking ................................................................33
  Count One, First Element: Distribution of Narcotics .............................................34
  Count One, Second Element: "Knowingly or Intentionally"..........................................35
  Count One: Aiding and Abetting ..................................................................36
  Count One: Drug Quantity ........................................................................39
  Count Two: Distributing or Aiding and Abetting the Distribution  of Narcotics by
    Means of the Internet .........................................................................41
  Count Two, First Element: Delivering, Distributing, or  Dispensing Controlled
    Substances.....................................................................................42
  Count Two, Second Element: Use of the Internet...................................................43
  Count Two, Third Element: "Knowingly or Intentionally" ..........................................44
  Count Two: Drug Quantity ........................................................................45
  Count Three: Conspiracy to Violate the Narcotics Laws ...........................................46
  Count Three, First Element: Existence of the Conspiracy .........................................47

1

Count Three, First Element: Objects of the Conspiracy ......................................... 49
Count Three, Second Element: Participation in the Conspiracy........................... 51
Count Three, Second Element: Extent of Participation...................................... 53
Count Three: Liability for Acts and Declarations of Co-Conspirators ................. 55
Count Three: No Overt Act Required ...................................................................... 57
Count Three: Drug Quantity.................................................................................... 58
Count Four: Continuing Criminal Enterprise.......................................................... 59
Count Four, First Element: Commission of Federal Narcotics Felony Offense .... 61
Count Four, Second Element: Continuing Series of Violations............................ 62
Count Four, Third Element: Five or More Persons ............................................... 63
Count Four, Fourth Element: Organizer, Supervisor or Manager....................... 64
Count Four, Fifth Element: Substantial Income or Resources ............................ 66
Count Five: Conspiracy to Commit or Aid and Abet Computer Hacking ............. 67
Count Five: Existence of the Conspiracy............................................................... 68
Count Five: Membership in the Conspiracy........................................................... 70
Count Six: Conspiracy to Traffic in Fraudulent Identification Documents........... 71
Count Six: Existence of the Conspiracy................................................................ 72
Count Six: Membership in the Conspiracy............................................................ 74
Count Seven: Conspiracy to Commit Money Laundering...................................... 75
Count Seven: Objects of the Conspiracy ............................................................... 76
Count Seven, First Element of Money Laundering:  Agreement To Conduct A
    Financial Transaction........................................................................................ 78
Count Seven, Second Element of Money Laundering: Source of Funds ............... 79
Count Seven, Third Element of Money Laundering:  Knowledge of the Source of
    Funds .................................................................................................................. 80
Count Seven, Fourth Element of Money Laundering: Purpose of the Transactions
    ........................................................................................................................... 81
Count Seven: Membership in the Conspiracy ....................................................... 83
OTHER INSTRUCTIONS ......................................................................................... 84
Variance in Dates .................................................................................................. 84
Venue ..................................................................................................................... 85
Improper Considerations: Race, Religion, National Origin, Sex, Age, or Political
    Views .................................................................................................................. 87
Sympathy ................................................................................................................ 88
Punishment............................................................................................................. 89
Juror Note-Taking .................................................................................................. 90
CONCLUDING REMARKS ...................................................................................... 91

Final To Parties (2.1.15)

## INTRODUCTORY INSTRUCTIONS

### Role of the Court

You have now heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties.  My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them.

On these legal matters, you must take the law as I give it to you.  Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.  If an attorney or anyone else at trial has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  You may take a copy of these instructions with you into the jury room.

3

Final To Parties (2.1.15)

<u>Role of the Jury</u>

Your role is to pass upon and decide the fact issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence or lack of evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

The evidence before you consists of the answers given by witnesses and the exhibits and stipulations that were received into evidence.  In determining the facts, you must rely upon your own recollection of the evidence.  I will instruct you at the end of these charges about your ability to request to have testimony read back and your access to other evidence admitted during the trial.

Final To Parties (2.1.15)

<u>Statements of Counsel and Court Not Evidence;</u>
<u>Jury's Recollection Controls</u>

What the lawyers have said in their opening statements, in their objections, and in their questions, and what they may say in their closing arguments, is not evidence. You should bear in mind particularly that a question put to a witness is never evidence. Only the answer is evidence. If a witness affirms a particular fact in a question by answering "yes," you may consider that fact as agreed on by the witness; the weight that you give that fact is up to you.

Nor are you to substitute anything that I may have said during the trial or during these instructions with respect to facts for your own independent recollection. What I say is not evidence. If I have sustained an objection to a question or stricken testimony, any stricken answers given by a witness are no longer part of the evidence in this case, and you may not consider them.

You should draw no inference or conclusion for or against any party because of lawyers' objections. Counsel have not only the right but the duty to make legal objections when they think that such objections are appropriate.

Also, do not draw any inferences from any of my rulings. The rulings I have made during trial are not any indication of my views of what your decision should be as to whether or not the Government has proven the defendant guilty of any of the crimes charged beyond a reasonable doubt. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, because of any comment, question, or instruction of mine.

Final To Parties (2.1.15)

## Improper Considerations

Your verdict must be based solely upon the evidence or the lack of evidence. It would be improper for you to consider any personal feelings you may have about the defendant's race, ethnicity, or national origin. It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

I also want to remind you that before each of you was accepted and sworn to act as a juror, you were asked questions concerning competency, qualifications, fairness, and freedom from prejudice and bias. On the faith of those answers, you were accepted as jurors by the parties. Therefore, those answers are as binding on each of you now as they were then, and should remain so, until the jury is discharged from consideration of this case.

6

Final To Parties (2.1.15)

<u>The Parties</u>

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that given to any other party to a litigation.  By the same token, the Government is entitled to no less consideration.

Final To Parties (2.1.15)

<u>Presumption of Innocence and Burden of Proof</u>

The defendant has pleaded not guilty to the charges in the Indictment.  As a result, the burden is on the Government to prove the defendant's guilt beyond a reasonable doubt.  This burden never shifts to the defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

The law presumes a defendant to be innocent of the charges.  This presumption was with the defendant when the trial began and remains with the defendant unless and until you are convinced that the Government has proved the defendant's guilt beyond a reasonable doubt.

Even though the defendant has called witnesses in this case, the presumption of innocence remains with him, and the Government still has the burden of proof beyond a reasonable doubt.

8

<u>Reasonable Doubt</u>

The question that naturally arises is, "What is a reasonable doubt?"  What does that phrase mean?  The words almost define themselves.  A reasonable doubt is a doubt based in reason and arising out of the evidence in the case, or the lack of evidence.  It is a doubt that a reasonable person has after carefully weighing all of the evidence in the case.

Reasonable doubt is a doubt that appeals to your reason, your judgment, your experience, and your common sense.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs; in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in important matters in his or her own affairs, then you have a reasonable doubt, and in that circumstance, it is your duty to find the defendant not guilty.

Reasonable doubt is not whim or speculation.  It is not an excuse to avoid the performance of an unpleasant duty.  Nor is it sympathy for the defendant you are considering.  "Beyond a reasonable doubt" does not mean a positive certainty, or beyond all possible doubt.  After all, it is virtually impossible for a person to be absolutely and completely convinced of any contested fact that by its nature is not subject to mathematical proof and certainty.  As a result, the law in a criminal case is that it is sufficient if the guilt of the defendant is established beyond a reasonable doubt, not beyond all possible doubt.

9

Final To Parties (2.1.15)

## The Indictment

The defendant, Ross Ulbricht, has been formally charged in what is called an "Indictment."

As I instructed you at the outset of this trial, the Indictment is simply an accusation. It is no more than the means by which a criminal case is started.

It is not evidence. It is not proof of the defendant's guilt. It creates no presumption, and it permits no inference that the defendant is guilty of the crimes charged.

You are to give no weight to the fact that an Indictment has been returned against the defendant.

I will not read the entire Indictment to you at this time. You will have a copy of the Indictment with you in the jury room and will have an opportunity to read it in its entirety. Rather, in a moment, I will summarize the charges in the Indictment and then explain in detail the elements of each crime that is charged.

10

## GENERAL INSTRUCTIONS

### Direct and Circumstantial Evidence

There are two types of evidence that you may use in reaching your verdict. One type of evidence is direct evidence. One kind of direct evidence is a witness's testimony about something that he or she knows by virtue of his or her own senses—something that the witness has seen, smelled, touched, or heard. Direct evidence may also be in the form of an exhibit.

The other type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove one fact by proof of other facts.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

That is all there is to circumstantial evidence. You infer based on reason, experience, and common sense from an established fact the existence or the nonexistence of some other fact.

Many facts, such as a person's state of mind, can rarely be proven by direct evidence. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that, before convicting the defendant, you, the jury,

11

Final To Parties (2.1.15)

must be satisfied of the defendant's guilt beyond a reasonable doubt from all the

evidence in the case.

Inferences

During the trial, and as I give you these instructions, you have heard and will hear the term "inference."  For instance, in their closing arguments, the attorneys have asked you to infer, based on your reason, experience, and common sense, from one or more established facts, the existence of some other fact.  I have instructed you on circumstantial evidence and that it involves inferring a fact based on other facts, your reason, and common sense.

What is an "inference"?  What does it mean to "infer" something?  An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists based on another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted but not required to draw from the facts that have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense.

Therefore, while you are considering the evidence presented to you, you may draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

13

Final To Parties (2.1.15)

Some inferences, however, are impermissible.  You may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he was present at the time the crime was being committed and had knowledge that it was being committed.  Nor may you use evidence that I have instructed you was admitted for a limited purpose for any inference beyond that limited purpose.

In addition, you may not infer that the defendant is guilty of participating in criminal conduct merely from the fact that he associated with other people who were guilty of wrongdoing or merely because he has or had knowledge of the wrongdoing of others.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict the defendant of any of the crimes charged.

14

Final To Parties (2.1.15)

<u>Credibility of Witnesses</u>

Now for the important subject of evaluating testimony.  How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your plain common sense.  Common sense is your greatest asset as a juror.  You should ask yourselves, did the witness impress you as honest, open, and candid?  Or did the witness appear evasive, or as though the witness were trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness is intentionally telling a falsehood that is always a matter of importance that you should weigh carefully.  If you find that any witness has lied under oath at this trial, you should view the testimony of such a witness cautiously and weigh it with great care.  It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of the testimony of any witness.

On some occasions during this trial, witnesses were asked to explain an apparent inconsistency between testimony offered at this trial and previous statements made by the witness.  It is for you to determine whether a prior statement was inconsistent, and if so, how much (if any) weight to give to an

15

inconsistent statement in assessing the witness's credibility at trial.  You may consider evidence of a witness's prior inconsistent statement only insofar as it relates to that witness's credibility.

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case.  Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.  This is not to suggest that any witness who has an interest in the outcome of a case would testify falsely.  It is for you to decide to what extent, if at all, the witness's interest has affected or colored his or her testimony.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged.  You may decide because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to yourselves that the testimony is not worthy of belief.  On the other hand, you may find, because of a witness's bearing and demeanor and based upon your consideration of all the other evidence in the case, that the witness is truthful.

Thus, there is no magic formula by which you can evaluate testimony.  You bring to this courtroom all your experience.  You determine for yourselves in many

circumstances the reliability of statements that are made by others to you and upon which you are asked to rely and act.  You may use the same tests here that you use in your everyday lives.  You may consider the interest of any witness in the outcome of this case and any bias or prejudice of any such witness, and this is true regardless of who called or questioned the witness.

<u>Defendant's Testimony</u>

A defendant in a criminal case does not have a duty to testify or come forward with any evidence.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  The defendant is never required to prove that he is innocent.

In this case, the defendant, Ross Ulbricht, chose not to testify.  You must not attach any significance to the fact that the defendant did not testify.  I instruct you that no adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it in any way in your deliberations in the jury room.

Final To Parties (2.1.15)

<u>Law Enforcement Witnesses</u>

You have heard the testimony of various members of law enforcement.  The fact that a witness may be employed as a law enforcement official or employee by the United States Government or by a foreign government does not mean that his testimony deserves more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is legitimate for defense counsel to try to attack the credibility of a law enforcement witness because his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness, as it is with every other type of witness, and to give that testimony the weight that you find it deserves.

I note that some of the testimony you heard from law enforcement agents included testimony concerning what they personally suspected or believed about particular individuals at various points during their investigation.  As I have instructed you previously, such beliefs or suspicions of a law enforcement agent, or any other witness, are not evidence and should be disregarded.

<u>Accomplice/Cooperating Witness Testimony</u>

You have heard from witnesses who testified that they committed crimes. Let me say a few things that you want to consider during your deliberations on the subject of what we call cooperating witnesses.

Cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of the witness's recollection, the witness's background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

Because of the possible interest that a cooperator may have in testifying for the Government, you should scrutinize his testimony with special care and caution. You may consider the fact that a witness is a cooperator as bearing upon his credibility. You may consider whether a witness, like any other witness in this case, has an interest in the outcome of the case and, if so, whether it has affected his testimony. It does not follow, however, that, simply because a person has admitted to participating in one or more crimes, he is incapable of giving a truthful version of what happened.

You also heard testimony about cooperation or non-prosecution agreements between the Government and cooperating witnesses. The existence of such an agreement itself and its effect on the witness may be considered by you in determining credibility. Your sole concern is whether a witness has given truthful and accurate testimony here in this courtroom before you.

20

Final To Parties (2.1.15)

In evaluating the testimony of a cooperating witness, you should ask yourselves whether the witness would benefit more by lying, or by telling the truth. Was his testimony fabricated in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.  As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

You have also heard testimony that one of the cooperating witnesses pled guilty to charges arising from drug dealing on Silk Road.  You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of the defendant on trial from the fact that a Government witness pled guilty to similar charges.  The decision of that witness to plead guilty was a personal decision that

21

Final To Parties (2.1.15)

witness made about his own guilt.  It may not be used by you in any way as

evidence against or unfavorable to the defendant on trial here.

<u>Persons Not on Trial</u>

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial, from the fact that certain persons were not named as a defendant in the Indictment.  The fact that these persons are not on trial here must play no part in your deliberations.

Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendant on trial.

Final To Parties (2.1.15)

<u>Preparation of Witnesses</u>

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the Government lawyers, the defense lawyers, or their own lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or inherently improper about a witness meeting with the Government lawyers, the defense lawyers, or his or her own lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

The weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

24

Final To Parties (2.1.15)

## Investigative Techniques

You have heard reference through the questioning to the fact that certain investigative techniques were used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.

Your concern is whether or not, on the evidence or lack of evidence, the Government has proved the defendant's guilt beyond a reasonable doubt.

25

Final To Parties (2.1.15)

<u>Use of Electronic Communications</u>

Some of the evidence in this case has consisted of electronic communications seized from computers or electronic accounts.  There is nothing illegal about the Government's use of such electronic communications in this case and you may consider them along with all the other evidence in the case.  Whether you approve or disapprove of the seizure of these communications may not enter your deliberations.

You must, therefore, regardless of any personal opinions, consider this evidence along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant. However, as with the other evidence, it for you to determine what weight, if any, to give such evidence.

Final To Parties (2.1.15)

## Stipulations

You have heard some evidence in the form of what are called "stipulations."

A stipulation of fact is an agreement among the parties that a certain fact is true.

You should regard such agreed facts as true.

A stipulation of testimony is an agreement among the parties that, if called, a

witness would have given certain testimony.  You must accept as true the fact that

the witness would have given the testimony.  However, it is for you to determine the

effect or weight to give that testimony.

Final To Parties (2.1.15)

<u>Use of Charts and Tables</u>

Now, some of the exhibits were charts, tables, or other forms of summary exhibits.  These exhibits are not direct evidence.  They are graphic representations or other ways of summarizing more voluminous information that was either described in the testimony of a witness or reflected in documents admitted into evidence.  It is often easier and more convenient to utilize charts, tables, and summaries as opposed to placing all of the underlying documents in front of you.  But it is up to you to decide whether the summary exhibits fairly and correctly reflect the underlying testimony and documents they purport to summarize.  To the extent that the summary exhibits conform with your understanding of the underlying evidence, you may accept them.  To the extent they do not, you should set them aside and rely on the underlying evidence instead.  But one way or the other, realize that the summary exhibits are not in and of themselves direct evidence.  They are merely intended to serve as aids in a party's presentation of the evidence.  They are nothing more.

<u>Excerpts and Redactions</u>

Some of the exhibits admitted into evidence consist of excerpts of longer documents that were not admitted into evidence in their entirety.  These excerpts are simply the portions of the underlying documents considered to be most relevant to the case by the party introducing them.  There is nothing unusual or improper about the use of such excerpts, and you are not to infer from the use of such excerpts that any relevant portion of a document has been omitted.

Similarly, some of the exhibits admitted into evidence include redactions of certain information.  Again, there is nothing unusual or improper about such redactions, and you are not to infer from the use of such redactions that any relevant portion of a document has been removed.

Final To Parties (2.1.15)

<u>Uncalled Witnesses Equally Available</u>

You have heard the names of several people during the course of the trial who did not appear here to testify and one or more of the attorneys may have referred to their absence.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  However, the Government bears the burden of proof, the defendant does not bear the burden of proof.  Therefore, you should not draw any inferences or reach any conclusions as to what these persons would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

30

Final To Parties (2.1.15)

# CHARGE

## Summary of the Indictment

The defendant, Ross Ulbricht, has been formally charged in a document called an Indictment.  As I instructed you at the outset of this case, an Indictment is a charge or accusation.  It is not evidence.  Here, the Indictment contains seven counts.  You will have a copy of the Indictment with you in the jury room and can read each Count in its entirety.  I am going to provide only a brief summary now:

Count One charges the defendant with distributing narcotics or aiding and abetting the distribution of narcotics.

Count Two charges the defendant with distributing narcotics or aiding and abetting the distribution of narcotics by means of the Internet, specifically.

Count Three charges the defendant with conspiring with others to violate the narcotics laws of the United States.

Count Four charges the defendant with engaging in a "continuing criminal enterprise," a term that I shall define for you in a moment.

Count Five charges the defendant with conspiring with others to commit or aid and abet computer hacking.

Count Six charges the defendant with conspiring with others to traffic in fraudulent identification documents or to aid and abet such activity.

Count Seven charges the defendant with conspiring with others to commit money laundering.

31

Final To Parties (2.1.15)

## Multiple Counts

As I just indicated, the Indictment contains a total of seven counts.  Each count constitutes a separate offense or crime.  You must consider each count of the Indictment separately, and you must return a separate verdict on each count charged.

## Count One: Narcotics Trafficking

As I said, Count One charges the defendant with distributing or aiding and abetting the distribution of narcotics.

In order to find the defendant guilty of this count, you must find that the Government has proven beyond a reasonable doubt the following two elements:

First, that the defendant distributed or aided and abetted the distribution of controlled substances. I will use the terms "controlled substances," "narcotics," and "drugs" interchangeably.

Second, that he did so knowingly or intentionally.

Final To Parties (2.1.15)

<u>Count One, First Element: Distribution of Narcotics</u>

The term "distribute" refers to selling, delivering, or otherwise transferring narcotics from one person to another.

One can also be said to "distribute" narcotics by committing an act in furtherance of a sale, delivery, or transfer, such as brokering a sales transaction, receiving purchase money, or arranging for the delivery of narcotics.  It is not necessary for you to find that the defendant himself personally possessed any narcotics in order for you to find that he participated in distributing narcotics. However, distribution requires a concrete involvement in the transfer of the drugs.

34

Final To Parties (2.1.15)

<u>Count One, Second Element: "Knowingly or Intentionally"</u>

The second element the Government must prove as to Count One is that the defendant acted knowingly or intentionally in distributing or aiding and abetting the distribution of narcotics.  To satisfy this element, you must find that the defendant had knowledge that what he was distributing consisted of narcotics or that he intended to distribute narcotics.

Knowledge is a matter of inference from facts proved.  A person acts "intentionally" and "knowingly" if he acts purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason.  That is, the acts must be the product of the defendant's conscious objective.

35

Count One: Aiding and Abetting

In addition to charging the defendant under a federal law that makes it illegal to distribute narcotics, Count One also charges the defendant under a federal law that makes it a crime for anyone to aid and abet a federal offense, including narcotics trafficking.

Under this aiding and abetting statute, it is not necessary for the Government to show that the defendant himself physically committed the crime with which he is charged in order for you to find him guilty of committing that crime. Thus, even if you do not find beyond a reasonable doubt that the defendant himself committed the substantive crime charged, you may, under certain circumstances that I will describe, still find the defendant guilty of the crime as an aider or abettor. Aiding and abetting means knowingly and intentionally helping or assisting in the commission of a crime.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself. Therefore, you may find the defendant guilty of a substantive crime if you find that the Government has proven beyond a reasonable doubt that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the crime.

As you can see, the first requirement is that another person has committed the crime charged. Obviously, no one can be convicted of aiding and abetting the criminal act of another if no one committed a crime. If you do find that the Government has proven beyond a reasonable doubt that a crime was committed,

however, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that the Government prove beyond a reasonable doubt that the defendant knowingly and intentionally associated himself in some way with the crime, and that he knowingly and intentionally sought, by some act, to help make the crime succeed.

The mere presence of the defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by the defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime with which he is charged in Count Four or Count Eight, ask yourself whether he Government has proven the following beyond a reasonable doubt:

- Did he participate in the crime charged as something he wished to bring about?

- Did he associate himself with the criminal venture knowingly and intentionally?

- Did he seek by his actions to make the criminal venture succeed?

If the answer to all of these questions is yes, then the defendant is an aider and abettor, and therefore guilty of the offense. If the answer to any of these questions is

Final To Parties (2.1.15)

no, then the defendant is not an aider and abettor, and is not guilty of the offense as

such.

<u>Count One: Drug Quantity</u>

If, and only if, you find that the Government has proven beyond a reasonable doubt that the defendant is guilty of the offense charged in Count One, then you are required to determine whether or not the Government has proven beyond a reasonable doubt that the offense involved the quantities of the particular narcotics alleged in Count One.

Specifically, you must determine whether the Government has proven beyond a reasonable doubt that the defendant distributed or aided and abetted the distribution of any of the following narcotics in the quantities specified:

- heroin in amounts totaling one kilogram or more

- cocaine in amounts totaling five kilograms or more

- LSD in amounts totaling 10 grams or more

- methamphetamine in amounts totaling 500 grams or more

The Government need not prove that the defendant was specifically aware of, or could foresee, the types and quantities of drugs he was distributing or helping others distribute.  As long as the defendant knowingly and intentionally distributed or aided and abetted the distribution of some amount of controlled substances, he is responsible for all the types and quantities of controlled substances distributed, regardless of whether he knew or could foresee the types or quantities involved.

The Government also need not prove the purity of any of the drugs that were distributed.  Any mixture or substance containing a detectable amount of the drug is sufficient.

39

Final To Parties (2.1.15)

You will be provided with a verdict form or chart that will include spaces for you to indicate your determinations concerning these questions.  As will be reflected on the form, you do not need to determine the precise quantities of drugs involved in the offense in Count One.  Rather, you need only decide whether the drugs included any of the types of drugs I just described, in amounts that, in total, exceed the thresholds that I have just described.  You need not find the alleged quantities are met in order to convict on Count One, but your determination regarding drug type and quantity, like your determination regarding the defendant's guilt, must be unanimous and must be reached beyond a reasonable doubt.

Final To Parties (2.1.15)

## Count Two: Distributing or Aiding and Abetting the Distribution of Narcotics by Means of the Internet

Let me now go on to Count Two of the Indictment, which charges the defendant under a federal law that specifically makes it a crime to distribute controlled substances by means of the Internet, or to aid and abet such activity.

In order to find the defendant guilty of this count, you must find that the Government has proven beyond a reasonable doubt the following elements:

First, that the defendant delivered, distributed, or dispensed a controlled substance, or aided and abetted others in doing so;

Second, that the delivery, distribution, or dispensation of controlled substances in question was accomplished by means of the Internet;

Third, that the defendant acted knowingly or intentionally.

41

Final To Parties (2.1.15)

<u>Count Two, First Element: Delivering, Distributing, or</u>
<u>Dispensing Controlled Substances</u>

The first element of Count Two requires that you find that the defendant delivered, distributed, or dispensed a controlled substance, or that he aided and abetted others in doing so.  Any of these alternatives is sufficient to satisfy this element.

I have already defined what it means to "distribute" or "deliver" controlled substances in explaining Count One.  Essentially, these terms refer to transferring or dealing out controlled substances to others.  The term "dispense" is not relevant here.

I have also already defined the concept of aiding and abetting in explaining Count One.  Again, you should apply that same definition here.

42

Final To Parties (2.1.15)

## Count Two, Second Element: Use of the Internet

The second element of Count Two requires that you find that the controlled substances at issue were delivered, distributed, or dispensed by means of the Internet.  This element is satisfied if you find the Government has proved beyond a reasonable doubt that the defendant served as an intermediary or middleman who caused the Internet to be used to bring together buyers and sellers engaged in distributing controlled substances, in a manner not authorized by law.

However, it is not sufficient to merely place on the Internet material advocating the use of a controlled substance or even which includes pricing information, if unaccompanied by an attempt to propose or facilitate an actual transaction involving a controlled substance.

43

Final To Parties (2.1.15)

<u>Count Two, Third Element: "Knowingly or Intentionally"</u>

Lastly, in order to find the defendant guilty on Count Two, you must find that he acted knowingly or intentionally.  I have already defined the terms "knowingly" and "intentionally" in explaining Count One.  You should apply those same definitions here.

Final To Parties (2.1.15)

<u>Count Two: Drug Quantity</u>

As with Count One, if you find the defendant guilty on Count Two, you must go on to determine whether certain types and quantities of drugs—the same types and quantities we discussed with respect to Count One—were involved in Count Two.  Again, you will be provided with a verdict form that will include spaces for you to indicate your determinations concerning these questions.  The same instructions I gave you with respect to determining drug quantity as to Count One apply here as well.

<u>Count Three: Conspiracy to Violate the Narcotics Laws</u>

Let me now move on to Count Three, which charges the defendant with conspiring with others to violate the narcotics laws.

In order to find the defendant guilty of this count, you must find that the Government has proven the following elements beyond a reasonable doubt:

<u>First</u>, the Government must prove beyond a reasonable doubt that a conspiracy to violate the narcotics laws existed—that is, that two or more persons had an agreement or understanding to achieve certain unlawful goals, called the "objects" of the conspiracy, which I shall describe for you in a moment.  Every conspiracy must have one or more objects or goals.

Therefore, the first question for you is: Did the conspiracy alleged in Count Three exist?  Was there such an agreement?

<u>Second</u>, the Government must prove beyond a reasonable doubt that the defendant intentionally and knowingly was a member of this conspiracy—that is, that he knowingly participated in the conspiracy to violate the narcotics laws, with knowledge of its objects and an intent to further those objects.

Let me now discuss the elements of conspiracy in greater detail.  I should note that, besides Count Three, Counts Five, Six, and Seven also involve conspiracy charges, so these general instructions regarding conspiracy apply for those counts as well.

<u>Count Three, First Element: Existence of the Conspiracy</u>

How do you determine whether a conspiracy "existed"?  Simply defined, a conspiracy is an agreement by two or more persons to violate the law.  A conspiracy has sometimes been called a partnership for criminal purposes in which each partner becomes the agent of every other partner.

To establish the existence of a conspiracy, however, the Government is not required to show that two or more people sat around a table and entered into a formal contract.  From its very nature a conspiracy is almost always characterized by secrecy and concealment.  It is sufficient if two or more persons, in any manner, whether they say so directly or not, come to a common understanding to violate the law.  Express language or specific words are not required to indicate agreement to or membership in a conspiracy.

It is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed.  If a conspiracy exists, even if it should fail in its purpose, it is still a crime.  It is the <u>agreement</u> itself—the agreement with others to commit a crime—that the law forbids and defines as a crime.

In determining whether there has been an unlawful agreement, you may judge the acts and conduct of the alleged members of the conspiracy that are done to carry out an apparent criminal purpose.  The adage "actions speak louder than words" is applicable here.

If, upon consideration of all the evidence, direct and circumstantial, you find beyond a reasonable doubt that the minds of two or more of the conspirators met

47

(we call this sometimes "a meeting of the minds")—that is, that they agreed, as I have explained a conspiratorial agreement to you, to work together in furtherance of the unlawful scheme alleged in the Indictment—then proof of the existence of the conspiracy is established.

<u>Count Three, First Element: Objects of the Conspiracy</u>

Let's talk about the "objects" of the conspiracy. As I said, in order to find the defendant guilty of the conspiracy charged in Count Three, you must find that the Government has proven beyond a reasonable doubt that the conspiracy had certain "objects," or goals the conspirators were seeking to achieve. Put another way, what did the conspirators want to achieve? What was their unlawful end or ends?

There are three objects alleged as part of the conspiracy charged in Count Three—three violations of the narcotics laws that the conspirators allegedly agreed to commit. You need not find that the defendant agreed to accomplish each and every one of these objects. An agreement to accomplish any one of these three objects is sufficient. However, you must all agree beyond a reasonable doubt on at least one specific object that the defendant agreed with others to try to accomplish. In other words, you must be unanimous as to a particular object of the conspiracy before you can find that this element is satisfied.

As to the first object, Count Three alleges that the defendant agreed with others to distribute controlled substances. I have already explained the elements of this crime in discussing Count One. What is being charged here in Count Three is that the defendant agreed with others to commit this crime.

As to the second object, Count Three alleges that the defendant agreed with others to deliver, distribute, and dispense controlled substances by means of the Internet, in a manner not authorized by law, or to aid and abet such activity. I have already explained the elements of this crime in discussing Count Two. Again, what

is being charged here in Count Three is that the defendant agreed with others to commit this crime.

As to the third object, Count Three alleges that the defendant agreed with others to use a communication facility in committing, causing, or facilitating the commission of acts in violation of the narcotics laws.  That crime is not separately charged elsewhere in the Indictment, so let me go over its elements now.

To show that the conspiracy alleged in Count Three had this crime as an object, the Government must prove the following beyond a reasonable doubt:

First, the Government must prove beyond a reasonable doubt that the defendant agreed with others to use a communication facility.  A communication facility is simply any device or system that can be used to transmit communications, and includes the Internet.

Second, the Government must prove beyond a reasonable doubt that the defendant agreed with others to use the communication facility in the process of committing, causing, or facilitating the commission of a narcotics felony, including the distribution of controlled substances or the importation of controlled substances into the United States;

Third, the Government must prove beyond a reasonable doubt that the defendant acted knowingly or intentionally—terms that I have already defined for you.

50

<u>Count Three, Second Element: Participation in the Conspiracy</u>

If you find the Government has proven beyond a reasonable doubt that a conspiracy to commit one or more of the objects alleged in Count Three of the Indictment existed, you must then determine whether the defendant intentionally and knowingly was a member of that conspiracy.  That is, did he participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering the objective of that conspiracy?

As I explained earlier, an act is done intentionally and knowingly if it is done purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason.  That is, the acts must be the product of the defendant's conscious objective.

If you find that the Government has proved beyond a reasonable doubt that a conspiracy existed (that is, the element we discussed a few moments ago), and that the defendant participated intentionally and knowingly in it, the extent of the defendant's participation has no bearing on whether or not he is guilty.  It does not matter whether a defendant's role in the conspiracy may have been more limited than or different in nature from the roles of other co-conspirators.  All that matters is that he intentionally and knowingly participated in the conspiracy, aware of its illegal objectives and desiring to further those objectives.

Also, the defendant's membership in the charged conspiracy can be established only by evidence of his own actions or words, and not by others who might be members of the charged conspiracy.

51

Final To Parties (2.1.15)

Once a person joins a conspiracy, that person remains a member unless and until he withdraws from it completely.  In order to withdraw from the conspiracy, a conspirator must show that he took some affirmative act to disavow or defeat the purpose of the conspiracy.  He can do so either by informing law enforcement of the criminal activities of the conspiracy or by communicating his abandonment of the conspiracy in a manner reasonably calculated to reach co-conspirators.  Merely ceasing to play a part in the conspiracy is not sufficient by itself to establish withdrawal from the conspiracy.  Moreover, if, after initially attempting to withdraw, a conspirator takes any subsequent acts to promote the conspiracy or receives any additional benefits from the conspiracy, he cannot be considered to have withdrawn from the conspiracy.  The defendant has the burden of proving that he withdrew from the conspiracy by a preponderance of the evidence.  To prove something by a preponderance of the evidence means to prove that it is more likely true than not true.

If you find that the defendant at some point withdrew from the conspiracy, he is not responsible for the acts of his co-conspirators following his withdrawal. However, the defendant still would have been part of the conspiracy until the point of withdrawal.  In other words, even if you conclude that the defendant withdrew from the conspiracy at a particular time, he would remain responsible for the actions of the conspiracy up until that time.

52

## Count Three, Second Element: Extent of Participation

As I have just said, the extent of the defendant's participation in the conspiracy charged in the Indictment has no bearing on the issue of the defendant's guilt. He need not have joined the conspiracy at the outset. He need not have been a part of the conspiracy when it ended. But, he must, at some point during its progress, have participated in the conspiracy with knowledge as to its general scope and purpose.

If he did participate with such knowledge at any time while it was in progress, he may still be held responsible for all that was done before or after he participated in addition to all that was done during the conspiracy's existence while he was a member, to the extent the conspiratorial activity of others was reasonably foreseeable to him. Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators play major roles, while others play minor parts in the scheme. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw the defendant within the ambit of the conspiracy.

I want to caution you, however, that the defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of a conspiracy, even coupled with knowledge that such other person is acting unlawfully, does not automatically make the defendant a member. A person may know, be related to, or be friendly with, or communicate with, a conspirator, without being a conspirator himself.

Mere similarity of conduct or the fact that the defendant may have assembled together with others, communicated with others, and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  Moreover, merely taking acts that happen to further the purposes or objectives of the conspiracy, without knowledge or intent, is not sufficient to make someone a member of a conspiracy. More is required under the law.  What is necessary is that the defendant participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, you must decide whether the Government has proved beyond a reasonable doubt that the defendant knew the unlawful character of the conspiracy and intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering the illegal undertaking.  If so, the defendant became a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

Count Three: Liability for Acts and Declarations of Co-Conspirators

I now want to talk with you about liability for acts and statements of co-conspirators.

When people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

If you find, beyond a reasonable doubt, that the defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the charged conspiracy or if they were not done or

Final To Parties (2.1.15)

said in furtherance of the conspiracy, they may not be considered by you as evidence

against the defendant.

Final To Parties (2.1.15)

## Count Three: No Overt Act Required

Count Three contains a section captioned "Overt Acts."  This section provides several examples of conduct allegedly undertaken by the defendant to further or promote the illegal objectives of the conspiracy charged in Count Three.  However, these alleged acts are not elements of the offense, and it is <u>not</u> necessary for the Government to prove that any of the acts alleged in this section of the Indictment took place.

The same is true for the other conspiracy charges in the Indictment.  None of the conspiracy charges requires you to find that any specific overt acts were committed in furtherance of the conspiracy.  You need only find that a conspiracy of the nature described existed, and that the defendant intentionally and knowingly became a member of the conspiracy.

## Count Three: Drug Quantity

As with Counts One and Two, if you find the defendant guilty on Count Three, you must go on to determine whether certain types and quantities of drugs—the same types and quantities we discussed with respect to Counts One and Two—were involved in the conspiracy charged in Count Three. Again, you will be provided with a verdict form that will include spaces for you to indicate your determinations concerning these questions. The same instructions I gave you with respect to determining drug quantity as to Count One apply here as well—with one exception.

In the case of a conspiracy, as we have discussed, a defendant is only liable for the acts of his co-conspirators that are reasonably foreseeable to him. So, as to Count Three, the defendant is accountable for the types and quantities of controlled substances distributed by co-conspirators only if those types and quantities were known or reasonably foreseeable to the defendant, and were within the scope of the criminal activity that the defendant jointly undertook. Again, you will be provided with a verdict form before you deliberate that will help you make these determinations.

## Count Four: Continuing Criminal Enterprise

Let me now move on to Count Four of the Indictment.  Count Four charges the defendant with engaging in a continuing criminal enterprise.  To convict the defendant on this count, the Government must prove beyond a reasonable doubt that the defendant committed one of the federal narcotics felonies I will describe for you in a moment, as part of a continuing series of federal narcotics offenses, undertaken with five or more people whom he organized, supervised, or managed, and from which he received substantial profit.  In essence, Count Four charges that the defendant engaged in the business of drug trafficking on a continuing, serious basis, and that he oversaw others and made substantial money in the process.

To meet its burden of proof on this offense, the Government must prove beyond a reasonable doubt each of the following elements:

First, the Government must prove that the defendant committed a federal narcotics felony, specifically, one of the narcotics offenses alleged within Counts One through Three, including distributing or aiding and abetting the distribution of controlled substances, distributing or aiding and abetting the distribution of controlled substances by means of the Internet, conspiring to distribute controlled substances, or using a communication facility in connection with the distribution of controlled substances;

Second, the Government must prove that this offense was part of a series of three or more violations of the federal narcotics laws committed by the defendant;

59

<u>Third</u>, the Government must prove that the defendant committed the offenses in this series of violations in concert with five or more persons;

<u>Fourth</u>, the Government must prove that the defendant acted as an organizer, supervisor, or manager of these five or more persons; and

<u>Fifth</u>, the Government must prove that the defendant obtained substantial income or resources from the series of violations of the narcotics laws.

<u>Count Four, First Element: Commission of Federal Narcotics Felony Offense</u>

The first element that the Government must prove as to Count Four is that the defendant committed a felony violation of the federal narcotics laws. Specifically, you must find the defendant guilty of one of the charges contained within Counts One through Three of the Indictment, including any of the crimes alleged as the objects of the conspiracy charged in Count Three.

These offenses include:

- distributing or aiding and abetting the distribution of controlled substances, which I defined for you in discussing Count One;

- distributing or aiding and abetting the distribution of controlled substances by means of the Internet, which I defined for you in discussing Count Two;

- conspiring to distribute controlled substances, which I defined for you in discussing Count Three; or

- using a communication facility in committing or in causing or facilitating the commission of acts in violation of the narcotics laws, which I defined for you in discussing the objects of Count Three.

Unless you find the Government has proved beyond a reasonable doubt that the defendant committed at least one of these offenses, you cannot find the defendant guilty under the continuing criminal enterprise law charged in Count Four.

### Count Four, Second Element: Continuing Series of Violations

The second element the government must prove as to Count Four is that the defendant committed a federal narcotics felony as part of a continuing series of violations of the federal narcotics laws.  A continuing series of violations is three or more violations of the federal narcotics laws committed over a definite period of time and related to each other in some way, as distinguished from isolated or disconnected acts.

These violations do not have to be alleged as separate counts in the Indictment.  The Indictment need not specify each violation that constitutes the series.  Rather, any particular occasion when the defendant distributed certain illegal drugs or aided or abetted the distribution of such drugs could qualify as part of a continuing series of narcotics violations committed in by the defendant.  Likewise, any particular occasion when the defendant used a communication facility in committing, causing, or facilitating the commission of acts in violation of the narcotics laws could qualify as part of a continuing series of narcotics violations.

However, you must unanimously agree on at least three specific acts committed by the defendant that constituted part of a continuing series of narcotics violations in order to find the defendant guilty on Count Four.

Final To Parties (2.1.15)

### Count Four, Third Element: Five or More Persons

The third element the government must prove as to Count Four is that the defendant committed a continuing series of violations in concert with five or more persons.  These persons do not have to be named in the Indictment.  They could be others who you find, beyond a reasonable doubt, were persons with whom the defendant committed the violations.

It is not necessary that you identify each of these five persons by their first and last names, but they must be, in fact, five separate persons.

You do not have to find that the five or more persons acted together at the same time, or that the defendant personally dealt with them together.  As long as there were at least five persons who the defendant somehow committed the continuing series of violations along with, that is sufficient.

<u>Count Four, Fourth Element: Organizer, Supervisor or Manager</u>

The fourth element the Government must prove beyond a reasonable doubt is that the defendant occupied the position of organizer, supervisor, or manager with respect to the five or more persons with whom he acted in concert.

In considering whether the defendant occupied such a position, you should give the words "organizer, supervisor or manager" their ordinary, everyday meaning.

The Government need not prove that the same type of superior-subordinate relationship existed between the defendant and each of the people he allegedly organized, supervised or managed.  Nor is any particular type of organizational, supervisory, or managerial role required.  For example, the defendant is not required to have had direct, personal contact with each of the persons he organized, supervised, or managed.  Nor are those persons required to have been salaried employees of the defendant, or otherwise akin to paid workers.  It is sufficient, for instance, if the defendant arranged the activities of others into one essentially orderly operation or enterprise, even if the persons were otherwise independent of the defendant.  The Government meets its burden on this element if it proves beyond a reasonable doubt that the defendant exercised organizational <u>or</u> supervisory <u>or</u> managerial responsibilities over five or more persons with whom he acted in concert.

Final To Parties (2.1.15)

Merely selling a controlled substance, without more, however, does not make a defendant an organizer, supervisor, or manager of the person or persons who purchased the substance from him.

Final To Parties (2.1.15)

<u>Count Four, Fifth Element: Substantial Income or Resources</u>

The final element the Government must prove as to Count Four is that the defendant derived substantial income or resources from the continuing series of federal narcotics violations.

The statute does not prescribe the minimum amount of money required to constitute substantial income, but the statute clearly intends to exclude trivial amounts derived from occasional narcotics sales.

66

Final To Parties (2.1.15)

<u>Count Five: Conspiracy to Commit or Aid and Abet Computer Hacking</u>

Let me next move on to Count Five, which charges the defendant with conspiring with others to commit or aid and abet computer hacking.

In order to find the defendant guilty of this count, you must find that the Government has proven the following elements beyond a reasonable doubt:

<u>First</u>, that there was an agreement or understanding between two or more persons to commit or aid and abet computer hacking.

<u>Second</u>, that the defendant intentionally and knowingly participated as a member of the conspiracy.

<u>Count Five: Existence of the Conspiracy</u>

The alleged object of the conspiracy charged in Count Five is to commit or aid and abet computer hacking.  In order to establish that a conspiracy with this object existed, the Government must prove the following:

<u>First</u>, the Government must prove that two or more people had an agreement to intentionally access computers without authorization and thereby obtain information from the computers, or to aid and abet others in doing so.  "Accessing computers without authorization and thereby obtaining information from the computers" refers to what is commonly called "computer hacking."  It means accessing a computer, and viewing or copying data on the computer, without the authorization of the person to whom the computer or data belongs.  I have already instructed you on the meaning of "intentionally."  I also have already instructed you on the concept of aiding and abetting.  You should apply those same instructions here.

<u>Second</u>, the Government must prove that the computers the conspirators agreed to access without authorization, or to help others access without authorization, were "protected computers."  The term "protected computer" refers to any computer used in or affecting interstate or foreign commerce or communication, which would include any computer connected to the Internet.

<u>Third</u>, the Government must prove that in agreeing to access computers without authorization, or to help others do so, the conspirators were acting for the purpose of commercial advantage or private financial gain, or in furtherance of

criminal or tortious acts in violation of the laws of the United States or of any State. "Commercial advantage" is a profit or gain in money or property obtained through business activity, and "private financial gain" is profit or gain in money or property specifically for a particular person or group. "Criminal or tortious acts in violation of the laws of the United States or of any State" are any acts that constitute either crimes or wrongful acts for which private damages can be obtained in a civil lawsuit, under federal law or the law of any state. In short, you must find that the objective of the computer hacking at issue must have been either to obtain some kind of profit or to commit a crime or actionable wrong against another person.

Final To Parties (2.1.15)

## Count Five: Membership in the Conspiracy

If you find beyond a reasonable doubt that a conspiracy to commit or aid and abet computer hacking existed as alleged in Count Five, you must then determine whether the defendant intentionally and knowingly participated as a member of that conspiracy.

I have already instructed you as a general matter on what the Government is required to show to prove membership in a conspiracy, and you should apply those same instructions here.

Final To Parties (2.1.15)

<u>Count Six: Conspiracy to Traffic in Fraudulent Identification Documents</u>

Let me now move on to Count Six of the Indictment, which charges the defendant with conspiring with others to traffic in fraudulent identification documents.

In order to find the defendant guilty of this count, you must find that the Government has proven the following elements beyond a reasonable doubt:

<u>First</u>, that there was an agreement between two or more persons to traffic in fraudulent identification documents; and

<u>Second</u>, that the defendant intentionally and knowingly participated as a member of the conspiracy.

71

<u>Count Six: Existence of the Conspiracy</u>

The alleged object, or goal, of the conspiracy charged in Count Six is to traffic in fraudulent identification documents.  In order to establish that a conspiracy with this object existed, the Government must prove the following beyond a reasonable doubt:

<u>First</u>, the Government must prove that two or more people had an agreement to knowingly transfer false identification documents.  A "false identification document" means a document of a type intended or commonly accepted for purposes of identification, such as a driver's license or passport, that appears to be issued by the authority of a governmental entity but was not actually issued by a governmental entity.  A "false identification document" can also include an identification document that was actually issued by a governmental entity but was subsequently altered for the purposes of deceit.  To "transfer" a false identification document means simply to turn over possession or control of it to someone else, whether as a result of selling it or otherwise.  I have already instructed you on the meaning of "knowingly," and you should apply that instruction here.

<u>Second</u>, the Government must prove that the conspirators knew that the identification documents were stolen or produced without lawful authority.  The term "lawful authority" means the authority to manufacture, prepare or issue identification documents by statute or regulation, or by contract with a government entity which has such authority.

Final To Parties (2.1.15)

Third, the Government must prove that the transfer of the false identification documents was in or affecting interstate commerce.  Interstate commerce means the movement of goods, services, money and individuals between any two states or between the United States and a foreign country.  The Government may satisfy this element by proving beyond a reasonable doubt that the transfers affected interstate commerce in any way, no matter how minimal.  Transfer of the documents through interstate or international shipments in the mail is sufficient.

Final To Parties (2.1.15)

<u>Count Six: Membership in the Conspiracy</u>

If you find beyond a reasonable doubt that a conspiracy to traffic in fraudulent identification documents existed as alleged in Count Six, you must then determine whether the Government has proved beyond a reasonable doubt that the defendant intentionally and knowingly participated as a member of that conspiracy.

Again, I have already instructed you as a general matter on what the Government is required to show to prove membership in a conspiracy, and you should apply those same instructions here.

Final To Parties (2.1.15)

<u>Count Seven: Conspiracy to Commit Money Laundering</u>

Finally, let me move on to Count Seven, which charges the defendant with conspiring to commit money laundering.

In order to find the defendant guilty of this count, you must find that the Government has proven the following elements beyond a reasonable doubt:

<u>First</u>, that an agreement between two or more persons existed with the money laundering objects alleged in Count Seven, which I shall discuss shortly.

<u>Second</u>, that the defendant intentionally and knowingly participated as a member of the conspiracy.

Final To Parties (2.1.15)

<u>Count Seven: Objects of the Conspiracy</u>

There are two objects of the money laundering conspiracy charged in Count Seven.  Count Seven alleges that one object of the conspiracy was to conduct financial transactions with intent to promote specified unlawful activity, specifically, narcotics trafficking, computer hacking, and identification document fraud.  Count Seven alleges that a second object of the conspiracy was to conduct the financial transactions knowing that the transactions were designed in whole or in part to conceal or disguise the proceeds of that unlawful activity.

Again, you need not find that the defendant agreed to accomplish both of these objects.  An agreement to accomplish either one is sufficient.  However, you must all agree on the specific object or objects the defendant agreed with others to try to accomplish.

In order to establish that a money laundering conspiracy with either of these objects existed, the Government must prove the following beyond a reasonable doubt:

<u>First</u>, the Government must prove that two or more persons entered into an agreement to conduct "financial transactions," a term that I will define for you in a moment.

<u>Second</u>, the Government must prove that the financial transactions at issue involved the proceeds of specified unlawful activity, namely narcotics trafficking, computer hacking, or identification document fraud;

76

Final To Parties (2.1.15)

<u>Third</u>, the Government must prove that the conspirators knew that the financial transactions involved the proceeds of some form of unlawful activity; and

<u>Fourth</u>, the Government must prove that the conspirators agreed to conduct the financial transactions with one or both of the following purposes: either they intended to promote the carrying on of specified unlawful activity, namely narcotics trafficking, computer hacking, or identification document fraud; or they knew that the transactions were designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of these crimes.

### Count Seven, First Element of Money Laundering:
### Agreement To Conduct A Financial Transaction

The first element the Government must prove to establish the existence of a money laundering conspiracy is that two or more persons agreed to conduct financial transactions.  The term "financial transaction" includes any transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means.  The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services.

I have already defined the concept of interstate commerce for you.  Again, in determining whether the transactions at issue affected interstate or foreign commerce, the effect on interstate or foreign commerce can be minimal.  Any movement of funds across state lines or national borders will satisfy this element.

<u>Count Seven, Second Element of Money Laundering: Source of Funds</u>

The second element that the Government must prove to establish the existence of a money laundering conspiracy is that the agreed-upon financial transactions involved the proceeds of specified unlawful activity, namely narcotics trafficking, computer hacking, or identification document fraud.

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity.

The term "specified unlawful activity" means any one of a variety of offenses defined by the statute.  In this case, the Government has alleged that the funds in question were the proceeds of drug trafficking, computer hacking, and identification document fraud.  I instruct you that, as a matter of law, these crimes all fall within the definition of "specified unlawful activity."  However, it is for you to determine whether the funds at issue were the proceeds of any of these crimes.  You must unanimously find at least one of these crimes to have been the source of the funds to satisfy this element.

Final To Parties (2.1.15)

<u>Count Seven, Third Element of Money Laundering:</u>
<u>Knowledge of the Source of Funds</u>

The third element that the Government must prove beyond a reasonable doubt to establish the existence of a money laundering conspiracy is that the members of the conspiracy knew that the financial transactions at issue involved the proceeds of some form of unlawful activity.  The Government does not have to prove that the conspirators specifically knew that the property involved in the transaction represented the proceeds of drug trafficking, for example, as opposed to any other specific offense.  The Government only has to prove that the individuals agreeing to conduct the financial transactions knew that the transactions involved the proceeds of some illegal activity that was a felony.

Keep in mind that it is not necessary for all conspirators to believe that the proceeds came from the same unlawful activity; it is sufficient that each conspirator believed that the proceeds came from some unlawful activity.

<u>Count Seven, Fourth Element of Money Laundering: Purpose of the Transactions</u>

Finally, the fourth element that the Government must prove beyond a reasonable doubt to establish the existence of a money laundering conspiracy concerns the purpose of the transactions conducted as part of the conspiracy.  It is here that the two objects of the conspiracy charged in Count Seven differ.

As to the first object, the Government must prove beyond a reasonable doubt that the conspirators agreed to conduct financial transactions with the intent to promote the carrying on of drug trafficking, computer hacking, or identification document fraud.

As to the second object, the Government must prove beyond a reasonable doubt that the conspirators agreed to conduct financial transactions with knowledge that the transactions were designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of drug trafficking, computer hacking, or identification document fraud.

As I have previously instructed, to act intentionally or knowingly means to act purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason.  That is, the acts must be the product of the defendant's conscious objective.

The Government is not required to prove both alleged objects of the conspiracy; either is sufficient standing alone.  So, if you find that the Government has proven beyond a reasonable doubt defendant agreed to act with the intention of promoting the carrying on of drug trafficking, computer hacking, or identification fraud, or with the knowledge that the financial transactions were designed to

81

Final To Parties (2.1.15)

conceal or disguise the nature, location, source, ownership, or control of proceeds of these crimes, this element is satisfied.

Final To Parties (2.1.15)

<u>Count Seven: Membership in the Conspiracy</u>

If you find that a conspiracy to commit money laundering as I've just described to you existed, then you must then determine whether the Government has proved beyond a reasonable doubt that the defendant intentionally and knowingly became a member of that conspiracy.

I have already instructed you as a general matter on what the Government is required to show to prove membership in a conspiracy, and you should apply those same instructions here.

Final To Parties (2.1.15)

## OTHER INSTRUCTIONS

### Variance in Dates

The Indictment alleges that certain conduct occurred on or about various dates or during various time periods.  It is not necessary, however, for the Government to prove that any conduct alleged occurred exactly when the Indictment alleges.  As long as the conduct occurred around any dates or within any time periods the Indictment alleges it occurred, that is sufficient.

Final To Parties (2.1.15)

<u>Venue</u>

In addition to all the elements I have described for you with respect to Counts One through Seven of the Indictment, you must also decide whether any part of the offense reached within the Southern District of New York.  The Southern District of New York includes only the following counties:  Manhattan, the Bronx, Westchester, Dutchess, Putnam, Rockland, Orange, and Sullivan.  This is called "venue."  Venue means place or location.

Venue must be examined separately for each individual count.  Venue on one count does not establish venue on another count.

The Government need not prove that any crime was completed in this District or that the defendant or any of his co-conspirators was physically present here.  Rather, venue is proper in this District if the defendant, or anyone whose conduct the defendant aided or abetted, or, for the conspiracy counts, any of the defendant's or his co-conspirators, caused any event to occur in this District in furtherance of the offense.

The defendant need not have specifically intended to cause something to happen in this District, or known that he was causing something to happen here. As long as it was reasonably foreseeable to the defendant that his conduct (or the conduct of anyone whom he aided or abetted or conspired with) would cause something to happen here in the Southern District in furtherance of the crime, that is sufficient.

Among other things, venue can be established if the defendant or his co-conspirators caused any communications to be transmitted to or from this District

that were in furtherance of the offense.  Such communications can include the transmission of the contents of a website to the Southern District of New York, where the operation of the website was in furtherance of the offense and where it was reasonably foreseeable to the defendant that the website could be accessed by someone in the Southern District of New York.

On this issue of venue—and this alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  A "preponderance of the evidence" means more likely than not.  Thus, the Government has satisfied its burden of proof as to venue if you conclude that it is more likely than not that some act or communication in furtherance of each charged offense occurred in this District.  If, on the other hand, you find that the Government has failed to prove the venue requirement as to a particular offense, then you must acquit the defendant of that offense, even if all other elements of an offense are proven.

Final To Parties (2.1.15)

## Improper Considerations: Race, Religion, National Origin, Sex, Age, or Political Views

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, age, or political views.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national, origin, sex, age, or political views of any other witness or anyone else involved in this case.  Both the defendant and the Government are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

<u>Sympathy</u>

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the defendant beyond a reasonable doubt with respect to each of the elements of each of the offenses charged?

It is for you alone to decide whether the Government has proven beyond a reasonable doubt that the defendant is guilty of the crime for which he is charged solely on the basis of the evidence or lack of evidence and subject to the law as I charge you.  It must be clear to you that once you let fear, prejudice, bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If the Government has failed to establish the defendant's guilt beyond a reasonable doubt, you must acquit him.  But on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

<u>Punishment</u>

The question of possible punishment of the defendant is of no concern to you, ladies and gentlemen of the jury, and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively upon the Court.

Your function is to weigh the evidence in the case and to determine whether or not the Government has proved that the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.

Final To Parties (2.1.15)

## Juror Note-Taking

For those of you who took notes during the course of the trial, you should not show your notes to or discuss your notes with any other juror during your deliberations.  Any notes you have taken are to assist you and you alone.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Finally, your notes are not to substitute for your recollection of the evidence in this case.  If you have any doubt as to any testimony, you may request that the official trial transcript that has been made of these proceedings be read or otherwise provided to you.

Final To Parties (2.1.15)

## CONCLUDING REMARKS

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant, Ross Ulbricht, with respect to each one of the counts in the Indictment in which he is charged. You are to consider his guilt or non-guilt as to each count separately.

You are about to begin your deliberations. Many—but not all—of the exhibits will be sent with you into the jury room. For instance, we will not send any seized narcotics or other contraband you saw into the jury room. If you want to see any of the physical evidence not sent into the jury room with you, or would like any of the testimony given during the trial read back to you, that can be arranged. Please appreciate that it is not always easy to locate any testimony that you might want, so be as specific as you possibly can in requesting exhibits or portions of testimony you may want. Any communication with the Court at all—whether requesting evidence or testimony or otherwise—should be made to me in writing, signed by your foreperson, and given to the Marshal. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with all of you in person, with the lawyers and the defendant present. In no event should you tell me or anyone else—in a note or orally—how the jury stands numerically in its voting on the issues of the defendant's guilt until after a unanimous verdict is reached.

Your first task as a jury will be to choose your foreperson, if you have not already done so.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with the Court when questions arise.

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.  It is for you, and you alone, to decide whether the Government has proved beyond a reasonable doubt the essential elements of the crimes with which the defendant has been charged.  If the Government has failed, your verdict must be not guilty; if it has succeeded, your verdict must be guilty.  Again, you must consider each count individually.  I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that oath you promised that you would well and truly try the issues joined in this case and a true verdict render.  Your function is to weigh the evidence in the case and determine whether or not a defendant is guilty solely upon the basis of such evidence.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your honest convictions and beliefs solely because of the opinions

of your fellow jurors or because you are outnumbered.  Your final vote must reflect your conscientious belief as to how the issues should be decided.

Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that you are not to reveal the position of the jurors, that is, the split of the vote, to anyone, including the Court, at any time during your deliberations.  Finally, I say this not because I think it is necessary, but because it is the custom in this courthouse to say this:  You should treat each other with courtesy and respect during your deliberations.

All litigants stand equal in this room.  All litigants stand equal before the bar of justice.  All litigants stand equal before you.  Your duty is to decide the issues before you fairly and impartially, and to see that justice is done.

Under your oath as jurors, you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  All parties are entitled to a fair trial.  You must make a fair and impartial decision so that you will arrive at a just verdict.

Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to spend a few moments with counsel and the reporter at the side bar.  I will ask you to remain patiently in the jury box, without speaking to each other, and we will return in just a moment to submit the case to you.

# EXHIBIT C

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 05 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

UNITED STATES OF AMERICA      :      14 Cr. 68 (KBF)

          - against -          :

ROSS ULBRICHT,                 :

                  Defendant.   :

---------------------------------------------------X

## DEFENDANT'S SUPPLEMENTAL REQUESTS TO CHARGE

### *Supplemental Defense Instruction #1*

I instruct you that law enforcement officers cannot qualify as co-conspirators.

### *Supplemental Defense Instruction #2*

Even if you conclude beyond a reasonable doubt that Mr. Ulbricht was involved in the sale of
mushrooms on the Silk Road site or otherwise in 2011, that alone would not be sufficient to
establish his guilty on Counts One, Two, or Four, or his participation in any of the conspiracies
charged in Counts Three and Seven.

### *Supplemental Defense Instruction #3*

The undercover purchases by Homeland Security Investigations in Chicago, and any seizures
made by Homeland Security Investigations in Chicago, are not by themselves sufficient to find
Mr. Ulbricht guilty on any count.

### *Supplemental Defense Instruction #4*

Even if you find that Mr. Ulbricht ordered fake identification documents, that is not evidence you
can consider with respect to Count Six.

### *Supplemental Defense Instruction #5*

In order to find Mr. Ulbricht guilty beyond a reasonable doubt, there must be evidence beyond
the uncorroborated admission of the accused. It is necessary for the Government to introduce
substantial independent evidence which would tend to establish the trustworthiness of any such
statement. It is sufficient if the corroboration supports the essential facts admitted sufficiently to

1

justify an inference of their truth.  Any independent facts plus the other evidence besides the admission must, of course, be sufficient to find guilt beyond a reasonable doubt.

*Wong Sun v. United States*, 371 U.S. 471, 488-89 (1963);  *Opper v. United States*, 348 U.S. 84, 93 (1954).

Dated:   New York, New York
         2 February 2015

                 /S/ Joshua L. Dratel
                 JOSHUA L. DRATEL
                 JOSHUA L. DRATEL, P.C.
                 29 Broadway, Suite 1412
                 New York, New York 10006
                 (212) 732-0707

                 *Attorneys for Defendant Ross Ulbricht*

Ordered

Post to docket. All handwriting is the Court's.

2/5/15

2

## CHARACTER OF THE DEFENDANT

You have reputation evidence about the defendant's character trait for peacefulness and non-violence. You should consider character evidence together with and in the same way as all the other evidence in the case.

Adapted from Seventh Circuit Pattern Instruction.

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                    :
    UNITED STATES OF AMERICA                        :
                                                    :
            -v-                                     :        14-cr-68 (KBF)
                                                    :
    ROSS WILLIAM ULBRICHT,                          :        <u>VERDICT FORM</u>
            a/k/a "Dread Pirate Roberts,"           :
            a/k/a "DPR,"                             :
            a/k/a "Silk Road,"                       :
                                                    :
                            Defendant.              :
------------------------------------------------------------- X

       Please answer these questions in the order given.  Do <u>not</u> write anything on this form except to check a response or to sign and date the form.

<u>COUNT ONE</u>
(Distribution/Aiding and Abetting the Distribution of Narcotics)

1.     As to Count One, how do you find the defendant, guilty or not guilty?

      GUILTY   \_\_\_\_\_       NOT GUILTY   \_\_\_\_\_

**[If you answered "guilty" to Question 1, proceed to Question 1A, otherwise proceed to Question 2.]**

1A.   Has the Government proven beyond a reasonable doubt that the defendant distributed or aided and abetted the distribution of any of the following controlled substances in the quantities indicated?  (Check if yes.)

|  | YES | NO |
|---|---|---|
| Heroin – amounts totaling one kilogram or more: | \_\_\_\_ | \_\_\_\_ |
| Cocaine – amounts totaling five kilograms or more: | \_\_\_\_ | \_\_\_\_ |
| LSD – amounts totaling ten grams or more: | \_\_\_\_ | \_\_\_\_ |
| Methamphetamine – amounts totaling 500 grams or more: | \_\_\_\_ | \_\_\_\_ |

## <u>COUNT TWO</u>
(Distribution/Aiding and Abetting the Distribution of Narcotics
by Means of the Internet)

2.    As to Count Two, how do you find the defendant, guilty or not guilty?

GUILTY    _____          NOT GUILTY    _____

**[If you answered "guilty" to Question 2, proceed to Question 2A,
otherwise proceed to Question 3.]**

2A.    Has the Government proven beyond a reasonable doubt that the defendant
distributed or aided and abetted the distribution by means of the Internet of
any of the following controlled substances in the quantities indicated?  (Check
if yes.)

|  | YES | NO |
|---|---|---|
| Heroin – amounts totaling one kilogram or more: | _____ | _____ |
| Cocaine – amounts totaling five kilograms or more: | _____ | _____ |
| LSD – amounts totaling ten grams or more: | _____ | _____ |
| Methamphetamine – amounts totaling 500 grams or more: | _____ | _____ |

<u>COUNT THREE</u>
(Conspiracy to Distribute Narcotics)

3.      As to Count Three, how do you find the defendant, guilty or not guilty?

      GUILTY      _____      NOT GUILTY      _____

**[If you answered "guilty" to Question 3, proceed to Question 3A, otherwise proceed to Question 4.]**

3A.     Has the Government proven beyond a reasonable doubt that the defendant conspired to distribute any of the following controlled substances in the quantities indicated?  (Check if yes.)

|  | YES | NO |
|---|---|---|
| Heroin – amounts totaling one kilogram or more: | _____ | _____ |
| Cocaine – amounts totaling five kilograms or more: | _____ | _____ |
| LSD – amounts totaling ten grams or more: | _____ | _____ |
| Methamphetamine – amounts totaling 500 grams or more: | _____ | _____ |

<u>COUNT FOUR</u>
(Continuing Criminal Enterprise)

4.      As to Count Four, how do you find the defendant, guilty or not guilty?

      GUILTY      _____      NOT GUILTY      _____

<u>COUNT FIVE</u>
(Conspiracy to Commit or Aid and Abet Computer Hacking)

5.      As to Count Five, how do you find the defendant, guilty or not guilty?

      GUILTY      _____      NOT GUILTY      _____

<u>COUNT SIX</u>
(Conspiracy to Traffic in Fraudulent Identity Documents)

6.     As to Count Six, how do you find the defendant, guilty or not guilty?

GUILTY     _____          NOT GUILTY     _____


<u>COUNT SEVEN</u>
(Conspiracy to Commit Money Laundering)

7.     As to Count Seven, how do you find the defendant, guilty or not guilty?

GUILTY     _____          NOT GUILTY     _____


**After completing the form, each juror who agrees with the verdict must sign below:**

_____          _____

FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____


_____

DATE