

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

April 28, 2015

By ECF

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Ross William Ulbricht*, 14 Cr. 68 (KBF)

Dear Judge Forrest:

      The Government writes in response to the defense counsel's letter, dated April 24, 2015, requesting an adjournment of sentencing, which is currently scheduled for May 15, 2015. The Government does not object to a brief adjournment of sentencing to the extent it is based on defense counsel's representation that, due to competing demands on his schedule, he has not had sufficient time to prepare for sentencing, including reviewing and investigating certain materials produced by the Government in advance of sentencing concerning certain overdose deaths. However, to the extent that the defendant is requesting a *Fatico* hearing concerning these overdose deaths, the Government submits that the defendant is not entitled to such a hearing.

      On March 16, 2015, the Government produced to the Probation Office, as well as to the defense, materials related to three overdose deaths, including evidence that they were caused by drugs purchased from Silk Road. On April 17, 2015, the Government produced to the Probation Office and the defense materials recently received from a foreign government, related to three additional overdose deaths linked to Silk Road. The type and quantity of evidentiary materials vary somewhat from case to case (based on the availability of certain evidence, and the limits of what was provided by foreign authorities), but they include autopsy and toxicology reports, witness statements, and Silk Road transactional and private message data. In addition, the Government in the process of producing to the defendant and the Court the five victim impact statements which it has received, which includes statements from the two individuals who intend to address the Court at sentencing.

      The Court is fully entitled to rely on such materials at sentencing in assessing the consequences of the defendant's conduct and the seriousness of his offense – without the need for any hearing or extensive factual inquest. A "district court is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes. All that is required is that the court afford the defendant some opportunity to

rebut the Government's allegations." *United States v. Phillips*, 431 F.3d 86, 93 (2d Cir. 2005). Indeed, a sentencing court's discretion is "largely unlimited either as to the kind of information [it] may consider, or the source from which it may come." *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir.1989); *see also United States v. Martinez*, 413 F.3d 239, 242 (2d Cir. 2005) ("Both the Supreme Court and this Court . . . have consistently held that the right of confrontation does not apply to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings."); *Williams v. Oklahoma*, 358 U.S. 576, 584, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959) ("[O]nce the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court . . . .").

Moreover, the evidence of the overdose deaths in question is not being offered in support of any enhancements under the Sentencing Guidelines that would require a specific factual determination by the Court. *See, e.g., United States v. Wahl*, 563 Fed. Appx. 45, 53 (2d Cir. 2014) (district court did not abuse discretion in denying *Fatico* hearing where controversy concerning loss amount would not impact total offense level under the Guidelines). The evidence is instead simply being offered to illustrate the obvious: that drugs can cause serious harm, including death, particularly when distributed in the massive quantities they were here. The Court could take judicial notice of that fact; the Government does not need to affirmatively prove it. The Government simply intends to highlight a selection of overdose deaths at sentencing in order to provide specific examples of the harm caused by drug trafficking in the context of this case. But the Court does not need to rely on any particular overdose death in order to find that the defendant's conduct entailed these plainly foreseeable risks.

In short, the Government does not oppose a brief adjournment of sentencing to the extent that the defense needs more time to prepare. However, to the extent the defense's request is made in anticipation of pursuing a *Fatico* hearing concerning overdose deaths linked to Silk Road, the defense is not entitled to such a hearing. The Court may instead consider the evidence of the deaths presented by the Government and draw whatever conclusions it deems warranted under 18 U.S.C. § 3553(a).

Respectfully,

PREET BHARARA
United States Attorney

By: _____
SERRIN TURNER
TIMOTHY T. HOWARD
Assistant United States Attorneys
Southern District of New York

cc:   Joshua Dratel, Esq. (by electronic mail)