LAW OFFICES OF

**JOSHUA L. DRATEL, P.C.**

A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL
—
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

STEVEN WRIGHT
*Office Manager*

April 24, 2015

**BY ECF**

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: APR 28 2015
```

Re:   *United States v. Ross Ulbricht*
      14 Cr. 68 (KBF)

Dear Judge Forrest:

This letter is submitted on behalf of defendant Ross Ulbricht, and, for the reasons detailed below, respectfully requests an adjournment of the sentencing of Mr. Ulbricht, currently scheduled for Friday, May 15, 2015, at 10 a.m. I have spoken with Assistant United States Attorney Serrin Turner, who has informed me that the government opposes this application. This is the first request for an adjournment of the sentencing in this case.

The reasons for the requested adjournment are, as detailed below, as follows:

(1)   the government has provided, most recently last Thursday, April 16, 2015, information regarding six alleged overdose deaths supposedly attributable to drugs purchased from vendors on the Silk Road web site, which the government intends to submit in the context of sentencing, and which it has also provided to the U.S. Probation Department for inclusion in the Pre-Sentence Report (as the basis for victim impact assessment).

In addition to the defense's need to review and analyze the information, including submitting it to experts, *i.e.*, a pathologist and/or toxicologist, as well as identifying, locating, and interviewing potential fact witnesses, the materials provided thus far by the government are woefully incomplete. For example,

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
April 24, 2015
Page 2 of 4

among the documents or other information absent from the government's production thus far are:[1]

- evidence that certain drugs alleged to have caused or contributed to the purported overdoses were purchased on the Silk Road website;

- medical records relating to underlying and/or pre-existing conditions suffered by certain individuals at the time of their alleged overdoses;

- the cause of death as to one of the individuals;

- autopsy reports and toxicology reports related to the deaths of two of the individuals, including the types and quantities of drugs found in each individual's body post-mortem;

- psychiatric records for one of the individuals; and

- the underlying information used to create the Silk Road user summaries contained in the discovery regarding two of the individuals, as well as any information as to who prepared the summaries, and when they were prepared.

As a result, today the defense is submitting to the government a discovery demand [also pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963)], with respect to those materials enumerated above (as well as with respect to additional materials and information relevant to the issue).

In addition, the government's introduction of this issue – the Silk Road web site's alleged responsibility for certain deaths, whether or not from substances purchased from vendors on the Silk Road site[2] – makes highly relevant a related issue: the extent to which the Silk Road web site *reduced* the dangers of substance abuse,

---

[1] To the extent the government does not possess such materials – which in many respects are fundamental to establishing a cause of death, as well as any proximate cause – the defense may need to request and/or subpoena them from the local authorities that conducted the respective investigations.

[2] Of course, in the context of sentencing, the defense's submissions and statements acknowledge the jury's verdict, and must respond to the government's sentencing allegations accordingly, while still maintaining that Mr. Ulbricht is not guilty of the charges.

| | |
|---|---|
| LAW OFFICES OF<br>**JOSHUA L. DRATEL, P.C.** | Hon. Katherine B. Forrest<br>United States District Judge<br>Southern District of New York<br>April 24, 2015<br>Page 3 of 4 |

and consciously and deliberately incorporated "harm reduction" strategies to implement that objective. In fact, the defense has been in contact with experts, researchers, and others regarding that subject matter, and those resources are preparing materials for the defense to submit as part of its sentencing presentation, which could well include their appearance as witnesses. All of those resources are located outside New York, and would require travel arrangements to appear.

As a result, the defense anticipates requesting an evidentiary hearing pursuant to *United States v. Fatico*, 579 F.2d 707 (2d Cir. 1978). As the Second Circuit made clear in *Fatico*, Due Process requires that Mr. Ulbricht be sentenced on the basis of accurate information, and the government's presentation of these alleged overdose deaths is clearly designed to influence the Court's sentence. Consequently, Due Process requires that Mr. Ulbricht be afforded sufficient time and opportunity to answer those allegations;

(2)  in a letter submitted April 17, 2015, the government for the first time notified the Court and the defense that it would be presenting to speak at sentencing two parents of individuals who allegedly overdosed on drugs purchased on Silk Road. The government did not provide either the identity of those persons, or the subject matter of their statements.

Given the number of transactions that occurred through the Silk Road web site, this is not a case in which the identities of such persons, or the relevance and/or subject matter of their presentation, can be ascertained without further and detailed information.

As a result, the defense's discovery demand also includes a request for the identity of those persons and the subject matter they will address. It would be unfair, and a Due Process violation, for the defense to be blindsided at sentencing by any such statements. Since, again, such statements would be presented by the government in an effort to influence the sentence imposed on Mr. Ulbricht, he has a right to review and prepare for them in advance of sentencing and also to respond to them, if necessary and appropriate, in advance of sentencing, or at sentencing in a substantive fashion;

(3)  the Criminal Complaint against former Drug Enforcement Administration Special Agent Carl Force, and former Secret Service Special Agent Shaun Bridges, unsealed March 30, 2015, necessarily and unexpectedly required devotion of substantial defense resources to the Reply Memorandum of Law in Support of Mr. Ulbricht's Post-Trial Motions, which was filed last Thursday, April 16, 2015. The timing of that development thus diverted the defense's attention and resources

LAW OFFICES OF  
**JOSHUA L. DRATEL, P.C.**

Hon. Katherine B. Forrest  
United States District Judge  
Southern District of New York  
April 24, 2015  
Page 4 of 4

>   from preparation for sentencing; and
>
> (4) the trial in this matter required postponement of other matters related to other cases in which I am defense counsel. Between April 13, 2015, and May 19, 2015, I will have appeared at five other sentencings *not* including this case – four of which were adjourned specifically because of the trial in this case (and all four of which cases predate the commencement of this case). Sentencing is, of course, a critical stage of the proceedings against any defendant, and it is essential that Mr. Ulbricht's sentencing submission, as well as the submissions for the other defendants sentenced during this period, receive the proper attention and preparation. Given the amount of additional work and preparation described in items (1) through (3) above, that is not possible absent an adjournment of sentencing in this case.

In contrast, there is zero prejudice to the government in an adjournment of Mr. Ulbricht's sentencing. He remains incarcerated, and will be through sentencing whenever it occurs. Accordingly, it is respectfully requested that, in order that the defense have a sufficient opportunity to address the government's allegations, which includes scheduling travel and appearances by experts and other potential witnesses, and affording them sufficient time to prepare and submit written materials, Mr. Ulbricht's sentencing be adjourned. In order to ensure that the Court has sufficient time to consider the competing submissions, it is respectfully requested that the sentencing be adjourned for a month. Defense counsel is available the entire week for both the week of June 15, 2015, and June 22, 2015, with the exception of June 25th.

Respectfully submitted,

/s/ Joshua L. Dratel

Joshua L. Dratel

JLD/

cc: Serrin Turner & Timothy Howard  
Assistant United States Attorneys

*Ordered*

1. The Court shall hold a Fatico hearing on May 22 at 9 am. Defendant shall inform the Court and the Government not later than May 15 the matters as to which the hearing is requested; Defendant shall provide any evidence in support of his position and a list of witnesses also by May 15.

2. The sentencing is adjourned only until 5/29/15 at 1 pm.

KBF USDJ 4/28/15