

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

May 18, 2015

By ECF
Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Ross William Ulbricht*, 14 Cr. 68 (KBF)

Dear Judge Forrest:

      The Government writes respectfully in response to the Court's order issued earlier today, requesting answers to the following questions. The Government's answers are below.

*1.    Does the Government request a* Fatico *hearing on the facts proffered by the defendant? Will the Government be offering any responsive factual materials on those topics?*

      No, the Government does not believe a *Fatico* hearing is required. A "district court is not required, by either the Due Process Clause or the federal Sentencing Guidelines, to hold a full-blown evidentiary hearing in resolving sentencing disputes. All that is required is that the court afford the defendant some opportunity to rebut the Government's allegations." *United States v. Phillips*, 431 F.3d 86, 93 (2d Cir. 2005). Indeed, a sentencing court's discretion is "largely unlimited either as to the kind of information [it] may consider, or the source from which it may come." *United States v. Carmona*, 873 F.2d 569, 574 (2d Cir.1989); *see also Williams v. Oklahoma*, 358 U.S. 576, 584 (1959) ("[O]nce the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court . . . .").

      The Government will provide to the Court this evening (on a DVD-ROM) the same factual materials concerning the six drug-related deaths highlighted in the Presentence Report that the Government has supplied to the Probation Office and the defense. These materials provide more than sufficient evidence to conclude, under a preponderance standard, that the deaths resulted from drugs ordered on Silk Road. *See United States v. Vaughn*, 430 F.3d 518, 525-27 (2d Cir. 2015) (noting well-settled law holding that "[d]istrict courts may find facts relevant to sentencing by a preponderance of the evidence"). The defendant's breezy conjecture

about possible alternative causes of death or alternative sources for the drugs is insufficient to undermine the concrete evidence tying these deaths to the defendant's enterprise. *See, e.g., United States v. Pacheco*, 489 F.3d 40, 45 (1st Cir. 2007) (district court appropriately found that victim's death was caused by drugs distributed by defendant where record contained no proof supporting conjecture that victim had other sources for narcotics).

The defendant's argument that a heightened causation standard is required under *Burrage v. United States*, 134 S. Ct. 881 (2014), is misplaced. *Burrage* does not limit the Court's broad discretion to consider facts at sentencing under Section 3553(a), but, rather, relates to the requirements for applying the "death resulting" enhanced penalty provision of 21 U.S.C. § 841(b), which carries a 20-year mandatory minimum sentence. The Government is not seeking application of that penalty provision. The Government is simply asking the Court to consider the overdose deaths under Section 3553(a), because they were a reasonably foreseeable result of the defendant's conduct. Accordingly, the ordinary preponderance standard applies. *See Powell v. United States*, No. 09 Civ. 2141 (EBB), 2014 WL 5092762, at *2 (D. Conn. Oct. 10, 2014) (noting that *Burrage* does not apply to sentencing factors that may be found by a sentencing judge by a preponderance of the evidence); *see also United States v. Cooper*, 591 F.3d 582, 590-91 (7th Cir. 2010) (finding no error in district court's consideration of fatal overdose evidence for purposes of sentencing, even though evidence was inadmissible for purposes of trial).

As to the remaining issues raised in the defendant's letter, the Government regards them as policy arguments and will respond to them as such in its sentencing submission. The Government does not intend to offer any new factual materials in response to those arguments.

2. *The Court assumes the parties understand that even if they waive a* Fatico *hearing, the Court will make any necessary findings of fact based on the evidence before it as to matters relevant to sentencing.*

Consistent with the foregoing, the Government agrees that the Court has the authority to consider any materials it deems reliable for purposes of sentencing, and to draw whatever conclusions from (and place whatever weight on) those materials it deems appropriate.

3. *The Court would like information within five (5) days the parties may have as to whether Silk Road transactions typically involved personal use quantities or resale quantities of narcotics.*

As indicated by the evidence at trial, individual Silk Road purchases typically involved personal use quantities rather than resale quantities. In particular, the Government points the Court to trial exhibits GX-911A, GX-911B, GX-911C, and GX-911D (attached hereto as Exhibit A), which are screenshots of the best-selling items listed in the Cocaine, Heroin, LSD, and Methamphetamine categories on Silk Road as of October 1, 2013. The listings are all for individual-use quantities. Similarly, GX-940 (attached hereto as Exhibit B), is a summary of data from all Silk Road transactions, which reflects that a total of 1,530,252 transactions were processed on the site with a total value of $213,888,103. That averages out to approximately

$139 per transaction, which is consistent with sales of retail quantities of drugs rather than distribution quantities.

                    Respectfully,

                    PREET BHARARA
                    United States Attorney

By: _____
                    SERRIN TURNER
                    TIMOTHY T. HOWARD
                    Assistant United States Attorneys
                    Southern District of New York

cc:    Joshua Dratel, Esq.