

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

May 27, 2015

By ECF
Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Ross William Ulbricht*, 14 Cr. 68 (KBF)

Dear Judge Forrest:

      The Government writes respectfully in response to the Court's order issued earlier today, asking for any views of the parties as to whether Counts 1 and 2 or Counts 3 and 4 are duplicative for purposes of sentencing, in light of the Supreme Court's holding in *United States v. Rutledge*, 517 U.S. 292 (1996).  In *Rutledge*, the defendant had been convicted of a narcotics conspiracy charge and a continuing criminal enterprise ("CCE") charge, both of which were based on the same underlying conduct.  *Id.* at 294.  Since all the elements of the conspiracy charge were also elements of the CCE charge, the Court found the conspiracy charge to be duplicative with – or, more precisely, to be a lesser included offense of – the CCE charge.  *See id.* at 298-300.  Accordingly, the Court remanded the case for one of the charges to be vacated, in order to avoid double punishment for the same offense.  *Id.* at 307.

      As in *Rutledge*, Ulbricht has been convicted of a narcotics conspiracy charge (Count 3) and a CCE charge (Count 4), both of which are based on the same underlying conduct. Accordingly, the duplicative offense, Count 3, should be vacated.  *See, e.g.*, *United States v. Rosemond*, 595 Fed. Appx. 26, 31 (2d Cir. 2014) (remanding for vacature of narcotics conspiracy conviction given that it was lesser included offense of CCE conviction); *United States v. Flaharty*, 295 F.3d 182, 188 (2d Cir. 2002) (same); *United States v. Rosario*, 111 F.3d 293, 301 (2d Cir. 1997) (same); *see also United States v. Mourad*, 729 F.2d 195, 202 n.8 (2d Cir. 1984) ("[A] conviction and sentence imposed for a lesser included offense must be vacated when there has been a conviction for the greater offense."); *Fisher v. United States*, 6 F. Supp. 2d 254, 259 (S.D.N.Y. 1998) (where defendant is convicted of both a narcotics conspiracy charge and a CCE charge, proper remedy is to vacate the conspiracy charge and leave the CCE charge intact). The Government therefore intends to move to dismiss Count 3, the narcotics conspiracy charge, at sentencing.

Similarly, Ulbricht has also been convicted of distributing narcotics (Count 1) and distributing narcotics over the Internet (Count 2). Both of these charges are based on the same underlying conduct. Because the elements of Count 1 are subsumed within the elements of Count 2, Count 1 is a lesser included offense of Count 2, and it too should be vacated under *Rutledge*. Accordingly, the Government intends to move to dismiss Count 1, the narcotics distribution charge, at sentencing as well.

The dismissal of these counts will have no effect on the defendant's Guidelines range or the applicable mandatory minimum term of imprisonment.

                                                  Respectfully,

                                                  PREET BHARARA
                                                  United States Attorney

By: _____
       SERRIN TURNER
       TIMOTHY T. HOWARD
       Assistant United States Attorneys
       Southern District of New York

cc:    Joshua Dratel, Esq.