

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

May 28, 2015

By ECF
Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re: *United States v. Ross William Ulbricht*, 14 Cr. 68 (KBF)

Dear Judge Forrest:

  In connection with sentencing in this matter, scheduled for tomorrow, the Government respectfully submits the attached proposed Preliminary Order of Forfeiture / Money Judgment. At sentencing, the Government will ask the Court to enter the proposed order, which will impose a money judgment against the defendant in the amount of $183,961,921. This figure reflects the total Silk Road sales specifically categorized in transactional records recovered from the Silk Road server as either illegal drug sales ($182,960,285) or sales of false identification documents ($1,001,636). (GX-940A; GX-940B; Tr. dated Feb. 2, 2015, at 1929:1-1934:13). These sales represent a conservative estimate of (a) the amount of proceeds the defendant "obtained, directly or indirectly," as a result of the offenses in Counts One through Six, *see* 21 U.S.C. § 853 & 18 U.S.C. § 982(a)(2)(B), and (b) the value of the property "involved in" the money laundering offense in Count Seven, *see* 18 U.S.C. § 982(a)(1).[1]

  With respect to (a), the term "obtained" applies to property obtained by third parties acting in concert with the defendant. "A court may order a defendant to forfeit proceeds received by others who participated jointly in the crime, provided the actions generating those proceeds were reasonably foreseeable to the defendant." *United States v. Contorinis*, 692 F.3d 136, 147 (2d Cir. 2012). Accordingly, because sales of illegal drugs and false identification documents conducted by Silk Road vendors were foreseeable to Ulbricht, he is subject to

---

[1] Because some Silk Road sales are uncategorized in the transactional records recovered from the Silk Road server, the actual volume of sales of drugs and false identification documents is believed to be higher. Furthermore, because computer hacking tools and services were sold along with other types of computer-related listings under various categories (*e.g.*, "Digital Goods" and "Computer Equipment"), figures are not readily available as to proceeds specifically tied to the computer-hacking count (Count Five), and thus they are not included in this estimate.

forfeiture with respect to the proceeds of those sales in their entirety – not just the portion that he personally retained as commissions.

With respect to (b), "even where a defendant does not retain laundered property he will be subject to substitution of assets [*i.e.*, a money judgment] so long as he conducted at least three separate transactions in any twelve-month period involving a total of $100,000 or more." *United States v. Bermudez*, 413 F.3d 304, 306 (2d Cir. 2005) (citing 18 U.S.C. § 982(b)(2)). Ulbricht was involved in laundering many more than three transactions in a twelve-month period, involving funds worth well beyond $100,000. Silk Road automatically laundered all proceeds passing through its Bitcoin-based payment system, including by passing them through a "tumbler" whose sole purpose was to obfuscate the source and nature of the funds. (*See* GX-119; Tr. dated Jan. 14, 2015, at 213:14-215:22). Hence, Ulbricht is liable for a money judgment in the amount of all the criminal proceeds laundered through Silk Road, regardless of the extent he personally retained those funds.

Accordingly, the Government respectfully requests that the Court enter the attached proposed order at the conclusion of sentencing. The Government notes that there is a pending civil forfeiture action against Ulbricht, seeking, among other things, forfeiture of the bitcoins that the Government seized from Ulbricht's computer hardware. *See United States v. Ross William Ulbricht*, No. 13 Civ. 6919 (JPO) (S.D.N.Y.). The civil forfeiture action has been stayed pending the resolution of Ulbricht's criminal case. Upon the forfeiture of the bitcoins from Ulbricht's computer in the civil forfeiture action, the value of those forfeited bitcoins will be applied toward the money judgment sought herein.

Respectfully,

PREET BHARARA
United States Attorney

By: *[signature]*
SERRIN TURNER
TIMOTHY T. HOWARD
Assistant United States Attorneys
Southern District of New York

cc: Joshua Dratel, Esq.