

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

August 31, 2015

By ECF
Hon. Katherine B. Forrest
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Ross William Ulbricht*, S1 14 Cr. 68 (KBF)

Dear Judge Forrest:

      The Government writes to make two requests concerning the trial-court record in this case, in order to ensure that it is complete and accurate for purposes of appeal.

      First, the Government has conducted a thorough review of the trial transcript and identified a number of typographical and other minor errors contained therein, which are listed in Exhibit A attached hereto.  The Government respectfully requests that the Court order these errors to be corrected in the official transcript.  The Government has consulted with defense counsel, who has no objection to the requested corrections.  Upon the so-ordering of this letter, the Government will transmit the order to the court reporters' office so that the corrections listed in Exhibit A can be made.

      Second, the Government requests the further unsealing of materials from the litigation in this case concerning the investigation of Carl Force.  As the Court is aware, these litigation materials generally have already been unsealed.  On March 30, 2015, the day that charges against Mr. Force were unsealed in the Northern District of California, the Government requested that all sealed filings in this case relating to the Force investigation be unsealed as well.  The Government attached these filings – to the extent they were in the Government's possession – to its letter.  (*See* Ltr. dated Mar. 30, 2015, Ex. B).  The Court granted the Government's request, and as a result the filings attached to the Government's letter were unsealed and posted on the public docket (the "Unsealed Filings").

      However, the Unsealed Filings include a copy of the Court's December 22, 2014 memorandum opinion (rejecting two defense motions relating to the Force investigation), which still contains certain redactions, as reflected in Exhibit B attached hereto.  (*See* Ex. B at 7-8 & 16-22).  The redactions were in the copy of the opinion the Court provided to the Government at the time the opinion was filed; the Government has never received an unredacted copy.  As noted in the opinion itself, the Court made these redactions at the time the opinion was filed, because

they redacted sections concerned arguments made in two *ex parte* letters that had been submitted by the defense.  (*See* Ex. B at 1 n.2 & 2).  Presumably, the defense letters were submitted *ex parte* because they contained information about potential trial strategies the defense was contemplating prior to trial.  Because they were submitted *ex parte*, the Government never received copies of these letters, and thus, these underlying letters are also not included in the Unsealed Filings.

The Government presently seeks to remedy these omissions.  Specifically, the Government seeks to unseal both the redacted portions of the Court's December 22, 2014 memorandum opinion and the two *ex parte* defense letters referenced in the opinion, in order to ensure that any issue the defense raises on appeal concerning the Force investigation can be litigated against a full trial-court record.  The Government has spoken with the defense concerning this request, and the defense has informed the Government that it objects to the request, on the ground that the defense's *ex parte* letters "contained information we would never have disclosed in a public letter."  However, while the information in the letters may originally have been sensitive by virtue of discussing potential defense strategies prior to trial, it is unclear why the information would remain sensitive now, long after trial has passed.[1]  At this point, the defense's trial strategy is obviously no longer a mystery – including the strategy that the defense wished to pursue with respect to the Force investigation, which became clear in various sidebars throughout trial.  Accordingly, the Government respectfully requests that the Court grant the Government's unsealing request over the defense's objection, and that the Court order (1) that the December 22, 2014 memorandum opinion be filed on the public docket in unredacted form and (2) that the defense's two *ex parte* letters referenced in the opinion be unsealed and filed on the public docket.

        Respectfully,

        PREET BHARARA
        United States Attorney

By: _____
        SERRIN TURNER
        TIMOTHY T. HOWARD
        Assistant United States Attorneys
        Southern District of New York

Cc:    Joshua Dratel, Esq. (by ECF)

---

[1] Even prior to trial, it is dubious whether it was proper for the defense to submit the letters *ex parte* in the first place.  *See United States v. Walker*, 05 Cr. 440, 2008 WL 5002937, at *3 (E.D. Pa. 2008) (rejecting request for supposed Brady information that defendants made *ex parte* due to "concern that their trial strategy will be divulged," holding: "Defendants are seeking this material under Brady and its progeny, which have established disclosure procedures that neither permit a defendant to move *ex parte* to procure impeachment or exculpatory evidence nor allow the defendant to review Government files in the hopes of discovering such material.").