UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

UNITED STATES OF AMERICA,                         14 Cr. 68 (KBF)

                        Plaintiff,                         DECLARATION OF PAUL
                                               GRANT IN SUPPORT OF
                                               MOTION FOR RECUSAL

           -v-

ROSS WILLIAM ULBRICHT,

                        Defendant.

-----------------------------------------------------X

       I, Paul Grant, pursuant to 28 U.S.C. § 1746, hereby affirm under penalty of perjury:

I am an attorney licensed in the State of Colorado and I am admitted *pro hac vice* in this case for

purposes of my representation of Ross Ulbricht in this matter. I state the following to be true:

1.  I have thoroughly reviewed the public docket in the case of *United States v. Ross Ulbricht*,

Case No. 14 Cr. 68 (KBF), and my statements in the Motion for Recusal are made upon the basis

of what I have seen in documents available in the public docket, what I have seen in hearing and

trial transcripts in the public docket, and on information provided to me by Mr. Ulbricht's trial

counsel, Joshua L. Dratel.

2.  My statements in the Motion for Recusal are not based on my review of sealed documents or

sealed transcripts in this case because I have not had access to sealed materials.

3.  Based on my review of the documents and transcripts available to me, including the transcript

of the in-court jury voir dire, I can state that the jurors and prospective jurors questioned in open

court, were not identified by name during in-court proceedings.  One juror did mention his own

name, without having been asked to do so.

4.  Based on my review of the juror questionnaires filled out by all prospective jurors called for

this case, I can state that of the 183 prospective jurors called in to the jury assembly room to fill

out juror questionnaires in this case, I found only three out of 183 jurors who wrote their names

in the space on the questionnaire that was provided for them to fill in their names. A few (11)

others wrote in their names, but then crossed them out.  Most of the prospective jurors either

drew a line though the box that called for them to fill in YOUR FULL NAME _____,

or they left the box blank. Exhibit 1, Exhibit 2.  A few wrote their juror number in the space

provided for their full name.

5.  Based on my review of the juror questionnaires filled out by all prospective jurors, and on my

review of the transcript of the in-court jury voir dire proceedings, the jury that was empaneled

was an anonymous jury, in that (with exceptions mentioned above): their names were not written

down or otherwise shown in the questionnaires; their names were not mentioned in open court;

and the trial court told the jurors at the end of the trial that they would never have to reveal their

names.  *However, you need not talk to anyone should you choose not to talk to anybody. Should*

*you choose to be silent, that's entirely up to you. You need give no one your name. Doc. 220, Tr.*

*2/4/2015 at page 89 of 92.*  It is clear the trial court understood this was an anonymous jury, even

though that fact was not communicated to the public or the defendant, either in open court or in

court documents I have examined.

6.  Based on my review of all court documents and transcripts publicly available, and on other

documents otherwise available to me, I can state that I found no record of a request by either

party for an anonymous jury; nor of any discussion of the need to empanel an anonymous jury;

nor of any discussion of the possibility of seating an anonymous jury, other than the remarks

made in court after the jury had been empaneled.

7.  Based on my review of all court documents and transcripts publicly available or otherwise

available to me, I found no mention by the court (before the jury was empaneled) of the need for

or possibility of, empaneling an anonymous jury; no mention by the court that an anonymous jury

was going to be empaneled; no explanation by the court why an anonymous jury should be or had

been empaneled; and no mention that the court had decided to empanel and had empaneled an

anonymous jury.

8.  Based on my research into online media coverage of the trial in this case, I can state that I

found no public mention or discussion of the fact that an anonymous jury had been empaneled,

other than the story mentioned in par. 10, below.

9.  Based on my extensive research into online media coverage of the trial in this case, I can state

that I did find significant media coverage of the fact that the trial court had threatened to

anonymize the jury (after already having done so) if the jury rights protesters and pamphleteers

continued to pass out flyers in front of the courthouse.

Sarah Jeong wrote in Forbes: *Judge Forrest is raising the possibility of making the jury*

*anonymous—a somewhat extreme measure that was first used in a 1977 trial of a drug kingpin.*

*(A judicial order for an anonymous jury keeps juror names secret.) Although some jurisdictions*

*use anonymous juries regularly, Ulbricht's defense team seems to find the possibility of an*

*anonymous jury to be highly objectionable—possibly because of its use in mafia trials. . .*

*But as long as the jury nullification activists continue to approach jurors, Forrest is inclined to*

*institute an anonymous jury. She may have been preparing for this all along—during jury*

*selection, she and the courtroom deputy used numbers for the prospective jurors instead of*

*names.*

https://www.forbes.com/sites/sarahjeong/2015/01/14/people-think-theyre-helping-the-defense-bu

t-theyre-not-why-nobody-in-the-silk-road-trial-likes-jury-nullification/#2db8d7cb559b

Sarah Jeong didn't recognize that Judge Forrest had already empaneled an anonymous

jury.  Many other reporters and wire services covering the trial wrote of Judge Forrest's threat to

establish an anonymous jury, without realizing that she already had.  For example, see:

http://www.cbc.ca/m/touch/world/story/1.2899905

10.  One reporter did realize that Judge Forrest had empaneled an anonymous jury.  Nicole Hong

wrote in the Wall Street Journal: *After 3½ hours of deliberation,* **an anonymous jury** *of six men*

*and six women found the 30-year-old California man guilty of creating and operating a website*

*that started out selling homegrown psychedelic mushrooms and swelled into a*

*multimillion-dollar criminal enterprise.*

https://www.wsj.com/articles/silk-road-creator-found-guilty-of-cybercrimes-1423083107

11.  I found one article online which discussed how the use of an anonymous jury in Ulbricht's

case would threaten the presumption of innocence and harm Mr. Ulbricht:

*On the other hand, there are legitimate fears that jurors are more likely to be biased in*

*their decision making if they are not going to be held accountable for their decision in the case.*

*Either way, as anonymous juries become more common, we are setting a dangerous precedent*

*pushing us towards a scenario similar to the 15th Century Star Chamber, a secret court where*

*there were no witnesses, the defendant did not know their accuser, and evidence was only*

*provided in written form.*

*The judicial system is based on the idea that the defendant is "innocent until proven guilty." If Judge Forrest decides to anonymize the jury, Ulbricht will be added to a short list alongside the most notorious criminals in history and, as we know, perception is reality.*
https://www.deepdotweb.com/2015/01/15/step-towards-the-star-chamber/

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 5th day of February, 2018.

/s/ Paul Grant
Paul Grant