UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA, | 14 Cr. 68 (KBF) |
| Plaintiff, | DECLARATION OF PAUL GRANT IN SUPPORT OF REQUEST FOR EXTENSION OF TIME TO SUBMIT RULE 33 MOTION FOR NEW TRIAL |
| -v- | |
| ROSS WILLIAM ULBRICHT, | |
| Defendant. | |

------------------------------------------------------X

    I, Paul Grant, pursuant to 28 U.S.C. § 1746, hereby affirm under penalty of perjury:

I am an attorney licensed in the State of Colorado and admitted *pro hac vice* in this case for purposes of my representation of Ross Ulbricht in this matter. I state the following to be true:

1.  The Second Circuit affirmed Mr. Ulbricht's conviction and sentence on May 31, 2017. I was then asked to represent Mr. Ulbricht in further proceedings in the Second Circuit and in matters in this court, and I agreed.

2.  After learning of the Second Circuit's decision, Mr. Ulbricht advised trial and appellate counsel Joshua Dratel in writing that his representation in all matters was terminated, and Mr. Ulbricht asked Mr. Dratel to deliver his client file to me.

3.  On June 5, 2017, via email, I confirmed to Mr. Dratel that I was taking over Mr. Ulbricht's representation and I requested that he furnish me with Mr. Ulbricht's case file, including the discovery provided in the criminal case.

4. On June 6, 2017, via email, I asked Mr. Dratel how long it would take him to send me the discovery and the rest of Mr. Ulbricht's file, letting him know I needed that information to prepare the petition for rehearing and to represent Mr. Ulbricht in further proceedings, and I needed to know how long it would take him to send me the client file because that would determine what extension of time I would need to request in the Second Circuit to allow me to research and prepare the petition for rehearing.

5. Mr. Dratel responded on 6/7/2017 that they had located some of the discovery but he did not know how long it would take to locate the rest. Mr. Dratel advised he was not going to drop everything else he was working on to collect Mr. Ulbricht's file because Mr. Ulbricht's parents owed him a lot of money and he was "not going to devote time to this (collecting and sending me Mr. Ulbricht's file) at the expense of other pressing matters for clients who are paying." He "guessed" that the other client file materials would be provided to me "over the next couple of weeks."

   Mr. Dratel did soon provide to undersigned counsel most of the discovery and some client file materials.

6. On 6/8/2017, via email, I reminded Mr. Dratel that I needed the entire client file to represent Mr. Ulbricht, and I asked him if that could be completed within 30 days and to inform me when it could be completed, if 30 days was not possible. Mr. Dratel did not respond as to when he would deliver the rest of the client file.

7. On 7/14/2017, via email, I acknowledged to Mr. Dratel that I had received from him three discovery hard drives and a flash drive, and asked if there was any other discovery in the case. I also reminded him of my 6/8/2017 request for information and the timing for him sending me

the rest of the client file.

8. On 9/11/2017, via email, I informed Mr. Dratel that I had just received a CD prepared by his office, which disk contained some additional client file materials, but advised him that based on information from Mr. Ulbricht, there may be additional discovery CDs provided by the government. I asked Mr. Dratel if he had transferred that data onto the discovery hard drives he sent to me, but he did not respond. In my email, I listed several specific file items that I had not received, but which I had reason to believe did exist. I provided Mr. Dratel with a letter listing items I was asking him to locate and provide. I informed Mr. Dratel that when I said I was requesting the client file, I meant "everything in your files or the files of other attorneys who worked with you on the cases (trial and appeal and civil forfeiture. . .), related to his representation" of Mr. Ulbricht, from his first day of contact on the case, to the last day he sent or received communications on the case. No response was received.

9. On 9/29/2017, via email, I requested of Mr. Dratel and his co-counsel in this case, Lindsay Lewis and Joshua Horowitz, that they each move to withdraw as counsel for Mr. Ulbricht in all cases where they had entered appearances on his behalf. They have not done so. Mr. Horowitz has, however, been very cooperative in providing to me all client file materials in his possession.

10. On 10/1/2017, via email to Lindsay Lewis, I requested that Ms. Lewis review her records for additional information in Mr. Ulbricht's client file. I asked her if there was more discovery that had not been sent to me, and I mentioned several specific items and categories of information that I was requesting, information I had reason to believe did exist. I also asked her to help me get Mr. Dratel to give a defense expert witness written permission to talk to me about his work on the case. That defense expert witness was bound by a confidentiality agreement not to

discuss his work on the case with anyone without express written permission from Joshua L. Dratel.  **Ms. Lewis finally sent this written permission to two defense experts on 1/18/2018.**

I asked Ms. Lewis not to pick and choose what to send me from the client file, but to send me everything.

11.  On 10/2/2017, via email to Mr. Dratel, I repeated my request for the entire client file, and asked him to identify anything he was retaining and not providing.  He did not respond.

I also reminded him of my 9/22/2017 phone request to his office that he provide written permission to a defense expert that would allow them to speak to me about their work on the case. **This written permission was sent by Ms. Lewis to two defense experts, on 1/18/2018.**

12.  On 10/20/2017, via email, I reminded Ms. Lindsay of my voicemail message left for her that same day, in which I had requested her to let me know if she would be sending me all the material she had from Ross Ulbricht's client file. There has been no response.

13.  On 10/21/2017, via email, I advised Ms. Lindsay of my fast-approaching Rule 33 motions filing deadline, told her I couldn't complete my research for the Rule 33 motion without the complete client file, and asked her to do whatever she could to provide me with the complete client file, reminding her that the question as to whether Mr. Ulbricht would spend the rest of his life in prison, may well depend on her response and my efforts.  There was no response.

14.  On 10/22/2017, via email to Mr. Dratel, I reminded him of my email request of 10/2/2017, and advised him of my impending Rule 33 deadline.  I provided Mr. Dratel with a table showing certain discovery I had received from his office, and certain discovery I had not received, concerning certain categories of discovery, and told him I did not know whether the government had failed to provide the missing discovery, or whether he had failed to provide the missing

4

discovery to me.  I have not yet received his answer.  I told him it would be awkward for me to complain to the court about important discovery the government had failed to produce, only to find out later that the discovery had been produced to the defense, but Mr. Dratel had not provided it to me.  No response.

15.  On 1/22/2018, in a phone conversation, Ms. Lewis advised me, for the very first time, that Mr. Dratel had in his office a complete file cabinet full of paper documents related to Mr. Ulbricht's case.  Ms. Lewis said they would send me those documents if I would pay to make a copy for Mr. Dratel and if I would pay for shipping.

In that same 1/22/2018 conversation, Ms. Lewis advised that it would be too difficult, and take too much of her time, for her to go through their digital records to search for and collect emails related to their work on Mr. Ulbricht's case.  She, too, reminded me that her firm was owed a lot of money for their work on the case.  Ms. Lewis did not explain how that "problem" related to their obligation to turn over the client file to me, replacement counsel.

Mr. Dratel took on Mr. Ulbricht's case knowing that Mr. Ulbricht could not pay him and that he would have to look to other sources for his payment, which he did.  Now he refuses to collect and transfer the rest of Mr. Ulbricht's client file to undersigned counsel, unless Mr. Ulbricht, I, or *someone* pays him for the cost to copy (for his records) and ship to me the file materials.

16.  Undersigned counsel has reviewed the billing records of Joshua L. Dratel, P.C., bills Mr. Dratel  submitted for work on the Ulbricht case, and, based on a cursory review, I would estimate that Joshua L. Dratel, P.C. billed for reading or sending more than 1000 emails during the course of representation in Mr. Ulbricht's trial and appellate cases, at a cost of at least tens of

thousands of dollars.  This work must have been important client work or Mr. Dratel would surely not have billed for it, so the emails involved with these communications are clearly part of the client file.  I estimate that Mr. Dratel has probably not turned over to undersigned counsel more than a dozen of the emails he billed for, except for a few that were included in court filings.

17.  On 1/29/2018, via email, I asked Mr. Dratel to send me the entire file cabinet full of Ulbricht file materials.  I also repeated that I wanted all electronic communications, sent or received, involving his firm's work on the case, and I gave him recommendations as to how he could more efficiently search his electronic records for relevant emails.  I asked Mr. Dratel to inform me if he would be sending me more materials and, if so, when I would be receiving them.  I told him I would need that information in order to determine the length of extension I would need to request for submitting the Rule 33 motion.

      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 5th day of February, 2018.

/s/ Paul Grant  
Paul Grant