**PAUL GRANT**
*LAW OFFICE OF PAUL GRANT*
P.O. Box 2720
Parker CO 80134
paul_pglaw@yahoo.com
303-909-6133

February 12, 2018

**BY ECF**
Hon. Katherine B. Forrest
United States District Judge
United States District Court
500 Pearl Street
New York NY 10007

Re:   *United States v. Ross William Ulbricht, et al*, 14 Cr. 68 (KBF)
      Request to Add Jury Selection Documents and Records to the Public Docket

Dear Judge Forrest:

    I write on behalf of Defendant Ross Ulbricht to request that three items be added to the public docket in this case, where they can be viewed in person at the Clerk's Office, or where they can ve viewed on-line through the Public Access to Court Electronic Records (PACER) electronic public access service.  The three items Mr. Ulbricht requests be added to the public docket are (1) the transcript of the in-court jury *voir dire*; (2) the juror questionnaires filled out by all prospective jurors who reported for jury service in this case; and (3) any record of the administering of the jury questionnaire proceedings, whether that record be recorded by audio, video, by a court reporter, or by other means.

    AUSA Eun Young Choi advises the government will not oppose this request as to Item 1, if the transcript is not sealed and if it contains no personal identifying information, but the government will oppose the requests as to Items 2 and 3.

**ARGUMENT**

    Mr. Ulbricht has recently submitted his Motion for Recusal in this case, which was summarily denied (Doc. 310) by the court.  The court's denial stated that Mr. Ulbricht, through undersigned counsel, misstated the record.  Mr. Ulbricht now asks that certain records be added to the public docket, because he has the right to a public trial, and so that members of the public can determine for themselves what is in the record.

    It appears to undersigned counsel that there are and may be records not currently included in the public docket that relate to Mr. Ulbricht's statement that the trial court

empaneled an anonymous jury, without disclosure and to his detriment.  Mr. Ulbricht respectfully requests that three items be added to the public docket which relate to the record as to how his jury was empaneled.

Court proceedings are presumed to be open to the public.  "The requirement of a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions." *Gannett Co. v. DePasquale*, 443 U.S. 368, 380 (1979), *quoting In re Oliver*, 333 U.S. 257, 270 (1948), in turn *quoting* 1 T. Cooley, Constitutional Limitations 647 (8th Ed. 1927).  "In addition to ensuring that judge and prosecutor carry out their duties responsibly, a public trial encourages witnesses to come forward and discourages perjury."  *In re Oliver, supra*, at 270, n. 24.

Mr. Ulbricht requests that records relating to his jury selection be made part of the public record because he has a right to public trial proceedings. Sixth Amendment, United States Constitution.  Openness of judicial proceedings serves vital functions and secrecy threatens those functions.  "Secrecy of judicial action can only breed ignorance and distrust of courts and suspicion concerning the competence and impartiality of judges; free and robust reporting, criticism, and debate can contribute to public understanding of the rule of law and to comprehension of the functioning of the entire criminal justice system, as well as improve the quality of that system by subjecting it to the cleansing effects of exposure and public accountability." *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 587 (1976) (Brennan, J., concurring).  Secrecy in judicial proceedings is "a menace to liberty . . . justice cannot survive behind walls of silence." *Gannett Co. V. DePasquale, supra*, at 412 (Blackmun, J., concurring in part and dissenting in part).

''The traditional Anglo-American distrust for secret trials has been variously ascribed to the notorious use of this practice by the Spanish Inquisition, to the excesses of the English Court of Star Chamber, and to the French monarchy's abuse of the letter de cachet. All of these institutions obviously symbolized a menace to liberty. . . . Whatever other benefits the guarantee to an accused that his trial be conducted in public may confer upon our society, the guarantee has always been recognized as a safeguard against any attempt to employ our courts as instruments of persecution.'' *In re Oliver, supra*, at 266-270. The fundamental concept of a fair trial includes the right to have the proceedings open to the public. *In re Oliver*, 333 U.S. at 257. "The knowledge that every criminal trial is subject to contemporaneous review in the forum of public opinion is an effective restraint on possible abuse of judicial power." *Id*., at 270. "The public-trial guarantee embodies a view of human nature, true as a general rule, that judges, lawyers, witnesses, and jurors will perform their respective functions more responsibly in an open court than in secret proceedings." *Estes v. Texas*, 381 U.S. 532, 588 (1965) (Harlan, J., concurring).

Mr. Ulbricht asserts his right to a fair and public trial, rights guaranteed by the Sixth Amendment to the United States Constitution. He has never waived those rights nor authorized

counsel to waive those rights for him.  See Doc. 303, Declaration of Ross Ulbricht Regarding Non-Waiver of Rights (Declaration in Support of Motion for Recusal).

**I.       Mr. Ulbricht requests that the transcript of the in-court *jury voir* dire be added to the public docket.**

Jury *voir dire* proceedings are presumptively open to the public.  *Press-Enterprise Co. v. Superior Court (Press-Enterprise I)*, 464, U.S. 501, 505 (1984) (*voir dire* of prospective jurors must be open to the public under the First Amendment).  There is no reason to prohibit publication of the transcript of in-court jury *voir dire* proceedings in this case.  The jurors' names are not mentioned in the transcript and there is no personally sensitive information included in the transcript. If there was some information in the transcript deserving of privacy protection, the court could order that material redacted or the name of a particular juror protected from disclosure.  *See Press-Enterprise I* at 513.

A criminal defendant's Sixth Amendment right to an open jury selection process is at least as extensive as the public's right of access under the First Amendment. *Presley v. Georgia* 558 U.S. 209, 212 (2010).  In any case where closed jury selection proceedings are utilized, the trial court must make findings adequate to support the closure. *Waller v. Georgia*, 467 U.S. 39, 45 (1984).

"[T]here appears to be no sufficient reason why [the public] should not also be allowed to see in print the reports of trials, if they can thus have them presented as fully as they are exhibited in court, or at least all the material portion of the proceedings impartially stated, so that one shall not, by means of them, derive erroneous impressions, which he would not have been likely to receive from hearing the trial itself." 2 Cooley's Constitutional Limitations 931-932 (Carrington ed. 1927), quoted in *Estes v. Texas*, 381 U.S. 532, 542 (1965).

**II.      Mr. Ulbricht requests that the juror questionnaires filled out by prospective jurors in his case, be added to the public docket.**

It does not appear to undersigned counsel, that there is any sensitive personal information contained in the juror questionnaires.  Only a handful of jurors even wrote their names on the forms.  Since juror names are not shown on approximately 98% of the forms, and since juror numbers, not juror names, were used during in-court *voir dire* and after the jury was empaneled, there appears to be no reason not to include the juror questionnaires in the public docket. It will be difficult, if not impossible, to link answers on the jury questionnaires to the identity of any juror, but even if those links could be established, there would still be no reason to withhold either the questionnaires, the transcript of the jury *voir dire*, or the names of any jurors from the public.

It will be useful to the public to have access to the juror questionnaires, to see what information was sought and obtained, and to see whether the jurors' names were filled in on

those forms.  The public has a right to see the juror questionnaires used, and the information the jurors provided therein, in the trial of Mr. Ulbricht. Mr. Ulbricht's right to a public trial includes the right to have the record of his trial proceedings made available to the public.

### III. Mr. Ulbricht requests that any record that was made concerning the administration of the juror questionnaire proceedings, be added to the public docket.

It is not clear from the record available to Mr. Ulbricht and his counsel, under what circumstances the prospective jurors were provided with the juror questionnaires used in this case, who administered the proceeding, and what instructions were given to the prospective jurors when the juror questionnaires were filled out.  Undersigned counsel has attempted to determine in conversations with the jury administrator, the deputy jury administrator, and the staff of the jury administrator, whether any record was made of the juror questionnaire proceedings in this case. The responses from these sources were, " the jury administrator does not make a record; you will have to ask the trial judge to find out if a record was made. Some judges make a record, while others do not."  It appears that the standard practice in this district is, that after prospective jurors report to the jury assembly room to fill out a jury questionnaire, the panel of prospective jurors is turned over to the trial court to which that jury is assigned, and the trial court then conducts the juror questionnaire proceedings and all further jury proceedings.

Mr. Ulbricht requests that the court advise if there is a record of the administering of the juror questionnaire in his case.  Mr. Ulbricht asserts his right to have any record of the juror questionnaire proceedings added to the public docket.

### CONCLUSION

WHEREFORE, for all the reasons provided above, in the interests of his rights to a fair and public trial, in the interest of the openness of judicial proceedings, and in the interest of fundamental justice, Mr. Ulbricht requests that the court: (1) add the transcript of the in-court jury *voir dire* to the public docket in his case; (2) add the juror questionnaires to the public docket; and (3) advise whether there is any record of the juror questionnaire proceedings, and, if there is, add that record to the public docket.

Respectfully submitted,

/s/ Paul Grant
Paul Grant
Counsel for Ross William Ulbricht

cc: Eun Young Choi (by ECF)
    Assistant United States Attorney