PAUL GRANT
*LAW OFFICE OF PAUL GRANT*
P.O. Box 2720
Parker CO 80134
303-909-6133
paul_pglaw@yahoo.com

March 1, 2018

**BY ECF**
Hon. Katherine B. Forrest
United States District Judge
United States District Court
500 Pearl Street
New York NY 10007

Re:  *United States v. Ross William Ulbricht, et al*, 14 Cr. 68 (KBF)
      Request for Reconsideration of Denial of Request for Access to Sealed Court Files

Dear Judge Forrest:

    I write on behalf of Defendant Ross Ulbricht to request the court reconsider his request for access to sealed court filings and to request that the court vacate its order of 2/28/2018 (Doc. 323), in which the court denied Mr. Ulbricht's request for an order authorizing the clerk of the district court to provide to counsel for Mr. Ulbricht copies of all sealed documents filed in this case.  The government has not responded to undersigned counsel to advise whether they will take a position regarding this request.

    Undersigned counsel represents Mr. Ulbricht in post-trial proceedings in this matter, including researching and possibly filing a Rule 33 Motion for a New Trial Based on Newly Discovered Evidence, and in researching and possibly presenting a motion pursuant to 28 U.S.C. § 2255.  The most likely claim that Mr. Ulbricht would present under 28 U.S.C. § 2255 would be a claim of ineffective assistance of trial and appellate counsel.

    Counsel cannot adequately represent Mr. Ulbricht in post-trial proceedings without access to the complete court file in this case, including both public and sealed court documents.  For that reason, undersigned counsel contacted the Clerk of the District Court, and he was advised by the Records Management Unit that the Clerk would provide undersigned counsel with copies of all of the sealed documents in this case, were they provided with a court order authorizing the Clerk to provide these files to undersigned counsel.

    Based on that information, Mr. Ulbricht has requested the court authorize the Clerk to provide undersigned counsel with copies of all sealed filings in this case.  On 2/27/2017, the Court ordered (Doc. 320 - 318) the Defense to work with the government (the United States

1

Attorney's Office) as appropriate to identify which sealed documents the Defense wanted. The Defense wants them all, but cannot make a list.

Undersigned counsel contacted AUSA Timothy Howard on 2/27/2018, in an effort to explore how to work with the government to respond to the court's order. Mr. Howard advised the government would do what they could, but he also advised the government could not state that they had copies of all sealed filings.

On 2/28/2018, the Court denied (Doc. 323) Mr. Ulbricht's request for an order to the Clerk authorizing the Clerk to provide copies of all sealed documents filed in this case, relying on an unsworn and completely irrelevant statement from prior counsel that he had provided to undersigned counsel all sealed documents filed in this case. Prior counsel is not the Clerk of the Court.

Respectfully, neither the government nor prior counsel are responsible for maintaining the official court record in this case, and neither can attest to what the official court record contains. Undersigned counsel will not be relying on any statements from prior counsel or from the government as to what the court record consists of.

Prior defense counsel is also conflicted in any representation he makes as to what is in the record in this case, as his conduct in this case is likely to be the subject of a claim in a 28 U.S.C. § 2255 proceeding, where Mr. Ulbricht will most likely present a claim of ineffective assistance of counsel. Undersigned counsel has a job to do and is conducting an independent investigation into prior counsel's actions and inactions in this case, and will not be relying upon any representations from prior counsel.

It is undersigned counsel's understanding that in the Southern District of New York, sealed records are managed by the Records Management Unit. Mr. Ulbricht cannot access sealed records maintained by the Records Management Unit without an order from this court.

The court has not suggested any reason for denying Mr. Ulbricht access to the complete court record, including access to each of the documents filed under seal. Undersigned counsel can find no law, no rule, no case law, and no logic supporting the court's arbitrary denial of Mr. Ulbricht's right to access the complete court file - including sealed documents - in his case.

Denying Mr. Ulbricht access to the complete court file is a complete denial of due process. Secret court records hidden from the defendant are anathema to the right to public trial and fair trial proceedings, and to the right to due process. Secret judicial proceedings are a "menace to liberty . . . justice cannot survive behind walls of silence." *Gannett Co. V. DePasquale, supra*, at 412 (Blackmun, J., concurring in part and dissenting in part).

The guarantee that a trial will be conducted in public view, without secret proceedings, is "a safeguard against any attempt to employ our courts as instruments of persecution.*" In re*

*Oliver*, 333 U.S. 257, 270 (1948). Conversely, hiding judicial proceedings or records of judicial proceedings from the defendant, provides the opportunity to use the courts as instruments of persecution. Mr. Ulbricht requires access to all court records in his case, including sealed records, in order to exercise his rights in post-trial proceedings. Guaranteeing the defendant's access to records of judicial proceedings can provide an effective restraint on possible abuse of judicial power. *See Id.*, at 270 (concerning the right of public access).

There are numerous indications in the Docket that sealed documents were filed, but Mr. Ulbricht does not have copies of the documents identified by the docket numbers shown. Therefore, Mr. Ulbricht requests the court order the Records Management Unit to provide to Mr. Ulbricht, through undersigned counsel, copies of all sealed documents filed in this case, including, but not limited to, the sealed documents identified by the following docket entries:

Docket Numbers: 5, 15, 65, 66, 91, 95, 99, 104, 135, 136, 137, 138, 141, 143, 151, 152, 153, 158, 159, 160, 161, 194, 195, 225, 275, 276, 279, 284

Finally, Mr. Ulbricht requests copies of any documents that may have been used in court proceedings in this case but not filed with the Clerk of the Court.

## CONCLUSION

In the interests of justice, due process, and fair and open judicial proceedings, Mr. Ulbricht respectfully requests the court vacate its orders of 2/27/2018 (Doc. 322) and 2/28/2018 (Doc. 323), and that the court issue an order authorizing the Records Management Unit of the Clerk of the District Court, to provide copies to undersigned counsel of all documents and other media filed under seal in this case, regardless of whether some sealed items have been assigned Docket numbers. Mr. Ulbricht also requests copies of any documents that may have been used in court proceedings in this case but not filed with the Clerk of the Court.

Respectfully submitted,

/s/ Paul Grant
Paul Grant
Counsel for Ross William Ulbricht

cc: Eun Young Choi (by ECF)
    Assistant United States Attorney