PAUL GRANT
*LAW OFFICE OF PAUL GRANT*
P.O. Box 2720
Parker CO 80134
303-909-6133
paul_pglaw@yahoo.com

June 22, 2018

**BY ECF**
Hon. Katherine B. Forrest
United States District Judge
United States District Court
500 Pearl Street
New York NY 10007

Re:   *United States v. Ross William Ulbricht, et al*, 14 Cr. 68 (KBF)
       6/4/2018 Request for Reconsideration Denying Requests for Copies of Sealed Documents

Dear Judge Forrest:

      I write on behalf of Defendant Ross Ulbricht in response to the court's order of June 4, 2018 (ECF #330), in which the Court again denied Mr. Ulbricht's request that I be provided copies of certain requested sealed records from his court file.

1.   In the court's 6/4/2018 order, the court wrote: *"This court will not vary rules of the Clerk's office. You need to make appropriate arrangements."*

2.   In light of what appears to be miscommunication or misunderstanding, it may be helpful to revisit the history of Mr. Ulbricht's efforts to get copies of his complete court file, including copies of sealed records in his case that are maintained by the sealed records clerk.

    a.  On **2/26/2018**, <u>undersigned counsel</u> emailed a letter to chambers, with a copy to the United States Attorney, <u>requesting an order from the court to allow counsel to obtain copies of the sealed documents</u> in the case of *United States v. Ross Ulbricht*, 14 Cr. 68 (KBF).

    <u>I pointed out to the court in that request, that the sealed records clerk had advised me she would provide me with sealed documents if the court provided her with an order authorizing her to do so.</u>  I had called the sealed records clerk (Ms. Salcedo) on 2/23/2018, asking how I could get copies of sealed records, and she advised me she would provide me with copies if I provided her with a court order authorizing her to provide me with copies.  *Thus, I followed the procedure prescribed by the sealed records clerk and requested an order from the court..*

1

b.  On **2/26/2018**, the court responded (#321) to the 2/26/2018 letter request, with an order that counsel should work with the government to identify specific [sealed] documents he wanted.

c.  On **2/27/2018**, Joshua L. Dratel, prior counsel for Mr. Ulbricht (but terminated in June 2017, as the court was advised, see #316, #316-1, dated 2/20/2018), submitted a letter (#322) informing the court, in an unsworn statement, that his office had provided me with all of the sealed or ex parte filings, in the case.

d.  On **2/28/2018**, the court, relying on Mr. Dratel's letter, denied (#323) my request for copies of the sealed documents filed in this case.

e.  On **3/1/2018**, I asked (#324) the court to reconsider the denial of Mr. Ulbricht's request for copies of the sealed records in this case, advising the court that I was researching a possible Rule 33 motion and a motion pursuant to 28 U.S.C. § 2255, stating that the most likely claim that Mr. Ulbricht would present under 28 U.S.C. § 2255 would be a claim of ineffective assistance of trial and appellate counsel (Mr. Dratel).  I also advised that the government was not sure they knew what documents were in the sealed files.  *I further advised the court that my pursuit of an order from the court was in response to the sealed records clerk advising me that is how I could get copies of the sealed records*.  I further advised the court that I want copies of all of the sealed documents filed in this case.

I pointed out that Mr. Dratel was conflicted, since he was the likely target of a claim of ineffective assistance of counsel, and that I would not be relying upon any representations made by Mr. Dratel.  I further pointed out that the court had not provided any reason for denying Mr. Ulbricht copies of the sealed documents.  I also stated that Mr. Ulbricht requires access to all court records in his case, including sealed records, in order to exercise his rights in post-trial proceedings.  Then I made a list of sealed records that I was requesting, a list comprising all of the sealed documents identified in the docket.  I also requested copies of any other documents that were used in court proceedings in this case, even if they were not filed with the Clerk of the Court.

f.  On **3/1/2018**, the court responded (#325) to my 3/1/2018 letter, by asking the government if they knew of any reason for not granting my request for sealed records.

g.  The government provided no reasons but, on **3/23/2018**, the government obliquely responded (#327) by asking for the opportunity to review all sealed filings, before they would consent to the defense or the public being provided with copies.  The government informed the court they were not certain what records were in the sealed records, and that public docket records which showed dates on which sealed documents had been filed, did

2

not show dates which corresponded to the dates on which the government had submitted some of their sealed filings.

h. On **4/2/2018**, the court provided (#328) to the parties a list of sealed documents that had been provided to the court by the sealed records clerk, Mary Salcedo, and asked the parties to identify which filings they did not have but would seek.  The government has not responded to this order.

i. On **4/10/2018**, I responded (#329) to #328, advising the court that I could not tell what was in the sealed documents listed by the sealed records clerk, by the descriptions provided, and that I would need to examine all of the sealed documents, and, therefore, in the interest of adequately researching available grounds for relief for Mr. Ulbricht, that I was requesting copies of each of the sealed documents listed by Ms. Salcedo. I also identified, and requested copies of, some additional records supposedly filed under seal, or filed with redactions, but that were not available on the public docket, were not available unredacted, or were not shown on Ms. Salcedo's list.

j. On **5/1/2018**, the court authorized the sealed records clerk to allow me "access" to certain listed sealed documents, but not to others.  The court has yet to rule on the remaining documents, and *access* turns out to be useless.  I cannot research and prepare court documents while relying on *access* which requires me to work in the clerk's office.

k.  I contacted the sealed records clerk about getting copies of the sealed documents shown on the 5/1/2018 list from the court, and was advised I could not have or make copies.  The clerk interpreted "access" to mean that I could only look at the documents.

l. On **5/5/2018**, I renewed (#331) my requests for certain identified sealed documents,

m.  On **5/7/2018**, the court (#332) advised it did not retain any of the (supposedly filed under seal) exhibits to motions or to responses which I had requested, and could not provide copies of any of the additional records I had requested.

n. On **5/29/2018**, I talked to the new sealed records clerk, Roseanne, who advised me that she interpreted the word *access* to limit me to viewing the approved records, but that she would provide me with copies of the sealed records I was authorized to see, if the court provided her with an order authorizing her to provide me with those copies.

I asked the clerk if that was standard procedure - *i.e.*, providing copies of sealed documents if the court authorizes it, and she said it was.  I asked her if the clerk had any written rules or procedures governing these matters, and she said that she did not.

o. On **5/29/2018**, I wrote (#333) to the court advising the court that the sealed records clerk interpreted the word *access* to mean that I could view records in the clerk's office, but that the clerk would not provide me with copies of the sealed records that I was

authorized to see, without a court order authorizing her to provide me with copies. I requested such an order.

p. On **6/4/2018**, the court denied (#334) my request for an order authorizing the clerk to provide me with copies of the sealed documents that I had been authorized to view. The court said that the court would not vary the rules of the clerk's office. As shown above, there are no such rules.

As the history above shows, I have been following the procedures of the sealed records clerk since February 26, 2018, in my effort to obtain the complete court records from Mr. Ulbricht's criminal case. There are no written rules of the clerk's office concerning my requests. I am not asking the court to vary any rules of the sealed records clerk.

I am simply requesting that the court authorize the clerk to provide to me the sealed documents in this case, so that I can do a thorough and adequate job in representing Mr. Ulbricht in his efforts to regain his liberty. Mr. Ulbricht is surely entitled to have his own court file. The records I seek are not classified materials. The court has not made a finding justifying denying Mr. Ulbricht copies of any of the court-filed documents that he had during trial proceedings.

The records I am requesting are all records which were supposedly either created by Mr. Dratel (some sealed exhibits) or which should have been provided to Mr. Dratel for use in representing Mr. Ulbricht, and which he should have provided to me.

I cannot adequately ensure that I am doing my best in representing Mr. Ulbricht in pursuit of post-conviction relief, including relief pursuant to 28 U.S.C. § 2255, without determining whether I have the complete court record. Right now, I know that I do not.

*I have made appropriate arrangements* with the sealed records clerk to get copies of the sealed records in Mr. Ulbricht's case. By that I mean that I have followed the instructions of the sealed records clerk, who advised me to get an order from the court. The sealed records clerk is perfectly willing to provide me with copies of the sealed records when she receives an order authorizing her to do so. Mr. Ulbricht requests such an order.

Respectfully submitted,

/s/ Paul Grant
Paul Grant
Counsel for Ross William Ulbricht

cc: Eun Young Choi (by ECF)
    Assistant United States Attorney