

N.Y.S.D. Case #
14-cr-0068(KBF)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand nineteen.

Present:
    ROBERT A. KATZMANN,
        *Chief Judge*,
    PETER W. HALL,
    GERARD E. LYNCH,
        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Mar 22 2019

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                 No. 18-691

ROSS WILLIAM ULBRICHT, AKA DREAD PIRATE ROBERTS, AKA SILK ROAD, AKA SEALED DEFENDANT 1, AKA DPR,

    *Defendant-Appellant.*

For Appellant:                 Paul Grant, Law Office of Paul Grant, Parker, CO.

For Appellee:                  Eun Young Choi and Anna M. Skotko, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

1

MANDATE ISSUED ON 03/22/2019

Appeal from the denial of a motion for an extension of time to file a motion for a new trial and a motion for reconsideration of the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the lower court are **AFFIRMED**.

Defendant Ross William Ulbricht appeals the denial of his motion for an extension of time to file a motion for a new trial based on newly discovered evidence pursuant to Federal Rule of Criminal Procedure 33, and of his subsequent motion for reconsideration, entered by the United States District Court for the Southern District of New York (Forrest, *J.*). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On February 4, 2015, a jury convicted Ulbricht of various counts stemming from his founding and operation of an online black market called "Silk Road," which facilitated the sale of millions of dollars of illegal goods and services. Before trial, Ulbricht moved to exclude evidence obtained pursuant to five "pen/trap orders" under 18 U.S.C. §§ 3121-27. These orders allow the Government to, among other things, record the Internet Protocol addresses ("IP addresses") associated with users of specific networks and the websites they visit. The district court denied Ulbricht's motion to suppress this evidence, and we affirmed. *United States v. Ulbricht*, 858 F.3d 71, 97-98, 135 (2d Cir. 2017), *abrogated on other grounds by United States v. Zodhiates*, 901 F.3d 137 (2d Cir. 2018).

On February 5, 2018, Ulbricht moved for an extension of time to file a motion for a new trial based on newly discovered evidence pursuant to Federal Rule of Criminal Procedure 33. A Rule 33 motion must be filed within three years of the guilty verdict. Fed. R. Crim. P. 33(b)(1).

The normal deadline, February 4, 2018, fell on a Sunday, so the deadline became February 5, 2018. Ulbricht offered three justifications for an extension. First, his attorneys had not yet received the client file from trial and appellate counsel, who had for eight months refused to gather those materials unless someone paid them to do so. Second, Ulbricht was simultaneously seeking pen/trap data that had not been turned over before trial. Along with his motion for an extension, Ulbricht moved for a partial unsealing of magistrate files that, pursuant to 18 U.S.C. § 3123, should contain details about three pen/traps that the magistrate ordered during the investigation. The Government represented before trial that it had produced all relevant pen/trap data, but it had not produced the data in these three files, despite apparently relying on that data in its application for a search warrant for Ulbricht's laptop and residence. The Government had also recently agreed to turn over some unspecified other pen/trap data. Third, a recently published book—*American Kingpin* by Nick Bilton—reported that FBI agents used the pen/trap to determine Ulbricht's location inside his home.

The district court denied the motion for an extension, holding that the evidence Ulbricht hoped to acquire would not be "new evidence" under the law, so any motion based on that evidence would be futile. It then denied as moot the motion to unseal the magistrate's files. On February 20, 2018, Ulbricht filed a motion for reconsideration. **A83-93.** The district court denied that motion on February 21, 2018. This timely appeal followed.

Relief under Rule 33 based on newly discovered evidence may be granted only if (1) the evidence was discovered after trial, (2) the court can infer from the facts alleged that the movant acted with due diligence to obtain the evidence, (3) the evidence is material and would likely result in an acquittal, and (4) the evidence is not simply cumulative or impeaching. *United States v. Forbes*, 790 F.3d 403, 406-07 (2d Cir. 2015). Evidence is only "newly discovered" under Rule

3

33 if it "was discovered after trial" and "could not with due diligence have been discovered before or during trial." *Id.* at 409.[1] The parties agree that we should review the district court's decision for abuse of discretion.

We agree with the district court that the data collected from the three pen/traps is not "newly discovered" under Rule 33, meaning a motion based on that evidence would be futile. Accordingly, denial of Ulbricht's motion for an extension was not an abuse of discretion. Ulbricht argues that the data from the three pen/traps is newly discovered because the government claimed before trial that all unproduced data from the pen/traps was immaterial, which prevented Ulbricht from obtaining the data. He also notes that the purported revelation in *American Kingpin* that FBI agents were using these pen/traps to track his actual location in his house makes this evidence potentially more material. But it is undisputed that Ulbricht knew about these three pen/traps, and Ulbricht does not claim that the warrant applications that cite data collected from those pen/traps were unavailable prior to trial. As to *American Kingpin*, new information about old evidence—evidence that was available before trial and could have been obtained with the exercise of due diligence—does not change the fact that the old evidence itself was known and could have been obtained with the exercise of due diligence. *Cf. United States v. Owen*, 500 F.3d 83, 89 (2d Cir. 2007) (Rule 33 new trials cannot be granted based on evidence that was known but unavailable before trial simply because the evidence becomes available after trial). Ulbricht knew about the pen/trap data. That is the end of the inquiry.[2]

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

[2] *American Kingpin* is not itself new evidence that could form the basis for a successful Rule 33 motion, as it is entirely hearsay, and, even if it weren't, is insufficient to show that any evidence should have been excluded from trial, much less that it would have resulted in an acquittal.

4

We also agree that nothing in Ulbricht's prior counsel's files could possibly be "newly discovered" evidence. The district court therefore did not abuse its discretion in finding that Ulbricht had not shown good cause for an extension on this ground.

We have considered all of Ulbricht's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the orders of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5