```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/28/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

PAUL RYAN DOUGLAS,

      Petitioner,

  -against

UNITED STATES OF AMERICA,

      Respondent.

————————————————————————x

09 CV 9566 (CM)
04 CR 1065 (CM)

DECISION AND ORDER REGARDING ATTORNY CLIENT PRIVILEGE

McMahon, J.:

    Paul Douglas has filed a motion pursuant to 28 U.S.C. § 2255, alleging that his conviction for Bank Robbery and the killing of ATM repair technician Milton Moran Junior, a violation of 18 U.S.C. § 2113(a), should be overturned on the ground that he received ineffective assistance from his trial/appellate counsel.

    As is well settled, where a habeas petitioner raises a claim of ineffective assistance of counsel, the petitioner waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer. *Frias v. United States*, No. 09 Civ. 2537, 2009 WL 1437797 at *1 (S.D.N.Y. May 20, 2009) (quoting *In re Lott*, 424 F.3d 446, 457-58 (6th Cir. 2005) (quoting *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (en banc); *Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974). Where the defendant's allegations of fact, if credited, would support a finding of ineffective assistance, the court is required to obtain testimony from the attorney, either to support the former client's claim or to undermine it, and (if there is a conflict in the testimony of the movant and his former attorney) to make any needed credibility findings. The attorney's testimony is mandatory; in nearly every case, it is the only way to test the credibility of the defendant's assertion of ineffective assistance (an assertion that is, in this court's experience, often false). The relevance of such testimony is obvious and cannot be overstated; without it, any convict who chose to claim that his lawyer was ineffective, and who made a preliminary showing of same, would automatically win reversal of his conviction.

    Because the need for the attorney's testimony was patent and the waiver of privilege plain, it has become the practice for attorneys to supply the required testimony (in the form of an affidavit or declaration, which qualifies as testimony and so perfectly acceptable) without obtaining express written consent from the former client. Formal consent was deemed unnecessary because the client had waived the privilege simply by making the motion.

Copies mailed/faxed handed to counsel on 1/28/11

Additionally, some attorneys have given their testimony without being formally ordered to do so by a court, knowing that the waiver would be given effect and that a court order was guaranteed to issue. In most instances, the testimony was solicited by and given to the prosecutor's office that originally indicted and prosecuted the defendant, since it is the prosecutor that assembles the record in opposition to the § 2255 motion.

Recently, the American Bar Association (ABA) has issued an opinion in which it states that former counsel whose clients make ineffective assistance of counsel, consistent with their ethical obligations (1) may not disclose information imparted to them in confidence without first obtaining the former client's informed consent; and (2) may only disclose such information in "court-supervised testimony." ABA Comm. on Eth. and Prof'l Responsibility, Formal Op. 10-456 (July 14, 2010). The term "informed consent" "denotes an agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct." ABA Model Rules of Professional Conduct, Rules 1.0(e) & 1.6(a). The phrase "court-supervised testimony" is not defined. Nothing in the ABA opinion purports to abolish the waiver of privilege that is attendant to every ineffective assistance of counsel motion – nor could it, since the waiver is imposed by law and the ABA cannot change the law. Indeed, the opinion specifically recognizes the existence of the waiver. The ABA merely draws a distinction between the waiver of privilege and the lawyer's ethical obligations under Model Rule 1.6(a), and promulgates rules for the discharge of the lawyer's ethical obligation.

The Government has asked this court for guidance as to how it should proceed to assemble the necessary record so that it can oppose Douglas' motion. (Gov't letter dated 12/9/10.) The Government subsequently spoke with Mr. Douglas' present attorney, Cheryl J. Sturm, who told the Government that Douglas does not consent to Mr. Calhoun speaking with the Government..

Having reviewed the ABA opinion, the court issues the following guidelines:

1. When the court receives a § 2255 motion alleging ineffective assistance of counsel, it will review the motion and transmit it to the Government. If the Government believes that the motion on its face does not contain sufficient allegations of fact to support the claim of ineffective assistance, it shall so advise the court in a preliminary opposition to the motion. If the motion can be disposed of on the basis of the Government's preliminary opposition, the court will decide the motion on that basis.

2. If, however, the Government believes that attorney testimony is needed for it to respond fully to the motion, the Government shall so notify the court. The court will then issue an order in the following form:

Attorney-Client Privilege Waiver (Informed Consent)

WHEREAS (Petitioners Name) has moved for relief from his conviction pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel; and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of Petitioner's former (trial/appellate) counsel, (Counsel's Name, Esq.), will be needed in order to allow the Government to respond to the motion; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of (Counsel's Name Esq.) is needed in order to allow the Government to respond to the motion; and

WHEREAS by making the motion, the movant has waived the attorney client privilege as a matter of law,

IT IS HEREBY ORDERED that (Counsel's Name, Esq.) shall give sworn testimony, in the form of an affidavit, addressing the allegations of ineffective assistance of counsel made by movant.

Cognizant of ABA Comm. on Eth. And Prof'l Responsibility, Formal Op. 10-456.Opinion (July 14, 2010), the Court is sending a document labeled "Informed Consent" to the movant (a copy of which is attached to this order). Movant must execute this document within 60 days from today's date and return it to the court. If the document is not received by the court within 60 days from today's date, the court will deny the § 2255 motion, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion.

The "Informed Consent" document will read as follows:

You have made a motion to have your conviction set aside on the ground that you received ineffective assistance from your lawyer, (Counsel's Name). The court has reviewed your papers and determined that we need to have a sworn testimonial statement from your former attorney in order to evaluate your motion.

The American Bar Association requires your attorney to obtain your consent before disclosing confidential communications between you and him that may bear on the disposition of your motion. This is a professional ethics requirement; there is no legal requirement that you give your attorney permission to disclose such information. In fact, as a matter of law, you have waived the attorney client privilege by making your motion, which means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your lawyer a secret – you must allow them to be disclosed to the Government and to the court pursuant to court order. The court has already issued an order (copy attached) ordering your attorney to give such testimony, in the form of an affidavit.

If you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court in the attached envelope (keeping a copy for your records). The form authorizes your attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of

counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your attorney will contradict your statements about his/her representation of you. However, you should also know that the court will deny your motion if you do not authorize your attorney to give an affidavit in response to the court's attached order. Nothing in the American Bar Association's opinion alters the fact that you have already waived the attorney-client privilege; if you frustrate the court's ability to decide your motion by refusing to sign this authorization, your motion will be denied for failure to prosecute it.

You must return this form, signed by you and notarized, within sixty (60) days from the date of the court's order directing your lawyer to give testimony. If the court does not receive this letter, signed by you and notarized, within sixty (60) days from the date of the court's order directing your lawyer to give testimony, the court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's order dated _____ and this document headed "<u>Attorney-Client Privilege Waiver (Informed Consent)</u>." I hereby authorize my former attorney, _____, Esq., to comply with the court's order by giving testimony, in the form ordered by the court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____                              _____

Sworn to before me this _____
day of _____, 20___

_____
Notary Public

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

As should be obvious, this court interprets the phrase "court-supervised testimony" to encompass the procedure outlined in its order. It has long been the case that a court may decide a habeas petition without requiring the production of the incarcerated petitioner, 28 U.S.C. § 2255(c), or even the taking live testimony, 28 U.S.C. §2246, and the American Bar Association lacks the authority to alter those rules. Any interpretation of "court-supervised testimony" that <u>required</u> the taking of live testimony from the former attorney raises the possibility that the moving defendant might be <u>required</u> to be present at such testimony. However, the Supreme

Court has made clear that this is not the case:

> Not every colorable allegation entitles a federal prisoner to a trip to the sentencing court. Congress, recognizing the administrative burden involved in the transportation of prisoners to and from a hearing in the sentencing court, provided in § 2255 that the application may be entertained and determined without requiring the production of the prisoner at the hearing. This does not mean that a prisoner can be prevented from testifying in support of a substantial claim where his testimony would be material. However, we think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing.

*Saunders v. United States*, 373 U.S. 1, 20-21 (1963). Requiring mandatory production of incarcerated petitioners in § 2255 cases would raise serious issues of cost and security (in that incarcerated defendants would have to be transported from their regular place of incarceration and housed), as well as calendar congestion (which cannot be imposed by professional association fiat). There is no reason that an attorney's initial testimony would need to be otherwise than by affidavit. It is the Court, not the ABA, that is best positioned to decide whether or not to order live testimony in order to resolve credibility issues.

The Government is advised that this court will follow these procedures in all cases, and will in the normal course direct the Government to advise the court of its position on the need for attorney testimony within 21 days.

In the present case, the Government has already demonstrated in its motion and supporting affidavit that an affidavit from petitioner's attorney is necessary to the adjudication of the instant petition. Accordingly, the Court will send petitioner a copy of the attorney-client privilege waiver form for his execution. (See attached order and waiver form.)

This constituted the decision and order of the Court.

Dated: January 26, 2011

_____
Colleen McMahon

By ECF and First Class Mail To:

Cheryl J. Strum
387 Ring Road
Chadds Ford, PA 19371
Attorney for Petitioner

Stephen J Ritchin
U.S. Attorney's Office

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

PAUL RYAN DOUGLAS,

        Petitioner,

   -against                                        09 CV 9566 (CM)
                                                       04 CR 1065 (CM)

UNITED STATES OF AMERICA,

        Respondent.

------------------------------------------------------------x

### Attorney-Client Privilege Waiver (Informed Consent)

      You have made a motion to have your conviction set aside on the ground that you received ineffective assistance from your lawyer, Clinton Calhoun, Esq. The court has reviewed your papers and determined that we need to have a sworn testimonial statement from your former attorney in order to evaluate your motion.

      The American Bar Association requires your attorney to obtain your consent before disclosing confidential communications between you and him that may bear on the disposition of your motion. This is a professional ethics requirement; there is no legal requirement that you give your attorney permission to disclose such information. In fact, as a matter of law, you have waived the attorney client privilege by making your motion, which means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your lawyer a secret – you must allow them to be disclosed to the Government and to the court pursuant to court order. The court has already issued an order (copy attached) ordering your attorney to give such testimony, in the form of an affidavit.

      If you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court in the attached envelope (keeping a copy for your records). The form authorizes your attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

      You should know that if you sign this authorization, you run the risk that your attorney will contradict your statements about his/her representation of you. However, you should also know that the court will deny your motion if you do not authorize your attorney to give an affidavit in response to the court's attached order. Nothing in the American Bar Association's opinion alters the fact that you have already waived the attorney-client privilege; if you frustrate

the court's ability to decide your motion by refusing to sign this authorization, your motion will be denied for failure to prosecute it.

You must return this form, signed by you and notarized, within sixty (60) days from the date of the court's order directing your lawyer to give testimony. If the court does not receive this letter, signed by you and notarized, within sixty (60) days from the date of the court's order directing your lawyer to give testimony, the court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's order dated _____ and this document headed "Attorney-Client Privilege Waiver (Informed Consent)." I hereby authorize my former attorney, _____, Esq., to comply with the court's order by giving testimony, in the form ordered by the court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____  _____

Sworn to before me this _____
day of _____, 20___

_____
Notary Public