UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>  v.<br><br>Ross William Ulbricht,<br><br>  *Defendant.* | 14 Cr. 68 (LGS) |
| Ross William Ulbricht,<br><br>  *Petitioner*<br><br>  v.<br><br>United States of America,<br><br>  *Respondent.* | 19 Civ. 75212 (LGS) |

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Ross William Ulbricht

You have made a motion under Section 2255 of Title 28, United States Code, to have your conviction set aside on the ground that you received ineffective assistance from your former lawyer, Joshua L. Dratel, Esq. (referred to in this form as "your former attorney"). The court has reviewed your papers and determined that it needs to have a sworn testimonial statement from Counsel in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The court has already issued an Order (copy attached) ordering your former attorney to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his or her representation of you. However, you should also know that the court may deny your motion if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, or a letter explaining why you did not return this form, by January 14, 2020. If the Court does not receive this form, signed by you and notarized, within that time, the court may deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated November 13, 2020 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Joshua Dratel, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. I specifically authorize Mr. Dratel to provide information regarding (1) Mr. Dratel's advice to me related to plea negotiations in my criminal prosecution in the Southern District of New York, and (2) decisions made by Mr. Dratel to advance or concede certain arguments and stipulations at trial, to the extent referenced in my habeas corpus petition. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

                     _____

Sworn to before me this _____ day of _____, 20___

_____
Notary Public